UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KENNETH CREIGHTON,                                                         **AMENDED**
                                                                          **COMPLAINT**

                                        Plaintiff,

                        -against-

                                                                Docket #: 12 CIV 7454 (PGG)

THE CITY OF NEW YORK, DETECTIVE DEAN ROBERTS              ECF Case
(Shield No. 05861), DETECTIVE GLENN GODINO
(Shield No. 2756), POLICE OFFICERS JOHN DOES 1-10
(names being fictitious and presently unknown and intended
to be employees of the NYPD who were involved in Plaintiff's
arrest, detention, imprisonment, and/or prosecution),
DISTRICT ATTORNEY ROBERT T. JOHNSON,
ASSISTANT DISTRICT ATTORNEY BRUCE BIRNS
A/K/A BURNS, ASSISTANT DISTRICT ATTORNEY ED
TALTY a/k/a ED TULTY and ASSISTANT DISTRICT
ATTORNEY MICHAEL COOPER,

                                        Defendants.
------------------------------------------------------------------------X

        Plaintiff, KENNETH CREIGHTON, by his attorneys, PAZER, EPSTEIN & JAFFE, P.C.,

complaining of defendants, THE CITY OF NEW YORK (hereinafter "CITY"), DETECTIVE

DEAN ROBERTS (hereinafter "ROBERTS"), DETECTIVE GLENN GODINO (hereinafter

"GODINO"), POLICE OFFICERS JOHN DOES 1-10 (hereinafter JOHN DOES), DISTRICT

ATTORNEY ROBERT T. JOHNSON (hereinafter "JOHNSON"), ADA BRUCE BIRNS a/k/a

BURNS (hereinafter "BIRNS"), ADA ED TALTY a/k/a ED TULTY (hereinafter "TALTY"),

and ADA MICHAEL COOPER (hereinafter "COOPER"), alleges as follows:

        1.  At all times hereinafter mentioned, defendant, CITY OF NEW YORK (hereinafter

            "CITY"), was and still is a municipal corporation organized and duly existing under

            and pursuant to the laws of the State of New York.

1

2. At all times hereinafter mentioned, defendant, CITY, maintained a Police Department, the employees of which act as its agents in the area of law enforcement.

3. At all times hereinafter mentioned, defendant, ROBERTS, was a detective with the New York City Police Department.

4. At all times hereinafter mentioned, defendant, GODINO, was a detective with the New York City Police Department.

5. At all times hereinafter mentioned, defendants, JOHN DOES, whose names are presently unknown to plaintiff, were employed by the New York City Police Department.

6. At all times hereinafter mentioned, defendant, ROBERTS, was an employee and/or agent of the New York City Police Department.

7. At all times hereinafter mentioned, defendant, GODINO, was an employee and/or agent of the New York City Police Department.

8. At all times hereinafter mentioned, defendants, P.O. JOHN DOES (first and last name being fictitious, the true names being unknown to Plaintiff, the persons being police officers), were employees and/or agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, defendants, DETECTIVES JOHN DOES (first and last name being fictitious, the true names being unknown to Plaintiff, the persons being police officers), were employees and/or agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK.

10. At all times hereinafter mentioned Defendant, ROBERTS, was acting within the

2

scope of his employment as a detective/police officer with the Police Department of the City of New York.

11. At all times hereinafter mentioned Defendant, GODINO, was acting within the scope of his employment as a detective/police officer with the Police Department of the City of New York.

12. At all times hereinafter mentioned defendants, JOHN DOES, were acting within the scope of their employment as police officers with the Police Department of the City of New York.

13. At all times hereinafter mentioned defendant, ROBERTS, is sued individually and in his official capacity.

14. At all times hereinafter mentioned defendant, GODINO, is sued individually and in his official capacity.

15. At all times hereinafter mentioned defendants, JOHN DOES, are sued individually and in his official capacity.

16. At all times hereinafter mentioned, defendant, ROBERT T. JOHNSON (hereinafter "JOHNSON"), was the District Attorney for Bronx County.

17. At all times hereinafter mentioned defendant, JOHNSON, was acting within the scope of his employment as Bronx County District Attorney.

18. At all times hereinafter mentioned defendant, JOHNSON, as Bronx County District Attorney, was acting under color of law and authority as prosecutor.

19. At all times hereinafter mentioned, defendant, JOHNSON, was acting in his investigative capacity.

20. At all times hereinafter mentioned defendant, JOHNSON, is sued individually and in his official capacity.

21. At all times hereinafter mentioned, defendant, BIRNS a/k/a BURNS, was an Assistant District Attorney in Bronx County.

22. At all times hereinafter mentioned defendant, BIRNS a/k/a BURNS, was acting within the scope of his employment as Bronx County Assistant District Attorney.

23. At all times hereinafter mentioned defendant, BIRNS a/k/a BURNS, as Assistant Bronx County Assistant District Attorney, was acting under color of law.

24. At all times hereafter mentioned, defendant, BIRNS a/k/a BURNS, was acting in an investigative capacity.

25. At all times hereinafter mentioned defendant, BIRNS, a/k/a BURNS is sued individually and in his official capacity.

26. At all times hereinafter mentioned, defendant, TULTY a/k/a TALTY, was an Assistant District Attorney in Bronx County.

27. At all times hereinafter mentioned defendant, TULTY a/k/a TALTY, was acting within the scope of his employment as Bronx County Assistant District Attorney.

28. At all times hereinafter mentioned defendant, TULTY a/k/a TALTY as Assistant Bronx County Assistant District Attorney, was acting under color of law.

29. At all times hereafter mentioned, defendant, TULTY a/k/a TALTY, was acting in his investigative capacity.

30. At all times hereinafter mentioned defendant, TULTY a/k/a TALTY, is sued individually and in his official capacity.

31. At all times hereinafter mentioned, defendant, COOPER, was an Assistant District Attorney for Bronx County.

32. At all times hereinafter mentioned defendant, COOPER, was acting within the scope of his employment as a Bronx County Assistant District Attorney.

33. At all times hereinafter mentioned defendant, COOPER, as a Bronx County Assistant District Attorney, was acting under color of law.

34. At all times hereafter mentioned, defendant, COOPER, was acting in an investigative capacity.

35. At all times hereinafter mentioned defendant, COOPER, is sued individually and in her official capacity.

36. On February 3, 2012 within ninety (90) days of plaintiff's release from custody and all criminal charges against him having been dismissed, plaintiff filed a Notice of Claim with the Comptroller of the City of New York in the manner and mode required by law.

37.   More than 90 days have elapsed since the filing of the Notices of Claim and adjustment or payment thereof has been neglected or refused.

38. That this action is brought within one (1) year and ninety (90) days from the date that plaintiff's release from custody and all criminal charges against him having been dismissed.

39. That Plaintiff has complied with all conditions precedent applicable to the instant action.

40. That this action falls within one or more of the exceptions of CPLR §1602, including,

but not limited to CPLR §1602 (11).

## JURY TRIAL DEMANDED

41. Plaintiff demands a trial by jury on each and every one of their claims as pleaded herein.

## FIRST REQUEST FOR RELIEF
### (State Law False Arrest against all Defendants)

42. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

43. On or about January 10, 2007 plaintiff was falsely arrested in connection with an incident that resulted in the death of one John Caldwell and injury to one Lissette Ayala at or near 800 East 168th Street, Bronx, New York.

44. Following his arrest, plaintiff was held in custody for approximately five years until January 19, 2012, when he was released from custody and all criminal charges against him were dismissed.

45. That throughout plaintiff's arrest and detention defendants knew that plaintiff was not the perpetrator of the crimes of which he was accused.

46. That defendants used plaintiff's arrest in an attempt to pressure the true culprit into pleading guilty to crimes charged in connection with the shooting in spite of the fact that they knew plaintiff was innocent of all the crimes of which he was accused.

47. At the time of the unlawful detention and imprisonment, plaintiff had not committed any illegal act.

48. At the time of the unlawful detention and imprisonment, plaintiff had not committed

or attempted to commit any crime.

49. That a video of the scene of the crime showed conclusively that plaintiff was not the perpetrator of the crime of which he was accused.

50. That defendants purposely ignored the physical evidence that showed that plaintiff was innocent of the crime of which he was accused for the nefarious purpose of pressuring the real culprit to confess and/or plead guilty to the crimes for which he was accused.

51. That defendants did not have probable cause to believe that plaintiff had committed any illegal acts.

52. At the time of plaintiff's unlawful arrest and imprisonment, defendants knew or should have known, through the exercise of proper police procedure and reasonable investigation, that the aforementioned detention and imprisonment was false and without justification.

53. Defendants acted in bad faith and without justification in committing the aforesaid detention and unlawful imprisonment of plaintiff.

54. As a result of the foregoing, plaintiff was caused to suffer personal injuries, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

55. As a result of the foregoing, plaintiff demands judgment against defendants in a sum of money which exceeds the jurisdictional limits of all the Courts of lesser jurisdiction.

**SECOND REQUEST FOR RELIEF**
**(State Law Malicious Prosecution against all Defendants)**

56. Plaintiff repeats and realleges each and every allegation set forth above as though fully
set forth at length herein.

57. That following plaintiff's arrest on January 10, 2007, defendant, CITY, its agents,
servants and/or employees intentionally, knowingly, recklessly, negligently and with
malice caused the commencement of a criminal prosecution against plaintiff without
probable cause and in bad faith.

58. That following plaintiff's arrest on January 10, 2007, defendant, ROBERTS,
knowingly, recklessly, negligently and with malice initiated, caused and continued a
criminal prosecution against plaintiff without probable cause and in bad faith.

59. That following plaintiff's arrest on January 10, 2007, defendant, GODINO,
intentionally, knowingly, recklessly, negligently and with malice caused the
commencement and continuation of a criminal prosecution against plaintiff without
probable cause and in bad faith.

60. That following plaintiff's arrest on January 10, 2007, defendants, JOHN DOES,
intentionally, knowingly, recklessly, negligently and with malice caused the
commencement and continuation of a criminal prosecution against plaintiff without
probable cause and in bad faith.

61. That following plaintiff's arrest on January 10, 2007, defendant, BIRNS a/k/a
BURNS, acting outside their prosecutorial capacities, intentionally, knowingly,
recklessly, negligently and with malice caused the commencement and continuation

8

of a criminal prosecution against plaintiff without probable cause and in bad faith.

62. That following plaintiff's arrest on January 10, 2007, defendant, COOPER, acting outside his prosecutorial capacity intentionally, knowingly, recklessly, negligently and with malice caused the commencement and continuation of a criminal prosecution against plaintiff without probable cause and in bad faith.

63. That following plaintiff's arrest on January 10, 2007, defendant, TALTY a/k/a TULTY, acting outside his prosecutorial capacity, intentionally, knowingly, recklessly, negligently and with malice caused the commencement and continuation of a criminal prosecution against plaintiff without probable cause and in bad faith.

64. That subsequent to plaintiff's arrest, defendant, ROBERTS, did give false information and/or testimony in connection with plaintiff's criminal prosecution.

65. That subsequent to plaintiff's arrest, defendant, GODINO, did give false information and/or testimony in connection with plaintiff's criminal prosecution.

66. That subsequent to plaintiff's arrest, defendants, JOHN DOES, did give false information and/or testimony in connection with plaintiff's criminal prosecution.

67. That in commencing and continuing the aforementioned prosecution against plaintiff, all of defendants acted with malice.

68. In commencing and continuing said malicious prosecution, defendants individually and through their agents, servants and/or employees caused plaintiff to be falsely charged with acts in violation of the Penal Law of the State of New York.

69. That plaintiff had not committed or attempted to commit any illegal act(s).

70. That defendants did not have probable cause probable cause to believe that plaintiff

had committed the illegal acts of which he was accused.

71. That defendants, their agents, servants and/or employees, knew, or should have known through the exercise of proper police and/or investigatory procedures and reasonable care that said investigation was false, flawed and incomplete.

72. That defendants, individually and through their agents servants and /or employees willfully and wrongfully accused plaintiff of having violated the Penal Law of the State of New York.

73. That on January 19, 2012 all criminal charges against plaintiff were dismissed.

74. As a result of the aforementioned malicious prosecution, plaintiff suffered and continues to suffer substantial damages.

75. As a result of the foregoing, plaintiff was caused to suffer personal injuries, violation of civil rights, negligent and intentional infliction of emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

76. By reason of the foregoing, plaintiff demands judgment against defendants in a sum of money which exceeds the jurisdictional limits of all the Courts of lesser jurisdiction.

### THIRD REQUEST FOR RELIEF
**(State Law Malicious Abuse of Process against all Defendants)**

77. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

78. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.

79. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. Such collateral objective included, but was not limited to, covering up defendants' illegal actions in conducting the investigation into the robbery and in manufacturing and securing a criminal conviction of plaintiff at all costs.

80. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York, and as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

81. That defendant, CITY is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees, including defendants herein, under the doctrine of respondeat superior.

82. The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## FOURTH REQUEST FOR RELIEF

**(42 U.S.C. § 1983 based on False Arrest, Malicious Prosecution and Malicious Abuse of Process against all Defendants)**

83. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

84. By their conduct and actions in falsely arresting and imprisoning plaintiff, trespassing upon plaintiff, maliciously prosecuting plaintiff, abusing process against plaintiff, violating plaintiff's rights to equal protection, violating plaintiff's rights to substantive and procedural due process, invading plaintiff's privacy, fabricating an account and/or evidence concerning the arrest of plaintiff, withholding exculpatory evidence, failing to properly investigate, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands defendants ROBERTS, GODINO, JOHN DOES, , JOHNSON, BIRNS A/K/A BURNS, TULTY a/k/a TALTY and COOPER, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983, the United States Constitution, including its Fourth, and Fourteenth amendments and the Constitution of the State of New York.

85. That defendant, ROBERTS, violated Plaintiff's civil rights by falsely arresting him in violation of 42 U.S.C. §1983, the U.S . Constitution and the Constitution of the State of New York.

12

86. That defendant, GODINO, violated Plaintiff's civil rights by falsely arresting him in violation of 42 U.S.C. §1983, the U.S. Constitution and the Constitution of the State of New York.

87. That defendants, JOHN DOES, violated Plaintiff's civil rights by falsely arresting him in violation of 42 U.S.C. §1983, the U.S. Constitution and the Constitution of the State of New York.

88. That defendants, BIRNS A/K/A BURNS, TULTY a/k/a TALTY and COOPER violated Plaintiff's civil rights by, while acting outside their prosecutorial capacities, they falsely arresting him and/or authorizing his arrest in violation of 42 U.S.C. §1983, the U.S. Constitution and the Constitution of the State of New York.

89. That defendants violated Plaintiff's civil rights by falsely accusing him of having committed a crime in violation of the 42 U.S.C. §1983, the U.S. Constitution and the Constitution of the State of New York.

90. That the conduct and actions of defendants, acting in concert and under color of State law, by falsely arresting Plaintiff were done intentionally, maliciously, and/or with a reckless disregard for the natural and probable consequences of his acts, were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering in violation of Plaintiff's Constitutional rights and are therefore actionable under 42 U.S.C. §1983, the United States Constitution, Amendments One, Four and Fourteen, and the Constitution of the State of New York.

91. That defendants,  by malicious prosecuting Plaintiff deprived him of his liberty in violation of Plaintiff's civil and constitutional rights, as guaranteed under 42 U.S.C.

§1983 and set forth in the United States Constitution, Amendments Four and Fourteen, and the Constitution of the State of New York.

92. That the actions taken by defendants, undertaken under color of law and would not have existed but for said defendants using their official power.

93. That as a result of the aforementioned arrest plaintiff was caused to sustain and suffer personal injuries, violation of civil rights, negligent and intentional infliction of emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

94. By reason of the foregoing, Plaintiff demands judgment against defendants in a sum of money which exceeds the jurisdictional limits of all the Courts of lesser jurisdiction.

**<u>FIFTH REQUEST FOR RELIEF</u>**
**(Conspiracy under 42 U.S.C. § 1983 against all Defendants)**

95. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

96. That defendants, ROBERTS, GODINO, JOHN DOES,  JOHNSON, BIRNS A/K/A BURNS, TULTY a/k/a TALTY and COOPER, under color of law, conspired with each other as well as with others, including but not limited to defendants, to reach a mutual understanding and thereafter acted to undertake a course of conduct to injure, oppress, threaten and intimidate plaintiff in the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the Constitution of the United States, including the rights:  to be free from false arrest and

14

false imprisonment; to be free from malicious prosecution; to associate and speak freely; to have fair and equal access to and seek redress in the courts; and to have fair and equal access to exculpatory evidence so as to be able to properly present a defense in a criminal matter.

97. That defendants, acting under color of law, were willful participants in a joint action the purpose of which was to further the purpose and goals of pressuring the true culprit of the crimes of which plaintiff was accused as well as other crimes to confess to those crimes at the expense of plaintiff who had not committed or attempted to commit any crime.

98. That as part of the conspiracy among defendants, ROBERTS, GODINO, P.O. JOHN DOES, JOHN DOES, JOHNSON, BIRNS A/K/A BURNS, TULTY a/k/a TALTY and COOPER, and in furtherance of said conspiracy defendants willfully, recklessly and negligently accused plaintiff of committing a criminal act without probable cause; falsely arrested and imprisoned plaintiff; maliciously prosecuted plaintiff; covered up wrong doing by defendants, their agents, servants and/or employees, including but not limited to the deliberate, willful, malicious and/or negligent alteration, loss and/or destruction of exculpatory evidence, the failure to present exculpatory evidence, misrepresentation of evidence; suppression of exculpatory evidence; and by submitting false police reports, statements and/or testimony to support and corroborate the false charges against plaintiff.

99. As a result of the aforesaid conspiracy, plaintiffs were caused to suffer personal injuries, violation of civil and constitutional rights, negligent and intentional infliction

of emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage

to their reputation and standing within their community.

100.    By reason of the foregoing, plaintiffs demand judgment against defendants in a

sum of money which exceeds the jurisdictional limits of all the Courts of lesser

jurisdiction.

**SIXTH REQUEST FOR RELIEF**
**(42 U.S.C. § 1983 based on Denial of Procedural and Substantive**
**Due Process against all Defendants)**

101.    Plaintiff repeats and re-alleges each and every allegation set forth above as

though fully set forth at length herein.

102.    By their conduct and actions in falsely arresting and imprisoning plaintiff and

maliciously prosecuting him, defendants violated plaintiff's rights to equal protection

and both substantive and procedural due process of plaintiff as well as the protections

afforded under the Fourth and Fourteenth Amendments.

103.    That the actions of defendants resulting from plaintiff's arrest, detention,

imprisonment and malicious prosecution deprived the plaintiff of rights, privileges,

and immunities as guaranteed under the United States Constitution, Amendments

One, Four, Five, and Fourteen, the New York State Constitution, the Civil Rights

Acts, 42 U.S.C. §§1983 and 1988.

104.    That defendants violated plaintiff's civil rights by fabricating an account and/or

evidence concerning the arrest of plaintiff; withholding exculpatory evidence, failing

to properly investigate the circumstances of the crime of which plaintiff was

wrongfully accused and in knowingly accusing plaintiff of a crime that defendants

16

knew he had not committed.

105.    As a result of the above constitutionally impermissible conduct, plaintiff was

caused to suffer personal injuries, property damages, violation of civil rights,

emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to

his reputation and standing within his community.

106.    By reason of the foregoing, plaintiff demands judgment against defendants in a

sum of money which exceeds the jurisdictional limits of all the Courts of lesser

jurisdiction.

**SEVENTH REQUEST FOR RELIEF**
**(Against Johnson, Birns a/k/a Burns, Tulty a/k/a Talty and Cooper based on Investigatory**
**Functions)**

107.    Plaintiff repeats and re-alleges each and every allegation set forth above as though

fully set forth at length herein.

108.    At all times hereinafter mentioned, defendant, JOHNSON, as Bronx County

District Attorney, had supervisory duties over the Assistant District Attorneys

employed in the Office of the Bronx County District Attorney, including, but not

limited to, defendants, BIRNS A/K/A BURNS, TULTY a/k/a TALTY and COOPER.

109.    At all times hereinafter mentioned defendant, JOHNSON, as District Attorney for

BRONX COUNTY, set policy and was responsible for the proper hiring, supervision,

retention and training of the Assistant District Attorneys and other staff under his

authority, including the investigatory functions and responsibilities in which  they

engage.

110.    At all times hereinafter mentioned, defendant, BIRNS A/K/A BURNS, as  Bronx

17

County Assistant District Attorney, had supervisory duties over other Assistant
District Attorneys employed in the Office of the Bronx County District Attorney,
including, but not limited to, defendants, BURNS, TULTY a/k/a TALTY and
COOPER.

111.    At all times hereinafter mentioned, defendant, TULTY a/k/a TALTY, as Bronx
County Assistant District Attorney, had supervisory duties over the Assistant District
Attorneys employed in the Office of the Bronx County District Attorney, including,
but not limited to, defendants, BIRNS A/K/A BURNS, BURNS and COOPER.

112.    At all times hereinafter mentioned, defendant, COOPER, as Bronx County
Assistant District Attorney, had supervisory duties over other Assistant
Attorneys employed in the Office of the Bronx County District Attorney, including,
but not limited to, defendants, BIRNS A/K/A BURNS, BURNS and TULTY a/k/a
TALTY.

113.    At all times hereinafter mentioned, defendant, JOHNSON, as Bronx County
District Attorney, acted as a policymaker for the City of New York.

114.    That as District Attorney for Bronx County, defendant, JOHNSON had
managerial functions relating to supervision and training of police officers and
Assistant District Attorneys with respect to their investigatory duties as well as
citizens' constitutional rights.

115.    At all times hereinafter mentioned, defendant, BIRNS A/K/A BURNS, as Bronx
County Assistant District Attorney, acted as a policymaker for the City of New York.

116.    That as Assistant District Attorney for Bronx County, defendant, BIRNS A/K/A

18

BURNS had managerial functions relating to supervision and training of police officers and Assistant District Attorneys with respect to their investigatory duties as well as citizens' constitutional rights.

117.    That all times hereinafter mentioned, defendant, COOPER, as Bronx County Assistant District Attorney, acted as a policy maker for the City of New York.

118.    That as District Attorney for Bronx County, defendant, COOPER had managerial functions relating to supervision and training of police officers and Assistant District Attorneys with respect to their investigatory duties as well as citizens' constitutional rights.

119.    That all times hereinafter mentioned, defendant, TULTY a/k/a TALTY, as Bronx County Assistant District Attorney, acted as a policy maker for the City of New York.

120.    That as District Attorney for Bronx County, defendant, TULTY a/k/a TALTY had managerial functions relating to supervision and training of police officers and Assistant District Attorneys with respect to their investigatory duties as well as citizens' constitutional rights.

121.    That at all times hereinafter mentioned defendant, JOHNSON, evinced a pattern of ignoring law enforcement improprieties and misconduct.

122.    That at all times hereinafter mentioned defendant, JOHNSON, failed to train and supervise ADAs regarding their legal and constitutional obligations.

123.    That such management failures correlate with defects in the District Attorney's role as a local policymaker for the City of New York.

124.    That pursuant to policy and/or custom, defendant, JOHNSON, concealed

19

exculpatory evidence and committed other constitutionally impermissible wrongs in order to secure convictions.

125.    That at all times hereinafter mentioned defendant, BIRNS A/K/A BURNS, failed to train and supervise police officers and other ADAs regarding their legal and constitutional obligations.

126.    That such management failures correlate with defects in defendant, BIRNS' a/k/a/ BURNS' role as a local policymaker for the City of New York.

127.    That pursuant to policy and/or custom, defendant, BIRNS A/K/A BURNS, concealed exculpatory evidence and committed other constitutionally impermissible wrongs in order to secure convictions.

128.    That at all times hereinafter mentioned defendant, COOPER, failed to train and supervise police officers and other ADAs regarding their legal and constitutional obligations

129.    That such management failures correlate with defects in defendant, COOPER'S role as a local policymaker for the City of New York.

130.    That pursuant to policy and/or custom, defendant, COOPER, concealed exculpatory evidence and committed other constitutionally impermissible wrongs in order to secure convictions.

131.    That at all times hereinafter mentioned defendant, TULTY a/k/a TALTY failed to train and supervise police officer and other ADAs regarding their legal and constitutional obligations.

132.    That such management failures correlate with defects in defendant, TULTY'S

20

a/k/a TALTY'S role as a local policymaker for the City of New York.

133.    That pursuant to policy and/or custom, defendant, TULTY a/k/a TALTY, concealed exculpatory evidence and committed other constitutionally impermissible wrongs in order to secure convictions.

134.    At all times hereinafter mentioned defendant, BIRNS A/K/A BURNS was an Assistant District Attorney within the Office of the District Attorney for Bronx County and was, on information and belief, responsible for the prosecution of the Plaintiff and conducting a proper investigation related thereto.

135.    At all times hereinafter mentioned defendant, COOPER was an Assistant District Attorney within the Office of the District Attorney for Bronx County and was, on information and belief, responsible for the prosecution of the Plaintiff and conducting a proper investigation related thereto.

136.    At all times hereinafter mentioned defendant, TULTY a/k/a TALTY was an Assistant District Attorney within the Office of the District Attorney for Bronx County and was, on information and belief, responsible for the prosecution of the Plaintiff and conducting a proper investigation related thereto.

137.    By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates and properly investigate and/or prosecute cases assigned to them, supervisory officers JOHNSON, BIRNS A/K/A BURNS, BURNS, TULTY a/k/a TALTY and COOPER caused damage and injury in violation of plaintiff's rights guaranteed under state law, 42 U.S.C. §1983, and the United States Constitution, including its Fourth and Fourteenth

amendments.

138.    At all times hereinafter mentioned, defendant, JOHNSON, as District Attorney for

Bronx County, was acting under color of law and is sued in both his individual

capacity and in his official capacity as a policymaker for Bronx County and the City

of New York concerning the investigatory functions, Brady obligations and other

constitutional duties to accused persons of Bronx County.

139.    At all times hereinafter mentioned, JOHNSON, violated plaintiff's constitutional

right as guaranteed by the United States Constitution and the Constitution of the State

of New York.

140.    At all times hereinafter mentioned, JOHNSON, violated plaintiff's constitutional

right to a speedy trial as guaranteed by the United States Constitution and the

Constitution of the State of New York.

141.    At all times hereinafter mentioned, BIRNS A/K/A BURNS, violated plaintiff's

constitutional right as guaranteed by the United States Constitution and the

Constitution of the State of New York.

142.    At all times hereinafter mentioned, BIRNS A/K/A BURNS, violated plaintiff's

constitutional right to a speedy trial as guaranteed by the United States Constitution

and the Constitution of the State of New York.

143.    At all times hereinafter mentioned, COOPER, violated plaintiff's constitutional

right as guaranteed by the United States Constitution and the Constitution of the State

of New York.At all times hereinafter mentioned, COOPER, violated plaintiff's

constitutional right to a speedy trial as guaranteed by the United States Constitution

22

and the Constitution of the State of New York.

144.    At all times hereinafter mentioned defendant, TULTY a/k/a TALTY, violated

plaintiff's constitutional right as guaranteed by the United States Constitution and the

Constitution of the State of New York.

145.    At all times hereinafter mentioned, TULTY a/k/a TALTY, violated plaintiff's

constitutional right to a speedy trial as guaranteed by the United States Constitution

and the Constitution of the State of New York.

146.    As a result of the above-described policies, plaintiff was deprived of his liberty in

violation of 42 U.S.C. 1983.

147.    That the above mentioned failures on the part of defendants JOHNSON, BIRNS

A/K/A BURNS, BURNS, TALTY and COOPER constitute a violation of plaintiff's

civil rights as protected by 42 U.S.C. 1983 and the Constitutions of the United States

and the State of New York.

148.    That as a result of the above-described failures on the part of defendants,

JOHNSON, BIRNS A/K/A BURNS, BURNS, TULTY a/k/a TALTY and COOPER,

plaintiff was caused to suffer personal injuries, property damages, violation of civil

rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and

damage to his reputation and standing within his community.

149.    As a result of the above-described impermissible conduct of the defendants,

JOHNSON, BIRNS A/K/A BURNS, BURNS, TULTY a/k/a TALTY and COOPER,

plaintiff demands judgment against said defendants in a sum of money, which

exceeds the jurisdictional limits of all the Courts of lesser jurisdiction.

**EIGHTH REQUEST FOR RELIEF**
**(Unreasonably Prolonged Detention under 42 U.S.C. § 1983**
**against all Defendants)**

150.    Plaintiff repeats and re-alleges each and every allegation set forth above as though

fully set forth at length herein.

151.    Defendants' above-described conduct, including but not limited to defendants'

mishandling of exculpatory and/or impeaching evidence and their concealment,

suppression, and/or failure to turn said evidence over to the prosecution or the

defense, and their intimidation, threats, and coercion of witnesses, engaged in under

color of state law, violated rights, privileges and immunities secured to plaintiff by the

Constitution of the United States of America including, inter alia, plaintiff's Fourth

and Fourteenth Amendment right to be free from continued detention after it was or

should have been known that plaintiff was entitled to release, as articulated in *Russo*

*v. City of Bridgeport*, 479 F.3d 196 (2d Cir. 2007).

152.    Plaintiff had a right to be free from continued detention stemming from

defendants' intimidation and coercion of witnesses, and their mishandling,

concealment, and/or suppression of the exculpatory and/or impeaching material

described above, and defendants violated that right.

153.    That the Fourth Amendment requires a judicial determination of probable cause as

a prerequisite to extended restraint of liberty following arrest.

154.    That a defendant may be detained pre-trial so long as those conditions and

restrictions do not amount to punishment, or otherwise violate the Constitution.

155.    That Plaintiff was detained for approximately five years before the charges against

24

him were dismissed.

156.     That years of detention based upon grossly insufficient evidence and without a

legitimate initial or subsequent finding of probable cause, is excessive.

157.     That based upon the length of the pre-trial detention in this matter and the

weakness of the evidence against the Plaintiff, the Plaintiff's constitutional right to be

free from an extended pre-trial restraint of liberty following arrest has been violated.

158.     That the delay awaiting trial was excessive and amounted to punishment in

violation of the Constitution of the United States.

159.     That the aforementioned Constitutional right arises both from plaintiff's Fourth

Amendment right to be free of unreasonable searches and seizures and plaintiff's

Fourteenth Amendment right to substantive due process.

160.     Defendants conduct in this regard was so egregious and outrageous as to shock the

conscience.

161.     That as a result of the foregoing, plaintiff was severely and seriously injured, both

bodily and mentally, suffered a loss of enjoyment of life, pain and suffering,

psychological and emotional injury, great humiliation, costs and expenses and

suffered economic loss and other damages.

162.     Defendants are sued in their individual and official capacities.

163.     The amount of damages sought in this action exceeds the jurisdictional limits of

all lower Courts that might otherwise have jurisdiction over this action.

**NINTH REQUEST FOR RELIEF**
**(42 U.S.C. § 1983 Based on Unreasonable Continued Prosecution**
**Against all Defendants)**

164.    Plaintiff repeats and re-alleges each and every allegation set forth above as though

   fully set forth at length herein.

165.    That at all times hereafter mentioned, defendant, CITY OF NEW YORK,

   wrongfully and impermissibly continued to prosecute plaintiff knowing that he was

   not guilty of the crime of which he was accused.

166.    That at all times hereafter mentioned, defendant, ROBERTS, GODINO, JOHN

   DOES, JOHNSON, wrongfully and impermissibly continued to prosecute plaintiff

   knowing that he was not guilty of the crime of which he was accused.

167.    That at all times hereafter mentioned, defendant, BIRNS A/K/A BURNS, TULTY

   a/k/a/ TALTY and COOPER, wrongfully and impermissibly continued to prosecute

   plaintiff knowing that he was not guilty of the crime of which he was accused.

168.    That the purpose of defendants' continued prosecution of plaintiff, knowing that

   he was not guilty of the crime of which he was accused, was for the impermissible

   purpose of pressuring the true culprit into confessing and/or pleading guilty to crimes

   charged in connection with the crimes for which plaintiff was charged.

169.    That as a result of the above-described conduct, plaintiff was deprived of his

   rights, privileges, and immunities as guaranteed under the United States Constitution,

   Amendments One, Four, Five, and Fourteen, the New York State Constitution, the

   Civil Rights Acts, 42 U.S.C. § 1983 and 1988.

170.    As a result of the above-described impermissible conduct of the defendants,

plaintiff demands judgment against said defendants in a sum of money, which

exceeds the jurisdictional limits of all the Courts of lesser jurisdiction.

### TENTH REQUEST FOR RELIEF
**(42 U.S.C. § 1983 based on Unduly Suggestive Identification
Procedures against all Defendants)**

171.    Plaintiff repeats and re-alleges each and every allegation set forth above as though

fully set forth at length herein.

172.    Upon information and belief, Defendants, all state actors, acting deliberately,

recklessly and under color of law, violated plaintiff's Fourteenth Amendment rights

by utilizing unduly suggestive identification techniques in order to induce witnesses

to make out-of-court and in-court identifications of plaintiff and also failed to inform

plaintiff or secure his consent or consent of counsel that defendants sought to employ

such techniques.

173.    Defendants knew or should have known that engaging in unduly suggestive

conduct before or during these identification procedures would foreseeably cause

witnesses to make an irreparable misidentification of plaintiff.

174.    As a direct and proximate result of defendants' unduly suggestive conduct,

witnesses irreparably misidentified plaintiff as one of the robbers at, *inter alia*,

photographic identification procedures and a line-up.

175.    Defendants' actions in this regard violated plaintiff's clearly established right to a

fair trial as guaranteed by the Fourteenth Amendment, and resulted in his wrongful

and unreasonably long imprisonment, as well as causing the other grievous and

continuing injuries and damages as set forth herein.

176.   That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty, a loss of enjoyment of life, and suffered economic loss and other damages.

177.   Defendants herein are sued in their individual and official capacities.

178.   The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction over this action.

## ELEVENTH REQUEST FOR RELIEF
### (42 U.S.C. § 1983 based on Failure to Intervene against all Defendants)

179.   Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

180.   Defendants failed to intervene to prevent, end or report the unlawful and unconstitutional conduct to which plaintiff was subjected despite the fact that they had opportunities to do so.

181.   The individual defendants, and each of them, thereby displayed deliberate indifference to plaintiff's rights, including but not limited to plaintiff's right to be free from unreasonable and unlawful searches and seizures, right to procedural and substantive due process, and right to a fair trial.

182.   That by virtue of the aforementioned acts by defendants, plaintiff was deprived of his civil rights guaranteed under the Constitution of the United States, including his right under the Fourth and Fourteenth Amendments to the United States Constitution, and defendants therefore are liable to plaintiff for damages under 42 USC § 1983.

183.   That as a result of the foregoing, plaintiff was severely and seriously injured, both

bodily and mentally, suffered a loss of enjoyment of life, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses and suffered economic loss and other damages.

184.    That defendants are sued in their individual and official capacities.

185.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction over this action.

**TWELFTH CAUSE OF ACTION**
**(42 U.S.C. § 1983 based on Failure to Investigate against all Defendants)**

186.    Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

187.    Defendants deliberately, recklessly, and under color of law violated plaintiff's Fourteenth Amendment rights by failing adequately to investigate plaintiff's claim of innocence, including, but not limited to:

188.    Failing to investigate evidence that plaintiff's alibi was fully and credibly corroborated;

189.    Upon information and belief, failing to investigate evidence that demonstrated that the identification of plaintiff as the culprit was grossly unreliable.

190.    As a result of the actions of the defendant police officers and Assistant District Attorneys, in violation of plaintiff's clearly established Fourteenth Amendment rights, plaintiff endured an unfair trial, was wrongfully incarcerated and prosecuted, and suffered the injuries and damages set forth herein.

191.    That as a result of the foregoing, plaintiff was severely and seriously injured, both

bodily and mentally, suffered a loss of liberty, a loss of enjoyment of life, and suffered

economic loss and other damages.

192.    Defendants herein are sued in their individual and official capacities.

193.    The amount of damages sought in this action exceeds the jurisdictional limits of

all lower Courts that might otherwise have jurisdiction over this action

**THIRTEENTH REQUEST FOR RELIEF**
**(42 U.S.C. § 1983 based on *Brady* Violations)**

194.    Plaintiff repeats and re-alleges each and every allegation set forth above as though

fully set forth at length herein.

195.    Upon information and belief, the conduct and actions of defendants, acting under

color of law, suppressed, delayed and/or failed to disclose to either the prosecution or

defense material evidence that was favorable to plaintiff, either because of its

exculpatory or impeachment value, in violation of plaintiff's substantive and

procedural due process rights and *Brady v. Maryland*, 373 U.S. 83 (1963) and its

progeny.

196.    Upon information and belief, said suppression, delay and failure to disclose was

done intentionally, maliciously, with a deliberate indifference and/or with a reckless

disregard for the natural and probable consequences of their acts, and was done

without lawful justification or reason, and was designed to and did cause specific and

serious pain and suffering in violation of plaintiff's constitutional rights and

guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to

the United States Constitution

197.    That as a result of the foregoing, plaintiff was severely and seriously injured, both

bodily and mentally, suffered a loss of liberty, a loss of enjoyment of life, and suffered

economic loss and other damages.

198.    That defendants are sued in their individual and official capacities.

199.    The amount of damages sought in this action exceeds the jurisdictional limits of

all lower Courts that might otherwise have jurisdiction over this action.

### FOURTEENTH CAUSE OF ACTION
### Against Defendant City
### (42 U.S.C. § 1983 – "Monell" Claim)

200.    Plaintiff repeats and re-alleges each and every allegation set forth above as though

fully set forth at length herein.

201.    That the Bronx County District Attorney and his Assistant District Attorneys acted

as a New York City policymaker with respect to the investigation, arrest and

prosecution of the plaintiff.

202.    All of the acts by the police defendants described above were carried out pursuant

to policies and practices of the City which were in existence at the time of the conduct

alleged herein and were engaged in with the full knowledge, consent, and cooperation

and under the supervisory authority of the defendant City and its agency, the NYPD,

and the Bronx County District Attorney's Office.

203.    Defendant, CITY, the NYPD and the Bronx County District Attorney's office by

their policy-making agents, servants and employees, authorized, sanctioned and/or

ratified the police defendants' wrongful acts; and/or failed to prevent or stop these acts;

and/or allowed or encouraged these acts to continue.

31

204.    That the sanctioning and ratification of these policies, customs and practices
constitute deliberate indifference to or reckless disregard of the effect of said policies,
customs and practices upon the constitutional rights of persons in the City of New York.

205.    The actions of the defendant, CITY, resulted from and were taken pursuant to *de
facto* policies and/or well-settled and widespread customs and practices of the CITY
to arrest, seek to prosecute and continue to prosecute persons through fabricated and
manipulated allegations without adequate basis in fact and/or despite substantial
exculpatory evidence known to them and withheld from accused persons, including
Plaintiff herein, in furtherance of a plan to deprive such persons of their right to a fair
trial and to secure and sustain criminal convictions at all costs.

206.    The actions of defendant, CITY, resulted from and were taken pursuant to *de facto*
policies and/or well-settled and widespread customs and practices of the CITY to
arrest, seek prosecute and continue to prosecute persons in order to pressure others
into admitting they were the true culprits.

207.    The existence of such unlawful *de facto* policies and/or well-settled and widespread
customs and practices has been known to supervisory and policy-making officers and
officials of the CITY, NYPD and the District Attorney's Office for a substantial period
of time.

208.    Despite knowledge of such unlawful *de facto* policies and practices, these
supervisory and policy-making officers and officials of the CITY, the NYPD their
predecessors in interest did not discipline individuals who engaged in such practices.

209.    That these policies, practices and customs include, *inter alia*:  the failure to properly screen, supervise, discipline, transfer, counsel, or otherwise control police officers district attorneys engaged in unconstitutional and impermissible arrests, imprisonments and prosecutions, particularly those who are repeatedly accused of such acts.

210.    That these policies, practices and customs include the police code of silence wherein police officers regularly cover up police abuse of power by telling false and incomplete stories.

211.    That defendant, CITY, failed to properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority.

212.    The CITY's policies and practices in existence at the time of the conduct complained of herein, which caused plaintiff's injuries, included the failure to properly supervise, train, instruct, and discipline police officers with regard to proper conduct and investigation of a crime scene; the preparation of truthful police paperwork, or to correctly and accurately document and preserve evidence or to memorialize investigative steps taken, or circumstances surrounding the obtaining of evidence that could be relevant to the investigation and/or prosecution, and/or discoverable in any litigation.

213.    The CITY failed to properly train its police officers with respect to the New York State Penal Law and the state and federal Constitutions and with regard to adequate evidence necessary to accuse citizens of committing crimes and in particular, facilitation in the 2nd degree, criminal possession of a weapon in the 2nd  and criminal possession of a weapon in the 3rd degree.

214.    The CITY failed to discipline those who unjustifiably charge and prosecute or continue to prosecute persons accused of crimes in the absence of probable cause

215.    The CITY failed to train its police officer with respect to the obligation for disclosure of exculpatory and/or impeaching evidence.

216.    The CITY had *de facto* policies of failing to disclose to the prosecution or the defense material evidence that was favorable to the accused person(s), either because of its exculpatory or impeachment value, in violation of an accused person's substantive and procedural due process rights and *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.

217.    The CITY's *de facto* policies, customs and practices included the failure to properly supervise, train, instruct, and discipline police officers with regard to proper methods of conducting interviews of witnesses and/or accused persons, and failed to discipline police officers who use improper methods to coerce and/or elicit false statements.

218.    The CITY's *de facto* policies, customs and practices included the failure to properly supervise, train, instruct, and discipline police officers with regard to proper and constitutional methods of conducting identification procedures and of adequately preserving and documenting all critical aspects of such procedures, including the circumstances surrounding the procedure and all statements made by or to the witness participating in the procedure.

219.    That police officers receive no training or woefully inadequate training regarding their disclosure obligations regarding potentially exculpatory and impeaching

information and in fact are encouraged and indoctrinated to not document or preserve

any such evidence; to suppress such evidence and to withhold the fact of its existence

from the prosecution, the court, and the defense.

220.    That police officers receive no training or woefully inadequate training regarding

maintaining the integrity and veracity of statements provided to them by witnesses or

others and are encouraged and indoctrinated in the use of isolation, false promises,

threats, intimidation and deceit to manipulate and influence witnesses and to create and

fabricate evidence to create the appearance of probable cause.

221.    The CITY encouraged and/or failed to discipline officers for testifying

untruthfully and/or fabricating evidence to bring about the police officers'

preconceived perceptions or determinations of guilt.

222.    The aforementioned CITY's policies, practices and customs of failing to supervise,

train, instruct and discipline police officers are evidenced by the broad sweeping police

and misconduct detailed herein, where police officers and assistant district attorneys

endeavored to procure the prosecution and conviction of plaintiff on charges of which

plaintiff was in fact innocent by, inter alia, creating and fabricating evidence to create

the appearance of probable cause that plaintiff had committed the crimes of criminal

facilitation in the 2nd degree, criminal possession of a weapon in the 2nd and criminal

possession of a weapon in the 3rd degree, of which he was accused.

223.    The aforementioned policies, practices and customs included intentionally and

maliciously concealing material exculpatory evidence, including evidence that a person

other than plaintiff was the true culprit; suborning perjury and unduly influencing the

statements and testimony of witnesses and the identifications made by witnesses by means of threats, coercion, violence, and deceit.

224.    The effect of this practice is to permit police officers of the New York City Police Department to function at levels of significant and substantial risk to the public.

217    At all times material to this Complaint defendant, CITY, had in effect policies, practices and customs of allowing, permitting and or ratifying police officers' arrests of citizens known to be innocent, for the purpose pressuring others into confessing to crimes they had committed.

218.    That in the vast majority of police abuse cases that result in verdicts or substantial settlements for the victims, defendant, CITY and the New York City Police Department fail to impose any discipline upon the police officers guilty of abuse, either before or after the Court resolution.

219.    That defendant, CITY, after the resolution of civil cases that result in verdicts or substantial settlements for victims of police misconduct, almost never reopens an investigation previously conducted.

220.    That in a substantial number of cases, defendant, CITY, promotes the officers guilty of misconduct to a position of greater authority.

221.    On information and belief, defendants, defendants, ROBERTS, GODINO and JOHN DOES, have been the subjects of prior civilian and departmental complaints of misconduct that put, or should have put, the defendant, CITY, and the New York City Police Department on notice that defendant police officers herein were likely to engage in

conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by Plaintiff herein.

222.    On information and belief, other police officers involved in Plaintiff's arrest and prosecution had been the subjects of prior civilian and departmental complaints of misconduct that put, or should have put, the defendant, CITY, and the New York City Police Department on notice that defendant police officers herein were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by Plaintiff herein.

224.    Defendant, CITY, knew or should have known that the acts alleged herein would deprive Plaintiff of his rights, in violation of the Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments to the United States Constitution and Article 1, §§ 1, 6, 11, and 12 of the Constitution of the State of New York, including, without limitation, Plaintiff's freedom from deprivation of liberty without due process of law.

229.    All of the acts by the police defendants described above were carried out pursuant to policies and practices of the City of New York and the New York City Police Department, which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of the defendant City and its agency, the NYPD., the Bronx County District Attorney's Office, the Police Department.

230.    Since at least 1984, defendant, CITY, has been on notice that their training of police officers has been inadequate.

231.    The City of New York Office of the Comptroller, in an unpublished report, found

that the police often conduct inadequate investigations.

232.     Plaintiff's injuries were a direct and proximate result of the defendants' wrongful

policies, practices, customs and/or usages complained of herein and in existence at the

time of the incidents complained of herein and of the knowing and repeated failure of the

defendant, CITY to properly supervise, train and discipline their police officers.

233.     Defendant, CITY, knew or should have known that the acts alleged herein would

deprive Plaintiff of his rights, in violation of the Fourth, Fifth, Sixth, Ninth, Thirteenth

and Fourteenth Amendments to the United States Constitution and Article 1, §§ 1, 6, 11,

and 12 of the Constitution of the State of New York, including, without limitation,

Plaintiff's freedom from deprivation of liberty without due process of law.

234.     Defendant, CITY, is directly liable and responsible for the acts of the defendant

officers because it repeatedly and knowingly failed to properly supervise, train, instruct,

and discipline them and because it repeatedly and knowingly failed to enforce the rules

and regulations of the NYPD, and to require compliance with the constitutions and laws

of the State of New York and the United States.

235.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation,

costs and expenses, and was otherwise damaged and injured.

236.     As a result of the aforementioned impermissible conduct plaintiff demands

judgment against said defendants in a sum of money, which exceeds the jurisdictional

limits of all the Courts of lesser jurisdiction.

**FIFTHEENTH REQUEST FOR RELIEF**
**(42 U.S.C. § 1983 – "Monell" Claim)**
**For the Actions of the Prosecutors Pursuant to the Policies and Practices In**
**Existence at the Time of the Case**

237.      Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

238.      All of the acts by the defendant prosecutors described above were carried out pursuant to policies and practices of the City of New York, which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent, and under the supervisory authority of the Bronx County District Attorney's Office.

239.      Defendant City and the District Attorney's Office, by their policy-making agents, servants and employees, authorized, sanctioned and/or ratified the defendant prosecutors' wrongful acts; and/or failed to prevent or stop these acts; and/or allowed or encouraged these acts to continue.

240.      The actions of the defendant prosecutors resulted from and were taken pursuant to *de facto* policies and/or well-settled and widespread customs and practices of the City, which are implemented by prosecutors, to prosecute and continue to prosecute persons through fabricated and manipulated allegations without adequate basis in fact and/or despite substantial exculpatory evidence known to them and withheld from accused persons.

241.      The existence of such unlawful *de facto* policies and/or well-settled and widespread customs and practices has been known to supervisory and policy-making

officers and officials of the District Attorney's Office and the City, including, without

limitation, D.A. Johnson and his predecessor in interest, for a substantial period of time.

242.     Despite knowledge of such unlawful *de facto* policies and practices, these

supervisory and policy-making officials of the District Attorney's Office and the City

and their predecessors in interest did not take steps to terminate these policies and

practices, did not discipline individuals who engage in such practices, or otherwise

properly train prosecutors with regard to the constitutional and statutory limits on the

exercise of their authority, and instead sanctioned and ratified these policies, customs and

practices through their deliberate indifference to or reckless disregard of the effect of said

policies, customs and practices upon the constitutional rights of persons in the City of

New York.

243.     The City's policies and practices in existence at the time of the conduct

complained of herein, which caused the plaintiffs' injuries herein include, inter alia, the

following:

    a.  The failure to properly supervise, train, instruct, and discipline prosecutors who

        participate with and advise police officers in using coercive and unduly suggestive

        techniques during the course of an investigation;

    b.  The failure to properly supervise, train, instruct, and discipline prosecutors with

        regard to proper investigatory techniques and adequate evidence of crimes and to

        discipline those who unjustifiably charge and prosecute or continue to prosecute

        persons accused of crimes in the absence of probable cause.

244.     The aforementioned City policies, practices and customs of failing to supervise, train,

instruct and discipline prosecutors and encouraging their misconduct are evidenced by the

prosecutorial misconduct detailed herein, of which D.A. Johnson and his most senior

management were made well aware that defendants Birns a/k/a Burns and   was

unconstitutionally and unlawfully prosecuting and continuing to prosecute the Plaintiff

based on fabricated and manipulated allegations without adequate basis in fact and/or

despite substantial exculpatory evidence known to the prosecution and police officers and

withheld from Plaintiff herein.

245.     The City policies, practices and customs in existence at the time of failing to

supervise, train, instruct and discipline police officers and encouraging their misconduct are

further evidenced, inter alia, by the Mollen Commission's conclusion that the same tolerance

of perjury and falsifications that is exhibited among police officers is exhibited among

prosecutors. The Commission specifically noted that "several former and current prosecutors

acknowledged – 'off the record' – that perjury and falsifications are serious problems in law

enforcement that, though not condoned, are ignored." Mollen Commission Report, p. 42.

246.     The conduct and actions of defendants, acting under color of law, in failing to

disclose to the prosecution or the defense material evidence that was favorable to Plaintiff,

either because of its exculpatory or impeachment value, in violation of Plaintiff's

substantive and procedural due process rights and Brady v. Maryland, 373 U.S. 83 (1963)

and its progeny, was consistent with an institutionalized customs, policies and/or practices

of the NYPD and the Bronx County District Attorney's Office, which was known to and

ratified by defendant CITY.

247.     Despite knowledge of these institutionalized practices, policies and customs, defendant CITY has at no time taken any effective action to prevent the NYPD or the Bronx County District Attorney's Office personnel from continuing to engage in this type of misconduct.

248.     Defendant CITY authorized, tolerated as institutionalized practices and ratified the misconduct detailed above by failing to take adequate precautions in the supervision and/or training of NYPD police personnel and Bronx County District Attorney's Office assistant district attorneys, including specifically defendants herein.

249.     That the customs, practices and policies of the NYPD and the Bronx County District Attorney's Office regarding their failure to supervise their personnel rose to the level of deliberate indifference to the consequences of its actions, and indifference to Plaintiff's rights, privileges and immunities secured by the Constitution of the United States of America, inter alia, Plaintiff's Fourth and Fourteenth Amendment rights.

250.     That as a result of the foregoing, Plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty, a loss of enjoyment of life, and suffered economic loss and other damages.

251.     The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction over this action.

252.

## SIXTEENTH REQUEST FOR RELIEF
### Negligence Claim against defendants, City, Roberts and Godino

253.     Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

254.     That defendant CITY, its agents, servants and/or employees, including, defendants, ROBERT and GODINO herein, caused plaintiff to sustain severe injuries.

255.     That the aforesaid incident and resulting injuries to plaintiffs were due to the negligence and/or gross negligence of NYPD officers, including but not limited to defendants herein, and each of them, in the manner in which they performed their duties as officers of the NYPD; in failing to exercise reasonable care in connection with the performance of their duties; in failing adequately to evaluate the situation confronting them; and in otherwise being negligent and/or grossly negligent.

256.     That the aforementioned incident and injuries were caused solely and wholly by reason of the recklessness, carelessness, and negligence/gross negligence of defendants herein, and/or their agents, servants, and/or employees, and without any negligence on the part of plaintiff contributing thereto.

257.     Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

258.     That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, suffered economic loss and other damages.

259.    That defendant, CITY, is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees, under the doctrine of <u>respondeat</u> <u>superior</u>.

260.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

**SEVENTEENTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress against all Defendants)**

261.    Plaintiff repeats and re-alleges each and every allegation contained above as though set forth at length herein.

262.    That the aforementioned actions of the defendants, ROBERTS, GODINO, JOHN DOES, JOHNSON, BIRNS A/K/A BURNS, BURNS, TULTY a/k/a TALTY and COOPER were so outrageous, malicious and shocking that it exceeded all reasonable bounds of decency tolerated by the average member of the community.

263.    Defendants acted with the desire and intent to cause plaintiff distress or acted under circumstances known to them, which made it substantially certain that they would cause such emotional distress.

264.    Defendants intentionally, knowingly, willfully, recklessly, negligently and wrongfully caused plaintiff emotional distress or acted under circumstances known to him which made it substantially certain that he would cause such emotional distress.

265.    Defendants acted with utter disregard of the consequences of his actions.

266.    By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused severe emotional distress to plaintiff.

267.     The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

268.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

269.     As a result of defendants', plaintiff demands judgment against said defendants in a sum of money, which exceeds the jurisdictional limits of all the Courts of lesser jurisdiction.

**WHEREFORE**, plaintiff, respectfully demands judgment against defendants, THE CITY OF NEW YORK, DETECTIVE DEAN ROBERTS, DETECTIVE GLENN GODINO, POLICE OFFICERS JOHN DOES 1-10(names being fictitious and presently unknown and intended to be employees of the NYPD who were involved in Plaintiff's arrest, detention, imprisonment, and/or prosecution),  DISTRICT ATTORNEY ROBERT T. JOHNSON, ASSISTANT DISTRICT ATTORNEY BRUCE BIRNS A/K/A BURNS, ASSISTANT DISTRICT ATTORNEY BRIAN BURNS, ASSISTANT DISTRICT ATTORNEY ED TALTY a/k/a ED TULTY and ASSISTANT DISTRICT ATTORNEY MICHAEL COOPER, and requests compensatory and punitive damages in a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction; costs, interest and attorneys' fees under 42 USC 1988 and state law and such other and further relief as this court may deem appropriate and equitable.

45

Dated:        New York, New York
              August 16, 2013

                                        Yours, etc.

                                        **PAZER, EPSTEIN & JAFFE**
                                        Attorneys for Plaintiff
                                        20 Vesey Street, Room 700
                                        New York, New York 10007
                                        (212) 374-1778

                                        _____
                                        MICHAEL JAFFE