```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
KENNETH CREIGHTON,
:          12 Civ. 07454 (PGG) (DF)
                    Plaintiff,
:          **ORDER**
         -against-
:

CITY OF NEW YORK, et al.,                   :

                    Defendants.             :
-----------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

In this action for, *inter alia*, false arrest, false imprisonment, malicious prosecution, and violations of 42 U.S.C. § 1983, plaintiff Kenneth Creighton ("Plaintiff") has requested that defendant the City of New York (the "City") provide Plaintiff with the identity of a confidential informant ("CI") who testified against him in the underlying criminal case, and has also sought production of the CI's police file and an unredacted copy of the CI's grand jury testimony. Plaintiff contends that the statements of this CI constituted the sole basis for Plaintiff's arrest and prosecution, during which time Plaintiff was incarcerated for approximately five years, pending trial on charges that were ultimately dismissed. The City seeks to protect the identity of the CI on the basis of the law-enforcement privilege, and seeks to withhold from production any information that, in the City's view, could lead Plaintiff to ascertain the CI's identity.

This Court having considered the parties' submissions; having reviewed *in camera* both the complete grand jury minutes and other documents at issue; having held a conference with counsel on December 23, 2013 to address the parties' discovery dispute; and having made certain rulings on the record of that conference, it is hereby ORDERED as follows:

1. As an initial matter, the City shall promptly produce both the complete, unredacted grand jury minutes and the CI's police file to Plaintiff's *counsel*, on an "attorneys' eyes only" basis. Except as to the limited information that had previously been disclosed to Plaintiff by the City (by way of redacted documents), Plaintiff's counsel shall not, at this time, disclose these materials, or any information contained therein, to Plaintiff or any other person.

2. The Court finds that the redactions previously made by the City to the grand jury minutes were more extensive than necessary to protect the CI's identity. Accordingly, the Court proposes the following, more limited redactions:

    a. Redactions to the grand jury minutes:

        i. DJ3, first word on line 1; first word after "A." on line 13; and last word on line 17.

        ii. DJ4, last six words of the sentence ending on line 9.

        iii. DJ6, last two words on line 8, through the end of line 15.

        iv. DJ7, last word on line 3.

        v. DJ8, lines 6-10; and lines 19-25.

        vi. DJ17, first word on line 1.

    b. Redactions to the CI file:

        i. Page 1, under "Confidential Informant Information": Number on first line; photo; first and last names; code name; CI Bureau temp number.

        ii. Page 1, under "Description": Height; weight; eye color; hair color; race.

        iii. Page 1, under "Birth Information": DOB and age.

        iv. Page 2, under "Confidential Informant Address": Street number, name, and suffix; apartment number; zip code; precinct.

        v. Page 3: Phone number.

   vi. Pages 8-9, under "ID (5)": all five ID numbers.

   vii. Pages 15-16, under "Knowledge (3)": all three precincts and zones.

   viii. Page 20: Image.

If the City believes that these proposed redactions are insufficient to protect the CI's identity, or if Plaintiff's counsel believes that the proposed redactions are greater than necessary to serve that purpose, then counsel for either party may submit written objections to the Court's proposal, within two weeks of the date of this Order. Prior to the Court's determination of any such objections, Plaintiff's counsel should continue to adhere to the directive set out in paragraph 1, above. Only *after* the Court has heard and ruled on any objections to the appropriate scope of redactions may the documents be provided to Plaintiff in redacted form, in accordance with the Court's ruling.

  3. This Order is without prejudice to Plaintiff's right to renew his application to compel the disclosure of the CI's identity, should Plaintiff continue to believe, even after the disclosure contemplated by this Order, that additional disclosure is necessary to enable him to prosecute this action. If a renewed application is made, this Court will, at that time, expect both parties to submit relevant case law regarding the applicability of the law-enforcement privilege to the circumstances presented in this case.

Dated: New York, New York
   January 8, 2014

                    SO ORDERED

                    _____
                    DEBRA FREEMAN
                    United States Magistrate Judge

Copies to:
All counsel (via ECF)

3