UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KENNETH CREIGHTON,

Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE DEAN
ROBERTS (SHIELD NO. 05861), DETECTIVE GLENN
GODINO (SHIELD NO. 2756), POLICE OFFICERS
JOHN DOES 1 – 10 (NAMES BEING FICTITIOUS AND
PRESENTLY UNKNOWN AND INTENDED TO BE
EMPLOYEES OF THE NYPD WHO WERE INVOLVED
IN PLAINTIFF'S ARREST, DETENTION,
IMPRISONMENT, AND/OR PROSECUTION),
DISTRICT ATTORNEY ROBERT T. JOHNSON,
ASSISTANT DISTRICT ATTORNEY BRUCE BIRNS
A/K/A BURNS, ASSISTANT DISTRICT ATTORNEY
ED TALTY AKA, ED TULTY AND ASSISTANT
DISTRICT ATTORNEY MICHAEL COOPER,

Defendants.

------------------------------------------------------------------------ x

**ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT ON
BEHALF OF THE CITY OF
NEW YORK, DEAN
ROBERTS, GLENN
GODINO, ROBERT T.
JOHNSON, BRUCE BIRNS,
AND ED TALTY**

12 Civ. 7454 (PGG) (DCF)

JURY TRIAL DEMANDED

Defendants City of New York ("City"), Dean Roberts ("Roberts"), Glenn Godino

("Godino"), Robert T. Johnson ("Johnson"), Bruce Birns ("Birns"), and Ed Talty ("Talty") [1], by

their attorney Zachary W. Carter, Corporation Counsel of the City of New York, for their answer

to the amended complaint, respectfully respond, upon information and belief, as follows:

1.   Admit the allegations set forth in paragraph "1" of the amended complaint.

2.   Deny the allegations set forth in paragraph "2" of the amended complaint,

except admit that the City of New York maintains a Police Department.   The Court is

respectfully referred to the New York City Administrative Code and the New York City Charter

for the relationship between the City of New York and the New York City Police Department.

---

[1] The individual identified in the caption of the complaint as Assistant District Attorney Michael Cooper is deceased
and, upon information and belief, was never served in this action.

3.  Deny the allegations set forth in paragraph "3" of the amended complaint, except admit that Dean Roberts was employed as a Detective in the New York City Police Department at the time of plaintiff's arrest.

4.  Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that Glenn Godino was employed as a Detective in the New York City Police Department at the time of plaintiff's arrest.

5.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the amended complaint.

6.  Deny the allegations set forth in paragraph "6" of the amended complaint, except admit that Dean Roberts was employed as a Detective in the New York City Police Department at the time of plaintiff's arrest; to the extent that the amended complaint sets forth conclusions of law, no response is required.

7.  Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that Glenn Godino was employed as a Detective in the New York City Police Department at the time of plaintiff's arrest; to the extent that the amended complaint sets forth conclusions of law, no response is required.

8.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the amended complaint.

9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the amended complaint.

10. Deny the allegations set forth in paragraph "10" of the amended complaint; to the extent that the amended complaint sets forth conclusions of law, no response is required.

11. Deny the allegations set forth in paragraph "11" of the amended complaint; to the extent that the amended complaint sets forth conclusions of law, no response is required.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the amended complaint; to the extent that the amended complaint sets forth conclusions of law, no response is required.

13. Deny the allegations set forth in paragraph "13" of the amended complaint, except admit that plaintiff purports to sue defendant Roberts in his individual and his official capacity.

14. Deny the allegations set forth in paragraph "14" of the amended complaint, except admit that plaintiff purports to sue defendant Godino in his individual and his official capacity.

15. Deny the allegations set forth in paragraph "15" of the amended complaint, except admit that plaintiff purports to sue the John Doe defendants in their individual and official capacities.

16. Deny the allegations set forth in paragraph "16" of the amended complaint, except admit that Robert Johnson is employed as the District Attorney for Bronx County, and was so employed at the time of plaintiff's arrest.

17. Deny the allegations set forth in paragraph "17" of the amended complaint; to the extent that the amended complaint sets forth conclusions of law, no response is required.

18. Deny the allegations set forth in paragraph "18" of the amended complaint; to the extent that the amended complaint sets forth conclusions of law, no response is required.

19. Deny the allegations set forth in paragraph "19" of the amended complaint; to the extent that the amended complaint sets forth conclusions of law, no response is required.

20. Deny the allegations set forth in paragraph "20" of the amended complaint, except admit that plaintiff purports to sue defendant Johnson in his individual and official capacities.

21. Deny the allegations set forth in paragraph "21" of the amended complaint, except admit that Bruce Birns was employed as an Assistant District Attorney in Bronx County at the time of plaintiff's arrest.

22. Deny the allegations set forth in paragraph "22" of the amended complaint; to the extent that the amended complaint sets forth conclusions of law, no response is required.

23. Deny the allegations set forth in paragraph "23" of the amended complaint; to the extent that the amended complaint sets forth conclusions of law, no response is required.

24. Deny the allegations set forth in paragraph "24" of the amended complaint; to the extent that the amended complaint sets forth conclusions of law, no response is required.

25. Deny the allegations set forth in paragraph "25" of the amended complaint, except admit that plaintiff purports to sue defendant Birns in his individual and official capacities.

26. Deny the allegations set forth in paragraph "26" of the amended complaint, except admit that Ed Talty was employed as an Assistant District Attorney in Bronx County at the time of plaintiff's arrest.

27. Deny the allegations set forth in paragraph "27" of the amended complaint; to the extent that the amended complaint sets forth conclusions of law, no response is required.

28. Deny the allegations set forth in paragraph "28" of the amended complaint; to the extent that the amended complaint sets forth conclusions of law, no response is required.

29. Deny the allegations set forth in paragraph "29" of the amended complaint; to the extent that the amended complaint sets forth conclusions of law, no response is required.

30. Deny the allegations set forth in paragraph "30" of the amended complaint, except admit that plaintiff purports to sue defendant Talty in his individual and official capacities.

31. Deny the allegations set forth in paragraph "31" of the amended complaint, except admit that Michael Cooper was employed as an Assistant District Attorney in Bronx County at the time of plaintiff's arrest.

32. Deny the allegations set forth in paragraph "32" of the amended complaint; to the extent that the amended complaint sets forth conclusions of law, no response is required.

33. Deny the allegations set forth in paragraph "33" of the amended complaint; to the extent that the amended complaint sets forth conclusions of law, no response is required.

34. Deny the allegations set forth in paragraph "34" of the amended complaint; to the extent that the amended complaint sets forth conclusions of law, no response is required.

35. Deny the allegations set forth in paragraph "35" of the amended complaint, except admit that plaintiff purports to sue defendant Cooper in his individual and official capacities.

36. Deny the allegations set forth in paragraph "36" of the amended complaint, except admit that a document purporting to be a Notice of Claim was filed on February 3, 2012.

37. Deny the allegations set forth in paragraph "37" of the amended complaint, except admit that this case has not been settled by the New York City Comptroller's Office.

38. Deny the allegations set forth in paragraph "38" of the amended complaint, except admit that this action was filed on August 22, 2012.

39. Deny the allegations set forth in paragraph "39" of the amended complaint.

40. Deny the allegations set forth in paragraph "40" of the amended complaint.

41. Paragraph "41" of the amended complaint sets forth a jury demand to which no response is required.

42. In response to the allegations set forth in paragraph "42" of the amended complaint, defendants THE CITY OF NEW YORK, DEAN ROBERTS, GLENN GODINO, ROBERT JOHNSON, BRUCE BIRNS AND ED TALTY repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the amended complaint, except admit that plaintiff was arrested on January 10, 2007.

44. Deny the allegations set forth in paragraph "44" of the amended complaint, except admit that plaintiff was held in custody until his release in January of 2012.

45. Deny the allegations set forth in paragraph "45" of the amended complaint.

46. Deny the allegations set forth in paragraph "46" of the amended complaint.

47. Deny the allegations set forth in paragraph "47" of the amended complaint.

48. Deny the allegations set forth in paragraph "48" of the amended complaint.

49. Deny the allegations set forth in paragraph "49" of the amended complaint.

50. Deny the allegations set forth in paragraph "50" of the amended complaint.

51. Deny the allegations set forth in paragraph "51" of the amended complaint.

52. Deny the allegations set forth in paragraph "52" of the amended complaint.

53. Deny the allegations set forth in paragraph "53" of the amended complaint.

54. Deny the allegations set forth in paragraph "54" of the amended complaint.

55. Deny the allegations set forth in paragraph "55" of the amended complaint, except admit that plaintiff purports to seek damages as set forth therein.

56. In response to the allegations set forth in paragraph "56" of the amended complaint, defendants THE CITY OF NEW YORK, DEAN ROBERTS, GLENN GODINO, ROBERT JOHNSON, BRUCE BIRNS AND ED TALTY repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the amended complaint.

58. Deny the allegations set forth in paragraph "58" of the amended complaint.

59. Deny the allegations set forth in paragraph "59" of the amended complaint.

60. Deny the allegations set forth in paragraph "60" of the amended complaint.

61. Deny the allegations set forth in paragraph "61" of the amended complaint.

62. Deny the allegations set forth in paragraph "62" of the amended complaint.

63. Deny the allegations set forth in paragraph "63" of the amended complaint.

64. Deny the allegations set forth in paragraph "64" of the amended complaint.

65. Deny the allegations set forth in paragraph "65" of the amended complaint.

66. Deny the allegations set forth in paragraph "66" of the amended complaint.

67. Deny the allegations set forth in paragraph "67" of the amended complaint.

68. Deny the allegations set forth in paragraph "68" of the amended complaint.

69. Deny the allegations set forth in paragraph "69" of the amended complaint.

70. Deny the allegations set forth in paragraph "70" of the amended complaint

71. Deny the allegations set forth in paragraph "71" of the amended complaint.

72. Deny the allegations set forth in paragraph "72" of the amended complaint.

73. Admit the allegations set forth in paragraph "73" of the amended complaint.

74. Deny the allegations set forth in paragraph "74" of the amended complaint.

75. Deny the allegations set forth in paragraph "75" of the amended complaint.

76. Deny the allegations set forth in paragraph "76" of the amended complaint, except admit that plaintiff purports to seek damages as set forth therein.

77. In response to the allegations set forth in paragraph "77" of the amended complaint, defendants THE CITY OF NEW YORK, DEAN ROBERTS, GLENN GODINO, ROBERT JOHNSON, BRUCE BIRNS AND ED TALTY repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

78. Deny the allegations set forth in paragraph "78" of the amended complaint.

79. Deny the allegations set forth in paragraph "79" of the amended complaint, and all subparts therein.

80. Deny the allegations set forth in paragraph "80" of the amended complaint.

81. Deny the allegations set forth in paragraph "81" of the amended complaint.

82. Deny the allegations set forth in paragraph "82" of the amended complaint, except admit that plaintiff purports to seek damages as set forth therein.

83. In response to the allegations set forth in paragraph "83" of the amended complaint, defendants THE CITY OF NEW YORK, DEAN ROBERTS, GLENN GODINO, ROBERT JOHNSON, BRUCE BIRNS AND ED TALTY repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

84. Deny the allegations set forth in paragraph "84" of the amended complaint, and all subparts therein.

85. Deny the allegations set forth in paragraph "85" of the amended complaint.

86. Deny the allegations set forth in paragraph "86" of the amended complaint.

87. Deny the allegations set forth in paragraph "87" of the amended complaint.

88. Deny the allegations set forth in paragraph "88" of the amended complaint.

89. Deny the allegations set forth in paragraph "89" of the amended complaint.

90. Deny the allegations set forth in paragraph "67" of the amended complaint, and all subparts therein.

91. Deny the allegations set forth in paragraph "91" of the amended complaint.

92. Deny the allegations set forth in paragraph "92" of the amended complaint.

93. Deny the allegations set forth in paragraph "93" of the amended complaint.

94. Deny the allegations set forth in paragraph "94" of the amended complaint.

95. In response to the allegations set forth in paragraph "95" of the amended complaint, defendants THE CITY OF NEW YORK, DEAN ROBERTS, GLENN GODINO, ROBERT JOHNSON, BRUCE BIRNS AND ED TALTY repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

96. Deny the allegations set forth in paragraph "96" of the amended complaint, and all subparts therein.

97. Deny the allegations set forth in paragraph "97" of the amended complaint.

98. Deny the allegations set forth in paragraph "98" of the amended complaint, and all subparts therein.

99. Deny the allegations set forth in paragraph "99" of the amended complaint.

100.    Deny the allegations set forth in paragraph "100" of the amended complaint, except admit that plaintiff purports to seek damages as set forth therein.

101.    In response to the allegations set forth in paragraph "101" of the amended complaint, defendants THE CITY OF NEW YORK, DEAN ROBERTS, GLENN GODINO,

ROBERT JOHNSON, BRUCE BIRNS AND ED TALTY repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

102.    Deny the allegations set forth in paragraph "102" of the amended complaint.

103.    Deny the allegations set forth in paragraph "103" of the amended complaint.

104.    Deny the allegations set forth in paragraph "104" of the amended complaint, and all subparts therein.

105.    Deny the allegations set forth in paragraph "105" of the amended complaint.

106.    Deny the allegations set forth in paragraph "106" of the amended complaint.

107.    In response to the allegations set forth in paragraph "107" of the amended complaint, defendants THE CITY OF NEW YORK, DEAN ROBERTS, GLENN GODINO, ROBERT JOHNSON, BRUCE BIRNS AND ED TALTY repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

108.    Deny the allegations set forth in paragraph "108" of the amended complaint, except admit that Robert Johnson was employed as the District Attorney for Bronx County as the time of plaintiff's arrest and prosecution, and remains so employed.

109.    Deny the allegations set forth in paragraph "109" of the amended complaint; to the extent that the amended complaint sets forth conclusions of law, no response is required.

110.    Deny the allegations set forth in paragraph "110" of the amended complaint.

111.    Deny the allegations set forth in paragraph "111" of the amended complaint, except admit that defendant Talty was a supervisor in the Bronx County District Attorney's office at the time of plaintiff's arrest, and remains so employed.

112.    Deny the allegations set forth in paragraph "112" of the amended complaint.

113.    Deny the allegations set forth in paragraph "113" of the amended complaint; to the extent the amended complaint sets forth conclusions of law, no response is required.

114.    The allegations set forth in paragraph "114" of the amended complaint set forth conclusions of law, to which no response is required.

115.    The allegations set forth in paragraph "115" of the amended complaint set forth conclusions of law, to which no response is required.

116.    Deny the allegations set forth in paragraph "116" of the amended complaint; to the extent the amended complaint sets forth conclusions of law, no response is required.

117.    Deny the allegations set forth in paragraph "117" of the amended complaint.

118.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "118" of the amended complaint.

119.    Deny the allegations set forth in paragraph "119" of the amended complaint.

120.    Deny the allegations set forth in paragraph "120" of the amended complaint, except admit that defendant Talty was a supervisor in the Bronx County District Attorney's office at the time of plaintiff's arrest, and is still so employed.

121.    Deny the allegations set forth in paragraph "121" of the amended complaint.

122.    Deny the allegations set forth in paragraph "122" of the amended complaint.

123.    Deny the allegations set forth in paragraph "123" of the amended complaint.

124.    Deny the allegations set forth in paragraph "124" of the amended complaint.

125.    Deny the allegations set forth in paragraph "125" of the amended complaint.

126.    Deny the allegations set forth in paragraph "126" of the amended complaint.

127.    Deny the allegations set forth in paragraph "127" of the amended complaint.

128.    Deny the allegations set forth in paragraph "128" of the amended complaint.

129.    Deny the allegations set forth in paragraph "129" of the amended complaint.

130.    Deny the allegations set forth in paragraph "130" of the amended complaint.

131.   Deny the allegations set forth in paragraph "131" of the amended complaint.

132.   Deny the allegations set forth in paragraph "132" of the amended complaint.

133.   Deny the allegations set forth in paragraph "133" of the amended complaint.

134.   Deny the allegations set forth in paragraph "134" of the amended complaint, except admit that defendant Birns participated in the prosecution of the plaintiff.

135.   Deny the allegations set forth in paragraph "135" of the amended complaint, except admit that defendant Cooper participated in the prosecution of the plaintiff.

136.   Deny the allegations set forth in paragraph "136" of the amended complaint.

137.   Deny the allegations set forth in paragraph "137" of the amended complaint.

138.   Deny the allegations set forth in paragraph "138" of the amended complaint, except admit that plaintiff purports to sue defendant Johnson in his individual and official capacities; to the extent the complaint sets forth conclusions of law, no response is required.

139.   Deny the allegations set forth in paragraph "139" of the amended complaint.

140.   Deny the allegations set forth in paragraph "140" of the amended complaint.

141.    Deny the allegations set forth in paragraph "141" of the amended complaint.

142.    Deny the allegations set forth in paragraph "142" of the amended complaint.

143.    Deny the allegations set forth in paragraph "143" of the amended complaint.

144.    Deny the allegations set forth in paragraph "144" of the amended complaint.

145.    Deny the allegations set forth in paragraph "145" of the amended complaint.

146.    Deny the allegations set forth in paragraph "146" of the amended complaint.

147.    Deny the allegations set forth in paragraph "147" of the amended complaint.

148.    Deny the allegations set forth in paragraph "148" of the amended complaint.

149.    Deny the allegations set forth in paragraph "149" of the amended complaint.

150.    In response to the allegations set forth in paragraph "150" of the amended complaint, defendants THE CITY OF NEW YORK, DEAN ROBERTS, GLENN GODINO, ROBERT JOHNSON, BRUCE BIRNS AND ED TALTY repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

151.     Deny the allegations set forth in paragraph "151" of the amended complaint, and refer the Court to the full decision.

152.     Deny the allegations set forth in paragraph "152" of the amended complaint.

153.     Paragraph "153" of the amended complaint sets forth a conclusion of law to which no response is required.

154.     Paragraph "154" of the amended complaint sets forth a conclusion of law to which no response is required.

155.     Deny the allegations set forth in paragraph "155" of the amended complaint, except admit that plaintiff was detained from the time of his arrest until the criminal charges against him were dismissed.

156.     Paragraph "156" of the amended complaint sets forth a conclusion of law to which no response is required.

157.     Deny the allegations set forth in paragraph "157" of the amended complaint.

158.     Deny the allegations set forth in paragraph "158" of the amended complaint.

159.     Deny the allegations set forth in paragraph "159" of the amended complaint.

160.     Deny the allegations set forth in paragraph "160" of the amended complaint.

161.     Deny the allegations set forth in paragraph "161" of the amended complaint.

162.     Deny the allegations set forth in paragraph "162" of the amended complaint, except admit that plaintiff purports to sue defendants in their individual and official capacities.

163.     Deny the allegations set forth in paragraph "163" of the amended complaint, except admit that plaintiff purports to proceed as stated therein.

164.     In response to the allegations set forth in paragraph "164" of the amended complaint, defendants THE CITY OF NEW YORK, DEAN ROBERTS, GLENN GODINO, ROBERT JOHNSON, BRUCE BIRNS AND ED TALTY repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

165.     Deny the allegations set forth in paragraph "165" of the amended complaint.

166.     Deny the allegations set forth in paragraph "166" of the amended complaint.

167.     Deny the allegations set forth in paragraph "167" of the amended complaint.

168.     Deny the allegations set forth in paragraph "168" of the amended complaint.

169.     Deny the allegations set forth in paragraph "169" of the amended complaint.

170.     Deny the allegations set forth in paragraph "170" of the amended complaint.

171.     In response to the allegations set forth in paragraph "171" of the amended complaint, defendants THE CITY OF NEW YORK, DEAN ROBERTS, GLENN GODINO,

172.    Deny the allegations set forth in paragraph "172" of the amended complaint.

173.    Deny the allegations set forth in paragraph "173" of the amended complaint.

174.    Deny the allegations set forth in paragraph "174" of the amended complaint.

175.    Deny the allegations set forth in paragraph "175" of the amended complaint.

176.    Deny the allegations set forth in paragraph "176" of the amended complaint.

177.    Deny the allegations set forth in paragraph "177" of the amended complaint, except admit that plaintiff purports to proceed as stated therein.

178.    Deny the allegations set forth in paragraph "178" of the amended complaint, except admit that plaintiff purports to seek damages as set forth therein.

179.    In response to the allegations set forth in paragraph "179" of the amended complaint, defendants THE CITY OF NEW YORK, DEAN ROBERTS, GLENN GODINO, ROBERT JOHNSON, BRUCE BIRNS AND ED TALTY repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

180.    Deny the allegations set forth in paragraph "180" of the amended complaint.

- 17 -

181.   Deny the allegations set forth in paragraph "181" of the amended complaint.

182.   Deny the allegations set forth in paragraph "182" of the amended complaint.

183.   Deny the allegations set forth in paragraph "183" of the amended complaint.

184.   Deny the allegations set forth in paragraph "184" of the amended complaint, except admit that plaintiff purports to proceed as stated therein.

185.   Deny the allegations set forth in paragraph "185" of the amended complaint.

186.   In response to the allegations set forth in paragraph "186" of the amended complaint, defendants THE CITY OF NEW YORK, DEAN ROBERTS, GLENN GODINO, ROBERT JOHNSON, BRUCE BIRNS AND ED TALTY repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

187.   Deny the allegations set forth in paragraph "187" of the amended complaint.

188.   Deny the allegations set forth in paragraph "188" of the amended complaint.

189.   Deny the allegations set forth in paragraph "189" of the amended complaint.

190.   Deny the allegations set forth in paragraph "190" of the amended complaint.

191.    Deny the allegations set forth in paragraph "191" of the amended complaint.

192.    Deny the allegations set forth in paragraph "192" of the amended complaint, except admit that plaintiff purports to proceed as stated therein.

193.    Deny the allegations set forth in paragraph "193" of the amended complaint, except admit that plaintiff purports to seek damages as set forth therein.

194.    In response to the allegations set forth in paragraph "194" of the amended complaint, defendants THE CITY OF NEW YORK, DEAN ROBERTS, GLENN GODINO, ROBERT JOHNSON, BRUCE BIRNS AND ED TALTY repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

195.    Deny the allegations set forth in paragraph "195" of the amended complaint.

196.    Deny the allegations set forth in paragraph "196" of the amended complaint.

197.    Deny the allegations set forth in paragraph "197" of the amended complaint.

198.    Deny the allegations set forth in paragraph "198" of the amended complaint, except admit that plaintiff purports to proceed as stated therein.

199.    Deny the allegations set forth in paragraph "199" of the amended complaint.

200.    In response to the allegations set forth in paragraph "200" of the amended complaint, defendants THE CITY OF NEW YORK, DEAN ROBERTS, GLENN GODINO,

ROBERT JOHNSON, BRUCE BIRNS AND ED TALTY repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

   201. Deny the allegations set forth in paragraph "201" of the amended complaint.

   202. Deny the allegations set forth in paragraph "202" of the amended complaint.

   203. Deny the allegations set forth in paragraph "203" of the amended complaint.

   204. Deny the allegations set forth in paragraph "204" of the amended complaint.

   205. Deny the allegations set forth in paragraph "205" of the amended complaint.

   206. Deny the allegations set forth in paragraph "206" of the amended complaint.

   207. Deny the allegations set forth in paragraph "207" of the amended complaint.

   208. Deny the allegations set forth in paragraph "208" of the amended complaint.

   209. Deny the allegations set forth in paragraph "209" of the amended complaint.

   210. Deny the allegations set forth in paragraph "210" of the amended complaint.

211.    Deny the allegations set forth in paragraph "211" of the amended complaint.

212.    Deny the allegations set forth in paragraph "212" of the amended complaint.

213.    Deny the allegations set forth in paragraph "213" of the amended complaint.

214.    Deny the allegations set forth in paragraph "214" of the amended complaint.

215.    Deny the allegations set forth in paragraph "215" of the amended complaint.

216.    Deny the allegations set forth in paragraph "216" of the amended complaint.

217.    Deny the allegations set forth in paragraph "217" of the amended complaint.

218.    Deny the allegations set forth in paragraph "218" of the amended complaint.

219.    Deny the allegations set forth in paragraph "219" of the amended complaint.

220.    Deny the allegations set forth in paragraph "220" of the amended complaint.

221.    Deny the allegations set forth in paragraph "221" of the amended complaint.

222.    Deny the allegations set forth in paragraph "222" of the amended complaint.

223.    Deny the allegations set forth in paragraph "223" of the amended complaint.

224.    Deny the allegations set forth in paragraph "224" of the amended complaint.

225.    Deny the allegations set forth in the second paragraph labeled "217" of the amended complaint.

226.    Deny the allegations set forth in the second paragraph labeled "218" of the amended complaint.

227.    Deny the allegations set forth in the second paragraph labeled "219" of the amended complaint.

228.    Deny the allegations set forth in the second paragraph labeled "220" of the amended complaint.

229.    Deny the allegations set forth in the second paragraph labeled "221" of the amended complaint.

230.    Deny the allegations set forth in the second paragraph labeled "222" of the amended complaint.

231.    Deny the allegations set forth in the second paragraph labeled "224" of the amended complaint. [2]

232.    Deny the allegations set forth in paragraph "229" of the amended complaint.

---

[2] There is no second paragraph labeled "223" of the amended complaint.  There are also no paragraphs labeled "225 – 228."

233.    Deny the allegations set forth in paragraph "230" of the amended complaint.

234.    Deny the allegations set forth in paragraph "231" of the amended complaint.

235.    Deny the allegations set forth in paragraph "232" of the amended complaint.

236.    Deny the allegations set forth in paragraph "233" of the amended complaint.

237.    Deny the allegations set forth in paragraph "234" of the amended complaint.

238.    Deny the allegations set forth in paragraph "234" of the amended complaint.

239.    Deny the allegations set forth in paragraph "235" of the amended complaint.

240.    Deny the allegations set forth in paragraph "236" of the amended complaint.

241.    In response to the allegations set forth in paragraph "237" of the amended complaint, defendants THE CITY OF NEW YORK, DEAN ROBERTS, GLENN GODINO, ROBERT JOHNSON, BRUCE BIRNS AND ED TALTY repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

242.    Deny the allegations set forth in paragraph "238" of the amended complaint.

243.    Deny the allegations set forth in paragraph "239" of the amended complaint.

244.    Deny the allegations set forth in paragraph "240" of the amended complaint.

245.    Deny the allegations set forth in paragraph "241" of the amended complaint.

246.    Deny the allegations set forth in paragraph "242" of the amended complaint.

247.    Deny the allegations set forth in paragraph "243" of the amended complaint, and all subparts therein.

248.    Deny the allegations set forth in paragraph "244" of the amended complaint.

249.    Deny the allegations set forth in paragraph "245" of the amended complaint.

250.    Deny the allegations set forth in paragraph "246" of the amended complaint.

251.    Deny the allegations set forth in paragraph "247" of the amended complaint.

252.    Deny the allegations set forth in paragraph "248" of the amended complaint.

253.    Deny the allegations set forth in paragraph "249" of the amended complaint.

254.    Deny the allegations set forth in paragraph "250" of the amended complaint.

255.    Deny the allegations set forth in paragraph "251" of the amended complaint.

256.    There are no allegations set forth in paragraph "252" of the amended complaint.

257.    In response to the allegations set forth in paragraph "253" of the amended complaint, defendants THE CITY OF NEW YORK, DEAN ROBERTS, GLENN GODINO, ROBERT JOHNSON, BRUCE BIRNS AND ED TALTY repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

258.    Deny the allegations set forth in paragraph "254" of the amended complaint.

259.    Deny the allegations set forth in paragraph "255" of the amended complaint.

260.    Deny the allegations set forth in paragraph "256" of the amended complaint.

261.    Deny the allegations set forth in paragraph "257" of the amended complaint.

262.    Deny the allegations set forth in paragraph "258" of the amended complaint.

263.    Deny the allegations set forth in paragraph "259" of the amended complaint.

264.     Deny the allegations set forth in paragraph "260" of the amended complaint, except admit that plaintiff purports to seek damages as set forth therein.

265.     In response to the allegations set forth in paragraph "261" of the amended complaint, defendants THE CITY OF NEW YORK, DEAN ROBERTS, GLENN GODINO, ROBERT JOHNSON, BRUCE BIRNS AND ED TALTY repeat and reiterate the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

266.     Deny the allegations set forth in paragraph "262" of the amended complaint.

267.     Deny the allegations set forth in paragraph "263" of the amended complaint.

268.     Deny the allegations set forth in paragraph "264" of the amended complaint.

269.     Deny the allegations set forth in paragraph "265" of the amended complaint.

270.     Deny the allegations set forth in paragraph "266" of the amended complaint.

271.     Deny the allegations set forth in paragraph "267" of the amended complaint.

272.     Deny the allegations set forth in paragraph "268" of the amended complaint.

273.     Deny the allegations set forth in paragraph "269" of the amended complaint, except admit that plaintiff purports to seek damages as set forth therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

274.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

275.   Defendants City, Roberts, Godino, Johnson, Birns, and Talty have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

276.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

277.   Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants City, Roberts, Godino, Johnson, Birns, or Talty.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

278.   Defendants Roberts, Godino, Johnson, Birns, and Talty have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

279.   At all times relevant to the acts alleged in the first amended complaint, defendants Roberts, Godino, Johnson, Birns, and Talty acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

280.   There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

281.   Plaintiff provoked any incident.

- 27 -

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

282.    Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

283.    Plaintiff may have failed to comply with New York General Municipal Law §§ 50-e and 50-i.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

284.    Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

### AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE:

285.    Defendants Johnson, Birns, and Talty are protected by absolute immunity.

### AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE:

286.    There was a superseding and intervening reason for the length of plaintiff's detention.


**WHEREFORE,** defendants City of New York, Dean Roberts, Glenn Godino, Robert Johnson, Bruce Birns, and Ed Talty respectfully request judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.


Dated:        New York, New York
              February 25, 2014

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants*
*The City of New York, Dean Roberts,*
*Glenn Godino, Robert Johnson,*
*Bruce Birns, and Ed Talty*
100 Church Street
New York, New York 10007
(212) 356-2385


By:　　　　　　/s/
　　　　　　Dara A. Olds
　　　　　　Assistant Corporation Counsel
　　　　　　Special Federal Litigation Division




To:　　Michael Jaffe, Esq.
　　　PAZER, EPSTEIN & JAFFE
　　　*Attorneys for Plaintiff*
　　　20 Vesey Street, Room 700
　　　New York, New York 10007

　　　Richard A. Gross, Esq.
　　　RUPERT & GROSS, PC
　　　*Attorneys for Plaintiff*
　　　150 Broadway, Suite 712
　　　New York, NY 10038