USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

KENNETH CREIGHTON,

                Plaintiff,

    -against-

CITY OF NEW YORK, et al.,

                Defendants.
-------------------------------------------------------------X

12 Civ. 07454 (PGG) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

In this civil action under 42 U.S.C. § 1983, plaintiff Kenneth Creighton ("Plaintiff") seeks to learn the identity of the confidential informant ("CI") whose statements to the authorities and testimony before a grand jury led to Plaintiff's allegedly false arrest and malicious prosecution. As a preliminary step, this Court initially ruled that the identifying information should be produced by defendant the City of New York (the "City") to Plaintiff's counsel on an "attorney's eyes only" basis. Then, after considering follow-up arguments by counsel, the Court further ruled, by Order dated March 25, 2014, that Plaintiff's counsel would be permitted to disclose the information to Plaintiff, unless, by April 4, 2014, the Court received a submission from or on behalf of the CI that persuaded the Court that the CI's identity should remain protected. (*See* Order, dated Mar. 25, 2014 (Dkt. 35).) Although the City then made a timely submission on the CI's behalf, the Court finds, for the reasons set forth below, that the City's assertions regarding the risks that disclosure would pose are speculative, conclusory, and ultimately unpersuasive, especially when balanced against the compelling reasons for disclosure.

## THE PARTIES' SUBMISSIONS

The City's April 4, 2014 submission (made in the form of a letter from the City's counsel) states that the CI "has contacted the Bronx County District Attorney's office." (Letter to the Court from Dara Olds, Esq., dated Apr. 4, 2014 ("Def. 4/4/14 Ltr.") (Dkt. 36).) The submission further states that the CI "strenuously objects" to the disclosure of his identity to Plaintiff, as he "fears that he would be in physical danger of retaliation," even though he is "not in the State of New York." (*Id.*) In addition, the City's submission asserts that the CI "maintains a relationship with the [P]laintiff" and his family, and "believes that the [P]laintiff has no idea" that he assisted in Plaintiff's prosecution. (*Id.*)

After Plaintiff's counsel reacted strongly to this submission, expressing the concern that the CI's continued contacts with Plaintiff and his family, as well as with the District Attorney's office, made him "the equivalent of a legal spy" (*see* Letter to the Court from Michael Jaffe, Esq., and Richard Gross, Esq., dated Apr. 5, 2014 (Dkt. 37)), the City made a second submission on April 7, 2014 (in the form of another counsel letter), suggesting that the CI's contact with the District Attorney's office had just been made during the week of March 31, 2014, and stating that counsel herself had spoken to the CI (*see* Letter to the Court from Dara Olds, Esq., dated Apr. 7, 2014 ("Def. 4/7/14 Ltr.") (Dkt. 38)).

## DISCUSSION

In defining the contours of the government's limited privilege to withhold the identity of a confidential informant, the public interest in effective law enforcement must be balanced against the public interest in determining cases on their merits. *See Roviaro v. U.S.*, 353 U.S. 53, 59-62 (1957). In this case, the fact that the CI was not just a "key witness" to the crime allegedly perpetrated by Plaintiff, but rather the "single eyewitness" upon whose statements Plaintiff was

arrested and charged (Recommendation for Dismissal of Indictment No. 639/2007, dated Jan. 18 2012 ("Rec. Dismiss.") (Dkt. 20-1)), weighs in favor of disclosure. *See United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988); *Carbajal v. Village of Hempstead*, No. CV-02-4270 (ADS) (ETB), 2003 WL 23138447, at *2 (E.D.N.Y. Dec. 22, 2003) (directing the disclosure of the identity of a confidential informant who was an eyewitness to the crime for which the plaintiff was arrested).

In addition, the City has advanced no argument that any continued work by the CI, for the government, would be jeopardized if his identity were revealed. Indeed, the City has insisted that it is "clearly not the case" that the CI continues to work for either the police or the District Attorney's office. (Def. 4/7/14 Ltr.) The City also makes no claim that the reason the CI "bec[a]me unavailable" to testify at Plaintiff's trial (supposedly prompting the District Attorney's office to recommend dismissal of the charges against Plaintiff) (*see* Rec. Dismiss), was that the CI was afraid of reprisal. Nor has the City shown that Plaintiff has ever, in the past, engaged in threatening or violent conduct toward the CI, or has engaged in other conduct that could lead to the reasonable belief that the disclosure of the CI's identity would legitimately place the CI at risk of harm. Nor has the City shown that the CI would even be easily reachable by Plaintiff or his family – to the contrary, the City has represented that the CI lives out of state. Quite simply, aside from the City's characterizations of the CI's own, unsubstantiated assertion that disclosure would place him "in physical danger," the City has provided nothing to suggest that the CI would be endangered by disclosure or that there are other, sufficiently strong reasons that justify withholding the CI's identity.

On the other hand, not only is the CI a critical witness in this case, but the CI's supposed ongoing "relationship" with Plaintiff and his family – apparently maintained while hiding his

3

role in Plaintiff's arrest and prosecution (and, hence, his role as a witness in this action) under a cloak of secrecy – is troubling, to say the least. The arguments made by Plaintiff's counsel as to why Plaintiff should no longer be kept in the dark about this situation (*see* Dkt. 37) are potent ones.

Overall, this Court concludes that the requested disclosure to Plaintiff should be permitted.

## **CONCLUSION**

Accordingly, it is hereby ORDERED, as follows:

1. Subject to paragraph 3, below, Plaintiff's counsel may disclose to Plaintiff the identifying information regarding the CI that was previously disclosed to Plaintiff's counsel on an "attorney's eyes only" basis.

2. Unless otherwise agreed by the parties or ordered by the Court, the identifying information shall otherwise be kept confidential, not disclosed to others, and used only for purposes of this litigation. The Court recognizes, however, that, given the City's statement that the CI has maintained a relationship with Plaintiff's family, Plaintiff, upon learning the CI's identity, may believe it important to inform certain of his family members of the CI's identity, as well. Counsel are directed to confer in good faith about the possibility of such further disclosure, and to make best efforts to address the issue. If necessary, Plaintiff may make a further application to this Court to permit further disclosure.

3. As the disclosure to Plaintiff contemplated by this Order would be irreversible, once made, this Court will *sua sponte* stay this Order for 72 hours from the time it is placed on the Docket, so as to afford the City a meaningful opportunity to appeal, should it wish to do so. So as to preserve the *status quo* for any potential appeal, Plaintiff's counsel is directed to refrain

4

from providing the identifying information to Plaintiff for 72 hours, or until such time as an appeal is decided (if decided in Plaintiff's favor), whichever is later.

Dated: New York, New York
April 15, 2014

                                             SO ORDERED

                                             DEBRA FREEMAN
                                             United States Magistrate Judge

Copies to:

All counsel (via ECF)