Index Number: 12 Civ. 7454 (PGG) (DCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH CREIGHTON,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, DETECTIVE DEAN ROBERTS
(Shield No. 05861), DETECTIVE GLENN GODINO (Shield
No. 2756), POLICE OFFICERS JOHN DOES 1-10 names
being fictitious and presently unknown and intended to be
employees of the NYPD who were involved in Plaintiff's arrest,
detention, imprisonment, and/or prosecution), DISTRICT
ATTORNEY ROBERT JOHNSON, ASSISTANT DISTRICT
ATTORNEY BRUCE BIRNS a/k/a BURNS, ASSISTANT
DISTRICT ATTORNEY ED TALTY a/k/a ED TULTY,  and
ASSISTANT DISTRICT ATTORNEY MICHAEL COOPER,

                                        Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTIONS TO  THE APRIL 15, 2014 ORDER OF MAGISTRATE JUDGE DEBRA C. FREEMAN

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*Dean Roberts, Glenn Godino, Robert*
*Johnson, Bruce Birns and Ed Talty*
*100 Church Street, Room 3-211*
*New York, N.Y.  10007*
*Of Counsel:  Dara A. Olds*
*Tel:  (212) 356-2385*
*City File No. 2012-006428*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

KENNETH CREIGHTON,

                                     Plaintiff,

                  -against-

THE CITY OF NEW YORK, DETECTIVE DEAN ROBERTS
(Shield No. 05861), DETECTIVE GLENN GODINO (Shield
No. 2756),  POLICE OFFICERS JOHN DOES 1-10 names
being fictitious and presently unknown and intended to be
employees of the NYPD who were involved in Plaintiff's arrest,
detention, imprisonment, and/or prosecution), DISTRICT
ATTORNEY ROBERT JOHNSON, ASSISTANT DISTRICT
ATTORNEY BRUCE BIRNS a/k/a BURNS, ASSISTANT
DISTRICT ATTORNEY ED TALTY a/k/a ED TULTY,  and
ASSISTANT DISTRICT ATTORNEY MICHAEL COOPER[1],

                               Defendants.

------------------------------------------------------------------------------- x

**DEFENDANTS'
MEMORANDUM OF
LAW IN SUPPORT OF
THEIR OBJECTIONS
TO THE APRIL 15, 2014
ORDER OF
MAGISTRATE JUDGE
FREEMAN**

12 Civ. 7454 (PGG) (DCF)

<u>**PRELIMINARY STATEMENT**</u>

       Plaintiff Kenneth Creighton filed a complaint in this action on August 27, 2012 in

New York State Supreme Court, Bronx County, alleging violations of his federal constitutional

rights of false arrest, malicious prosecution, abuse of process and unlawful detention stemming

from a gun arrest for which plaintiff was held for several years awaiting trial.  On October 4,

2012, the action was removed to this Court.

       On September 5, 2013, the case was referred to Magistrate Judge Freeman for

purposes of resolving discovery disputes between the parties.  The parties made submissions to

Judge Freeman on the issue of whether sealed Grand Jury minutes and information concerning a

---

[1] Assistant District Attorney Michael Cooper is deceased and, upon information and belief, has not been served in this action.

confidential informant should be produced.  In an Order dated January 8, 2014, Magistrate Judge Freeman ruled that the unredacted Grand Jury minutes and the unredacted NYPD Confidential Informant file should be produced to plaintiff's counsel "attorneys' eyes only."  (See Docket Entry No. 28)  Magistrate Judge Freeman allowed plaintiff to renew his application at a later date if he felt that disclosure to the plaintiff himself was necessary and disclosure to his attorneys' was insufficient.  Plaintiff then renewed his application for discovery regarding the confidential informant.  After plaintiff made a submission, defendants alerted the court that they were still attempting to find the informant to inquire as to whether the informant objected to the plaintiff learning the identity.  Judge Freeman granted defendants a brief extension to attempt to track down the informant in order to make a submission on behalf of the informant if, in fact, the informant had such an objection.  (See Docket No. 35)  Defendants did locate the informant, who was strongly opposed to the identity being revealed to the plaintiff.  Defendants wrote to Magistrate Judge Freeman, by the deadline, conveying the informant's objections.  Defendants also stated that the informant agreed to be available by phone to discuss the concerns with Magistrate Judge Freeman if she wished.[2]  On April 15, 2014, Judge Freeman ruled that plaintiff's attorneys may disclose to the plaintiff the unredacted Grand Jury minutes, which include information about the way in which the informant knows the plaintiff, along with the unredacted Confidential Informant file, which includes the informant's identity.  (See Docket Entry No. 39)  Magistrate Judge Freeman's April 15, 2014 Order directed disclosure of the informant's identity to the plaintiff within 72 hours unless defendants appealed.  By letter dated April 16, 2014, defendants requested that the Order be stayed for 14 days in order for defendants to file a formal motion objecting to the April 15, 2014 Order.  (See Docket No. 40)  This Court granted defendants' application on April 17, 2014.  (See Docket No. 43)

---

[2] No such phone conference took place prior to Judge Freeman's Order.

Defendants City of New York, Detective Dean Roberts, Detective Glenn Godino, District Attorney Robert Johnson, Assistant District Attorney Bruce Birns and Assistant District Attorney Ed Talty, objecting to Judge Freeman's April 15, 2014 Order.  For the reasons stated herein, defendants respectfully request that the identity of the informant remain confidential and attorneys' eyes only.

## STANDARD OF REVIEW

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the district judge to whom a case is assigned shall consider a party's objections to a magistrate judge's order on a non-dispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  An order is "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed."  See Easley v. Cromartie, 532 U.S. 234, 242 (2001) (internal citation and quotation marks omitted).   "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  Travel Sentry, Inc. v. Tropp, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009) (internal citation and quotation marks omitted).

Defendants respectfully submit that Judge Freeman's order request that the Court modify Magistrate Judge Freeman's Order to the extent that it allowed the identity of the confidential informant in this matter to be disclosed to the plaintiff.

## ARGUMENT

## POINT I

## PLAINTIFF HAS NOT SHOWN THAT DISCLOSURE OF THE IDENTITY OF THE CONFIDENTIAL INFORMANT TO THE PLAINTIFF HIMSELF IS NECESSARY

In arguing for disclosure to the plaintiff, plaintiff's counsels state that the plaintiff's assistance is needed to find the informant so that the informant can be deposed. At the time plaintiff made this argument, defendants had not been able to locate the informant. By the time of defendants' final submission to Magistrate Judge Freeman on this point, the informant had contacted defendants and stated strong objections to the identity being shared with the plaintiff. Since the date of defendants' submission to Magistrate Judge Freeman, the informant has expressed those objections in a declaration, explaining fears of retaliation from the plaintiff and members of his family if they discover that the informant cooperated with the police and gave testimony leading to plaintiff's indictment.[3]

In light of the fact of the informant's serious concerns about disclosure and the fact that the informant's statements have been produced - in unredacted form to plaintiff's counsel, and in a form redacted to conceal the identity of the informant, to the plaintiff himself – plaintiff offers no reason why the identity of the informant is crucial to the prosecution of his lawsuit.

Defendants have consistently argued that the informer's privilege shields the informant's identity. "The informer's privilege allows the government to 'withhold from disclosure the identity of persons who furnish information of violations of law to officers

---

[3] The informant's declaration has not been filed on the Court's docket. The declaration includes the informant's identity and has been faxed to the Court in a request to file under seal. A courtesy copy has also been faxed to plaintiff's counsels "attorneys' eyes only."

charged with enforcement of that law.'"  Ayala v. City of New York, 2004 U.S. Dist. Lexis

25330 (S.D.N.Y. 2004) (citing to Rovario v. United States, 353 U.S. 53, 39 (1957)).  The Ayala

court acknowledged that the privilege is not absolute, but still denied plaintiff's request for the

identity of the confidential informant.  Instead, the court ordered the production of the search

warrant affidavit.  Here, the defendants have already produced the Detective's notes concerning

the statement given by the confidential informant, as well as the informant's testimony

concerning observations made, given under oath to the Grand Jury.  Accordingly, as in Ayala,

the plaintiff is able to challenge the information used to arrest and indict him.  He may also

depose the defendants about their decision to arrest and prosecute the plaintiff.  The identity of

the informant is not needed for those depositions.

     Plaintiff cites many criminal cases in support of his claim that he is entitled to the

identity of the confidential informant.  In Ayala, the court stated that "[t]he informer's privilege

applies in both civil and criminal actions, although there is 'ample authority' for the proposition

that the privilege is stronger in civil litigation than in criminal."  Id., at *3 (internal citations

omitted).  "In civil cases, the burden a litigant seeking disclosure must shoulder is even

weightier."  DeFranco v. Town of Irondequoit, U.S. Dist. Lexis 82953, at *9 (W.D.N.Y. 2009).

The DeFranco court went on to note that "it is unsurprising that civil litigants often fail in their

efforts to compel disclosure of informants' identities in Section 1983 cases challenging the

validity of a search warrant."  Id.

     In her decision, Magistrate Judge Freeman relies on United States v. Saa, 859 F.

2d 1067 (2d Cir. 1988).  United States v. Saa differs from the instant case in several important

respects.  The Second Circuit's analysis centered around the right of the defendants to know the

identity of the witness in the context of defending against criminal charges.  In Saa, the

government objected to the production of the identity of the informant, explaining that the informant was about to enter the witness protection program and might be in danger if his identity was revealed to any of the criminal defendants.

The Second Circuit found that failure to provide the identity of the witness to one of the defendants was error, though the error was harmless.  The Second Circuit also found that, even in the context of this criminal case, rather the revealing the identity of the informant, the issue of danger to the witness could have been averted had the witness been interviewed *in camera*.  In fact, the Circuit found in <u>Saa</u>, that if the district court had conducted an *in camera* interview of the witness, there would have been no error in the court's ruling protecting the identity of the informant.

Similarly in the instant matter, the informant could have been interviewed *in camera* in lieu of ordering the production of the informant's identity, particularly because of the informant's fear about the identity being revealed.  This especially appropriate here, where in the context of a civil matter, plaintiff has a heavier burden in seeking disclosure of this information than the defendants had in <u>Saa</u>.

In ordering disclosure of the informant's identity, Magistrate Judge Freeman also relied on <u>Carbajal v. Village of West Hempstead</u>, 2003 U.S. Dist. Lexis 23493 (2003 E.D.N.Y.) While <u>Carbajal</u> is a civil case, it is easily distinguished from the present matter.  In <u>Carbajal</u>, the plaintiff had been arrested for a drug sale based on information from an informant.  The plaintiff requested the confidential informant's identity after the defendant officer's deposition revealed that the informant identified the drug seller only as "Jose" who lived at a certain location.  Noting that Jose is a very common first name, that more than one male lived at the location of plaintiff's arrest, and that only the informant had participated in the drug sale with "Jose," the

court ordered disclosure of the informant's name.  That is quite different from this case where the informant was able to identify the plaintiff fully, having known him prior to the shooting for which plaintiff was arrested.  Moreover, there is no indication in Carbajal that the informant expressed any fear about his identity being revealed.  In contrast, here, the informant has expressed such a fear, which should weigh heavily in the Court's determination.

Finally, in Carbajal, the Grand Jury declined to indict the plaintiff.  Therefore, the plaintiff in Carbajal had no sworn testimony of the informant containing the informant's observations.  Here, the plaintiff was indicted and the Grand Jury minutes were subsequently reviewed by the criminal court and found to be sufficient.  The Grand Jury minutes have been produced to plaintiff's counsel, giving plaintiff a detailed account of the informant's observations and an explanation of how he was able to identify the plaintiff.

Plaintiff's request in this case is similar to a request made in Gloria White and Moses Pacheco, Sr. v. City of New York, et al., 2010 U.S. Dist. Lexis 74270 (S.D.N.Y. 2010) (report and recommendation, adopted by the District Court).  In that case, a search warrant was obtained and executed at the plaintiffs' home.  The search warrant application was based on information provided by a confidential informant.  Plaintiffs served a subpoena requesting the identity of the confidential informant.  The court denied disclosure of the informant's identity, finding that the law enforcement privilege clearly applied and the plaintiffs failed to overcome it. Plaintiffs' plead several claims, including that the police officers lacked probable cause to search their home, that the information used to obtain the search warrant affidavit was false and misleading and that the plaintiffs were falsely arrested during and following the search, even though no contraband was found in their home.

In <u>White</u>, the court found that "[t]he informer's identity has no relevance to the claims in the Amended Complaint that focus on the conduct of the Defendants in executing the search warrant and detaining Plaintiffs." <u>Id.</u>, at *5. The court further held that the plaintiffs did not satisfy "their burden of demonstrating that the identity of the informant is critical at this point in the litigation to prosecute a claim that the Defendant officers conducted the search without probable cause." <u>Id</u>. The court so held where the plaintiffs had been provided with the search warrant that authorized the search and that a judge had found to be facially sound.

Similarly, in <u>Yang Feng Zhao v. City of New York</u>, 2007 U.S. Dist. Lexis 91049 (S.D.N.Y. 2007), the plaintiff was arrested for his involvement in a murder, part of which was captured on video. He was held for eleven months before being released at the request of the District Attorney's office. At the time of plaintiff's release, the District Attorney's office conveyed to the court that plaintiff did not commit the crime. In plaintiff's civil suit, defendants objected to the production of documents in the investigation file. The court allowed the documents for production. However, even where the plaintiff was completely exonerated, he was still not entitled to the identity of the confidential informants involved in the investigation of the murder of which he had been accused. The court found that the plaintiff could challenge the probable cause for his arrest and prosecution through the statements made by the confidential informants, redacted for identifying information. The court also directed that "if defendants have a legitimate concern that even information that is not specifically of an identifying nature may be used by the plaintiff to piece together the identities of informants, that concern may be allayed by an attorneys' eyes only designation . . ." <u>Id.</u>, at *14.

In the instant matter, currently the parties have an "attorneys' eyes only designation" concerning the information identifying the informant. Plaintiff is able to challenge

the probable cause upon which his arrest and prosecution were based through depositions of the parties and the statements made by the informant.  This is a proper balancing so that the interests of the plaintiff in prosecuting his lawsuit are balanced against the safety of the informant.

In <u>McCray v. Illinois</u>, 386 U.S. 300 (1967), the Supreme Court declined to require the disclosure of the identity of confidential informants at a pre-trial hearing determining probable cause.  The petitioner in <u>McCray</u> was arrested after an informant told the police that the petitioner was carrying heroin.  The petitioner requested the identity of the confidential informant in a pre-trial hearing to suppress the drugs found during a search of his person.  The criminal court declined to compel disclosure of the informant's name, but allowed the officers to testify as to why they believed the informant's statements.

Further explaining its holding in <u>Roviaro v. United States</u>, 353 U.S. 53 (1957), the Supreme Court stated that "[w]hat <u>Roviaro</u> thus makes clear is that this Court was unwilling to impose any absolute rule requiring disclosure of an informer's identity even in formulating evidentiary rules for federal criminal trials.  Much less has the Court ever approached the formulation of a federal evidentiary rule of compulsory disclosure where the issue is the preliminary one of probable cause, and guilt or innocence is not at stake."  <u>McCray</u>, at 311.

Plaintiff argues that he is entitled to the identity of the confidential informant, not at a criminal proceeding where guilt or innocence is at stake, but in a civil lawsuit, which turns on the issue of probable cause.

The Supreme Court in <u>McCray</u> went on to express some of the reasons why allowing the government to assert a privilege as to the identity of a confidential informant is so important.  The Court stated:

> "A genuine privilege, on . . . fundamental principle . . ., must be recognized for the identity of persons supplying the government

with information concerning the commission of crimes. Communications of this kind ought to receive encouragement. They are discouraged if the informer's identity is disclosed. Whether an informer is motivated by good citizenship, the promise of leniency or the prospect of pecuniary reward, he will usually condition his cooperation on an assurance of anonymity – to protect himself and his family from harm, to preclude adverse social reactions and to avoid the risk of defamation or malicious prosecution actions against him. The government also has an interest in the nondisclosure of the identity of its informers. Law enforcement officers often depend upon professional informers to furnish them with a flow of information about criminal activities. Revelation of the dual role played by such persons ends their usefulness to the government and discourages others from entering into a like relationship. That the government has this privilege is well-established and cannot be questioned." (Footnotes omitted). 8 Wigmore, Evidence § 2374 (McNaughton rev. 1961) McCray, at 308-309 [emphasis in the decision].

In this instance, the informant has voiced a specific fear concerning the revelation of the informant's name to the plaintiff, as reflected in the informant's declaration. Where the informant's statements have been produced, there is no need to subject the informant to danger. The plaintiff is able to challenge the basis of defendants' probable cause without the identity of the informant. Plaintiff has not shown that his desire for the informant's identity outweighs the high importance of protecting the informant.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that Magistrate Judge Freeman's April 15, 2014 Order be modified. Defendants request that the information produced to plaintiff's counsels "attorneys' eyes only" so remain, and not be produced to anyone, including the plaintiff.

Dated:  New York, New York
        April 29, 2014

                                    ZACHARY W. CARTER
                                    Corporation Counsel
                                        of the City of New York
                                    *Attorney for Defendants City of New York,*
                                    *Godino, Roberts, Johnson, Birns and Talty*
                                    100 Church Street, Room 3-211
                                    New York, New York 10007
                                    (212) 356-2385

                        By:     _____/s/_____
                                    Dara Olds
                                    Assistant Corporation Counsel
                                    Special Federal Litigation Division

To:     Michael Jaffe, Esq. (By ECF)
        PAZER, EPSTEIN & JAFFE
        *Attorneys for Plaintiffs*
        350 Fifth Avenue – Suite 7116
        New York, NY 10118

        Richard Gross, Esq. (By ECF)
        Rubert & Gross, PC
        *Attorneys for Plaintiffs*
        150 Broadway – Suite 712
        New York, NY 10038