

THE CITY OF NEW YORK

**ZACHARY W. CARTER**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**KAVIN THADANI**
*Senior Counsel*
Phone: (212) 356-2351
Fax: (212) 356-3509
kthadani@law.nyc.gov

February 16, 2016

**BY ECF**
Honorable Debra Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

Re:   Kenneth Creighton v. City of New York, et al., 1:12-cv-07454-PGG-DCF

Your Honor:

I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney representing defendants in the above-referenced matter.  I am writing in response to Your Honor's request for further briefing with respect to the discoverability of plaintiff's unrelated arrest records.  For the reasons stated below, defendants respectfully request that Your Honor order plaintiff to produce a release sufficient to allow for access to plaintiff's prior and subsequent arrest, incarceration and prosecution records as such records are relevant to the issue of damages and are proportional to the needs of the case.

Pursuant to N.Y. Crim. Proc. Law § 160.50, records regarding plaintiff's arrests and incarcerations that resulted in **dismissals**, if any, are **sealed**.[1]  Local Civil Rule 83.10 (Plan for Certain § 1983 Cases Against the City of New York (Southern District Only)) (the "Plan") provides that "[a]t the same time that plaintiff serves the complaint, plaintiff must serve on the City the release annexed as Exhibit A("160.50 Release") for sealed arrest records for the arrest that is the subject of the complaint, and for a list of all prior arrests."  Despite numerous requests,

---

[1]   Records regarding plaintiff's arrests and incarcerations that resulted in **convictions** are **not sealed** and, therefore, no authorization or release is required in order to access such records

plaintiff has failed to produce even the release provided for by the Plan as the release previously produced by plaintiff does not provide for the release of a list of all of plaintiff's prior arrests.

In any event, defendants submit that courts in the Second Circuit have routinely held that, in false arrest cases, defendants are entitled to an even broader release, one that is sufficient to allow for access to all of plaintiff's unrelated arrest, incarceration and prosecution records, particularly where, as here, plaintiff alleges emotional damages as a result of his false arrest claim. *See, e.g.*, Amended Complaint at ¶ 54 (alleging that, as a result of his false arrest, plaintiff was caused to suffer, *inter alia*, "emotional damages, anguish, anxiety, fear, humiliation, … and damage to his reputation and standing within his community").

For example, in *Schiller v City of New York*, No. 04 Civ. 7922 (KMK) (JCF), 04 Civ. 7921 (KMK) (JCF), 05 Civ. 8453 (KMK) (JCF), 2006 U.S. Dist. LEXIS 88854, at *24-25 (S.D.N.Y. Dec. 7, 2006), the court granted defendants' motion to compel releases permitting the disclosure of plaintiff's arrest records.  In so holding, the court agreed with defendants that documents detailing plaintiff's prior arrest experiences, previous arrest processing, and criminal court proceedings were relevant to refute his claims regarding the cause and extent of emotional distress damages attributable to the arrest and confinement which was the subject of his lawsuit, and could also be relevant to the issue of probable cause.  The court further explained that plaintiff's subsequent arrest records were also relevant to damages for ongoing mental and emotional distress.  *See id.* at *24-25 n.9.

Similarly, in *Derisse v. City of New York*, No. 12cv1592 (NGG) (MDG), 2013 U.S. Dist. LEXIS 113966, at *2 (E.D.N.Y. Aug. 13, 2013), the court granted defendants' motion to compel a release of plaintiff's arrest, incarceration and prosecution records, which were sealed pursuant to § 160.50, because such records "may lead to the discovery of admissible evidence concerning his claim for damages for emotional distress."  *See also, e.g.*, *Cicero v. City of New York*, No. 11 CV 0360 (NGG), 2011 U.S. Dist. LEXIS 80880, at *12 (E.D.N.Y. July 25, 2011) (ordering plaintiff to produce an authorization for all of plaintiff's arrest records as the details of those arrests "may be relevant to assessing his emotional injuries in the pending litigation").

Likewise, in *Wilson v. City of New York*, No. CV-06-229 (ARR)(VVP), 2006 U.S. Dist. LEXIS 90050, at *1-2 (E.D.N.Y. Dec. 13, 2006), the court ordered plaintiff to provide a release to permit the defendant to obtain plaintiff's arrest records reasoning that "[s]ince the plaintiff seeks damages for emotional distress arising from his arrest and detention, his prior experiences involving arrest and detention, including those which ended favorably and whose records are therefore sealed, may be relevant to the damages determination the jury will be asked to make at trial.  Clearly, it could be credibly argued that one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never before been detained. The request for such information is therefore reasonably calculated to lead to evidence admissible at trial."

Defendants further respectfully submit that the fact that plaintiff may have been a juvenile at the time of certain of his arrests does not make his arrest records any less relevant or any less discoverable.

2

Accordingly, defendants respectfully request that Your Honor order plaintiff to produce a release sufficient to allow for access to plaintiff's prior and subsequent arrest, incarceration and prosecution records as such records are relevant to the issue of damages and are proportional to the needs of the case.

Thank you for your consideration in this regard.

Respectfully submitted,

/s/ Kavin Thadani_____

Kavin Thadani
Senior Counsel
Special Federal Litigation Division

cc:    **BY ECF**
Michael Jaffe, Esq.
Richard Gross, Esq.
*Attorneys for Plaintiff*

3