**RUBERT & GROSS, P.C.**
ATTORNEYS AT LAW
150 Broadway Suite 712
New York, New York 10038
(212) 608-3103

RICHARD A. GROSS
SOLEDAD RUBERT
ERNESTINE MINGS

February 18, 2016

<u>Via ECF</u>
Hon. Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

                                        Re: *Creighton v. The City of New York, et al.*
                                        Index No.: 12-CV-7454 (PGG) (DCF)

Honorable Judge Freeman:

       We write in response to defendants' letter dated February 16, 2016 and in response to Your Honor's request for further briefing with respect to the discoverability of plaintiff's unrelated arrest records.

       At the commencement of this action, plaintiff served defense counsel with an unsealing authorization limited to the arrest that is the subject of this litigation. As defense counsel concedes, he has automatic access to any arrest that resulted in either a plea or a conviction because these items are not sealed pursuant to statute. Defendants, however, seek access to any and all records related to any arrest that did not result in convictions, including those arrests that took place when plaintiff was a juvenile, on the grounds that "such records are relevant to the issue of damages and are proportional to the needs of the case." Respectfully, defendants' request for a blanket authorization to obtain all of plaintiff's arrests records is nothing more than a fishing expedition.

       Plaintiff's counsel has already agreed to provide a release in accordance with Local Civil Rule 83.10 (hereinafter "the Plan").1 Plaintiff, however, objects to defendants' requests for an authorization permitting the release of all records related to any and all of plaintiff's arrests.

       First, plaintiff was arrested in connection with this case at the age of 17 and remained incarcerated until he was 22 years old. Therefore, any arrest before the instant incident that did not result in a conviction would be sealed in accordance with CPL 720.35 (Youthful Offender Confidential/Sealing). The statute's avowed purpose is "to relieve the eligible youth from the onus of having a criminal record." Nothing in defendants' letter requesting an expanded authorization warrants discovery of any arrest that occurred prior to plaintiff's seventeenth birthday as such disclosure would have the very effect the statute intends to avoid.

---

1 Plaintiff's counsel agreed to provide this Authorization in his letter to defendants dated February 5, 2016 and also in the telephone conference with Your Honor on February 11, 2016.

1

Second, defendants' application is overbroad and without foundation. Defendants have not identified any specific sealed arrests to which they seek access. They simply seek all of plaintiff's sealed records of any nature and apparently, without time restrictions. Moreover, they fail to particularize the specific need for any and all records. The "proportional needs of the case" do not require such a broad inquiry into plaintiff's history as a youthful offender.

Third, defendants' unsupported theory that to the extent plaintiff has prior and subsequent arrests, incarcerations and/or prosecutions they are relevant to the issue of damages assumes that if plaintiff was arrested before or after the arrest that is the subject of this lawsuit, any psychological or emotional damages with which he suffers today are attributable to the "other arrests" and not the one at hand; or that any such prior arrests might have made him less vulnerable to the psychological damage that would invariably result from five years of wrongful incarceration. Defendants, however, do not advance any basis such as a study or scientific report in support of such a theory. Moreover, to the extent there are any prior or subsequent arrests they would most certainly be factually dissimilar to the one that resulted in plaintiff's incarceration for five years without having been convicted of a crime.

While concededly, in the cases cited by defendants, some courts have held that prior arrests may be relevant to assessing emotional damage, respectfully, none of the cases cited by defendants involve the disclosure of arrest records of a juvenile, which records are especially guarded against intrusion.

Plaintiff submits that the Court should "balance the deference to be accorded state-created privileges such as those contained in CPL 720.35 with the need for the information sought to be protected by the privilege. *See, Ligon v. City of New York*, 2012 WL 2125989 (E.D.N.Y., 20120).

Rule 26(b)(2) permits a district court to limit the frequency or extent of use of the discovery methods otherwise permitted if it determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or more readily obtainable from another source; (2) the party seeking discovery already has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(i)-(iii). Moreover, Rule 26(c) provides that "for good cause shown" a court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including that the discovery not be had or that it be had only by a method other than that selected by the party seeking discovery. Fed.R.Civ.P. 26(c)(1), (3). Thus, whether to permit discovery of plaintiff's prior arrests while he was a juvenile or any subsequent arrest lies within the sound discretion of the Court, taking into consideration the specific facts of this case.

If prior arrests were relevant at all, they would be only insofar as they disclose the fact of an arrest and the "length of any resulting incarceration." *See Green v. Baca*, 226 F.R.D. at 657. Plaintiff submits that defendants will have the opportunity to determine if plaintiff was arrested before the age of 17 without a resulting conviction and if so, the duration of each confinement by asking him at his deposition rather than by obtaining a blanket authorization for sealed records of plaintiff as a juvenile.

2

Defendants put forth as a justifications for fishing for sealed arrest records that a "jury may be inclined to award a greater amount of damages to a plaintiff whom they believe has never experienced a prior detention" and that plaintiff's emotional injuries would be attenuated by "other arrests." These justifications for the discovery of sealed records is spurious at best because defendants know full well that plaintiff was arrested prior to the litigated arrest as he so testified at his 50-h hearing and the arrests that resulted in convictions appear in the records that defendants exchanged.[2] None of plaintiff's prior arrests, however, resulted in incarceration, much less incarceration of five years. Therefore, documents surrounding a different arrest that did not result in a conviction would not assist a jury in evaluating plaintiff's claim for emotional injury because plaintiff's claim for emotional damages obviously stems from the significantly long length of time Plaintiff was detained in connection with the litigated arrest.

With respect to plaintiff's subsequent arrests, it is simply outrageous that defendants should argue that these arrests are relevant to plaintiff's damages, when as plaintiff has brought up with the Court, the police have continued to arrest plaintiff throughout the course of this litigation for claims that were eventually dismissed as part of an ongoing harassment scheme. In fact, as Your Honor may recall during a telephone conference with the Court and predecessor defense counsel, Dara Olds, plaintiff's counsel indicated to the Court that we were considering seeking leave of the Court to supplement the claims herein as a result of a pattern of harassment in the form of repeatedly arresting plaintiff over the years since his release only to have all charges repeatedly dismissed. Such pattern continues to the present day and in fact remarkably just one day after our last conference with Your Honor by telephone the very next day plaintiff was arrested and run through the system yet again. Defendants cannot claim that his subsequent arrests mitigate his damages when it is the defendants who arrest him without cause.[3]

In *Ligon, supra*, the Court denied the City's request for a blanket authorization to obtain sealed arrests records. The Court noted that the sealing of arrest records pursuant to New York state law advances important privacy interests and "to the extent that federal litigation can accommodate those state interests without hindering federal interests, it should." The *Ligon* Court held that defendants had no legitimate reason to examine paperwork from an old arrest that terminated in a plaintiff's favor and was sealed pursuant to important state privacy law. The Court, noting that the only component of past arrests that may be relevant to a claim for emotional damages is the length of time that a plaintiff was detained in connection with an arrest, ordered plaintiff to disclose to defendants, by way of Affidavit and not a blanket authorization, the length of time he was detained and incarcerated as a result of any prior arrests and any emotional or physical injuries that he suffered as a result of those arrests. In this case, because depositions have not yet been held, defendants can pose those question to plaintiff when they depose him.

For the foregoing reasons, defendants' application for a more expansive authorization permitting them to obtain any and all records pertaining to plaintiff's sealed arrests, including juvenile records, should be denied in its entirety.

---

[2] In their discovery responses, defendants produced plaintiff's "rap sheet" at pages rap sheet can be located at NYC001384 – NYC001399 and NYC002143 – NYC002158, which reveals four prior arrests that resulted in guilty pleas for which the maximum sentence was five years' probation.
[3] In fact, plaintiff intends to move to amend his complaint to include actions based on the Police Department's continuous harassment and wrongful arrests aimed at intimidating him.

Thank you for your time and consideration.

                   Respectfully,
                   /s/
                   Richard Gross

cc: Kavin Thadani (VIA ECF)