

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH CREIGHTON,

                Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                Defendants.

12cv7454 (PGG) (DF)

**MEMORANDUM AND ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

This Section 1983 case, which is before this Court for general pretrial supervision, involves claims by Plaintiff that, in January 2007, when he was 17 years old, he was falsely arrested and maliciously prosecuted for a crime that the police and prosecutors had reason to know he did not commit. Currently before this Court is Defendants' request for an order directing Plaintiff to execute a release permitting Defendants to access Plaintiff's sealed records relating to arrests other than the one at issue in this case, including (a) records of any and all juvenile arrests that may have preceded the 2007 arrest, and (b) records of any and all arrests that may have occurred after Plaintiff's eventual release from custody in January 2012. (*See* Letter to the Court from Kavin Thadani, Esq. ("Def. 2/16/16 Letter") (Dkt. 97).) According to Defendants, the arrest records to which they seek access are relevant to refute Plaintiff's claims regarding the cause and extent of his alleged damages for emotional distress. (*See* Def. 2/16/16 Ltr., at 2 (citing, *inter alia*, *Schiller v. City of New York*, No. 04cv7921 (KMK) (JCF), 2006 WL 3592547, at *8 (S.D.N.Y. Dec. 7, 2006) (finding arrest records relevant to the issue of emotional distress damages)).)

On February 18, 2016, Plaintiff filed a letter in opposition to Defendants' request for the release, contending that the release that Plaintiff has already provided – as required by Local

Civil Rule 83.10 (Plan for Certain § 1983 Cases Against the City of New York ("the Section 1983 Plan")) – should be held to be sufficient. (*See* Letter to the Court from Richard Gross, Esq. ("Pl. 2/18/2016 Letter") (Dkt. 99).) That Section 1983 Plan release would authorize Defendants to access Plaintiff's sealed records relating to the arrest that is the subject of this action, but not sealed records relating to any other arrests.

For the reasons set forth below, Defendants' request for a broader release than that which Plaintiff has already provided is denied at this time, without prejudice.

## Discussion

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Even where relevance may be established, proportionality concerns look to, *inter alia*, "the importance of the discovery in resolving the issues" in the case. *Id.* Discovery must be limited by the Court where it is "unreasonably cumulative or duplicative," Fed. R. Civ. P. 26(b)(2)(C)(i), and may be limited where, for instance, the Court finds it likely to subject a party to "embarrassment" or "oppression," Fed. R. Civ. P. 26(c)(1). Further, where state statutes establish confidentiality schemes or privileges that may protect otherwise discoverable information, the Court must balance the need for the discovery against the policies underlying those statutes. *See, e.g., Nunez v. City of New York*, No. 11cv5845 (LTS) (JCF), 2013 WL 2149869, at *10 (S.D.N.Y. May 17, 2013). Here, several factors are present that warrant a limitation on discovery, at least at this juncture.

First, this Court notes that Plaintiff's claim for emotional distress damages – the hook for Defendants' theory of relevance – appears to be centered less on the fact of his arrest than on the

fact that he was allegedly held in custody wrongfully for five years, following that arrest, without ever having been convicted. This would certainly open the door to Defendants obtaining discovery regarding the extent to which Plaintiff was otherwise incarcerated or held in custody. *See Cicero v. City of New York*, No. 11cv0360 (NGG), 2011 WL 3099898, at *3 (E.D.N.Y. July 25, 2011) (noting that "information regarding past convictions is relevant to the extent plaintiff seeks to recover damages for emotional distress," because "a person who has previously been incarcerated may suffer less damage as a result of a subsequent wrongful incarceration than a person incarcerated for the first time." (internal quotation marks and citations omitted)). Plaintiff asserts, though, and Defendants do not refute, that no other arrest to which Plaintiff was subjected, either prior to or after the arrest at issue here, resulted in any period of incarceration or extended detention.

Second, Defendants not only have full access, already, to all of Plaintiff's criminal records relating to the arrest and prosecution that underlies his claims in this action, but also to the records of the *four* prior arrests that resulted in guilty pleas by Plaintiff, and thus to convictions. As arrests that lead to convictions are not sealed, Defendants acknowledge that they do not need any signed release from Plaintiff to obtain access those records. (*See* Def. 2/16/16 Ltr., at 1 n.1.) Further, consistent with the Section 1983 Plan, the release that Plaintiff has apparently already provided to Defendants would enable Defendants to obtain a list of all of his prior arrests, so Defendants would also be able to learn of the frequency and number of Plaintiff's other arrests. Thus, for the purpose of challenging the degree of emotional distress that Plaintiff may have suffered as a result of the events at issue in this case, Defendants should already be able to present evidence, in detail, regarding the circumstances of four other arrests, and also regarding the number of times that Plaintiff has been taken into custody by law

enforcement. It is difficult to see how adding more evidence on these points would not be cumulative or disproportionate to the reasonable needs of the defense.

Third, not only does New York require the sealing of records relating to any criminal proceeding that terminates in the favor of the accused, *see* N.Y. Crim. Proc. Law § 160.50, but the state separately requires the sealing of the records of youthful offenders, *see* N.Y. Crim. Proc. Law § 720.35. These sealing provisions have been held to be "core provisions of an elaborate statutory scheme . . . designed to insure that the person charged but not convicted of a crime (or in the case of a juvenile, not convicted of a designated felony) is protected from the stigma that accompanies a criminal prosecution," *Green v. Giuliani*, 721 N.Y.S.2d 461, 471 (Sup. Ct., N.Y. County, 2000), and are plainly designed to protect "important" privacy interests, *Ligon v. City of New York*, No. 12cv2274 (SAS), 2012 WL 2125989, at *2 (S.D.N.Y. June 12, 2012).

As Plaintiff was a juvenile at the time of the arrest at issue in this case, he would necessarily have been a youthful offender with respect to any prior arrests or criminal proceedings. In considering Defendants' request for a broad release permitting the unsealing of all of Plaintiff's arrest records, this Court must balance Defendants' need for the requested information in this federal litigation with the important policies underlying the state statutory privileges at issue. *See Nunez*, 2013 WL 2149869, at *10; *Ligon*, 2012 WL 2125989, at *1-2. In this regard, this Court notes that none of the case authority cited by Defendants in support of their application actually addresses the release of sealed *juvenile* records. Especially where Defendants have not made a compelling showing of relevance and proportionality, this Court finds that it would be unduly oppressive, and too greatly in tension with important state policy protecting juveniles, to require Plaintiff to provide Defendants with access to sealed juvenile records involving arrests that did not lead to convictions or incarceration.

Finally, with respect to any incidents of arrest *after* the accrual of his claims, Plaintiff asserts that Defendants should not now benefit from the fact that, according to Plaintiff, he has continued to be arrested "without cause" as part of an "ongoing harassment scheme." (Pl. 2/18/16 Ltr., at 3.) This Court, of course, cannot determine whether Plaintiff has actually been subject to undue "harassment," or legitimate arrests. Either way, though – at least based on the information currently before this Court – events that occurred well after the events at issue in this case would appear to have limited relevance to the claims and defenses asserted herein.

## Conclusion

For all of the foregoing reasons, Defendants' request to compel Plaintiff to execute a broad release for all arrest records is denied. Notwithstanding this ruling, however, Defendants may question Plaintiff at deposition regarding the length of time that he was detained or incarcerated as the result of any arrests other than the arrest at issue here, and also regarding any physical injuries or emotional distress that Plaintiff suffered as a result of such other arrests. If Defendants are able to develop a record that reasonably suggests that Plaintiff's claimed emotional distress may be attributable to arrests or detentions other than those alleged, or that other arrests may have served to lessen or to aggravate Plaintiff's claimed emotional injuries, then Defendants may renew this application, based on that record.

Dated:  New York, New York
        March 17, 2016

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:
All counsel (via ECF)

5