# Pazer, Epstein & Jaffe, P.C.

ATTORNEYS AT LAW
20 VESEY STREET
NEW YORK, NEW YORK 10007
(212) 227-1212

MARK J. EPSTEIN
MICHAEL JAFFE
MATTHEW J. FEIN
EUGENE GOZENPUT

PERRY PAZER
OF COUNSEL

April 8, 2016

FACSIMILE (212) 374-1778
SUFFOLK OFFICE
1776 E. JERICHO TURNPIKE
HUNTINGTON, N.Y. 11743
(631) 864-2429

Hon. Debra Freeman                    BY ECF
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   Creighton v. City of New York, et al.
              12 CV 07454 (PGG) (DF)

Honorable Judge Freeman:

      We represent the plaintiff, Kenneth Creighton. A new discovery issue has arisen which cannot be resolved between the parties. Counsel have spoken by phone to try to resolve the issue but we remain in disagreement, thus, the within letter application is being made. The relief sought herein is not on consent.

      As Your Honor is aware, this action involves a claim for the wrongful arrest, incarceration and malicious prosecution of our client, Kenneth Creighton, who was arrested by Detective Glen Godino, a defendant in this action. After spending five years in Riker's Island awaiting trial, all charges were dropped against plaintiff.

      Your Honor recently held a telephone conference with all counsel detailing the remaining discovery to be provided. Thereafter, Your Honor "so-ordered" several confidentiality stipulations regarding records to be provided by defendants including responses to plaintiff's demands for IAB and CCRB records. Per our demands, defendants provided pages Bates Stamped NYC 6041-6048 as IAB/CCRB and personnel records pertaining to the defendants herein. *A copy of the pages Bates Stamped NYC 6041-6048 is annexed hereto.* Your Honor will note these pages are redacted to the point they are incomprehensible and of no value. We have asked defense counsel to unredact the records but he takes the position that he is not required to as they are not relevant. Respectfully, we are not satisfied with defense counsel determining whether the redacted material is relevant, and, the issue presented is not one of relevancy or admissibility but one of discoverability at this phase of the litigation.

      By this letter, we request an order from the Court directing full redaction immediately as Detective Godino's deposition is scheduled for Monday. We apologize for the lateness of this application, but we only received defendants' supplemental discovery on April 6, 2016, in the afternoon. After reviewing the supplemental discovery, we spoke with counsel via telephone, yesterday, in an attempt to resolve these issues.

We note there is a confidentiality stipulation and order in place by which we are bound. We do not address here the issue of whether the unredacted record would be admissible at the time of trial but rather whether it is discoverable presently. Any disclosure, in addition to remaining subject to confidentiality absent further order of this Court, would of course also be subject to objection as to admissibility as proof at trial.

Under Fed. R. Civ. P. 26(b)(l), plaintiff is entitled to discovery of documents relating to allegations of misconduct, including CCRB and IAB files, that are either similar in nature to plaintiff's claims or which may influence an assessment of the officers' credibility. *See* Malsh v. New York City Police Dept., 1995 WL 217507 at *2 (Apr. 11, 1995) (Peck, U.S.M.J.); King v. Conde, 121 F.R.D. 180, 198 (E.D.N.Y. 1988) ("plaintiffs in federal civil rights actions are presumptively entitled to . . . documents on prior complaints and police history"); Hurley v. Keenan, 1984 WL 358, at *3 (S.D.N.Y. May 8, 1984) (Dolinger, U.S.M.J.) ("plainly any proceeding - - whether administrative, civil or criminal - - in which one of the defendants was charged with or investigated for possible abuse of the type alleged by plaintiff could yield relevant information").

The scope of this discovery includes allegations of wrong-doing that both pre- and post-date plaintiff's alleged incidents. *See* Montalvo v. Hutchinson, 837 F.Supp. 576, 581 (S.D.N.Y. 1993); King, 121 F.R.D. at 198. See, e.g., Ismail v. Cohen, 899 F.2d 183, 188 (2d Cir. 1990) (upholding admission of evidence of police abuse that occurred subsequent to plaintiff's alleged event on ground that it was relevant to show "pattern, intent, absence of mistake, etc.").

Moreover, plaintiff is entitled to discovery of <u>all</u> allegations of wrong-doing reasonably likely to lead to discoverable evidence, *see* Fed.R.Civ.Pro. 26(b)(1), regardless of whether the allegations were substantiated. *See* Morrissey v. City of New York, 171 F.R.D. 85, 88-89 (S.D.N.Y. 1997) (ordering production of records reflecting CCRB complaints, including unsubstantiated ones, as well as "disciplinary incidents"); Bradley, 2005 WL 2508253, at *2 ("we emphatically reject defendants' contention that 'unsubstantiated' complaints should . . . not be ordered produced. There is no question that civilian complaints, whether or not deemed substantiated, may be significant in an assessment of an officer's qualifications and performance").

In the event Your Honor is not inclined to direct defense counsel to provide unredacted copies of the records referenced, in the alternative, we would ask that defense counsel be directed to produce all records in unredacted form for an *in camera* review by the Court. If this alternative is preferred by the Court, we would ask that the Court order Detective Godino's deposition to remain open so that we may continue his questioning once Your Honor has decided this issue, in the event we are permitted to review the records in unredacted form.

Once again we apologize for having to burden the Court with this issue but we are unable to resolve this issue among the parties and the Court's intervention is thus required. Thank you.

Respectfully submitted,

PAZER, EPSTEIN & JAFFE, P.C.

/s/

BY: MICHAEL JAFFE

                                        RUBERT & GROSS, P.C.

                                                  /s/

MJ:dr                              BY: RICHARD GROSS
RG;dr
cc: All Counsel (by ECF)