**RUBERT & GROSS, P.C.**
ATTORNEYS AT LAW
150 Broadway Suite 712
New York, New York 10038
(212) 608-3103

RICHARD A. GROSS
SOLEDAD RUBERT
ERNESTINE MINGS

May 25, 2016

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

           Re:    *Creighton v. The City of New York, et al.*
           Docket No.:   12-CV-07454 (PGG) (DCF)

Honorable Judge Gardephe:

      The undersigned, along with Pazer, Epstein & Jaffe, P.C., represents plaintiff, Kenneth Creighton, in the above-referenced matter. We write in response to the Courts order of May 20, 2016, directing plaintiff to file a letter describing the legal and factual basis of the claims on which he intends to proceed as well as the basis for his proposed summary judgment motion.

      Plaintiff originally filed a Complaint against the City of New York, Detectives Dean Roberts and Glenn Godino, District Attorney Robert Johnson, Assistant District Attorneys Bruce Birns a/k/a Burns, Ed Talty and Michael Cooper in New York Supreme Court, Bronx County alleging, violations of his civil rights under 42 U.S.C. §1983 based on false arrest, malicious prosecution, conspiracy, denial of due process, unreasonable continued prosecution, unduly suggestive identification procedures, failure to intervene, failure to investigate, and *Brady* violations. Plaintiff's complaint also asserted causes of action for false arrest and malicious prosecution under New York State law. This action was removed to federal court by defendants and plaintiff filed an Amended Complaint on August 21, 2013.

      Plaintiff respectfully submits that his complaint alleges sufficient significant facts to satisfy the requirements under Fed. R. Civ. P. 8(a) and the standards established under *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) for his remaining claims. To the extent that the Court may find that some of plaintiff's claims are not sufficiently pled, plaintiff would request permission to amend the complaint to allege facts that have come to light during discovery and to conform the pleadings to the proof.

      At the outset plaintiff agrees to withdraw the following claims:

1) *Monell* claim against the City (Fourteenth Cause of Action);
2) Claim for unreasonable continued prosecution only to the extent that it is duplicative of his claims for deprivation of plaintiff's due process rights and his malicious prosecution claims (Ninth Cause of Action);
3) Claim for intentional infliction of emotional distress (Sixteenth Cause of Action)
4) Negligence claim (Fifteenth Cause of Action)
5) Separately pled claim for failure to investigate to the extent that it is subsumed in

1

       plaintiff's claims for malicious prosecution and violation of due process;
6) Claim for unduly suggestive identification (Tenth Cause of Action)
7) All claims against District Attorney Robert Johnson.

With respect to the remaining claims, in accordance with the Court directives during the May 19, 2016 conference, plaintiff submits the following:

**<u>Plaintiff's false arrest claims – First Cause of Action</u>**

With respect to plaintiff's false arrest and false imprisonment claims, plaintiff concedes that to the extent those claims are made pursuant to 42 U.S.C § 1983 in his Fourth Cause of Action, those claims must fail as time barred.

The state-law claims for false arrest, however, are not time barred. Under New York law, the claim for false arrest or unlawful imprisonment arose when plaintiff was released from custody on January 19, 2012. *Nunez v. City of New York*, 307 A.D.2d 218, 762 N.Y.S.2d 384 (1st. Dep't., 2003); *Jackson v. Police Dep't. of City of New York*, 119 A.D.2d 551, 500 N.Y.S.2d 553 (2d. Dep't., 1986); *Collins v. McMillan*, 102 A.D.2d 860, 477 N.Y.S.2d 49 (2d. Dep't., 1984). Thus, plaintiff's state law claims for false arrest and false imprisonment were timely interposed. Moreover, it is plaintiff's position that the evidence obtained during discovery supports a finding of liability in his favor as a matter of law on his state-law claim for false arrest.

At the time of plaintiff's arrest and prosecution, the undisputed policy in Bronx County was that detectives could not make a homicide arrest without the explicit approval of the District Attorney's office. Defendant, ADA Ed Talty, the Chief of Homicide Prosecutions and Chief of the Gang Major Case Bureau in the Bronx County District Attorney's Office testified in sum and substance that had he been aware of the fact that the bodega owner, an eyewitness, had identified Kijafa Spruell and not plaintiff as the person who passed the gun, he would not have authorized plaintiff's arrest. Thus, the import of Talty's testimony, who was the final arbiter of whether probable cause existed at the time plaintiff was arrested, was that there was no probable cause for plaintiff's arrest. Defendant, ADA Birns, who was deposed on April 25, 2016, similarly testified that had he been advised by the police that Fawaz Terab, the bodega owner, had identified Spruell, with whom he was intimately familiar, as the person who passed the gun, he also would not have approved the arrest. Thus, plaintiff can establish that the two persons who made the ultimate decision as to probable cause in the District Attorney's Office, would not have approved the arrest had they been informed that an eyewitness had identified Spruell as the person who passed the gun. As, such, it is plaintiff's position that there having been no probable cause to arrest him, he is entitled to judgment as a matter of law on his state-law false arrest claim.

Additionally, Dean Roberts, the detective who arrested plaintiff and swore to the allegations in the criminal complaint against him, testified at his deposition that he knew absolutely nothing about the basis for plaintiff's arrest. In the criminal complaint, Roberts attested that based upon "an official investigation" and "witnesses known to the Police Department", "defendant passed a shiny metallic object to the separately apprehended individual". During his deposition, Officer Roberts testified, however, that at the time he signed the criminal complaint, he believed that the information concerning the passing of the shiny object had come from the bodega owner. He did not know that the information to which he was

2

swearing, had in fact, come from a CI; he did not even know of the existence of a CI. Nor did he know that the bodega owner, who witnessed the events, had signed a statement and identified Spruell from a photo array as having passed the gun. Moreover, Detective Godino testified that based on the information he had available on December 31, 2006 he had probable cause to arrest Mr. Spruell yet he did not so much as attempt to interview him. He did not investigate Terab's identification of Spruell as the perpetrator at all.

Based on the testimonies of ADA Talty, ADA Birns and P.O. Roberts, plaintiff submits that there is sufficient evidence in the record for him to prevail on a motion for summary judgment on his state-law false arrest cause of action.

### Plaintiff's state-law and federal-law malicious prosecution claims – Second and Fourth Causes of Action

Although, as the Court noted, an indictment creates a presumption of probable cause, this presumption is rebuttable. The presumption may be rebutted in several different ways. The presumption can be overcome "by evidence that the indictment was procured by "fraud, perjury, suppression of evidence or other police conduct undertaken in bad faith." *See, e.g., Frederick v. City of New York*, No. 11 CIV. 469 JPO, 2013 WL 310441, at 4 (S.D.N.Y. Jan. 24, 2013) (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 82-83 (1983). It can also be overcome by evidence that police witnesses did not make a complete and full statement of facts either to the Grand Jury or to the District Attorney. *Chetrick v Cohen*, 52 AD3d 449, 859 N.Y.S.2d 705 (2nd Dept., 2008); by evidence that the police failed to make further inquiry when a reasonable person would have done so. *Carlton v. Nassau County Police Dept.*, 306 AD2d 365, 761 N.Y.S.2d 98 (2nd Dept. 2003); or where it can be shown that the conduct of the police deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures and plaintiff's rights. Under any of the above circumstances, the presumption of probable cause may be overcome in a claim for malicious prosecution.

As discussed above in connection with plaintiff's false arrest claim, the testimonies of ADA Talty and ADA Birns establish that neither Godino nor anyone else from the NYPD made a complete and full statement of facts to the District Attorney. Both ADA Birns and ADA Talty, who are the individuals in the District Attorney's office who approved plaintiff's arrest, testified at their depositions that had they been informed by the police that five days after the shooting, the owner of the bodega where the gun was passed, who was an eyewitness to the events, had identified Spruell and not plaintiff as the person who passed the gun in the bodega, they would not have authorized plaintiff's arrest. Neither ADA Birns nor ADA Talty were made aware by the police that the <u>sole</u> basis for the purported probable cause to arrest plaintiff and prosecute him was information provided by a paid, drug addicted Confidential Informant with a significant criminal history, who does not appear on single official police report as having identified Creighton as the person who passed the gun.

Moreover, the evidence developed during discovery establishes that the police failed to make further inquiry when a reasonable police officer would have done so, a fact that can also be the basis for overcoming the presumption of probable cause that attaches to an indictment. In fact, the police turned a blind eye to the identification of Kijafa Spruell as the person who passed the gun even when they had him in custody a week or two later on an unrelated charge and could have questioned him as to this identification. Nor did they follow up on plaintiff's stated alibi.

3

ADA Talty unequivocally testified that in the face of the conflict between Terab's identification of Spruell as the person who passed the gun and the claims of the CI, further investigation was required before an arrest based on probable cause could be made. Detective Godino, however, purposefully failed to pursue even the fundamental standard inquiries concerning the identification of Spruell as the real culprit. In fact, Godino did not even attempt to find or question Spruell.

Significantly, in the recent deposition of the CI, when he was shown the bodega surveillance videotape for the day of the shooting, the CI, without any prompting from counsel, identified the individual who passed the gun as Spruell.

Fabrication of evidence, can also be a basis for defeating the presumption of probable cause that attaches to a Grand Jury indictment. *Torres v. Jones*, 26 N.Y.3d 742 (2016)

Plaintiff submits that the evidence developed during establishes that the CI could not have observed Creighton pass the gun and that his so-called identification of plaintiff as the person who passed the gun was fabricated at the behest of the police in order to pressure plaintiff into revealing the whereabouts of his brother.

Misconduct in the Grand Jury proceeding is also sufficient to erode the presumption that the Grand Jury acted judicially. *Tabaei v. NYCHHC*, 2212 WL 581882 (S.D.N.Y., 2012). In this case, Terab, the witness who identified Spruell as the person who passed the gun, was not called to testify before the Grand Jury. Nor was the Grand Jury apprised of the fact that an eyewitness to the events, Terab, had unequivocally identified someone other than plaintiff as the person who passed the gun, a fact about which, according to both ADA Birns and ADA Talty, the Grand Jury was required to have been so advised. Moreover, the only identification witness who testified before the Grand Jury was a paid Confidential Informant, who testified under a false name, as introduced by the prosecutor. The Grand Jury was not advised that the sole identification witness that testified before them was a paid Confidential Informant who was a long-time drug addict with a significant criminal history.

Plaintiff submits that under the facts of this case, as developed during discovery, plaintiff can rebut the presumption of probable cause that attaches to an indictment as a matter of law.

Plaintiff submits that Godino's decision to arrest Kenneth Creighton on the basis of a purported identification by a paid confidential informant, whose deposition testimony in this case reveals that if he was in the bodega at all, he was not in a position to see what he claimed he saw and ignore the identification of Spruell as the true culprit was nothing more than a blatant and impermissible attempt to pressure Ken Creighton into telling the police about his brother, Dior's whereabouts. It is not a coincidence that after Dior pled guilty, all charges against plaintiff were dismissed.

Plaintiff submits that the failure of the police to provide complete and crucial information to the District Attorney, which the ADA witnesses conceded in their depositions would have resulted in their not authorizing plaintiff's arrest; the failure to investigate Spruell's culpability in the face of his having been identified as the person who passed the gun; the highly suspicious nature of the CI's identification, if it was ever made at all, and the misconduct during the Grand Jury proceedings, are all precisely the type of conduct sufficient to overcome the

4

presumption of probable cause associated with an indictment. Plaintiff submits that these indisputable facts can form the basis for a motion for summary judgment on his federal and state-law claims for malicious prosecution.

With respect to the element of malice, a plaintiff can simultaneously rebut the presumption of probable cause and satisfy the malice element by demonstrating that the evidence of guilt relied upon by the defendant was so scant that the prosecution was entirely baseless and maliciously instituted. *Torres v. Jones*, 2016 NY Slip Op 01254 (New York Court of Appeals, 2016). In this case, the evidence of malice is direct inasmuch as the records make it clear that the motivation for arresting and prosecuting plaintiff was not a belief that he had actually committed the crime of which he was accused but rather to pressure him into telling the police where to find his brother, Dior.

### **Plaintiff's Due Process Claims – Sixth Cause of Action**

In *Bermudez v. City of New York*, 790 F.3d 368 (2d. Cir., June 15, 2015), the Second Circuit held that a plaintiff can maintain a distinct cause of action for deprivation of his due process rights based on a detective's failure to inform an assistant district attorney about problems encountered in the initial questioning of the witnesses, as a reasonable jury could conclude that the detective's acts could have prevented the ADA from making an informed decision about the reliability of that evidence. As discussed above, here, both ADA Birns and ADA Talty, who are the individuals in the District Attorney's office who approved plaintiff's arrest and were involved in his prosecution, testified at their depositions that Godino not only failed to inform them that five days after the shooting, an eyewitness had identified one Kijafa Spruell as the person who passed the gun in the bodega but also that Godino failed to apprise them that the sole basis for probable cause to arrest and prosecute plaintiff was the statement of a paid confidential informant that was totally contradicted by Terab's statement and photo array identification of Spruell, a person he knew, as the true culprit. Both ADA Birns and ADA Talty testified that if they had been made aware of Terab's identification of Spruell as the individual who passed the gun, they would not have authorized plaintiff's arrest. *Id.* at 375-76; *see also, Jenkins v. New York City Police Dep't*, No. 13 CIV. 3405 KPF, 2015 WL 4660899 (S.D.N.Y. Aug. 6, 2015). Thus, it is undisputed that the failure to make the District Attorney aware of the extremely suspect identification by the CI and the existence of an alternative suspect, prevented the ADAs from making an informed decision about the reliability of that evidence.

Although defendants now claim that Terab recanted his identification of Spruell as the perpetrator and instead later identified Ken Creighton as the person who passed the gun, not a single record prepared by the Police Department reflects any such recantation. Moreover, Terab has unequivocally testified in a deposition that he never recanted his initial identification of Spruell as the perpetrator. Thus, the evidence points to the fabrication of evidence by the police, which further supports a Fourteenth Amendment claim for deprivation of plaintiff's due process rights. *Blake v. Race*, 487 F.Supp.2d 187 (2007).

Moreover, ADA Talty readily conceded in his deposition testimony that had the information concerning the alternate suspect, Spruell, been conveyed to the Court and defense counsel prior to the bail hearing, such information could have led the presiding judge to either release plaintiff on his own recognizance or set low bail, neither of which occurred. The alleged oral recantation, however, was never, during the five years plaintiff was in jailed conveyed to

him or his criminal attorney.

### Plaintiff's prolonged detention claim – Eighth Cause of Action

Plaintiff remained incarcerated for over five years from January 10, 2007 until January 19, 2012. On January 19, 2012 all charges against him were dismissed.

In *Russo v. City of Bridgeport*, 479 F.3d 196 (2nd Cir., 2007), the Court held that the right to be free from continued detention after it was or should have been known that the detainee was entitled to release stemming directly from the law enforcement officials' refusal to investigate available exculpatory evidence supports a claim under the Fourth Amendment.

Here, it is undisputed that the police <u>never</u> so much as attempted to interview Spruell as a suspect in the passing of the gun despite Terab's identification of Spruell a mere five days after the shooting. Nor did they even attempt to investigate plaintiff's alibi. Defendants' wholly unsupported claim that Terab later recanted his identification of Spruell as the perpetrator and identified Ken Creighton instead first came to light in the instant litigation. There is no record of any such recantation and more importantly, this alleged recantation was never disclosed to the plaintiff or his attorney. Moreover, as discussed above, Terab has categorically denied, under oath, ever having recanted his initial identification of Spruell as the perpetrator.

Additionally, ADA Talty testified that the fact that a witness had identified someone other than Ken Creighton as the person who had passed the gun, was information that was required to be disclosed to the judge at the earliest possible moment and certainly at the bail hearing as it could have affected the amount of bail set, if any. *Talty p. 161-162*. In this regard, it should be noted that plaintiff remained incarcerated for over five years because he could not make bail.

### Abuse of Process Claim – Third Cause of Action

Section 1983 liability may lie for malicious abuse of criminal process. A malicious abuse of process claim brought via the Due Process Clause and § 1983 adopts the elements of the tort under New York law, under which a claim lies against a defendant who "(1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification (3) in order to obtain a collateral objective that is outside the legitimate ends of the process. The malicious abuse of criminal process may give rise to a Section 1983 claim, because the resulting deprivation of liberty is "'by definition a denial of procedural due process. *Cook v. Sheldon*, 41 F.3d 73 (2nd Cir., 1994); *Pinter v. City of New York*, 976 F. Supp.2d 539 (S.D.N.Y., 2013)

Here, there is no dispute that defendants employed legal process because plaintiff was arrested. Moreover, as a report prepared by the police on January 10, 2007 reveals, plaintiff was arrested in order to pressure him into informing the police of his brother's whereabouts. This ulterior purpose or obejctive, while knowing full well that it was Spruell, and not plaintiff who had passed the gun supports a liability finding pursuant to Section 1983 against defendants for abuse of process.

### Plaintiff's Conspiracy Claims (Fifth Cause of Action)

The elements of a §1983 conspiracy claim for deprivation of civil rights are: 1) an agreement between two or more state actors, or a state actor and a private entity; (2) to act in concert to inflict constitutional injury; and (3) an overt act done in furtherance of the goal of causing damages. *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir.1999).

Here, the evidence creates issues of fact as to whether Godino, Roberts, Birns and/or Talty conspired to accuse plaintiff of the crimes for which he was charged, knowing that plaintiff was not the culprit, in order to locate Dior Creighton, who they wanted to charge with the homicide and pressure him into taking a plea to rescue Ken from a wholly baseless prosecution. *See, McCray v. City of New York*, No. 03 CIV 10080 (DAB), 2007 WL 4352748, at 23 (S.D.N.Y. Dec. 11, 2007).

The ADAs handling the case met and conferred with Godino, yet despite the obviously suspicious nature of the so-called CI's identification, the Grand Jury was never apprised that the only eyewitness that testified before it was a paid confidential informant whose testimony was wholly contradicted by the identification of bodega owner that someone else, Kijafa Spruell, and not Ken Creighton was the perpetrator. Instead, the Grand Jury was given the impression that the CI was an ordinary citizen who just happened to be in the bodega (an issue that as developed during the discovery is in dispute) when both the police and the DA knew that not to be the case. That there is sufficient support in the Record to create an issue of fact as to plaintiff' conspiracy claims is further supported by the fact that the ADA presenting the case to the Grand Jury called the CI to testify under a name he knew to be false, thus being complicit in a misrepresentation of the facts as to who he was and his questionable reliability to the Grand Jury.

Plaintiff respectfully submit that the evidence adduced during discovery supports plaintiff's claim for conspiracy. Should the Court deem that plaintiff's cause of action for conspiracy, however is not sufficiently pled, plaintiff respectfully requests leave to amend it.

**Failure to intervene – Eleventh Cause of Action**

Plaintiffs' failure to intervene claim is grounded in the widely recognized rule that "all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir.1994); *Mathews v. City of New York*, 889 F.Supp.2d 418 (E.D.N.Y. 2012).

Here, the evidence developed during discovery raises substantial issues of fact as to whether the police and/or the District Attorneys handling the case failed to intervene when it was clear that plaintiff's constitutional rights not to be arrested and/or prosecuted based on the highly questionable and suspicious statement of a paid CI in the face of an identification by citizen that exculpated plaintiff, were violated. Moreover, there is substantial circumstantial evidence that Detective Godino and the defendant ADA's involved were aware of the violation of plaintiff's civil rights up to and including the time that plaintiff was arrested and the prosecution initiated. Thus, the failure to intervene to protect plaintiff's rights from infringement by law enforcement officers is wholly supported by the record evidence developed during discovery.

Significantly, other than some notes entered by Godino on an undated spiral notebook

7

alluding to a CI that allegedly identified Ken Creighton as the person who passed the gun, not a single official record prepared by the police indicates that the sole basis for a claim that probable cause existed to arrest Ken Creighton came from a paid CI that directly contradicted the sworn statement and photo identification of the bodega owner that someone other than plaintiff was the perpetrator.

Plaintiff respectfully submit that the evidence adduced during discovery supports plaintiff's claim for failure to intervene. Should the Court deem that plaintiff's cause of action for failure to intervene is not appropriately pled, plaintiff respectfully requests leave to amend it.

**Brady Violation – Thirteenth Cause of Action**

As the Court noted in the May 19, 2016 conference Brady-based § 1983 claims necessarily imply the invalidity of the challenged conviction in the trial (or plea) in which the *Brady* violation occurred. Thus, it appears that plaintiff's separately pled *Brady* claim cannot survive per se. Plaintiff however, maintains that as testified to by ADAs Talty and Birns, there is an obligation to disclose exculpatory evidence at the earliest possible moment and in this case, it is indisputable that the exculpatory evidence was <u>never</u> disclosed.

**Defendants Talty and Birns are not entitled to absolute immunity for their non-prosecutorial actions**

At the time of plaintiff's arrest and prosecution, the undisputed policy in Bronx County was that detectives could not make a homicide arrest without the explicit approval of the District Attorney's office. The ADA making that call is responsible for determining whether to permit an arrest to be made. As such, when the District Attorney makes those determinations as to whether an arrest should be made or not, he/she is not acting in a prosecutorial capacity but rather is acting as part of the investigation and arrest process and thus does not enjoy prosecutorial immunity for those actions. *Burns v. Reed,* 500 U.S. 478, 495-96 (1991) [the prosecutor who had advised the police that they could interrogate a suspect under hypnosis and later assured the officers, following the interrogation, that they had probable cause to arrest was not entitled to immunity]; *Buckley v. Fitzsimmons,* 509 U.S. 259 01993); *Hill v. City of New York,* 45 F.3d 653 [advising the police during the investigative stage of a case that they have probable cause to arrest does not entitle the prosecutor to absolute immunity].

For the foregoing reasons, plaintiff respectfully submits that the claims that he has not withdrawn are legally sufficient and should be permitted to go forward. Additionally, plaintiff submits that the evidence adduced during discovery establishes his right to summary judgment as a matter of law on his state law false arrest claim and his state and federal malicious prosecution claims.

Respectfully Submitted,

Richard Gross

Cc:   Khavin Thadani (via ECF)