

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**KAVIN THADANI**
*Senior Counsel*
Phone: (212) 356-2351
Fax: (212) 356-3509
kthadani@law.nyc.gov

June 30, 2016

**BY ECF**
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, NY  10007

      Re:    <u>Kenneth Creighton v. City of New York, et al.</u>, 1:12-cv-07454-PGG-DCF

Your Honor:

I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney representing defendants in the above-referenced matter.

On June 27, 2016, plaintiff sent the undersigned, via e-mail, a Notice of Motion for Sanctions and an accompanying Memorandum of Law, Declaration and exhibits.  Plaintiff's Notice of Motion states that he:

> will move this Court for an order, pursuant to Fed.R.Civ.P. 37: 1) entering judgment against defendants for spoliation, destruction and alteration of crucial evidence; or, in the alternative 2) directing that the DVD provided by defendants during discovery conclusively establishes that the person shown in the video passing an object to Dior is not plaintiff, Kenneth Creighton; or, in the alternative 3) directing that the Court, at trial, give binding instructions to the jury to infer that the original videotape and missing DD5s would be both relevant and favorable to the plaintiff's case; and 4) for any such other and further relief as the Court deems just and proper.

For a variety of reasons, defendants respectfully submit that plaintiff's motion is frivolous and without merit.  However, putting aside the merit of plaintiff's motion, this motion is premature and is made in direct contravention of Your Honor's prior Order and Your Honor's

Individual Rules of Practice. Accordingly, defendants respectfully request that plaintiff's motion be properly treated as a pre-trial submission and that any further briefing with respect to the motion be deferred.

On May 19, 2016, at the parties' status conference, Your Honor instructed plaintiff that:

> [T]o the extent you want me to address the spoliation now, prior to summary judgment or in connection with summary judgment, I'm going to want authority that addresses that issue…. 'that issue' being whether claimed spoliation is something that needs to be addressed in connection with summary judgment or whether it needs to be addressed in connection with summary judgment; whether it's appropriate in the context of this case; whether it's necessary in this case for the spoliation issue to be addressed in connection with summary judgment. I'll need you to show me some authority for that." May 19, 2016 Court Conference Transcript at 33:23-34:13 (Ex. A).

Your Honor further instructed plaintiff that "if you believe that you are entitled to some sort of relief with respect to spoliation in connection with summary judgment, you'll send me a letter by May 26th telling me that and citing authority for that proposition." *Id.* at 36:9-12.

Plaintiff filed a letter on May 23, 2016 at approximately 5:00 p.m., formally requesting that the issue of spoliation be addressed prior to and/or in connection with dispositive motion practice. *See* Docket No. 139. The very next morning, on May 24, 2016, at approximately 11:00 a.m., the Court denied plaintiff's application. *See* Docket No. 140. Nevertheless, completely ignoring Your Honor's ruling, plaintiff has now served a motion regarding spoliation anyway.

In addition pursuant to Your Honor's Individual Rules of Practice, pre-motion conferences are ***required*** for motions for sanctions. *See* Individual Rules of Practice of Judge Paul G. Gardephe, Civil Case, at ¶ 4.A. Prior to serving his motion for sanctions, plaintiff did not request a pre-motion conference, as required by Your Honor's Individual Rules of Practice, and, therefore, he did not receive permission to make the motion.

Accordingly, defendants respectfully request that plaintiff's motion for sanctions / spoliation be properly treated as a pre-trial submission and that any further briefing with respect to the motion be deferred.

Thank for you for your consideration of this matter.

Respectfully submitted,

/s/ Kavin Thadani_____

Kavin Thadani
Senior Counsel
Special Federal Litigation Division

cc: **BY ECF**
Michael Jaffe, Esq.
Richard Gross, Esq.
*Attorneys for Plaintiff*