UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

KENNETH CREIGHTON,

                                      Plaintiff,

            -against-

THE CITY OF NEW YORK, DETECTIVE DEAN ROBERTS (Shield No. 05861), DETECTIVE GLENN GODINO (Shield No. 2756), POLICE OFFICERS JOHN DOES 1-10 (names being fictitious and presently unknown and intended to be employees of the NYPD who were involved in Plaintiff's arrest, detention, imprisonment, and/or prosecution), DISTRICT ATTORNEY ROBERT T. JOHNSON, ASSISTANT DISTRICT ATTORNEY BRUCE BIRNS A/K/A BURNS, ASSISTANT DISTRICT ATTORNEY ED TALTY a/k/a ED TULTY and ASSISTANT DISTRICT ATTORNEY MICHAEL COOPER,

                                      Defendants.

------------------------------------------------------------------------ x

**DECLARATION OF KAVIN THADANI IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

1:12-cv-07454-PGG-DCF

       **KAVIN THADANI**, an attorney duly admitted to practice in the Courts of New York, declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following statements are true:

       1.     I am a Senior Counsel in the Office of Zachary Carter, Corporation Counsel of the City of New York, and the attorney for defendants City of New York, Dean Roberts, Glenn Godino, Robert T. Johnson, Bruce Birns and Ed Talty. As such, I am familiar with the facts and circumstances stated herein and submit this declaration in support of defendants' Motion for Summary Judgment.

2. Annexed hereto as Exhibit "A" is a copy of Complaint Report No. 2006-042-10774, which indicates the date, time and location of the shooting and indicates that victim John Caldwell sustained a gunshot wound to his head.

3. Annexed hereto as Exhibit "B" is a copy of an Unusual Occurrence Report, dated January 10, 2007, which indicates, *inter alia*, that victim John Caldwell died as a result of the gunshot wound to his head.

4. Annexed hereto as Exhibit "C" is a copy of the Criminal Complaint, dated January 10, 2007, which demonstrates, *inter alia*, that plaintiff was charged with Criminal Possession of a Weapon in the Second Degree, Criminal Facilitation in the Second Degree, and Criminal Possession of a Weapon in the Third Degree on the basis of information obtained from witnesses known to the New York City Police Department during an official investigation.

5. Annexed hereto as Exhibit "D" is a copy of Complaint Report No. 2006-042-10775, which indicates the date, time and location of the shooting and indicates that victim Lisette Ayala sustained a gunshot wound to her left leg.

6. Annexed hereto as Exhibit "E" is a copy of excerpts of the deposition transcript of Glenn Godino, which demonstrate, *inter alia*, that Detective Godino spoke with an eyewitness (the "Grand Jury Witness") who told him that he saw plaintiff hand a firearm to plaintiff's brother's Dior Creighton, inside of a bodega, and then saw Dior Creighton use that firearm in connection with a shooting.

7. Annexed hereto as Exhibit "F" (filed under seal) is a copy of excerpts of Glenn Godino's spiral notebook, which document some of the information Det. Godino obtained from the Grand Jury Witness.

8. Annexed hereto as Exhibit "G" is a copy of excerpts of the deposition transcript of Bruce Birns, which demonstrate, *inter alia*, that A.D.A. Birns met with the Grand Jury Witness prior to plaintiff's arrest.

9. Annexed hereto as Exhibit "H" is a copy of Arrest Report No. B07602959, which indicates that plaintiff was arrested on January 10, 2007 for handing a loaded firearm to an unapprehended subject who then used that firearm, which resulted in the fatal shooting of one victim and the non-fatal shooting of another victim.

10. Annexed hereto as Exhibit "I" is a copy of the Criminal Justice Agency Interview Report, dated January 10, 2007, which demonstrates that plaintiff was considered a high flight risk and was not recommended to be released on his recognizance.

11. Annexed hereto as Exhibit "J" is a copy of excerpts of the deposition transcript of Ed Talty, which demonstrates that the Criminal Justice Agency makes recommendations to the court regarding bail.

12. Annexed hereto as Exhibit "K" (filed under seal) is a copy of excerpts of the Grand Jury Minutes, dated January 16, 2007, which demonstrate, *inter alia*, that the Grand Jury Witness testified at the Grand Jury proceeding that he saw plaintiff pass a firearm to Dior Creighton and then saw Dior Creighton use that firearm in connection with a shooting.

13. Annexed hereto as Exhibit "L" is a copy of Indictment No. 639/2007, dated January 23, 2007, which demonstrate that plaintiff was indicted by the Grand Jury for two counts of Criminal Possession of a Weapon in the Second Degree and one count of Criminal Facilitation in the Second Degree.

14. Annexed hereto as Exhibit "M" is a copy of excerpts of the transcript of plaintiff's N.Y. Gen. Mun. L. § 50-h hearing.

15. Annexed hereto as Exhibit "N" is a copy of the Specification of Alleged Violation of Probation, which demonstrate that plaintiff was charged with violating the terms of his probation and a probation hold took effect against plaintiff.

16. Annexed hereto as Exhibit "O" is a copy of the Conditions of Probation, which demonstrate that, on November 21, 2005, plaintiff was sentenced to five years probation to expire on November 20, 2010 as a result of a conviction for Attempted Robbery in the Second Degree.

17. Annexed hereto as Exhibit "P" is a copy of excerpts of plaintiff's Probation File, which demonstrate that, on December 28, 2006, two days after the shooting and nearly two weeks before his arrest on January 10, 2007, plaintiff was advised by his probation officer that a Violation of Probation ("VOP") would be filed against him as a result of three arrests while on probation.

18. Annexed hereto as Exhibit "Q" is a copy of the May 1, 2007 Criminal Court Transcript, which demonstrate that the VOP tracked the criminal case, that bail was never set with respect to the VOP, and that plaintiff was remanded on the VOP instead.

19. Annexed hereto as Exhibit "R" is a copy of excerpts of the transcript of Michael Raskin, which demonstrate, *inter alia*, plaintiff's criminal defense attorney's understanding that, even if plaintiff had posted bail, he would have remained incarcerated as a result of the VOP and resulting probation hold.

20. Annexed hereto as Exhibit "S" is a copy of plaintiff's Omnibus Motion dated May 10, 2007 in the criminal proceeding, which demonstrate that, on May 10, 2007, plaintiff made a motion to, *inter alia*, inspect the Grand Jury minutes and to dismiss the indictment.

21. Annexed hereto as Exhibit "T" is a copy of criminal court Judge Troy Webber's Decision and Order dated October 23, 2007 in the criminal proceeding, which demonstrate, *inter alia*, that Judge Webber denied plaintiff's motions and found that the evidence presented to the Grand Jury established a *prima facie* case of the plaintiff's commission of the charges contained in the indictment and that the instructions on the law were adequate and complete.

22. Annexed hereto as Exhibit "U" is a copy of the Affirmation in Support of Motion to Consolidate Indictments served on May 12, 2008 in the criminal proceeding.

23. Annexed hereto as Exhibit "V" is a copy of criminal court Judge Troy Webber's Order dated August 7, 2008 in the criminal proceeding, which indicates that Judge Webber held the motion to consolidate in abeyance pending resolution of all pre-trial hearings.

24. Annexed hereto as Exhibit "W" is a copy of plaintiff's Habeas Corpus Petition, which demonstrate, *inter alia*, that plaintiff was in possession of a surveillance videotape and documents produced by the District Attorney's Office during discovery, including a signed statement by Fawaz Tareb, in which he states that he observed an individual other than plaintiff hand a firearm to Dior Creighton, and a signed photo array, in which Mr. Tareb identifies that other individual.

25. Annexed hereto as Exhibit "X" is a copy of excerpts of plaintiff's deposition transcript, which further confirm that plaintiff was in possession of the documents and items produced by the District Attorney's Office.

26. Annexed hereto as Exhibit "Y" is a copy of the Recommendation for Dismissal filed on January 18, 2012 in the criminal proceeding, which demonstrate, *inter alia*, that A.D.A. Theresa Gottlieb recommended dismissal of the charges against plaintiff because she was unable to locate the Grand Jury Witness and, as a result, would not be able to proceed to trial.

27. Annexed hereto as Exhibit "Z" is a copy of the January 19, 2012 Criminal Court Transcript, which demonstrate that the indictment against plaintiff was dismissed due to the inability to locate a necessary eyewitness, specifically the Grand Jury Witness, and that plaintiff pled guilty to the VOP and was sentenced to time served.

28. Annexed hereto as Exhibit "AA" is a copy of excepts of the transcript of the proceedings held before Honorable Paul G. Gardephe in the United States District Court of the Southern District of New York on May 19, 2016, which demonstrate, *inter alia,* that the Court expressed concerns with respect to the viability of the majority of plaintiff's claims.

Dated: New York, New York
       June 27, 2016

                      ZACHARY W. CARTER
                      Corporation Counsel of the City of New York
                      *Attorney for Defendants*
                      100 Church Street
                      New York, New York 10007
                      (212) 356-2351

By: _____
      Kavin Thadani
      Senior Counsel
      Special Federal Litigation Division

TO: **VIA HAND DELIVERY AND EMAIL**
      Richard Gross, Esq.
      Michael Jaffe, Esq. (via email only)
      *Attorneys for Plaintiff*