UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KENNETH CREIGHTON,

                                                Plaintiff,

              -against-

THE CITY OF NEW YORK, DETECTIVE DEAN
ROBERTS (Shield No. 05861), DETECTIVE GLENN
GODINO (Shield No. 2756), POLICE OFFICERS JOHN
DOES 1-10 (names being fictitious and presently unknown
and intended to be employees of the NYPD who were
involved in Plaintiff's arrest, detention, imprisonment,
and/or prosecution), DISTRICT ATTORNEY ROBERT T.
JOHNSON, ASSISTANT DISTRICT ATTORNEY
BRUCE BIRNS A/K/A BURNS, ASSISTANT DISTRICT
ATTORNEY ED TALTY a/k/a ED TULTY and
ASSISTANT DISTRICT ATTORNEY MICHAEL
COOPER,

                                                Defendants.

**DECLARATION OF KAVIN THADANI IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

1:12-cv-07454-PGG-DCF

------------------------------------------------------------------------ x

      **KAVIN THADANI**, an attorney duly admitted to practice in the Courts of New York, declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following statements are true:

      1.      I am a Senior Counsel in the Office of Zachary Carter, Corporation Counsel of the City of New York, and the attorney for defendants City of New York, Dean Roberts, Glenn Godino, Robert T. Johnson, Bruce Birns and Ed Talty. As such, I am familiar with the facts and circumstances stated herein and submit this declaration in support of defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment.

2.	Annexed hereto as Exhibit "A" are copies of still photographs which were taken from the surveillance footage recovered from the bodega and which demonstrate that an attempt was made to enhance the images for identification purposes.

3.	Annexed hereto as Exhibit "B" is, upon information and belief, a copy of a photograph of the original videotape containing the surveillance footage recovered from the bodega and a photograph of a duplicate videotape which was created and produced to plaintiff by the Bronx District Attorney's Office during the criminal case.

4.	Annexed hereto as Exhibit "C" is a copy of a transcript of the December 13, 2007 criminal court proceeding which demonstrates, *inter alia*, that a copy of the surveillance videotape was created and produced to plaintiff by the Bronx District Attorney's Office and that plaintiff's criminal defense attorney received and reviewed that videotape.

5.	Annexed hereto as Exhibit "D" is a copy of a homicide arrest memorandum which demonstrates, *inter alia*, that the Bronx District Attorney's Office was aware that both a "CI" and Fawaz Terab were witnesses to the December 26, 2006 incident.

6.	Annexed hereto as Exhibit "E" is a copy of a transfer memorandum which demonstrates, *inter alia*, that the Bronx District Attorney's Office was aware that a "CI" was a witness to the December 26, 2006 incident.

7.	Annexed hereto as Exhibit "F" is a copy of a transcript of a March 8, 2016 criminal court proceeding which demonstrates, *inter alia*, that plaintiff represented to the court, through his criminal defense attorney, that he loaned Mr. Terab $15,000 sometime after this release in January 2012.

8.	Annexed hereto as Exhibit "G" is a copy of excerpts of the deposition transcript of plaintiff from May 27, 2016 which demonstrate, *inter alia*, that plaintiff invoked his 5th

Amendment right against self-incrimination when asked about whether he ever paid Mr. Terab to make any statements in connection with this case, whether he ever promised Mr. Terab any money for his testimony in this case, and whether he ever paid Mr. Terab any money to testify that he saw Kijafa Spruell pass the gun, instead of him, and when asked about whether he ever threatened physical injury, threatened to kill, pushed, punched, hit, or fought with Mr. Terab, and when asked about whether he ever threatened any violence towards Mr. Terab so that he would testify he saw Mr. Spruell pass the gun, instead of him.

9. Annexed hereto as Exhibit "H" is a copy of a criminal court complaint dated March 7, 2016, which demonstrates, *inter alia*, that Mr. Terab has stated that plaintiff has threatened to kill him.

10. Annexed hereto as Exhibit "I" is a copy of a letter dated August 19, 2011 from A.D.A. Theresa Gottlieb to plaintiff's criminal defense attorney which demonstrates that, on August 9, 2011, plaintiff was identified as the person who passed a gun to Dior Creighton inside the bodega on December 26, 2006 based on a review of surveillance footage.

Dated: New York, New York
       July 19, 2016

                        ZACHARY W. CARTER
                        Corporation Counsel of the City of New York
                        *Attorney for Defendants*
                        100 Church Street
                        New York, New York  10007
                        (212) 356-2351

By:      _/s/ Kavin Thadani_
                        Kavin Thadani
                        Senior Counsel
                        Special Federal Litigation Division

TO:   **VIA HAND DELIVERY AND EMAIL**
       Richard Gross, Esq.
       Michael Jaffe, Esq. (via email only)
       *Attorneys for Plaintiff*