1:12-cv-07454-PGG-DCF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH CREIGHTON,

Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE DEAN
ROBERTS (Shield No. 05861), DETECTIVE GLENN
GODINO (Shield No. 2756), POLICE OFFICERS JOHN
DOES 1-10 (names being fictitious and presently
unknown and intended to be employees of the NYPD who
were involved in Plaintiff's arrest, detention,
imprisonment, and/or prosecution), DISTRICT
ATTORNEY ROBERT T. JOHNSON, ASSISTANT
DISTRICT ATTORNEY BRUCE BIRNS A/K/A
BURNS, ASSISTANT DISTRICT ATTORNEY ED
TALTY a/k/a ED TULTY and ASSISTANT DISTRICT
ATTORNEY MICHAEL COOPER,

Defendants.

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Kavin Thadani*
*Tel: (212) 356-2351*
*Matter No. 2012-006428*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ........................................................................ 2

STANDARD OF LAW ...................................................................................... 3

ARGUMENT

      POINT I

             PLAINTIFF IS NOT ENTITLED TO SUMMARY
             JUDGMENT ON HIS FALSE ARREST CLAIM .................................... 4

             A.  Plaintiff's Motion Fails Because He Relies
                  Almost Entirely Upon Disputed Facts ................................................. 4

             B.  Plaintiff's Motion Fails Because There Was
                  Probable Cause To Arrest On The Basis Of
                  Information Obtained From A Credible
                  Eyewitness ............................................................................................ 6

             C.  Plaintiff's Attempts To Distract The Court
                  From The Relevant Issues Does Not Alter The
                  Conclusion That There Was Probable Cause To
                  Arrest Plaintiff .................................................................................. 10

      POINT II

             PLAINTIFF IS NOT ENTITLED TO SUMMARY
             JUDGMENT ON HIS MALICIOUS
             PROSECUTION CLAIMS ...................................................................... 13

      POINT III

             PLAINTIFF IS NOT ENTITLED TO SUMMARY
             JUDGMENT ON HIS PROCEDURAL AND
             SUBSTANTIVE DUE PROCESS CLAIMS ........................................... 16

CONCLUSION ................................................................................................. 18

## TABLE OF AUTHORITIES

**Cases**                                                                                                                          **Pages**

*Asberry v. Hartford Life & Acc. Ins. Co.*,
   No. 14-CV-69 (JMF), 2015 U.S. Dist. LEXIS 24128 (S.D.N.Y. Feb. 27, 2015).....................3

*B.F. Goodrich v. Betkoski*,
   99 F.3d 505 (2d Cir. 1996)....................................................................................................11

*Benn v. Kissane*,
   510 F. App'x 34 (2d Cir. 2013) ...........................................................................................13

*Bermudez v. City of New York*,
   790 F.3d 368 (2d Cir. 2015)................................................................................................17

*Bernard v. United States*,
   25 F.3d 98 (2d Cir. 1994) ...............................................................................................6, 7

*Biswas v. City of New York*,
   973 F. Supp. 2d 504 (S.D.N.Y. 2013)................................................................................17

*Brod v. Omya, Inc.*,
   653 F.3d 156 (2d Cir. 2011)..................................................................................................3

*Brown v. New York*,
   459 N.Y.S.2d 589 (N.Y. App. Div. 1983) ..........................................................................14

*Candelario v. City of New York*,
   No. 12 Civ. 1206 (LAP),
   2013 U.S. Dist. LEXIS 48412 (S.D.N.Y. Mar. 29, 2013) ......................................................7

*Colon v. City of New York*,
   455 N.E.2d 1248 (N.Y. 1983)................................................................................................7

*Crews v. County of Nassau*,
   996 F. Supp. 2d 186 (E.D.N.Y. 2014) .............................................................................9, 10

*Curley v. Vill. of Suffern*,
   268 F.3d 65 (2d Cir. 2001)...............................................................................................5, 10

*De Michele v. City of New York*,
   No. 09 Civ. 9334 (PGG),
   2012 U.S. Dist. LEXIS 136460 (S.D.N.Y. Sept. 24, 2012) (Gardephe, J.)..............6, 7, 13, 14

*Delamota v. City of New York*,
   No. 14-cv-5888 (NG),
   2016 U.S. Dist. LEXIS 68130 (E.D.N.Y. May 23, 2016) ....................................................17

**Cases**                                                                **Pages**

*Gisondi v. Harrison*,
    528 N.E.2d 157 (N.Y. 1988) .................................................................5, 10

*Heublein, Inc. v. United States*,
    996 F.2d 1455 (2d Cir. 1993) .....................................................................3

*Jean v. Montina*,
    412 F. App'x 352 (2d Cir. 2011) ..............................................................16

*Kramer v. New York*,
    569 N.Y.S.2d 67 (N.Y. App. Div. 1991) ....................................................6

*Martinez v. Simonetti*,
    202 F.3d 625 (2d Cir. 2000) ......................................................................6

*Ohlsson v. JBC Bowl Corp.*,
    No. 99-cv-0890E(F),
    2001 U.S. Dist. LEXIS 15359 (W.D.N.Y. Sept. 14, 2001) ......................11

*Osuna v. City of New York*,
    No. 08 Civ. 4759 (JSR),
    2009 U.S. Dist. LEXIS 66282 (S.D.N.Y. July 28, 2009) ........................17

*Panetta v. Crowley*,
    460 F.3d 388 (2d Cir. 2006) .................................................................4, 5

*Pawlicki v. City of Ithaca*,
    993 F. Supp. 140 (N.D.N.Y. 1998) ............................................................9

*Present v. Avon Prods, Inc.*,
    687 N.Y.S.2d 330 (N.Y. App. Div. 1999) ................................................15

*Singer v. Fulton County Sheriff*,
    63 F.3d 110 (2d Cir. 1995) .........................................................................6

*Stansbury v. Wertman*,
    721 F.3d 84 (2d Cir. 2013) .......................................................................14

*Stern v. Shammas*,
    No. 12-CV-5210 (NGG) (RER),
    2015 U.S. Dist. LEXIS 97879 (E.D.N.Y. July 27, 2015) ........................12

*Swinton v. City of New York*,
    785 F. Supp. 2d 3 (E.D.N.Y. 2011) ..........................................................13

**Cases**                                                                    **Pages**

*United States v. Williams,*
    504 U.S. 36 (1992)..........................................................................................15

*Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd.,*
    661 F.3d 164 (2d Cir. 2011).............................................................................3

*Wahhab v. City of New York,*
    386 F. Supp. 2d 277 (S.D.N.Y. 2005)..............................................................6

**Statutes**

Fed. R. Civ. P. 56 ............................................................................................3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KENNETH CREIGHTON,

                                            Plaintiff,

                      -against-

THE CITY OF NEW YORK, DETECTIVE DEAN
ROBERTS (Shield No. 05861), DETECTIVE GLENN
GODINO (Shield No. 2756), POLICE OFFICERS JOHN
DOES 1-10 (names being fictitious and presently unknown
and intended to be employees of the NYPD who were
involved in Plaintiff's arrest, detention, imprisonment,
and/or prosecution), DISTRICT ATTORNEY ROBERT T.
JOHNSON, ASSISTANT DISTRICT ATTORNEY
BRUCE BIRNS A/K/A BURNS, ASSISTANT DISTRICT
ATTORNEY ED TALTY a/k/a ED TULTY and
ASSISTANT DISTRICT ATTORNEY MICHAEL
COOPER,

                                            Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
MEMORANDUM OF LAW
IN OPPOSITION TO
PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT**

1:12-cv-07454-PGG-DCF

        Defendants City of New York ("City"), Detective Dean Roberts ("Roberts"), Detective

Glenn Godino ("Godino"), District Attorney Robert T. Johnson ("Johnson"),[1] Assistant District

Attorney Bruce Birns ("Birns"), and Assistant District Attorney Ed Talty ("Talty"),[2] by their

attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit

this Memorandum of Law in opposition to plaintiff's motion for partial summary judgment.

---

[1]    Plaintiff has agreed to withdraw all claims against Johnson. *See, e.g.,* Docket Nos. 82, 141.

[2]    Assistant District Attorney Michael Cooper was never served and, therefore, is not a proper
party to this action.

## PRELIMINARY STATEMENT

Plaintiff's frivolous motion for partial summary judgment is based almost entirely upon disputed facts and a fundamental misunderstanding of the law.  On the undisputed facts, there was probable cause and, at a minimum, "arguable probable cause," to arrest and prosecute plaintiff for criminal facilitation and criminal possession of a weapon based on information provided by a credible eyewitness that, on December 26, 2006, he saw plaintiff hand a firearm to plaintiff's brother, Dior Creighton, which was then used in connection with a shooting that resulted in the death of one individual and serious injury to another.

In a hopelessly weak attempt to refute that inescapable conclusion, throughout his motion, plaintiff relies heavily upon alleged conflicting evidence – specifically, an identification made by Fawaz Terab of another individual, Kijafa Spruell – to argue that there was no probable cause to arrest and prosecute him.  In fact, plaintiff's motion rests almost entirely upon this supposed alternate identification.  But what plaintiff disingenuously fails to mention is that there is ample evidence in the record supporting the fact that, prior to plaintiff's arrest, Mr. Terab recanted his initial identification of Mr. Spruell and indicated that his view was obstructed, that he assumed it was Mr. Spruell because Dior Creighton and Mr. Spruell were always together, and that he had been mistaken.  Mr. Terab then identified plaintiff as the person who handed the firearm to Dior Creighton based on a review of the surveillance footage.  Therefore, at the time of plaintiff's arrest, there was no conflicting or contradictory evidence with respect to the identity of the person who handed the firearm to Dior Creighton.  All eyewitnesses who came forward informed the police that plaintiff handed the firearm to Dior Creighton.

In any event, even assuming *arguendo* that there was conflicting evidence with respect to whether plaintiff handed a firearm to Dior Creighton on December 26, 2006, plaintiff's motion still fails because it is well-settled that probable cause is not vitiated by the existence of

2

conflicting or competing evidence.  Therefore, plaintiff is unable to establish the lack of probable cause as a matter of law, even when relying upon disputed facts concerning Mr. Terab's identification.  Therefore, as explained in their motion for summary judgment, it is defendants, not plaintiff, who are entitled to summary judgment as a matter of law.

## STANDARD OF LAW

Summary judgment is warranted when the Court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56 (a).  In deciding a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant."  *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks and citation omitted).  "When, as in this case, both sides move for summary judgment, the district court is 'required to assess each motion on its own merits and to view the evidence in the light most favorable to the party opposing the motion, drawing all reasonable inferences in favor of that party.'"  *Asberry v. Hartford Life & Acc. Ins. Co.*, No. 14-CV-69 (JMF), 2015 U.S. Dist. LEXIS 24128, at *3 (S.D.N.Y. Feb. 27, 2015) (quoting *Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 171 (2d Cir. 2011)). Thus, "neither side is barred from asserting that there are issues of fact, sufficient to prevent the entry of judgment, as a matter of law, against it."  *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993).

## ARGUMENT

### POINT I
### PLAINTIFF IS NOT ENTITLED TO
### SUMMARY JUDGMENT ON HIS
### FALSE ARREST CLAIM

**A.   Plaintiff's Motion Fails Because He Relies Almost Entirely Upon Disputed Facts**

Plaintiff's motion for summary judgment with respect to his false arrest claim rests almost entirely upon an identification made by Fawaz Terab of Kijafa Spruell as the person who handed a firearm to Dior Creighton on December 26, 2006.   Plaintiff argues that this identification negates probable cause to arrest plaintiff as a matter of law, even though an eyewitness informed the police that he saw plaintiff hand the firearm to Dior Creighton.

However, plaintiff fails to mention at any point in his motion, aside from a vague reference buried in a footnote, *see* Plaintiff's Mem. of Law at 4, n.1, that, prior to plaintiff's arrest, Mr. Terab recanted his initial identification of Mr. Spruell and indicated that his view was obstructed, that he assumed it was Mr. Spruell because Dior Creighton and Mr. Spruell were always together, and that he had been mistaken.   *See, e.g.,* Defendants' Response to Plaintiff's Statement Pursuant to Local Rule 56.1 ("Response Stmt.") at ¶ 123.   In addition, Mr. Terab then identified plaintiff as the person who passed the gun to Dior Creighton based on his review of the surveillance footage.   *See id.*   Therefore, when plaintiff was arrested on January 10, 2007, the detectives were armed with two independent identifications of plaintiff as the person who handed a firearm to Dior Creighton, and no conflicting or contradictory evidence whatsoever.

Instead of addressing Mr. Terab's recantation and identification of plaintiff, plaintiff falsely represents that Mr. Terab's initial identification of Mr. Spruell was not thoroughly investigated and that the detectives made no further inquiry.   As an initial matter, it is well-settled that "[o]nce a police officer has a reasonable basis to believe there is probable cause to

4

arrest, he is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest." *Panetta v. Crowley*, 460 F.3d 388, 396 (2d Cir. 2006) (quoting *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001)). "Nor does it matter that an investigation might have cast doubt upon the basis for the arrest." *Id.* Quite simply, "[t]he police are not obligated to pursue every lead that may yield evidence beneficial to the accused, even though they had knowledge of the lead and the capacity to investigate it." *Gisondi v. Harrison*, 528 N.E.2d 157, 160 (N.Y. 1988).

In any event, after receiving conflicting and contradictory information from a separate eyewitness with respect to the identity of the person who handed the firearm to Dior Creighton, Det. Godino, the lead detective during the investigation, had a telephone conversation with Mr. Terab in which he recanted his initial identification, indicated that his view was obstructed, and stated that his identification was based upon an assumption and that he may be mistaken. *See* Response Stmt. at ¶ 140. Det. Godino then had Mr. Terab come back to the police precinct to view the surveillance footage, at which point Mr. Terab identified plaintiff as the one who handed the firearm off in his bodega. *See id.*

Although Mr. Terab has denied recanting his initial identification of Mr. Spruell and has denied identifying plaintiff,[3] there is ample evidence to support that he did. Thus, for this reason alone, plaintiff's motion for summary judgment with respect to his false arrest claim (and his malicious prosecution and due process claims) fails because his entire argument in support of his

---

[3]    Mr. Terab's denial of identifying plaintiff as the one who handed a firearm to Dior Creighton is entirely unsurprising. Indeed, Mr. Terab has indicated that he would ***never*** repeat that it was plaintiff who handed off the firearm in his bodega citing a genuine fear of his safety and well-being. *See, e.g.,* Response Stmt. at ¶ 59. There is also a very real question as to whether plaintiff and Mr. Terab have engaged in some sort of financial arrangement in which plaintiff has either paid and/or loaned Mr. Terab a substantial amount of money in return for his testimony that it was Kijafa Spruell who handed off the firearm in his bodega. *See, e.g., id.*

motion is based upon a genuine issue of material fact and the Court must construe the facts in the light most favorable to the defendants, as the non-moving parties.

### B. Plaintiff's Motion Fails Because There Was Probable Cause To Arrest On The Basis Of Information Obtained From A Credible Eyewitness

It is well-settled that probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (internal quotation marks and citations omitted). Probable cause requires only a probability, and not 'hard certainties' or even a *prima facie* showing of criminal activity." *De Michele v. City of New York*, No. 09 Civ. 9334 (PGG), 2012 U.S. Dist. LEXIS 136460, at *37 (S.D.N.Y. Sept. 24, 2012) (Gardephe, J.) (citation omitted).

Information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest. *See, e.g., Kramer v. New York*, 569 N.Y.S.2d 67, 68 (N.Y. App. Div. 1991); *see also, e.g., De Michele*, 2012 U.S. Dist. LEXIS 136460, at *20-21 (Gardephe, J.) ("'It is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness."') (quoting *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000)); *Wahhab v. City of New York*, 386 F. Supp. 2d 277, 287 (S.D.N.Y. 2005) ("Probable cause will generally be found to exist when an officer is advised of a crime by a victim or an eyewitness.").

Because an unequivocal identification of a suspect received by police from a victim or eyewitness can provide probable cause then, "[a]ssuming the information . . . relied upon was wrong, probable cause exists even where it is based upon mistaken information, so long as the arresting officer was reasonable in relying on that information." *Bernard v. United States*, 25

F.3d 98, 103 (2d Cir. 1994) (citing *Colon v. City of New York*, 455 N.E.2d 1248, 1250 (N.Y. 1983)); *see also, e.g., Candelario v. City of New York*, No. 12 Civ. 1206 (LAP), 2013 U.S. Dist. LEXIS 48412, at *15 (S.D.N.Y. Mar. 29, 2013) ("An 'eyewitness's unequivocal identification of an individual as the perpetrator of the crime generally establishes probable cause, as long as it is reasonable to believe the eyewitness under the circumstances.'") (citation omitted); *De Michele*, 2012 U.S. Dist. LEXIS 136460, at *22-23 (Gardephe, J.) ("A witness identification that later proves mistaken may nonetheless provide a basis to find probable cause.").

Here, there was probable cause to arrest plaintiff based solely upon the information obtained from an eyewitness who informed the police and the prosecutors that he saw plaintiff hand a firearm to plaintiff's brother, Dior Creighton, and then saw Dior Creighton use that firearm in connection with a shooting that resulted in the death of one person and serious injury to another. *See, e.g.,* Response Stmt. at ¶ 68. Dior Creighton has since pled guilty to attempted murder as a result. *See id.* at ¶ 187. Unlike Mr. Terab, this eyewitness has never expressed any doubt or hesitation as to what he saw on December 26, 2006. *See id.* at ¶ 196.

Therefore, plaintiff has resorted to disingenuously attacking the credibility and reliability of this eyewitness. Plaintiff first insists on referring to this eyewitness as a "confidential informant" or "CI" despite the fact that this eyewitness was not acting in the capacity of a confidential informant as it relates to what he witnessed on December 26, 2006, although he happened to be an active confidential informant at the time. *See, e.g., id.* at ¶ 48. Contrary to plaintiff's assertions, A.D.A. Birns was aware that the eyewitness had a prior or current relationship with the N.Y.P.D. as an informant. *See, e.g., id.* at ¶ 136.[4]

---

[4] A.D.A. Talty was also aware that one of the eyewitnesses had a history as a "confidential informant." *See, e.g., id.* at ¶ 192.

In addition, the fact that this particular eyewitness had provided useful, reliable and credible information in the past, including to Det. Godino in a prior shooting case, makes the eyewitness *more* reliable, not less.  *See id.* at ¶ 88.  Unlike a generic citizen witness, this eyewitness had a proven track record of providing useful, reliable and credible information. Moreover, both the police and the prosecutor determined that the eyewitness's information was reliable and corroborated in this case.  For example, Det. Godino concluded that the eyewitness was in a position to see plaintiff hand off the firearm to Dior Creighton, learned that the eyewitness ███████████████████████████████, thus obviating the possibility of a misidentification, and determined that there was nothing to indicate that the eyewitness had any animosity or ill feelings towards plaintiff or Dior Creighton.  *See, e.g., id.* at ¶¶ 58, 90, 92. Similarly, A.D.A. Birns was also able to confirm that the eyewitness was inside the bodega when he saw plaintiff hand the firearm to Dior Creighton, concluded that the surveillance footage corroborated the information being provided by the eyewitness, and found the eyewitness to be reliable.  *See, e.g., id.* at ¶¶ 58, 121.[5,6]

Therefore, the eyewitness provided reasonably trustworthy information and the circumstances did not raise doubt as to his veracity.  There were no grounds for questioning the

---

[5]    Plaintiff's assertions that the eyewitness was inhibited by recreational drugs or motivated by money is contrary to evidence in the record that the eyewitness was not using drugs on a regular basis around the relevant time period and did not take any drugs on the date of the incident, let alone at the time of incident, and that no one promised him any money, that he was not expecting to receive any money, and that he was not trying to get any money; rather the eyewitness unexpectedly received only a paltry $100 *after* he testified at the grand jury proceeding.  *See, e.g., id.* at ¶¶ 202-204.  Plaintiff's reference to the eyewitness testifying under a false name before the grand jury is irrelevant as to whether there was probable cause at the time of plaintiff's arrest.

[6]    Plaintiff's reference to defendants' discovery responses does not change the fact that there is ample evidence in the record to establish that not only were plaintiff, Dior Creighton and the eyewitness present in the bodega, but so were other, unidentified individuals.  *See, e.g., id.* at ¶ 194.

credibility or reliability of the eyewitness.[7]   However, the same cannot be said for Mr. Terab who first indicated that he didn't see anything and then later indicated that his view was obstructed, not to mention his recantation and his motivations to be untruthful.  *See, e.g., id.* at ¶¶ 20, 59, 123.

For some reason, plaintiff repeatedly emphasizes that the information Det. Godino obtained from the eyewitness was not documented anywhere except for in an undated entry in his spiral notebook.  But, the fact of the matter is, Det. Godino's meeting with the eyewitness and the information which he obtained at that meeting was recorded, and it is undisputed that Det. Godino met with the eyewitness before plaintiff was arrested.  *See, e.g., id.* at ¶¶ 49, 68, 86. The form of that documentation has no bearing whatsoever on whether there was probable cause to arrest plaintiff.

Even assuming *arguendo* that Mr. Terab never recanted his identification of Mr. Spruell, which would be improper here, plaintiff's motion still fails because probable cause is ***not*** vitiated by the existence of conflicting or competing evidence.  Rather, "when an arresting officer is faced with competing accounts from different eyewitnesses, an officer is entitled to make an arrest based on believing the testimony of one side or the other."  *Pawlicki v. City of Ithaca*, 993 F. Supp. 140, 145 (N.D.N.Y. 1998).  Thus, "[t]he Second Circuit has held consistently that conflicting accounts of a crime do not vitiate the probable cause established by an eyewitness identification . . . of a crime."  *Crews v. County of Nassau*, 996 F. Supp. 2d 186, 205 (E.D.N.Y.

---

[7]  Plaintiff misrepresents the eyewitness's deposition testimony and, specifically, his identification of Mr. Spruell.  Rather, at his deposition, the eyewitness identified plaintiff on the surveillance footage as the person who passed the gun to Dior Creighton and explained that he mistakenly identified Mr. Spruell at first, and explained why he did so.  *See, e.g., id.* at ¶ 196.  In any event, the eyewitness' identifications at his deposition are irrelevant because, the eyewitness's identification to police was not based upon any surveillance footage and his identification was made nearly ten years ago.

2014) (citing cases); *see also, e.g., Curley*, 268 F.3d at 70 (conflicting accounts of arrestee and two eyewitnesses did not undermine probable cause established by eyewitness's statements inculpating arrestee).

Although conflicting evidence may be relevant to the issue of whether guilt beyond a reasonable doubt could have been proved at a criminal trial, it has no bearing on whether there was sufficient evidence to show probable cause to believe that plaintiff committed the charged crimes. *See, e.g., Gisondi*, 528 N.E.2d at 160.

Therefore, plaintiff cannot prevail on his motion for summary judgment with respect to his false arrest claim.

### C.   Plaintiff's Attempts To Distract The Court From The Relevant Issues Does Not Alter The Conclusion That There Was Probable Cause To Arrest Plaintiff

Although it has no bearing on whether there was probable cause to arrest plaintiff, plaintiff falsely represents that A.D.A. Birns and A.D.A. Talty were not made aware of Mr. Terab's initial identification of Mr. Spruell.  Rather, the evidence supports only that Birns and Talty have no present recollection of being so informed, not that they were not in fact made aware.  *See, e.g.,* Response Stmt. at ¶¶ 126, 141.  Indeed, Det. Godino testified that he thinks he did inform A.D.A. Birns about Mr. Terab's initial identification and that he doesn't think there is any possibility that he didn't.  *See, e.g., id.* at ¶ 141.  In addition, A.D.A. Birns recalls being informed of someone who worked at the bodega but whose view was obstructed and, therefore, did not get a good look at what took place, which quite accurately describes Mr. Terab's role here.  *See, e.g., id.*

Furthermore, Mr. Terab's initial statement and signed photo array, among many other documents, were produced to plaintiff by the Bronx District Attorney's Office during the criminal case so the argument that the ADAs were not aware of these documents and Mr.

Terab's initial identification of Mr. Spruell borders on nonsensical.  *See, e.g., id.* at ¶ 131.  It should also be noted that upon receiving these documents, plaintiff's criminal defense attorney made no bail application, or any other motion for that matter.  *See, e.g., id.*

Plaintiff's references to the opinions of A.D.A. Birns and Talty regarding arrest authorization and/or probable cause, which are entirely irrelevant for the purposes of whether there was probable cause as a matter of law, are based upon inaccurate and incomplete hypothetical facts, which they were asked to assume as true.  Not surprisingly, plaintiff's deposition tactics have found their way into his motion practice as plaintiff's summary judgment motion is similarly based upon an inaccurate and incomplete recitation of the facts.

Plaintiff's citations to search warrant cases (plaintiff falsely misrepresents that these cases involve applications for arrest warrants) are not at all instructive here because the police were dealing with an eyewitness with an informant background, not a confidential informant tasked with a specific assignment, such as to conduct a "buy and bust" operation.  In any event, as explained above, the eyewitness's credibility was established by his proven track record and his information was corroborated by the surveillance footage.

Plaintiff's reliance on his supposed expert, Walter Signorelli, is palpably improper.  As an initial matter, defendants note that they did not receive a proper expert disclosure until June 30, 2016.  Of course, defendants have not had the opportunity to depose Mr. Signorelli or rebut his opinions with an expert report.  In any event, "[w]hen ruling on a motion for summary judgment, a court may consider the affidavit of an expert witness ***only*** if that expert's testimony would be admissible at trial.  *Ohlsson v. JBC Bowl Corp.*, No. 99-cv-0890E(F), 2001 U.S. Dist. LEXIS 15359, at *11 (W.D.N.Y. Sept. 14, 2001) (citing *B.F. Goodrich v. Betkoski*, 99 F.3d 505, 525-527 (2d Cir. 1996)) (emphasis added).   Here, Mr. Signorelli's opinions, just like plaintiff's

motion, are based upon an incomplete and inaccurate set of facts, which he assumed as true, and constitute nothing more than a reiteration of plaintiff's legal and fact arguments through a paid mouthpiece.  In addition, Mr. Signorelli is not qualified, nor is he able, to offer legal conclusions, such as whether defendants lacked probable cause to arrest plaintiff.  *See, e.g., Stern v. Shammas*, No. 12-CV-5210 (NGG) (RER), 2015 U.S. Dist. LEXIS 97879, at *8-9 (E.D.N.Y. July 27, 2015) (holding that Mr. Signorelli "cannot testify as an expert regarding certain matters" and "cannot offer legal conclusions" such as "that Defendants lacked probable cause to make an arrest").

Plaintiff's arguments with respect to Det. Roberts are also without merit.  Det. Roberts not only was able to personally identify plaintiff from the surveillance footage based upon his prior familiarity with him, but correctly believed, based upon information he received from Det. Godino, that Mr. Terab had identified plaintiff as the person who handed off a firearm in the bodega and that a "confidential informant" was an eyewitness in the case.  *See, e.g.,* Response Stmt. at ¶¶ 36, 94, 97.

Plaintiff attempts to distract the Court with a variety of other irrelevant issues, such as the alleged loss of documents and a videotape, which have no bearing on the existence of probable cause to arrest, and which either completely lack proper evidentiary support and/or are directly disputed by other evidence in any event.  Therefore, for the sake of brevity and to avoid wasting the Court's time any further with plaintiff's frivolous motion, defendants respectfully refer the Court to their Response to Plaintiff's Statement Pursuant to Local Rule 56.1.

Quite simply, there was probable cause to arrest plaintiff based not only upon the information obtained from an eyewitness with a long and proven track record of providing useful, reliable and credible information, including with respect to shootings within the 42nd Precinct, whose information was corroborated by surveillance footage, that he saw plaintiff hand

a firearm to Dior Creighton, which was then used in connection with a fatal shooting, but also based upon an identification by Mr. Terab, a second, independent witness, who identified plaintiff on the surveillance footage.

Accordingly, plaintiff's motion for summary judgment with respect to his false arrest claim should be denied because there was probable cause to arrest plaintiff as a matter of law.  In addition, there was at least "arguable probable cause" to arrest plaintiff because it was certainly objectively reasonable to believe there was probable cause to arrest plaintiff on the basis of the information obtained from the eyewitness that he saw plaintiff hand a firearm to Dior Creighton, even assuming *arguendo* that there was a conflicting eyewitness account.  *See, e.g., Benn v. Kissane*, 510 F. App'x 34, 38 (2d Cir. 2013) (finding defendant officers entitled to qualified immunity for arrest and prosecution of plaintiff for arson despite differing eyewitness accounts).

Finally, A.D.A. Birns and A.D.A. Talty are also entitled to absolute immunity even though they authorized plaintiff's arrest because courts have denied prosecutors absolute immunity only for initiating arrests 'without probable cause.'"  *Swinton v. City of New York*, 785 F. Supp. 2d 3, 9 (E.D.N.Y. 2011) (citation omitted).  "For authorizing an arrest indisputably based on probable cause, prosecutors are entitled to absolute immunity." *Id.* [8]

**POINT II**
**PLAINTIFF IS NOT ENTITLED TO**
**SUMMARY JUDGMENT ON HIS**
**MALICIOUS PROSECUTION CLAIMS**

"Courts considering a malicious prosecution claim must determine whether, at the time a prosecution as commended, 'there was probable cause to believe the criminal proceeding could

---

[8]   To the extent plaintiff seeks to hold the City vicariously liable with respect to his false arrest claim under the doctrine of *respondeat superior*, defendants note that plaintiff has not pleaded a claim for relief under such doctrine in his Amended Complaint and, therefore, any such claim for relief has been waived and is unavailable.

succeed and, hence, should be commended.'" *De Michele*, 2012 U.S. Dist. LEXIS 136460, at *
57 (Gardephe, J.) (citation omitted).  "As with a false arrest claim, the presence of probable
cause is a **complete defense** to an action for malicious prosecution."  *Id.*  (internal quotation
marks and citation omitted) (emphasis added).  "[P]robable cause does not require a 'certitude'
that a crime has been committed by a suspect.  Rather, a malicious prosecution connotes a
decision to proceed maliciously with the prosecution of an individual where probable cause is
**clearly** lacking."  *Brown v. New York*, 459 N.Y.S.2d 589, 591 (N.Y. App. Div. 1983) (emphasis
added) (internal citation omitted).  "[O]nce probable cause has been established, it is impossible
for plaintiff to prevail on a malicious prosecution claim as a matter of law."  *Stansbury v.
Wertman*, 721 F.3d 84, 95 (2d Cir. 2013).

As explained above, there was probable cause to arrest plaintiff on the basis of the
information provided by a credible eyewitness as well as Mr. Terab's independent identification
of plaintiff, which was made following his recantation of his initial identification of Mr. Spruell.
Contrary to plaintiff's assertions, Det. Godino did not ignore Mr. Terab's initial identification but
instead followed up with Mr. Terab and learned that his view was obstructed and that his
identification was based on assumption.  *See, e.g.,* Response Stmt. at ¶ 140.  Although it has no
bearing on whether there was probable cause to prosecute plaintiff, again contrary to plaintiff's
assertions, A.D.A. Talty testified that, even assuming that Mr. Terab never recanted his initial
identification, there was probable cause, in his view, to arrest and prosecute **both** plaintiff and
Mr. Spruell.  *See id.* at ¶ 124.

As plaintiff concedes, the fact that plaintiff was indicted by a grand jury creates a
presumption of probable cause and it is plaintiff who bears the burden of rebutting that

presumption, which he is unable to do.[9]  As explained above, plaintiff falsely represents that A.D.A. Birns and A.D.A. Talty were not made aware of Mr. Terab's initial identification of Mr. Spruell.  Rather, the evidence supports only that Birns and Talty have no present recollection of being so informed, not that they were not in fact made aware.  *See, e.g.,* Response Stmt. at ¶¶ 126, 141.  Indeed, Det. Godino testified that he thinks he did inform A.D.A. Birns about Mr. Terab's initial identification and that he doesn't think there is any possibility that he didn't.  *See, e.g., id.* at ¶ 141.  Even assuming *arguendo* that Mr. Terab did not recant his initial identification of Mr. Spruell, A.D.A. Birns was not required to disclose that identification to the grand jury.  *See, e.g., United States v. Williams*, 504 U.S. 36, 52 (1992).

Plaintiff was arrested and prosecuted because there was ample probable cause based upon the information obtained from a credible eyewitness.  The charges against plaintiff were dismissed due to an inability to locate that eyewitness for trial and due to Mr. Terab's indication that he would ***never***, under any circumstances, repeat that plaintiff was the person who handed the firearm to Dior Creighton inside his bodega.  *See, e.g.,* Response Stmt. at ¶¶ 59, 188.  Plaintiff's attempt to argue that defendants had an improper motive to arrest him is not supported by the record and, in any event, does not rebut the presumption of probable cause created by the indictment, and certainly does not as a matter of law.

Plaintiff is also unable to establish initiation because "[o]ne who does no more than disclose to a prosecutor all material information within his knowledge is not deemed to be the initiator of the proceeding."  *Present v. Avon Prods., Inc.*, 687 N.Y.S.2d 330, 335 (N.Y. App. Div. 1999).  In addition, plaintiff is unable to establish an improper post-arraignment deprivation

---

[9]   As previously noted by the Court, plaintiff has failed to plead sufficient facts to overcome this presumption and, therefore, plaintiff's malicious prosecution claim fails on that basis alone. *See, e.g.,* Dec. 10, 2015 Transcript, Docket No. 83 at 4:11-20.

of his liberty because plaintiff was simultaneously incarcerated pursuant to a probation hold, for which plaintiff was remanded because no bail was set. *See, e.g.,* Response Stmt. at ¶ 100.

Lastly, a determination that there was "arguable probable cause" to arrest plaintiff precludes malicious prosecution claim as against Det. Godino, as he would be entitled to qualified immunity. *See, e.g., Jean v. Montina*, 412 F. App'x 352, 354-55 (2d Cir. 2011) ("[E]ven assuming *arguendo* that there was a question of fact sufficient to defeat summary judgment on the merits as to whether there was probable cause . . . to charge [plaintiff], we conclude that [defendant] would nonetheless be entitled to qualified immunity for having "arguable probable cause" to . . . charge.").

Accordingly, plaintiff is not entitled to summary judgment with respect to his malicious prosecution claims.[10]

## POINT III
## PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT ON HIS PROCEDURAL AND SUBSTANTIVE DUE PROCESS CLAIMS

In his Amended Complaint, plaintiff alleges that his denial of substantive and procedural due process rights were caused by defendants' "conduct and actions in *falsely arresting and imprisoning* plaintiff and *maliciously prosecuting* him." Amended Complaint, Docket No. 10, at ¶ 102 (emphasis added). Moreover, plaintiff's more specific allegations (i.e., that defendants "fabricat[ed] an account and/or evidence concerning the arrest of plaintiff," "with[eld] exculpatory evidence," and "fail[ed] to properly investigate) are not only conclusory but

---

[10]   To the extent plaintiff seeks to hold the City vicariously liable with respect to his state law malicious prosecution claim under the doctrine of *respondeat superior*, defendants note that plaintiff has not pleaded a claim for relief under such doctrine in his Amended Complaint and, therefore, any such claim for relief has been waived and is unavailable.

identical to the allegations he makes with respect to his Section 1983 false arrest and malicious prosecution claims.  *Compare id.* at ¶ 104 with *id.* at ¶ 84.

Therefore, plaintiff's procedural and substantive due process claims are duplicative of his false arrest and malicious prosecution claims, and should be dismissed accordingly.  *See, e.g., Osuna v. City of New York*, No. 08 Civ. 4759 (JSR), 2009 U.S. Dist. LEXIS 66282, at *16-17 (S.D.N.Y. July 28, 2009) ("This claim is based on the same conduct that gave rise to plaintiff's now-dismissed false arrest and malicious prosecution claims, however, thus requiring plaintiff's procedural due process claim to be dismissed as both duplicative and meritless."); *Biswas v. City of New York*, 973 F. Supp. 2d 504, 524 (S.D.N.Y. 2013) ("[N]o separate cause of action exists under the rubric of substantive due process with respect to the deprivation of her liberty interest. Hence, the plaintiff's claim of deprivation of liberty must be analyzed under the Fourth Amendment as a false arrest claim rather than as a substantive due process claim.").[11]

In any event, plaintiff's motion rests upon the false representation that A.D.A. Birns was not informed about Mr. Terab's initial identification.  Indeed, as explained above, Det. Godino testified that he thinks he did inform A.D.A. Birns about Mr. Terab's initial identification and that he doesn't think there is any possibility that he didn't.  *See, e.g.,* Response Stmt. at ¶ 141. The evidence supports only that Birns and Talty have no present recollection of being so informed, not that they were not in fact made aware.  *See, e.g., id.* at ¶¶ 126, 141.  In addition, A.D.A. Birns does recall being informed of someone who worked at the bodega but whose view

---

[11]     *Bermudez v. City of New York*, 790 F.3d 368 (2d Cir. 2015) does not alter this well-settled law with respect to plaintiff's due process claims.  Indeed, numerous decisions published after *Bermudez*, including those specifically citing *Bermudez*, have consistently held that, in circumstances like the one present here, procedural and substantive due process claims are duplicative in nature and thus subject to dismissal.  *See, e.g., Delamota v. City of New York*, No. 14-cv-5888 (NG), 2016 U.S. Dist. LEXIS 68130, at *17 (E.D.N.Y. May 23, 2016).

was obstructed and, therefore, did not get a good look at what took place, which quite accurately describes Mr. Terab's role here. *See, e.g., id.* at ¶ 141.   Furthermore, Mr. Terab's initial statement and signed photo array were produced, among many other documents, to plaintiff by the Bronx District Attorney's Office during the criminal case so the argument that the ADAs were not aware of these documents and Mr. Terab's initial identification of Mr. Spruell borders on nonsensical. *See, e.g., id.* at ¶ 131.   Accordingly, plaintiff is not entitled to summary judgment with respect to his due process claims.

## CONCLUSION

For the foregoing reasons, defendants City, Roberts, Godino, Johnson, Birns and Talty respectfully request that the Court deny plaintiff's motion for partial summary judgment in its entirety, with prejudice, together with costs and fees the Court deems just and proper.

Dated:     New York, New York
           July 19, 2016

                         ZACHARY W. CARTER
                         Corporation Counsel of the City of New York
                         *Attorney for Defendants*
                         100 Church Street
                         New York, New York  10007
                         (212) 356-2351

                         By:     _____
                                 Kavin Thadani


TO:   **VIA HAND DELIVERY AND EMAIL**
      Richard Gross, Esq.
      Michael Jaffe, Esq. (via email only)
      *Attorneys for Plaintiff*