UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X

KENNETH CREIGHTON,

                Plaintiff,

       -against-                                     12 CIV 7454 (PGG)

THE CITY OF NEW YORK, DETECTIVE DEAN
ROBERTS (Shield No. 05861), DETECTIVE GLENN
GODINO (Shield No. 2756), POLICE OFFICERS JOHN
DOES 1-10 (names being fictitious and presently unknown
and intended to be employees of the NYPD who were
involved in Plaintiffs arrest, detention, imprisonment,
and/or prosecution), DISTRICT ATTORNEY ROBERT
T. JOHNSON, ASSISTANT DISTRICT ATTORNEY
BRUCE BIRNS A/K/A BURNS, ASSISTANT DISTRICT
ATTORNEY ED TALTY a/k/a ED TULTY and ASSISTANT
DISTRICT ATTORNEY MICHAEL COOPER,

                Defendants.
———————————————————————X


# PLAINTIFF'S REPLY MEMORANDUM OF LAW
# SUPPORTING PARTIAL SUMMARY JUDGMENT


                                                                   PAZER, EPSTEIN & JAFFE, P.C.
                                                                   20 Vesey Street, Suite 700
                                                                   New York, New York 10007
                                                                        (212) 227-1212


                                                                     RUBERT & GROSS, P.C.
                                                                   150 Broadway, Suite 712
                                                                  New York, New York 10003
                                                                        (212) 608-3103


                                                                                   July 26, 2016

## TABLE OF CONTENTS

POINT I .................................................................................... 1

    THE COURT SHOULD NOT CONSIDER
    THE RECENTLY FABRICATED ALLEGED
    RECANTATION OF MR. TERAB'S IDENTIFICATION
    OF SPRUELL AS THE PERPETRATOR

POINT II ................................................................................... 5

    THE ALLEGED IDENTIFICAITON OF PLAINTIFF
    BY A CONFIDENTIAL INFORMANT, ALONE, DID
    NOT ESTABLISH PROBABLE CAUSE FOR
    PLAINTIFF'S ARREST OR PROSECUTION

POINT III .................................................................................. 9

    PLAINTIFF IS ENTITLED TO JUDGMENT AS A
    MATTER OF LAW ON HIS SUBSTANTIVE AND
    DUE PROCESS CLAIMS

CONCLUSION ........................................................................... 10

## MEMORANDUM OF LAW

Plaintiff respectfully submits this Memorandum of Law in reply to defendants' Memorandum of Law in opposition to plaintiff's motion for partial summary judgment. This Memorandum of Law and plaintiff's Reply to defendants' Response to plaintiff's Local Rule 56.1 Statement together with plaintiff's Memorandum of Law in support of his motion for summary judgment and accompanying the Local Rule 56.1 Statement and Exhibits, support Mr. Creighton's motion for summary judgment and his opposition to defendants' motion for summary judgment.[1]

## POINT I

### THE COURT SHOULD NOT CONSIDER THE RECENTLY FABRICATED ALLEGED RECANTATION OF MR. TERAB'S IDENTIFICATION OF SPRUELL AS THE PERPETRATOR.

Opposition to a motion for summary judgment pursuant to Fed.R. Civ.P 56 must be made on personal knowledge, setting out facts that would be admissible in evidence and showing that the affiant or declarant is competent to testify on the matters stated. Fed.R. Civ.P 56(c)(4).

Defendants have not submitted any admissible evidence, let alone "ample evidence", as they claim, warranting denial of plaintiff's motion for partial summary judgment, much less entitlement to summary judgment in their favor.

In the thousands of documents produced during discovery, defendants cannot point to a single document that indicates that Terab ever recanted his identification of Spruell as the person

---

[1] Rather than burden the court with a repetition of the facts and applicable law, plaintiff respectfully refers the Court to his submission in support of his motion for summary judgment and in opposition to defendants' motion for summary judgment and will address in reply, only arguments not covered in those submission in newly raised in defendants' opposition.

1

who passed the gun; none exists.[2] Other than inadmissible hearsay and fabricated evidence, there is nothing to support defendants' claim that Mr. Terab recanted his unequivocal identification of Spruell as the person who passed the gun to Dior Creighton in the bodega. On the contrary, the only reasonable inference that can be drawn from the admissible evidence is that Terab's alleged recantation is a recent fabrication (first articulated before this Court during a conference) devised for the sole purpose of defeating plaintiff's claims in the instant civil action.

Defendants urge this Court to deny plaintiff's motion for summary judgment on the basis of recently fabricated out of court alleged statements made by Terab, who to this day adamantly denies ever having made them. *Defendants 56.1 Response and Plaintiff's Reply, ¶41*. Plaintiff submits that this recent fabrication of a recantation by Mr. Terab is nothing more than an attempt on defendants' part to avoid liability in this case. The Court should not consider this after-the-fact fabrication intended to justify the unjustifiable arrest and prosecution of Kenneth Creighton.[3]

It is hornbook law that an out of court statement, offered for its truth, is hearsay and inadmissible absent a specific exception permitting its admissibility. *Nucci ex rel Nucci v. Proper*, 95 N.Y.2d 597 (2001). Here, there can be no doubt that Terab's alleged oral, never documented, recantation is being offered for its truth, *to wit*, that it was Kenneth Creighton and not Spruell who passed the gun or at the very least to prove the fact that Terab had changed his original statement. Based on this newly-minted undocumented oral recantation that only exists in

---

[2] Godino readily conceded that a recantation should be documented. *Plaintiff's Rule 56.1 Statement together with his Reply Statement annexed hereto ¶ 183*. Terab's alleged recantation was not recorded anywhere in the police or District Attorney's records and was first mentioned by Assistant Corporation Counsel, Dara Olds in a conference before this Court during discovery.
[3] Defendants find fault with plaintiff for "not addressing Mr. Terab's recantation and identification of plaintiff" in their moving papers. *Defendants Opposition Memorandum of Law*. But how can plaintiff possibly the alleged recantation evidence when no admissible evidence to establish it exists?

the minds of Godino and Gottlieb,[4] defendants argue that two witnesses, the CI and Terab, identified Kenneth Creighton as the perpetrator and therefore, the police were free to hide from the District Attorney Terab's identification of Spruell as the person who passed the gun. *Defendants' Response to Plaintiff's Rule 56.1 Statement ¶123.*[5]

Defendants' assertion that the charges against plaintiff were dismissed due to an inability to locate the CI and "due to Mr. Terab's indication that he would never testify, under any circumstances" is not supported by the evidence and is quite disingenuous. *Defendants Memorandum of Law in Opposition, p. 15*. Nowhere in the police or the District Attorney's records is Mr. Terab listed or identified as a favorable prosecution witness. In fact, in her Recommendation for Dismissal, Gottlieb stated that the prosecution could not go forward because "Kenneth Creighton was arrested and charged upon the statements of a single eyewitness" (emphasis added) who has become unavailable. *Plaintiff's Rule 56.1 Statement ¶118, Gross Declaration Exh. A*. The claim that two witnesses identified plaintiff as the perpetrator is not supported by the evidence and is in fact, contradicted by it.

In the absence of any documentation of Terab's having recanted his identification of Spruell by way of a signed statement, sworn testimony or even a DD5, any testimony of any such recantation by anyone other than Terab, in court, constitutes hearsay and is inadmissible as it does not fall under the any of the exceptions contained in the federal rules. *Fed.R.Civ.P. 803*.

---

[4] Contrary to defendants' assertions, the letter sent to plaintiff's criminal attorney by ADA Gottlieb on August 19, 2011 does not intimate let alone state that the alleged witness who identified him from video footage was Fawaz Terab. *Gross Declaration Exhibit A*.
[5] Although supposedly, given Terab's alleged recantation there were two people who had identified Ken Creighton as the perpetrator, only the CI was called to testify before the Grand Jury. *Plaintiff's Rule 56.1 Statement ¶¶107, 108*.

3

Neither Godino's nor Gottlieb's testimonies of a never-before disclosed and wholly undocumented recantation fall into the residual exceptions to the hearsay rule contained in Fed.R. Civ.P 807. The statements do not have equivalent circumstantial guarantees of trustworthiness; are not more probative on the point for which they are offered than all the documentary evidence that refute them and admitting such suspect recently fabricated evidence would not serve the interests of justice. *Fed.R.Civ.P. 807.*

Moreover, the testimony concerning Terab's alleged undocumented recantation is incredible and unbelievable as a matter of law and should be disregarded as being without probative value. *Loughlin v City of New York*, 186 A.D.2d 176 (2nd Dept., 1992) [while credibility determinations are generally within the province of the trier of fact: "In evaluating testimony we should not discard common sense and common knowledge .... 'The rule is that testimony which is incredible and unbelievable, that is, impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory, is to be disregarded as being without evidentiary value, even though it is not contradicted by other testimony or evidence introduced in the case " *citing People v Garafolo,* 44 AD2d 86, 88, *quoting* 22 NY Jur, Evidence, § 649].

In *Loughlin*, the Second Department concluded that the plaintiff's claim that he had sustained injuries after being hit by vehicle were unbelievable as a matter of law and without evidentiary value because "by no rational process could the trier of the facts base a finding in favor of the ... [plaintiff] upon the evidence here presented", since the plaintiff's testimony as to his to having had contact with the vehicle was incredible as a matter of law". *See, also, Cruz v. NYCTA,* 31 A.D.3d 688 (2nd Dept., 2006); *Bonanno v. Loungecraft American Red Ball,* 2002

4

WL 655239 (App. Term, 2002); *Espinal v. Trezechahn 1065 Ave. of Americas, LLC*, 94 A.D.3d 611 (1st Dept., 2012).

Here, not only is the testimony of Terab's alleged undocumented, never-before-identified recantation inadmissible hearsay but more importantly, it is incredible as a matter of law and devoid of any probative value. Nothing in the documents produced in discovery or in Terab's sworn testimony adamantly denying ever having identified Kenneth Creighton, supports this eleventh-hour fabrication of Terab's recantation.[6]

## POINT II

### THE ALLEGED IDENTIFICAITON OF PLAINTIFF BY A CONFIDENTIAL INFORMANT, ALONE, DID NOT ESTABLISH PROBABLE CAUSE FOR PLAINTIFF'S ARREST OR PROSECUTION.

The only documentary evidence in the hundreds, if not thousands, of records prepared by the police indicating that anyone identified Kenneth Creighton as the person who passed the gun to Dior Creighton is an undated entry in a spiral notebook belonging to defendant, Godino. No other NYPD documents exist identifying anyone, be it a CI or a witness, as having identified Kenneth Creighton passing a gun in the bodega. Although information provided by witnesses in an ongoing investigation is to be memorialized in DD5s, also known as a complaint follow-up reports, Godino did not prepared a DD5 documenting the CI's identification of Kenneth Creighton as the perpetrator or the Terab's alleged recantation. The purported CI identification

---

[6] Despite Terab being the complainant in a criminal case currently pending against plaintiff, the ADA handling that case has interviewed Terab and he is still denies ever having identified Kenneth Creighton as the person who passed the gun in the bodega on December 26, 2006. *Plaintiff's Reply to Defendants' Response to Plaintiff's Local Rule 56.1 Statement*, ¶41. *Gross Decl. Exhibit B*.

5

of Kenneth Creighton appears only in a cryptic, difficult to read note in a spiral notebook.[7] The alleged recantation does not appear anywhere. *Plaintiff's Rule 56.1 Statement ¶49, 50, 64, 148.*

Moreover, neither ADA Birns, one of the prosecutors in the criminal case, nor ADA Talty, the Chief of Homicide who authorized plaintiff's arrest, were informed prior to plaintiff's arrest that Terab had identified Spruell as the person who passed the gun, had picked him out of a photo array and had given Godino a written statement to that effect. *Plaintiff's Rule 56.1 Statement ¶¶ 129, 137, 139, 141, 142, 145,*

While an identified citizen's accusation of an individual who is known to him may establish probable cause, it does not necessarily do so. *Sital v. City of New York,* 60 A.D.3d 465 (1st Dept.2009), lv. dismissed 13 N.Y.3d 903, (2009). Police officers are not absolutely privileged to arrest upon a charge made by any private individual who claims to be a victim or a witness. *Mistretta v. Prokesch,* 5 F. Supp. 2d 128, 133 (E.D.N.Y. 1998). An arrest may be made in such a case only "absent circumstances that raise doubts as to the victim's veracity." *Singer v. Fulton County Sheriff,* 63 F.3d 110, 119 (2d Cir. 1995); *see also Bullard v. City of New York,* No. 01 Civ. 11613, 2003 WL 168444 (S.D.N.Y. Jan. 20, 2003).

Here the alleged identification of Kenneth Creighton by the CI, alone, did not establish probable cause to arrest plaintiff. First, Godino did not possess any information about the CI's history and reliability as an informant; his criminal history; his drug abuse history or any other information impacting on his reliability and credibility. *Plaintiff's Rule 56.1 Statement ¶¶ 87, 201, 202.* More importantly, as both Birns and Talty testified, where, as here, Spruell had been unequivocally identified by bodega owner as the perpetrator, the circumstances called for further

---

[7] Significantly, while Godino took a written statement from Terab identifying Spruell as the person who passed the gun, no written statement was taken from the CI memorializing his alleged identification of Kenneth Creighton. *Plaintiff's Rule 56.1 Statement ¶¶49, 50, 148.*

6

investigation and the CI's identification alone did not establish probable cause. *Plaintiff's Rule 56.1 Statement, ¶¶140, 145, 195.*

Defendants' position that once a known CI had identified Creighton as the person who passed the gun, they could turn a blind eye to both Godino's lack of information about the CI's credibility and reliability and to Terab's identification of Spruell as the culprit, does not find any support in the law. *See, Colon v. City of New York*, 60 N.Y.2d 78 (1983) [failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause]; *Ramos v. City of New York*, 285 AD2d 284 (1st Dept., 2001).

Defendants' eleventh-hour fabrication of a recantation that is not documented anywhere is further evidence that they are fully aware that the CI's identification of plaintiff was insufficient to establish probable cause. That is precisely why a recantation that never occurred was fabricated in order to defend against plaintiff's civil claim asserting that they did not exclusively rely on the questionable and suspect identification of the CI.[8]

Considering the "totality of the circumstances" in light of the facts known to Godino and Roberts at the time of plaintiff's arrest, defendants did not have probable cause to arrest Kenneth Creighton. *See Jenkins v. City of New York*, 478 F.3d 76, 90 (2d Cir.2007); *Torres v. Jones*, 26 N.Y.3d 742 (2016).

In an attempt to confuse the issue, defendants argue that because Terab's initial statement and signed photo array were among the documents produced to plaintiff by the Bronx District Attorney's Office sometime during the criminal proceeding, it follows that the police provided

---

[8] Significantly, although defendants argue in opposition to plaintiff's motion that they had two people who identified plaintiff as the perpetrator prior to his arrest, the CI and Terab, neither Terab's initial identification, nor his alleged subsequent recantation were divulged to the District Attorney or to plaintiff's criminal attorney.

7

the ADAs with the exculpatory information prior to plaintiff's arrest and indictment. This argument, and not plaintiff's as defendant claims, borders on the nonsensical because the fact that at some point the DA may have been given copies of Terab's Statement and the photo array does not establish that the information was given to the DA <u>prior</u> to plaintiff's arrest and <u>prior</u> to the presentation before the Grand Jury. Defense counsel should not be permitted to impeach his own client, Birns, who testified that had he been made aware of Terab's identification of Spruell as the perpetrator before he authorized the arrest he would not have authorized it. *¶¶140, 145*. ADA Talty similarly testified that he also, would not have authorized plaintiff's arrest had he been told about Terab's identification of Spruell. *¶195*.

Under the totality of the circumstances, Godino could not have a reasonable belief that the CI was credible or reliable. To the contrary, the circumstances under which the CI's allegedly identified Kenneth Creighton raised serious issues concerning the reliability of his identification. While defendants argue that the CI was a credible witness and that Godino was aware of his reliability, the record does not support such a finding. Godino did not have sufficient information to make a determination about the CI's credibility because he did not know anything about him, not even his name. *Plaintiff's Rule 56.1 Statement ¶ 91*. Defendants' attempt to spin a paid drug-using informant into a credible "witness" is based exclusively on the fact that the CI had worked as a CI for some time and that on one prior occasion, he had provided information to Godino that the CI "thought who the perp" was, which led to an arrest and plea. *Plaintiff's Rule 56.1 Statement ¶ 93, 202*. Godino's knowledge of one instance in which the CI provided him with information as to who he "thought the perp" was, cannot be characterized as "a long and proven track record" that provided Godino with knowledge that the CI was reliable and credible.

For the same reason that there was no probable cause to arrest plaintiff, there was no probable cause to prosecute him. Defendants' assertion that plaintiff cannot prove that Godino and Roberts initiated the prosecution is equally without merit. In *Cameron, supra,* the Second Circuit rejected the very argument advanced here concluding, as a matter of law, that defendant's filing of the Criminal Court Complaint "initiated" the prosecution against the plaintiff.

Finally, not only has plaintiff shown malice in the initiation of the prosecution by proving that it was initiated without probable cause but he has also shown that the only reason for getting the CI to identify him and ignoring Terab's identification of *Spruell*, was to arrest Kenneth Creighton so he would tell the police where his brother was "hiding out". *Plaintiff's Rule 56.1 Statement* ¶ 78.

## POINT III

**PLAINTIFF IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON HIS SUBSTANTIVE AND DUE PROCESS CLAIMS.**

Defendants' argument in opposition to plaintiff's motion on his claims for violation of substantive and due process rests primarily on their assertion that the claims are "duplicative" of plaintiff's arrest and prosecution claims. Unlike unlawful arrest and malicious prosecution claims, however, due process and fair trial claims cannot be defeated by a defendant's demonstration of probable cause. *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 129-130 (2d Cir.1997); *Jocks v. Tavernier*, 316 F.3d 128, 138 (2d Cir.2003), *Bermudez v. City of New York*, 790 F.2d 368, 376-77 (2d Cir. 2015). Thus, even assuming, *arguendo*, probable cause for the arrest or prosecution, such is not fatal to plaintiff's fair trial and due process claims.

Realizing that plaintiff's substantive and due process claims are not duplicative of his false arrest and malicious prosecution claims, defendants disingenuously argue that the claims

should nevertheless be dismissed because the District Attorney was apprised of Terab's identification of Spruell as the perpetrator. In support of this assertion, defendants point to Godino's testimony that "he thinks" he informed ADA Birns of Terab's identification of Spruell.[9] *Response Stmt. at ¶ 141*. Both ADA Birns and ADA Talty, however, testified that had they been told about Terab's identification of Spruell, neither would have authorized Ken Creighton's arrest until the information could be further investigated. *Plaintiff's Rule 56.1 Statement ¶¶ 140, 141*. Thus, it follows that since Birns and Talty authorized plaintiff arrest without further investigation, they were not informed of Terab's identification.

## CONCLUSION

For foregoing reasons and those developed in plaintiff's moving papers, plaintiff respectfully submits that he has carried his burden of proof on his New York State law false arrest claim against the City of New York, Godino, Roberts, Birns and Talty,[10] his malicious prosecution claim against the City, Roberts and Godino under New York State law and against Godino and Roberts under federal law pursuant to 42 U.S.C. §1983 and his procedural and substantive due process claims contained in his Sixth Cause of Action.

Respectfully submitted,

**PAZER, EPSTEIN & JAFFE, P.C.**
20 Vesey Street, Suite 700

---

[9] Defendants do not point to any evidence that if, as Godino "thinks", he told the District Attorney about Terab's identification that he did so <u>before</u> plaintiff was arrested and indicted.

[10] As developed in plaintiff's main brief, under New York State law, the City of New York is vicariously liable for the acts of its employees, performed in the course of their employment. *Holland v. City of Poughkeepsie*, 90 A.D.3d 841 (2nd Dept., 2011). The City is a party in this action and is liable for its employees' conduct as a matter of law. Defendants do not cite any authority to support their meritless argument that plaintiff was required to plead the doctrine of *respondent superior* in order to obtain relief against the City for the actions of its employees under New York State Law or that his failure to specifically cite that theory of liability constitutes a waiver.

New York, New York 10007
(212) 227-1212

**RUBERT & GROSS, P.C.**
Attorneys for Plaintiffs
150 Broadway, Suite 1314
New York, New York 10038
(212) 608-3103

_____S/_____
RICHARD GROSS