UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KENNETH CREIGHTON,

                            Plaintiff,

    -against-

THE CITY OF NEW YORK, DETECTIVE DEAN
ROBERTS (Shield No. 05861), DETECTIVE GLENN
GODINO (Shield No. 2756), POLICE OFFICERS JOHN
DOES 1-10 (names being fictitious and presently unknown
and intended to be employees of the NYPD who were
involved in Plaintiff's arrest, detention, imprisonment, and/or
prosecution), DISTRICT ATTORNEY ROBERT T.
JOHNSON, ASSISTANT DISTRICT ATTORNEY BRUCE
BIRNS A/K/A BURNS, ASSISTANT DISTRICT
ATTORNEY ED TALTY a/k/a ED TULTY, and
ASSISTANT DISTRICT ATTORNEY MICHAEL
COOPER

                            Defendants.[1]

**JOINT PROPOSED VOIR DIRE**

12 CV 7454 (PGG)

------------------------------------------------------------------------ X

       The parties, by their attorneys, pursuant to Rule 47(a) of the Federal Rules of Civil Procedure, hereby jointly submit the following proposed questions for *voir dire*:

---

[1] Defendants object to the caption and respectfully request that the caption be amended to reflect only Dean Roberts, Glenn Godino, Bruce Birns and Ed Talty as defendants. Plaintiff has agreed to withdraw his municipal liability claims against the City of New York and, therefore, defendants contend, the City of New York is no longer a proper party to this action because there are no claims made against it. Plaintiff contends that defendant City remains in on state law claims for the arrest, prosecution, and abuse of process. Defendants contend that plaintiff never pled any state law claims against the City of New York, whether under a theory of *respondeat superior*, or otherwise. Plaintiff has also agreed to withdraw his claims against District Attorney Robert Johnson and, therefore, he is no longer a party to this action. Assistant District Attorney Michael Cooper is deceased and was never properly served and, therefore, he is not a party to this action.

## STATEMENT OF THE CASE

1. This case involves allegations of civil rights violations alleged by the plaintiff, Kenneth Creighton, when he was arrested on January 10, 2007 and thereafter jailed until January 19, 2012. Mr. Creighton alleges that he was, among other things, unlawfully arrest and prosecuted and suffered loss of liberty and other injuries. Defendants claim the arrest and prosecution of Mr. Creighton were lawful.

**Defendants object to the above "statement of the case" and propose that, only if the Court deems it necessary, the jury be informed that: Kenneth Creighton, as the plaintiff, brings this lawsuit alleging that he was, among other things, false arrested on January 10, 2007 and, subsequently, maliciously prosecuted. Defendants maintain that there was probable cause to arrest and prosecute Mr. Creighton.**

2. I would like to introduce you to the people involved in this lawsuit, their attorneys and the witnesses that may be called to testify. As I mention each name, if any of you know, or worked with, or have any relationship with them, please immediately raise your hand:

3. The plaintiff is Kenneth Creighton. He is represented by attorneys Richard Gross of Rubert & Gross and Michael Jaffe of Pazer, Epstein & Jaffe.

4. The defendants are the City of New York, Glenn Godino, Dean Roberts, Edward Talty, and Bruce Birns. Mr. Godino and Mr. Roberts are employed by the New York City Police Department. Mr. Talty and Mr. Birns are employed by the Bronx County District Attorney's Office. They are represented by the Law Department of the City of New York, Zachary Carter, Kavin Thadani, and _____.

**Defendants' object to any reference of defense counsel as attorneys for the City of New York. This issue is addressed in defendants' motions *in limine*.**

**Defendants further object to plaintiff's contention that the City of New York is a defendant in this case. Rather, plaintiff has agreed to withdraw his municipal liability claims against the City and, therefore, defendants contend, the City is no longer a proper party to this action because there are no claims made against it. To the extent that plaintiff asserts that he has a *respondeat superior* claim, defendants contend that he did not allege such a claim in his complaint and therefore, it is has been waived. However, even assuming *arguendo* that the City is a defendant under a theory of *respondeat superior*, the jury need not be informed that the City is a defendant as there would be nothing for the jury to decide. *See, e.g., Blake v. City of New York*, No. 05 Cv. 6652 (BSJ), 2007 U.S. Dist. LEXIS 95913, \*5-6 (S.D.N.Y. July 13, 2007) (holding that because the individual officer-defendants were acting within**

**the scope of their employment when the events at issue took place, "should the individual Officer-Defendants be found liable, no further determination need be made by the jury to establish Plaintiffs' respondeat superior claim against the City. Under these circumstances, referring to the City as a named defendant is unnecessary and could confuse the Jury").**

**In addition, defendants note that Mr. Roberts is no longer employed by the New York City Police Department and Mr. Birns is no longer employed by the Bronx District Attorney's Office.**

**Defendants propose the following questions as an alternative:**

1. Do you know the plaintiff Kenneth Creighton? If yes, in what capacity?

2. Do you know Dior Creighton? If yes, in what capacity?

3. Do you know any of the defendants? If yes, in what capacity:

    i. Dean Roberts;
    ii. Detective Glenn Godino;
    iii. Bruce Birns; or
    iv. Assistant District Attorney Ed Talty.

4. The plaintiff in this case is represented by Michael Jaffe and Richard Gross. Do you know or have you ever heard of these attorneys?

5. The defendants are being represented by Kavin Thadani and _____. Do you know or have you ever heard of these attorneys?

5. Do you know any of the parties, their attorneys or anyone in their attorneys' offices or any other attorneys or other employees in the New York City Corporation Counsel's office? If so, in what capacity?

**Defendants' object to any reference of defense counsel as attorneys for the City of New York.**

6. Do you know or are you acquainted with any of the following witnesses who may be called to testify in this case, or names that may be mentioned during the course of this trial?
    i. Fawaz Terab;
    ii. "Eyewitness" / "CI";
    iii. Kijafa Spruell;
    iv. Keisha England;
    v. Kristin Maldonado;

3

      vi.  Paul La Duca;
     vii.  Theresa Gottlieb;
    viii.  Michael Raskin; and
      ix.  Johnny Elliott.

7. Do you know Dior Creighton? If yes, in what capacity?

8. Are you familiar with the area of the Bronx near the intersection of East 168th Street and Union Avenue?

9. What is your full name and county of residence?

10. What neighborhood do you live in? How long have you lived there? Where did you live before that, and for how long?

11. Do you own live in a house or in an apartment? Do you own a home or condominium apartment or shares in a cooperative apartment or do you rent?

12. What kind of work do you currently do? (If retired, what was the last type of work that you did? What is your job title? Please describe your present position and your experience in this field. If you have previously worked in some other field, please describe your experience there. Please state any other jobs you have had in the past 10 years.

13. Describe your education, what degrees or diplomas you have, and where you have gone to school, starting with high school.

14. Are you married or do you live with someone? If yes, what kind of work does that person do? (If he/she is retired, what did they do?)

15. Do you have any children? If so, how many children? What are their ages? Are they in school? Are any of them employed? If so, where and by whom? What are their occupations?

16. What do you like to do in your spare time? What are your hobbies?

17. Do you belong to any voluntary social, religious or fraternal organizations, or any other similar organizations? If so, to which organizations do you belong, and how frequently do you attend meetings or functions?

18. What newspapers or magazines do you read? What books, if any, have you read recently?

19. Do you ever watch TV shows, news shows, or movies? If so, which are your favorites?

20. Do you ever watch TV shows or movies about police, criminals, lawyers and courts, such as the various "Law and Order" programs, NYPD Blue, and CSI? If so, can you put out of your mind everything you have seen in such TV shows and movies, and judge this case solely upon the evidence and the Court's instructions to the jury?

21. Have you ever served on a jury? Was it in a civil or a criminal trial? Did the jury deliberate to a verdict? What was that verdict? Was this the verdict you voted for initially, or was there a change in your position during the jury's deliberations? What made you change your mind? Were you satisfied or dissatisfied by the process?

22. Have you ever served on a grand jury?

23. Were you ever in any branch of the armed services? If so, what branch? Do you belong to any veterans' organizations? If so, which one(s) and how frequently do you attend meetings or functions.

24. Do you or any members of your family or any of your close friends work in the legal profession? If so, describe their work.

25. Do you have any close friends or family members who have ever been employed by any local, state, or federal agency? If yes, please describe.

26. Do you have any close friends or family members who are or have been employed by the City of New York – any City agency? If yes, please describe.

**27.** Do you have any close friends or family members who are or have been members of any police force/law enforcement/security agency? If yes, please describe: let us know the person(s) [yourself or other(s) and, if other(s), the nature of the relationship to you], the position held or sought, and how long it was or has been held.

28. Have you or any member of your family or close friends ever had any contact with police officers, including any member of the New York City Police Department, or any other type of law enforcement officers? If so, what were the circumstances and the outcome? Did this affect your opinion of law enforcement? Will this experience effect your ability to be a fair and impartial juror in this case? [**PLEASE DISCUSS PRIVATELY OUTSIDE THE PRESENCE OF PROSPECTIVE JURORS**]

**Defendants propose asking the following questions instead:**

1. Have you or a close friend or family member ever been arrested? If yes, what were the circumstances and outcome? Did this affect your opinion of law enforcement? [**PLEASE DISCUSS PRIVATELY OUTSIDE THE PRESENCE OF PROSPECTIVE JURORS**]

5

2. Have you or a close friend or family member ever had any encounter with law enforcement officials? If yes, please explain. Will this experience effect your ability to be a fair and impartial juror in this case? **[PLEASE DISCUSS PRIVATELY OUTSIDE THE PRESENCE OF PROSPECTIVE JURORS]**

3. Have you or a close friend or family member ever had any encounter with any member of the New York City Police Department? If yes, please explain. Will this experience affect your ability to be a fair and impartial juror in this case? **[PLEASE DISCUSS PRIVATELY OUTSIDE THE PRESENCE OF PROSPECTIVE JURORS]**

29. Have you ever made a complaint against a law enforcement officer? If yes, please describe the circumstances and outcome of the complaint. **[PLEASE DISCUSS PRIVATELY OUTSIDE THE PRESENCE OF PROSPECTIVE JURORS]**

30. Have you or any close friends or family members ever had any interaction with officers of the 42nd Police Precinct? If yes, please describe. **[PLEASE DISCUSS PRIVATELY OUTSIDE THE PRESENCE OF PROSPECTIVE JURORS]**

31. Have you ever been the victim of a crime? If so, what crime? Did you report it? Was anyone arrested? What was the outcome? Did you testify?

32. What contacts have you had with police officers or other law enforcement officers through your work? What contacts have you had with law enforcement agents in your neighborhood? What relationships have you had with law enforcement officers in your personal life?

**Defendants object because these questions are unnecessary.**

33. You may have heard or read about recent incidents involving the police that have been in the news. These situations have nothing to do with Mr. Creighton's claims regarding the City of New York or two police officers and two Assistant District Attorneys. Have you formed views about those unrelated matters or generally about the New York City Police Department, either positive or negative, because of such? What views have you formed? Will those views affect your abilities to sit fairly and impartially in this matter and render a verdict in this case based solely on the evidence?

**Defendants object because this question is prejudicial as worded. Defendants also object to the reference of the City of New York as a defendant. Defendants propose asking the following question instead:**

1. You may have heard or read about recent incidents involving the police that have been in the news. These situations have absolutely nothing to do

>with Det. Roberts or Godino. To the extent you have any feelings about any unrelated incidents involving the police, either positive or negative, will you be able to set those feelings aside and render a verdict in this case based solely on the evidence?

34. Have you or any member of your family or close friends ever sued anyone, or been sued by somebody else, or otherwise been closely involved in a lawsuit? If so, what were the circumstances and what was the outcome? Were you or your family members or close friends satisfied with the result? If so, why were you satisfied? If not, why not?

>**Defendants propose asking the following question instead:**
>
>**1.** Have you or a close friend or family member ever been involved in a lawsuit? If yes, please describe the circumstances and outcome.

35. Have you ever been a witness for a party bringing a lawsuit? If yes, please describe the circumstances and the nature of your testimony. Would anything about that experience influence your ability to be fair and impartial in this case?

36. Do you have any bias against the New York City Police Department or its officers and staff, or any other law enforcement agency? [**IF YES, PLEASE DISCUSS PRIVATELY OUTSIDE THE PRESENCE OF PROSPECTIVE JURORS**]

37. Are you more or less likely to believe or disbelieve the testimony of a police officer or an Assistant District Attorney merely because he or she is a police officer or ADA? If yes, please explain.

38. Would you be able to evaluate each witness' credibility objectively, without bias or prejudice?

39. Do you believe that individuals who are police officers or an Assistant District Attorney are more honest than people generally? Are more reliable than people generally? Are more trustworthy?

>**Defendants object because these questions are unnecessary and vague as worded.**

40. Do you believe that police officers or Assistant District Attorneys should be given the benefit of the doubt? Why? Why not?

>**Defendants object because this question is unnecessary and vague as worded.**

41. If so, could you, if I instructed you to put such aside, do so. How would you go

7

about doing so given your initial belief that a police officer or an Assistant District Attorney is entitled to the benefit of the doubt?

> *See* **objection to Question 40.**

42. What is your immediate reaction when you hear or read that someone is accusing the police of misconduct?

> **Defendants object because this question is unnecessary and it is prejudicial as worded.**

43. Do you have any hesitation about or disagreement with the principle of law that provides compensation for violations of people's rights by their government or agents of their government occurring in the course of the performance of the government agent's duties and functions?

> **Defendants object because this question is unnecessary and it is prejudicial as worded.**

44. Would you be reluctant to award such compensation because the money comes from the City treasury, which is supported by taxpayers' dollars?

> **Defendants object to this question because it improperly references indemnification of the individual defendants. This issue is addressed in defendants' motions *in limine*.**

45. Would you have any reservations whatsoever in publicly stating that a police officer or an Assistant District Attorney acted wrongly and violated an individual's rights if the evidence provided to you led you to that conclusion?

> **Defendants object because this question is unnecessary and it is prejudicial as worded.**

> **Defendants propose asking the following questions as well:**

1. Have you or any friends or family ever participated in any protests concerning police officers or police conduct?

2. Have you or any friends or family ever posted or commented on blog posts or on social media regarding police officers or police conduct?

8

      3.      If you were one of the parties to this case, is there any reason why you would be hesitant to have the case decided by a juror with your frame of mind?

      46.      Would you be willing to argue your position to others who held a contrary view?

      47.      If after listening to the contrary views and weighing those views, would you be hesitant to adhere to your position if you continued to believe that your position was, in your judgment, the correct position and those holding the contrary position were pressuring you to change your position?

      48.      Do you have any reason to believe that anything in your life experience would tend to make you partial to one side or the other in this case?

      49.      Will you be able to deliberate solely on the evidence presented at trial and not based on any other information?

      50.      Will you be able to follow the law as the judge instructs you, even if you don't agree with the law?

      51.      Is there anything that you have not been asked that you want to tell the Court which might be a factor in your ability to be fair and impartial in this case?

Dated: New York, New York
       August 1, 2016

| PAZER, EPSTEIN & JAFFE, P.C. | RUBERT & GROSS, P.C. |
|---|---|
| Attorney for Plaintiff | Attorney for Plaintiff |
| 20 Vesey Street, Suite 700 | 150 Broadway, Suite 712 |
| New York, New York 10007 | New York, New York 10007 |
| Phone (212) 227-1212 | Phone (212) 608-3103 |
| Fax (212) 374-1778 | Fax (212) 608-1316 |
| Email mjaffe@pazerandepstein.com | Email richardgross.court@gmail.com |

_____s/_____      _____s/_____
By: Michael Jaffe                                     By: Richard Gross

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
Tel: (212) 356-2351

_s/_____
By:     Kavin Thadani
        Senior Counsel
        Special Federal Litigation