1:12-cv-07454-PGG-DCF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH CREIGHTON,

                                                          Plaintiff,

           -against-

THE CITY OF NEW YORK, DETECTIVE DEAN
ROBERTS (Shield No. 05861), DETECTIVE GLENN
GODINO (Shield No. 2756), POLICE OFFICERS JOHN
DOES 1-10 (names being fictitious and presently
unknown and intended to be employees of the NYPD who
were involved in Plaintiff's arrest, detention,
imprisonment, and/or prosecution), DISTRICT
ATTORNEY ROBERT T. JOHNSON, ASSISTANT
DISTRICT ATTORNEY BRUCE BIRNS A/K/A
BURNS, ASSISTANT DISTRICT ATTORNEY ED
TALTY a/k/a ED TULTY and ASSISTANT DISTRICT
ATTORNEY MICHAEL COOPER,

                                                          Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTIONS *IN LIMINE*

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Kavin Thadani*
*Tel:  (212) 356-2351*
*Matter No. 2012-006428*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................... iv

PRELIMINARY STATEMENT ...................................................................................... 2

ARGUMENT

      POINT I

            THE CAPTION SHOULD BE AMENDED TO
            REMOVE THE CITY OF NEW YORK, ROBERT
            T. JOHNSON, MICHAEL COOPER AND JOHN
            DOES ........................................................................................... 3

      POINT II

            PLAINTIFF SHOULD BE PRECLUDED FROM
            REFERRING TO DEFENSE COUNSEL AS
            "CITY ATTORNEYS" AND OFFERING
            EVIDENCE OF INDEMNIFICATION ...................................................... 4

      POINT III

            PLAINTIFF SHOULD BE PRECLUDED FROM
            REQUESTING A SPECIFIC DOLLAR AMOUNT
            FROM THE JURY ...................................................................... 6

      POINT IV

            PLAINTIFF SHOULD BE PRECLUDED FROM
            ELICITING EVIDENCE OF DISPLINARY
            HISTORIES AND/OR PRIOR LAWSUITS............................................. 6

      POINT V

            PLAINTIFF SHOULD BE PRECLUDED FROM
            MENTIONING THE NEW YORK CITY POLICE
            DEPARTMENT PATROL GUIDE........................................................ 10

      POINT VI

            DEFENDANTS SHOULD BE PERMITTED TO
            OFFER EVIDENCE OF THE EXTENT TO
            WHICH PLAINTIFF HAS BEEN
            INCARCERATED...................................................................... 11

**Page**

POINT VII

      PLAINTIFF SHOULD BE PRECLUDED FROM CLAIMING DAMAGES FOR TIME IN CUSTODY PAST THE TIME HE WAS CHARGED WITH VIOLATING THE TERMS OF HIS PROBATION AND A PROBATION HOLD TOOK EFFECT ...................................................................... 13

POINT VIII

      KIJAFA SPRUELL SHOULD BE PRECLUDED FROM TESTIFYING AT TRIAL ............................................................ 15

POINT IX

      AN ADVERSE INFERENCE INSTRUCTION SHOULD BE GIVEN TO THE JURY BASED ON PLAINTIFF'S INVOCATION OF HIS FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION AT HIS DEPOSITION ............................................. 17

POINT X

      PLAINTIFF SHOULD BE PRECLUDED FROM CALLING KEISHA ENGLAND AS A WITNESS AT TRIAL .............................................................. 18

POINT XI

      PLAINTIFF SHOULD BE PRECLUDED FROM CALLING KRISTIN MALDONADO AS A WITNESS AT TRIAL ............................................................ 19

POINT XII

      DEFENDANTS HEREBY GIVE NOTICE THAT THEY INTEND TO INTRODUCE EVIDENCE REGARDING PLAINTIFF'S PRIOR FELONY CONVICTION FOR WHICH MORE THAN TEN YEARS HAVE PASSED ......................................................... 20

POINT XIII

      DEFENDANTS RESERVE THEIR RIGHT TO FILE SUPPLEMENTAL MOTIONS *IN LIMINE*. ................................. 21

**Page**

CONCLUSION ........................................................................................................................ 21

# TABLE OF AUTHORITIES

**Cases**                                                                    **Pages**

*Armstrong v. Collins*,
Nos. 01 Civ. 2437 (PAC); 02 Civ. 2796 (PAC); 02 Civ. 3620 (PAC),
2010 U.S. Dist. LEXIS 28075101 (S.D.N.Y. Mar. 24, 2010) ................................................17

*Banushi v. Palmer*,
No. 08 Civ. 2937 (KAM), 2011 U.S. Dist. LEXIS 419 (E.D.N.Y. Jan. 4, 2011)....................12

*Berkovich v. Hicks*,
922 F.2d 1018 (2d Cir. 1991)...................................................................................................8

*Blake v. City of New York*,
No. 05 Cv. 6652 (BSJ),
2007 U.S. Dist. LEXIS 95913 (S.D.N.Y. July 13, 2007) .........................................................3

*Cicero v. City of New York*,
No. 11 CV 0360 (NGG),
2011 U.S. Dist. LEXIS 80880 (E.D.N.Y. July 25, 2011) .......................................................12

*Consorti v. Armstrong World Indus., Inc.*,
72 F.3d 1003 (2d Cir. 1995).....................................................................................................6

*De Michele v. City of New York*,
No. 09 Civ. 9334 (PGG),
2012 U.S. Dist. LEXIS 136460 (S.D.NY. Sept. 24, 2012)....................................................16

*Ellis v. City of New York*,
No. 06 Civ. 4827 (LTS), slip op. (S.D.N.Y. June 18, 2007) ..................................................12

*Figueroa v. Boston Sci. Corp.*,
00 Civ. 7922 (DC), 2003 U.S. Dist. LEXIS 10936 (S.D.N.Y. June 25, 2003) .........................9

*Galapo v. City of New York*,
95 N.Y.2d 568 (N.Y. 2000) .............................................................................................10, 11

*Haussman v. Fergus*,
894 F. Supp. 142 (S.D.N.Y. 1995)..........................................................................................16

*Hernandez v. Kelly*,
No. 09-CV-1576 (TLM) (LB),
2011 U.S. Dist. LEXIS 57114 (E.D.N.Y. May 27, 2011) .......................................................4

*Huddleston v. United States*,
485 U.S. 681 (1988)..................................................................................................................7

**Cases**                                                                                **Pages**

*Jean-Laurent v. Hennessy*,
    No. 05-CV-1155 (KAM) (LB),
    2011 U.S. Dist. LEXIS 122767 (E.D.N.Y. Oct. 24, 2011) .................................................4, 5

*Jean-Laurent v. Wilkinson*,
    No. 05 Civ. 0583 (VM),
    2009 U.S. Dist. LEXIS 20472 (S.D.N.Y. Mar. 13, 2009) .......................................................5

*LiButti v. United States*,
    178 F.3d 114 (2d Cir. 1999)....................................................................................................17

*Lombardo v. Stone*,
    No. 99 Civ. 4603 (SAS),
    2002 U.S. Dist. LEXIS 1267 (S.D.N.Y. Jan. 29, 2002) ......................................................7, 8

*Mathie v. Fries*,
    121 F.3d 808 (2d Cir. 1997)......................................................................................................5

*Mileski v. Long Island R.R. Co.*,
    499 F.2d 1169 (2d Cir. 1974)....................................................................................................6

*Nelson v. Hernandez*,
    524 F. Supp. 2d 212 (E.D.N.Y. 2007) ....................................................................................19

*Nibbs v. Goulart*,
    822 F. Supp. 2d 339 (S.D.N.Y. 2011).......................................................................................9

*Ramos v. Cnty. of Suffolk*,
    707 F. Supp. 2d 421 (E.D.N.Y. 2010) ...................................................................................12

*Richard v. City of New York*,
    No. 97 Civ. 7990 (MBM),
    2003 U.S. Dist. LEXIS 8037 (S.D.N.Y. May 7, 2003) .........................................................16

*Richmond v. General Nutrition Ctrs., Inc.*,
    No. 08 Civ. 3577 (PAE)(HBP),
    2012 U.S. Dist. LEXIS 32070 (S.D.N.Y. Mar. 9, 2012) .........................................................9

*Riciutti v. New York City Trans. Auth.*,
    124 F.3d 123 (2d Cir. 1997)....................................................................................................19

*Ricketts v. City of Hartford*,
    74 F.3d 1397 (2d Cir. 1996)......................................................................................................7

*Romero v. County of Lake*,
    60 F.3d 702 (10th Cir. 1995) ..................................................................................................10

**Cases**                                                                 **Pages**

*Schiller v. City of New York*,
    No. 04 Civ. 7922 (KMK),
    2006 U.S. Dist. LEXIS 88854 (S.D.N.Y. Dec. 7, 2006) ........................................................12

*Shaw v. City of New York*,
    No. 95 Civ. 9325 (AJP),
    1997 U.S. Dist. LEXIS 4901 (S.D.N.Y. Apr. 15, 1997)..........................................................8

*Smith v. Freland*,
    954 F.2d 343 (6th Cir. 1992) ........................................................................................10

*Swift v. Mauro*,
    No. 04-CV-899 (NAM) (GJD),
    2008 U.S. Dist. LEXIS 52203 (N.D.N.Y. July 7, 2008)..........................................................8

*Udemba v. Nicoli*,
    237 F.3d 8 (1st Cir. 2001)............................................................................................12

*United States v. Aminy*,
    15 F.3d 258 (2d Cir. 1994)............................................................................................7

*United States v. Perez*,
    325 F.3d 115 (2d Cir. 2003)..........................................................................................7

*Wallace v. Hano*,
    No. 90 Civ. 2064 (WK),
    1992 U.S. Dist. LEXIS 13388 (S.D.N.Y. Sept. 3, 1992)..........................................................8

*Wilson v. City of New York*,
    No. 06 Civ. 229 (ARR),
    2006 U.S. Dist. LEXIS 90050 (E.D.N.Y. Dec. 13, 2006) ........................................................12

*Zellner v. Summerlin*,
    494 F.3d 344 (2d Cir. 2007)..........................................................................................16

**Statutes**

42 U.S.C. § 1983.................................................................................................2, 8, 10

Fed. R. Civ. P. 26(a)(1)(A)(i) .......................................................................................18, 19

**<u>Statutes</u>**                                                                          **<u>Pages</u>**

Fed. R. Civ. P. 402.......................................................................................5, 10, 11, 2

Fed. R. Civ. P. 403................................................................5, 7, 8, 9, 10, 11, 16

Fed. R. Civ. P. 404(b) .......................................................................6, 7, 8, 12

Fed. R. Civ. P. 609...............................................................................................20

Fed. R. Civ. P. 802.............................................................................................8

**<u>Other Authorities</u>**

22 C. Wright & K. Graham, Federal Practice and Procedure:
    Evidence § 5245 (1978)...........................................................................................7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KENNETH CREIGHTON,

                                            Plaintiff,

                     -against-

THE CITY OF NEW YORK, DETECTIVE DEAN
ROBERTS (Shield No. 05861), DETECTIVE GLENN
GODINO (Shield No. 2756), POLICE OFFICERS JOHN
DOES 1-10 (names being fictitious and presently unknown
and intended to be employees of the NYPD who were
involved in Plaintiff's arrest, detention, imprisonment,
and/or prosecution), DISTRICT ATTORNEY ROBERT T.
JOHNSON, ASSISTANT DISTRICT ATTORNEY
BRUCE BIRNS A/K/A BURNS, ASSISTANT DISTRICT
ATTORNEY ED TALTY a/k/a ED TULTY and
ASSISTANT DISTRICT ATTORNEY MICHAEL
COOPER,

                                        Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
MEMORANDUM OF LAW
IN SUPPORT OF THEIR
MOTIONS *IN LIMINE***

1:12-cv-07454-PGG-DCF

        Defendants City of New York ("City"), Detective Dean Roberts ("Roberts"), Detective

Glenn Godino ("Godino"), District Attorney Robert T. Johnson ("Johnson"), Assistant District

Attorney Bruce Birns ("Birns"), and Assistant District Attorney Ed Talty ("Talty"), by their

attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit

this Memorandum of Law in Support of their Motions *in Limine*.

## PRELIMINARY STATEMENT

Plaintiff Kenneth Creighton brings this action against defendants City, Roberts, Godino, Johnson, Birns and Talty alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983") and New York state law.  Specifically, plaintiff brings claims of false arrest pursuant to New York state law, malicious prosecution pursuant to Section 1983 and New York state law, denial of procedural and substantive due process pursuant to Section 1983, unreasonably prolonged detention pursuant to Section 1983, malicious abuse of process pursuant to Section 1983, conspiracy pursuant to Section 1983 and failure to intervene pursuant to Section 1983.[1]

Trial is scheduled to commence before the Honorable Paul G. Gardephe, United States District Judge for the Southern District of New York, on October 3, 2016.  Defendants, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit this memorandum of law in support of their motion seeking the following *in limine* relief:  (1) the caption should be amended to remove the City of New York, Robert T. Johnson, Michael Cooper and John Does; (2) plaintiff should be precluded from referring to defense counsel as "City Attorneys" and offering evidence of indemnification; (3) plaintiff should be precluded from requesting a specific dollar amount from the jury; (4) plaintiff should be precluded from eliciting evidence of disciplinary histories and/or prior lawsuits; (5) plaintiff should be precluded from mentioning the New York City Police Department patrol guide; (6) defendants should be permitted to offer evidence of the extent to which plaintiff has been incarcerated; (7) plaintiff should be precluded from claiming damages for time in custody past the time he was charged with violating the terms of his probation and a probation hold took effect; (8) Kijafa Spruell

---

[1]   Defendants respectfully submit that all of plaintiff's claims should be dismissed with prejudice prior to trial, as explained in their motion for summary judgment.

should be precluded from testifying at trial; (9) an adverse inference instruction should be given to the jury based on plaintiff's invocation of his Fifth Amendment right against self-incrimination at his deposition; (10) plaintiff should be precluded from calling Keisha England as a witness at trial; and (11) plaintiff should be precluded from calling Kristin Maldonado as a witness at trial.   Defendants also hereby give notice that they intend to introduce evidence regarding plaintiff's prior felony conviction for which more than ten years have passed and reserve their right to file supplemental motions *in limine*.

## ARGUMENT

### POINT I

### THE CAPTION SHOULD BE AMENDED TO REMOVE THE CITY OF NEW YORK, ROBERT T. JOHNSON, MICHAEL COOPER AND JOHN DOES

Defendants respectfully submit that the caption in this case should be amended to reflect the current posture of the case.   Plaintiff has agreed to withdraw his municipal liability claims against the City, *see, e.g.,* Docket No. 82, and, therefore, the City is no longer a proper party to this action because there are no claims made against it.[2]   Thus, any mention of the fact that the City was a defendant would be unnecessary, prejudicial and would only serve to confuse the

---

[2]   To the extent plaintiff seeks to hold the City vicariously liable with respect to his state law claims under the doctrine of *respondeat superior*, defendants note that plaintiff has not pleaded a claim for relief under such doctrine in his Amended Complaint and, therefore, any such claim for relief has been waived and is unavailable.

However, even assuming *arguendo* that the City is a defendant under a theory of *respondeat superior*, the City should still be removed from the caption.  *See, e.g., Blake v. City of New York*, No. 05 Cv. 6652 (BSJ), 2007 U.S. Dist. LEXIS 95913, *5-6 (S.D.N.Y. July 13, 2007) (holding that because the individual officer-defendants were acting within the scope of their employment when the events at issue took place, "should the individual Officer-Defendants be found liable, no further determination need be made by the jury to establish Plaintiffs' respondeat superior claim against the City.  Under these circumstances, referring to the City as a named defendant is unnecessary and could confuse the Jury").

jury.  Accordingly, the jury should not be advised of the fact that the City was a defendant for a period of time in this matter and it should be removed from the caption.

Plaintiff has also agreed to withdraw his claims against District Attorney Robert Johnson and, therefore, he is no longer a proper party to this action.  *See, e.g.,* Docket No. 82.  Assistant District Attorney Michael Cooper was never properly served and, therefore, he is not a proper party to this action either.  Moreover, plaintiff has never identified the John Doe defendants and nearly ten years have elapsed since the underlying incident.[3]

### POINT II

### PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS" AND OFFERING EVIDENCE OF INDEMNIFICATION

As explained above, since no claim remains against the City, the City should not be mentioned at the trial.[4]  Any mention of the City would only be for the purpose of prejudicing the individual defendants because then the jury would be inclined to award plaintiff more money under the assumption that the City is a "deep pocket" who can afford to pay a higher judgment than the individual officers would be able to on their own.  The same prejudice would occur if plaintiff is permitted to inform the jury that the attorneys for the individual defendants are employed by the government as "City attorneys."  *See, e.g., Hernandez v. Kelly*, No. 09-CV-1576 (TLM) (LB), 2011 U.S. Dist. LEXIS 57114, at *17-18 (E.D.N.Y. May 27, 2011) (where the City was not a defendant, precluding plaintiff from referring to the City and directing him to refer to defense counsel as attorneys from the Office of Corporation Counsel); *Jean-Laurent v.*

---

[3]   Defendants also respectfully submit that defendants Birns and Talty should be removed from the caption as they are entitled to absolute immunity, as explained in defendants' motion for summary judgment.

[4]   The City should also be removed from the caption.

*Hennessy*, No. 05-CV-1155 (KAM) (LB), 2011 U.S. Dist. LEXIS 122767, at *45-46 (E.D.N.Y. Oct. 24, 2011) (same).  Accordingly, defendants respectfully request that no mention of the City be made at the trial and defense counsel be referred to as precisely that, "defense counsel," or "attorneys from the Office of the Corporation Counsel."

Indemnification also has no bearing on the facts of plaintiff's claims or damages, and would only serve to unfairly prejudice the defendants.  Therefore, pursuant to Fed. R. Evid. 402 and 403, plaintiff should not be allowed to introduce or otherwise refer to the possibility that the City will indemnify the individual defendants.  Defendants will not proffer evidence regarding their personal financial resources and ability to pay punitive damages at trial.  Therefore, based upon the established precedent in this Circuit, there is no relevant basis for the admission of possible indemnification evidence at trial and, accordingly, such evidence should be precluded. *See, e.g., Mathie v. Fries,* 121 F.3d 808, 816 (2d Cir. 1997) (the existence of an indemnification agreement is relevant only where the individual defendants adduce evidence of their personal financial resources at trial); *see also Jean-Laurent v. Wilkinson*, No. 05 Civ. 0583 (VM), 2009 U.S. Dist. LEXIS 20472, at *8 (S.D.N.Y. Mar. 13, 2009) (precluding admission at trial of evidence of potential indemnification of defendant police officers by the City of New York).

## POINT III

### PLAINTIFF SHOULD BE PRECLUDED FROM REQUESTING A SPECIFIC DOLLAR AMOUNT FROM THE JURY

While the Second Circuit has not adopted a flat prohibition of suggesting a specific dollar amount, it does disfavor specifying target amounts for the jury to award. *See, e.g., Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995). Such suggestions unlawfully anchor the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence. *See, e.g., id.*; *see also, e.g., Mileski v. Long Island R.R. Co.*, 499 F.2d 1169, 1172 (2d Cir. 1974) ("A jury with little or no experience in such matters, rather than rely upon its own estimates and reasoning, may give undue weight to the figures advanced by plaintiff's counsel."). The court in *Consorti* went on to state:

> A jury is likely to infer that counsel's choice of a particular number is backed by some authority or legal precedent. Specific proposals have a real potential to sway the jury unduly. . . . We encourage trial judges to bar such recommendations.

*Consorti*, 72 F.3d at 1016. As such, plaintiff should be precluded from suggesting a specific dollar amount to the jury during his opening statement, during the testimony of any witness and/or during summation.

## POINT IV

### PLAINTIFF SHOULD BE PRECLUDED FROM ELICITING EVIDENCE OF DISPLINARY HISTORIES AND/OR PRIOR LAWSUITS

Plaintiff should be precluded from inquiring about any disciplinary histories, and/or civil rights actions which have been filed against the defendant or witness officers because such questioning is in direct conflict with Federal Rule of Evidence 404(b). Rule 404(b) prohibits the use of evidence of past acts "to prove the character of a person in order to show action in

6

conformity therewith." Fed. R. Evid. 404(b).  Rule 404(b) permits the use of evidence of past acts only for "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  *Id.*  Moreover, even where evidence of past acts is offered for a proper purpose, it is only admissible if the acts are sufficiently similar to the act at issue in the instant matter.  *See, e.g., United States v. Perez*, 325 F.3d 115, 129 (2d Cir. 2003) (quoting 22 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5245 (1978)) ("Similarity, being a matter of relevancy, is judged by the degree in which the prior act approaches near identity with the elements of the offense charged."); *Ricketts v. City of Hartford*, 74 F.3d 1397, 1414 (2d Cir. 1996) (reasoning that it would be an abuse of discretion to admit similar act evidence at trial if the prior act was not sufficiently similar); *cf. United States v. Aminy*, 15 F.3d 258, 260 (2d Cir. 1994) (admitting evidence of other acts because sufficient similarity showed relevance).

Further, bad act evidence of a sufficiently similar nature is not automatically admissible even where the proponent has articulated some not-for-character purpose.  As the Supreme Court held in *Huddleston v. United States*, 485 U.S. 681, 688 (1988), the decision to admit evidence under Rule 404(b) depends on "whether the danger of unfair prejudice [substantially] outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403."  Thus, Rule 404(b) requires a two-part analysis:  first, whether the proposed evidence fits within one of the exceptions provided by the Rule, and, second, whether under Rule 403 the probative value is substantially outweighed by the potential for jury confusion or prejudice.  *Lombardo v. Stone*, No. 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267, at *8 (S.D.N.Y. Jan. 29, 2002); *see also* Advisory Committee Notes to Fed. R. Evid. 404(b).

Any attempt by plaintiff to introduce evidence of prior or subsequent complaints would be solely for the purpose of suggesting that defendants had a propensity to engage in misconduct, which is strictly prohibited by Rule 404(b).  *See, e.g., Berkovich v. Hicks*, 922 F.2d 1018 (2d Cir. 1991) (upholding the exclusion at trial of all references to the defendant police officers' history of prior civilian complaints pursuant to 404(b) and 403 of the Federal Rules of Evidence); *Lombardo*, 2002 U.S. Dist. LEXIS 1267, at *9 (holding that disciplinary records are inadmissible); *Shaw v. City of New York*, No. 95 Civ. 9325 (AJP), 1997 U.S. Dist. LEXIS 4901, at *17-18 (S.D.N.Y. Apr. 15, 1997) (finding that plaintiff did not establish that IAB report showed motive, opportunity, or intent and was, thus, inadmissible under Rule 404(b)); *Wallace v. Hano*, No. 90 Civ. 2064 (WK), 1992 U.S. Dist. LEXIS 13388, at *7-8 (S.D.N.Y. Sept. 3, 1992) (motion in *limine* granted to exclude records of prior complaints against defendant in § 1983 case alleging false arrest and use of excessive force); *Swift v. Mauro*, No. 04-CV-899 (NAM) (GJD), 2008 U.S. Dist. LEXIS 52203, *2-3 (N.D.N.Y. July 7, 2008) (excluding evidence of complaints, internal affairs reports, and notices of claim on grounds that such testimony was not related to the truthfulness of plaintiff's allegations and probative value was slight).

Here, evidence of unrelated allegations of misconduct is substantially more prejudicial than probative and is, thus, inadmissible pursuant to Rule 403.  Admitting evidence of unrelated complaints would unfairly burden defendants, who would then be required to explain the particular facts and circumstances of unrelated incidents, which would in turn confuse and distract the jury from the ultimate issue of whether defendants violated plaintiff's constitutional rights in this case.  Similarly, unrelated allegations of misconduct are inadmissible hearsay pursuant to Fed. R. Civ. P. 802.  Thus, any purported similar act evidence offered by plaintiff is

inadmissible, and plaintiff should be precluded from introducing defendants' disciplinary history or inquiring about unrelated allegations of misconduct at trial.

For the same reasons set forth above, plaintiff should also be precluded from proffering evidence or eliciting testimony regarding any non-party officer witnesses' prior or subsequent disciplinary complaints or lawsuits. These individuals are not defendants in this matter, and thus not subject to liability herein, the probative value of any prior or subsequent disciplinary complaints or lawsuits is extremely low while the prejudicial effect of this evidence is high. Moreover, any use of prior discipline to impeach a non-party witness "invites the jury to draw the conclusion that [the] defendant regularly [acts improperly]." *Nibbs v. Goulart*, 822 F. Supp. 2d 339, 349 (S.D.N.Y. 2011). The danger of confusion and prejudice clearly outweigh the probative value of any non-party's disciplinary record. *See, e.g., id.* As such, this evidence should be also precluded pursuant to Fed. R. Evid. 403.[5]

---

[5]   Courts in this Circuit have applied the same analysis to prior civil lawsuits, finding that the probative value of introducing prior lawsuits is outweighed by the prejudicial effect such evidence could have and its potential to confuse the jury. *See, e.g., Richmond v. General Nutrition Ctrs., Inc.*, No. 08 Civ. 3577 (PAE)(HBP), 2012 U.S. Dist. LEXIS 32070, at *31 (S.D.N.Y. Mar. 9, 2012) (precluding the introduction of evidence of lawsuits against defendant because "the risk of unfair prejudice and confusion from introducing documents reflecting allegations in other cases clearly outweighs the probative value of such claims"); *see also, e.g., Figueroa v. Boston Sci. Corp.*, 00 Civ. 7922 (DC), 2003 U.S. Dist. LEXIS 10936, at *11 (S.D.N.Y. June 25, 2003) (finding that the probative value of introducing evidence of other lawsuits is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, and considerations of undue delay and waste of time").

## POINT V

## PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING THE NEW YORK CITY POLICE DEPARTMENT PATROL GUIDE

Plaintiff has listed an exhibit a New York City Police Department ("NYPD") patrol guide section regarding confidential informants.  Plaintiff should be precluded from referring to and offering any evidence of this or any other NYPD procedure or patrol guide provision.[6]  Alleged violations of NYPD procedure by the defendants is irrelevant to the determination of whether plaintiff's constitutional rights were violated.  Thus, any NYPD procedure or patrol guide provision should be precluded pursuant to Fed. R. Evid. 402 and 403.

First, the standards set forth as per NYPD procedure are merely guidelines established by the New York City Police Department, and are not the standards of the United States Constitution.  In light of plaintiff's claims that his constitutional rights were violated, any NYPD guidelines, whether or not followed to the letter, are irrelevant to the determination of whether plaintiff's constitutional rights were violated.  *See, e.g., Smith v. Freland*, 954 F.2d 343, 347 (6th Cir. 1992) ("[u]nder § 1983, the issue is whether [the officer] violated the Constitution, not whether he should be disciplined by the local police force.  A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983"); *Romero v. County of Lake*, 60 F.3d 702, 705 (10th Cir. 1995) ("violations of state law and police procedure generally do not give rise to a 1983 claim"); *see*

---

[6]   With respect to the confidential informant patrol guide section specifically, as an initial matter, it has been well-established that the eyewitness in this case was not acting in the capacity of a confidential informant as it relates to what he witnessed on December 26, 2006, although he happened to be an active confidential informant at the time.  *See, e.g.,* Birns Dep. at 38:23-39:16, 39:20-40:10, 121:9-15, 224:8:17, annexed to the Declaration of Kavin Thadani dated August 1, 2016 ("Thadani Decl.") as Ex. A.  In addition, the substance of this particular patrol guide section is not relevant here.

*also, e.g., Galapo v. City of New York*, 95 N.Y.2d 568, 574-75 (N.Y. 2000) (NYPD Patrol Guide should be excluded from evidence because it does not create legal duties).   Since NYPD procedure does not create legal duties, it is irrelevant to the determination of whether plaintiff's constitutional rights were violated and should therefore be precluded under Fed. R. Evid. 402.

Second, any reference to alleged "violations" of NYPD procedure, meaning that defendants did not follow the exact guidelines, would only confuse the jury.  The jury will be called upon to determine whether defendants violated plaintiff's constitutional rights, which is to be evaluated by the jury under the Fourth Amendment standard.  If the jury is presented with the proffered portions of NYPD procedure, it is likely to wrongly assume that NYPD procedure sets out the standard by which they are to evaluate defendants' alleged unconstitutional actions, notwithstanding a contrary instruction from the Court.  It is certainly in the realm of possibility that an officer could follow NYPD procedure and still violate an individual's constitutional rights or not follow NYPD procedure and not violate an individual's rights.  Therefore, any reference to alleged "violations" of NYPD procedure are irrelevant, unfairly prejudicial, and would only confuse the issues and the jury.  Accordingly, the Patrol Guide, as well as testimony regarding NYPD procedure, should therefore be precluded pursuant to Fed. R. Evid. 402 and 403.

## POINT VI

### DEFENDANTS SHOULD BE PERMITTED TO OFFER EVIDENCE OF THE EXTENT TO WHICH PLAINTIFF HAS BEEN INCARCERATED

Defendants seek to offer evidence of plaintiff's time incarcerated to controvert his alleged damages.  As a jury may be inclined to award a greater amount of damages to a plaintiff who they believe has never been detained or arrested previously, evidence of plaintiff's prior arrests

and stints of incarceration is especially important should the jury determine that damages are warranted.  Admitting evidence of other bad acts to assist the jury in measuring the extent of damages is a legitimate, non-character-based use of such evidence, and hence is not precluded by Rule 404(b).  *See, e.g., Udemba v. Nicoli*, 237 F.3d 8, 12 (1st Cir. 2001).  In fact, courts in this circuit routinely allow inquiry into a plaintiff's arrest history for the purposes of emotional damages.  *See, e.g., Ellis v. City of New York*, No. 06 Civ. 4827 (LTS), slip op. at 2 (S.D.N.Y. June 18, 2007) (permitting inquiry into length of detention in connection with prior arrests); *Schiller v. City of New York*, No. 04 Civ. 7922 (KMK), 2006 U.S. Dist. LEXIS 88854, at *24-25, 25 n.9 (S.D.N.Y. Dec. 7, 2006) (finding information about prior and subsequent arrests relevant to issue of damages for emotional distress); *Cicero v. City of New York*, No. 11 CV 0360 (NGG), 2011 U.S. Dist. LEXIS 80880, *12 (E.D.N.Y. July 25, 2011) (a plaintiff who has previously been incarcerated "may suffer less damage as a result of a subsequent wrongful incarceration.") (quotation omitted); *Ramos v. Cnty. of Suffolk*, 707 F. Supp. 2d 421, 424 (E.D.N.Y. 2010) (permitting defendant to question plaintiff about whether she had ever been arrested prior to and after the incident that was the subject of the litigation because the fact of the arrest "affected the plaintiff's claim for emotional distress damages," but precluding defendant from "go[ing] into what the reason for the arrest is"); *Banushi v. Palmer*, No. 08 Civ. 2937 (KAM), 2011 U.S. Dist. LEXIS 419, at *7-9 (E.D.N.Y. Jan. 4, 2011) (deeming plaintiff's prior arrest and incarceration history relevant to a jury's determination of emotional damages under Rule 402); *Wilson v. City of New York*, No. 06 Civ. 229 (ARR), 2006 U.S. Dist. LEXIS 90050, at *1-2 (E.D.N.Y. Dec. 13, 2006) ("one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never been detained.").

Here, plaintiff alleges emotional damages as a result of his false arrest claim.  *See, e.g.*,
Amended Complaint at ¶ 54 (alleging that, as a result of his false arrest, plaintiff was caused to
suffer, *inter alia*, "emotional damages, anguish, anxiety, fear, humiliation, … and damage to his
reputation and standing within his community").  Prior to his arrest in this case, plaintiff was
arrested on at least four different occasions just within the City of New York.  *See* NYPD
Omniform List of Arrests Printout, Thadani Decl. Ex. B.  In addition, since his release in January
2012, plaintiff has been arrested on at least six different occasions.  *See id.*  Because plaintiff was
certainly no stranger to the criminal justice system, his detention at issue in this case must be
placed in context for the jury.  Defendants should be permitted to inform the jury that plaintiff's
damages – particularly any damages for mental anguish attendant upon imprisonment – were
mitigated by his earlier encounters with the criminal justice system.  As a result, plaintiff's claim
for damages stemming from time spent custody is rife with causation issues to the extent that a
jury must be informed of his prior interactions with law enforcement and the alleged impact it
had on him to properly evaluate the claim.  In that regard, defendants simply seek permission to
elicit from plaintiff the amount of time he has spent incarcerated without going into any
additional detail.

## POINT VII

**PLAINTIFF SHOULD BE PRECLUDED
FROM CLAIMING DAMAGES FOR TIME IN
CUSTODY PAST THE TIME HE WAS
CHARGED WITH VIOLATING THE TERMS
OF HIS PROBATION AND A PROBATION
HOLD TOOK EFFECT**

On December 28, 2006, two days after the shooting and nearly two weeks before his
arrest on January 10, 2007, plaintiff was advised by his probation officer that a Violation of
Probation ("VOP") would be filed against him as a result of three arrests while on probation.  *See*

Probation File at 10, Thadani Decl. Ex. C.  At that time, plaintiff had also been convicted of Harassment in the Second Degree while on probation.  *See* Specification of Alleged Violation of Probation, Thadani Decl. Ex. D.  Accordingly, on or about February 1, 2007, plaintiff was charged with violating the terms of his probation and a probation hold took effect against plaintiff.  *See* 50-H Transcript at 45:24-46:2, 46:16-17, 47:20-48:14, Thadani Decl. Ex. E; Specification of Alleged Violation of Probation, Thadani Decl. Ex. D.  The VOP tracked the criminal case.  *See, e.g.,* May 1, 2007 Criminal Court Transcript at 2:3-17, Thadani Decl. Ex. F. Bail was never set with respect to the VOP.  Instead, plaintiff was remanded on the VOP.  *See id.* at 2:22-24; 50-H Transcript at 47:20-48:14, Thadani Decl. Ex. E; Raskin Dep. at 73:25-74:18, Thadani Decl. Ex. G.  Therefore, even if plaintiff had posted bail on the underlying criminal case here, he would have remained incarcerated as a result of the VOP and resulting probation hold. *See* Raskin Dep. at 73:25-74:18, Thadani Decl. Ex. G.

On January 19, 2012, the date on which the charges against plaintiff were dismissed, plaintiff pled guilty to violating the terms of his probation.  *See* Jan. 19, 2012 Criminal Court Transcript at 4:6-9, Thadani Decl. Ex. H.  Plaintiff admitted that he violated the terms of his probation because he was arrested on June 28, 2006 on an unrelated incident and pled guilty to Harassment in the Second Degree on July 17, 2006.  *See id.* at 4:14-18.  Accordingly, the criminal court judge accepted plaintiff's guilty plea, terminated plaintiff's violation of probation unfavorably and sentenced him to time served.  *See id.* at 6:21-7:3; Raskin Dep. at 76:18-77:11, Thadani Decl. Ex. G.

Therefore, the vast majority of plaintiff's time in custody was not caused by the defendants' alleged conduct because plaintiff was held pursuant to a probation hold and, even if he had posted the $10,000 bail, he would have remained incarcerated.  Accordingly, defendants

14

are not liable for that time spent in custody and plaintiff should be precluded from claiming damages for that time.

## POINT VIII

### KIJAFA SPRUELL SHOULD BE PRECLUDED FROM TESTIFYING AT TRIAL

Kijafa Spruell should be precluded from testifying at trial because his testimony is not relevant to the issues in this case and, in any event, his testimony would serve only to confuse the issues, mislead the jury, and unfairly prejudice the defendants.

As the Court is aware, Mr. Spruell was initially identified by Fawaz Terab as the person who passed the firearm to Dior Creighton on December 26, 2006. Mr. Spruell was not interviewed because Mr. Terab subsequently recanted his initial identification of Mr. Spruell and indicated that his view was obstructed, that he assumed it was Mr. Spruell because Dior Creighton and Mr. Spruell were always together, and that he had been mistaken. Mr. Terab then identified plaintiff as the person who passed the firearm to Dior Creighton based on a review of the surveillance footage. *See, e.g.,* Godino Dep. at 182:17-183:12, 185:10-16, 207:25-208:16, 210:5-9, 292:9-21, Thadani Decl. Ex. I.

On December 4, 2013, during the pendency of this civil case, Mr. Spruell signed a statement in which he claims that he passed the firearm to Dior Creighton inside the bodega on December 26, 2006. Putting aside Mr. Spruell's clear motive to lie, Mr. Spruell's claim, made nearly ***seven years later***, and under the belief that he could face no criminal consequences as a result of his admission, that he was the one who passed the firearm to Dior Creighton has no relevance to this case.

From the time of the shooting until plaintiff's release in January 2012, Mr. Spruell never spoke with or contacted anyone from the NYPD or Bronx District Attorney's Office with respect

to his alleged role in the shooting.  Therefore, Mr. Spruell's claim has no bearing on whether there was probable cause to arrest and/or prosecute plaintiff because probable cause is evaluated based upon the facts known ***at the time*** of the arrest and/or prosecution.  *See, e.g., Zellner v. Summerlin*, 494 F.3d 344, 370 (2d Cir. 2007); *Richard v. City of New York*, No. 97 Civ. 7990 (MBM), 2003 U.S. Dist. LEXIS 8037, at *46-47 (S.D.N.Y. May 7, 2003) ("In evaluating probable cause to arrest for the purposes of a false arrest claim, the court evaluates information available at the time of the arrest. . . . In evaluating probable cause to prosecute for the purpose of a malicious prosecution claim, the court evaluates the information available at the time the prosecution was initiated.").  Permitting Mr. Spruell to testify would confuse the issues to be decided and certainly mislead the jury into thinking that plaintiff's actual guilt or innocence with respect to the charged crimes is relevant, when it is well-established that "the validity of an arrest does not depend upon an ultimate finding of guilt or innocence."  *See, e.g.*, *Haussman v. Fergus*, 894 F. Supp. 142, 147 (S.D.N.Y. 1995); *see also De Michele v. City of New York*, No. 09 Civ. 9334 (PGG), 2012 U.S. Dist. LEXIS 136460, at *22 (S.D.NY. Sept. 24, 2012) (Gardephe, J.) ("The eventual disposition of a criminal charge is irrelevant to the probable cause determination for false arrest.").

Therefore, pursuant to Fed. R. Evid. 401 and 403, Kijafa Spruell should be precluded from testifying at trial.

## POINT IX

**AN ADVERSE INFERENCE INSTRUCTION SHOULD BE GIVEN TO THE JURY BASED ON PLAINTIFF'S INVOCATION OF HIS FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION AT HIS DEPOSITION**

On May 27, 2016, during his deposition, plaintiff, through his criminal defense counsel, invoked his Fifth Amendment right against self-incrimination in response to a number of questions that he was asked.  For example, plaintiff refused to answer questions pertaining to whether he ever paid Mr. Terab to make any statements in connection with this case, whether he ever promised Mr. Terab any money for his testimony in this case, and whether he ever paid Mr. Terab any money to testify that he saw Mr. Spruell pass the gun, instead of him.  *See, e.g.,* K. Creighton Dep. (May 27, 2016) at 17:21-18:7, 19:1-19:6, 38:4:18, Thadani Decl. Ex. J.  Plaintiff also refused to answer questions pertaining to whether he ever threatened physical injury, threatened to kill, pushed, punched, hit, or fought with Mr. Terab, and when asked about whether he ever threatened any violence towards Mr. Terab so that he would testify he saw Mr. Spruell pass the gun, instead of him.  *See, e.g., id.* at 10:8-11:18, 38:19-39:1.

It is well-settled that an adverse inference may be drawn "against a party who asserts his Fifth Amendment privilege in a civil matter, because the invocation of the privilege results in a disadvantage to opposing parties by keeping them from obtaining information they could otherwise get."  *Armstrong v. Collins*, Nos. 01 Civ. 2437 (PAC); 02 Civ. 2796 (PAC); 02 Civ. 3620 (PAC), 2010 U.S. Dist. LEXIS 28075, at *101 (S.D.N.Y. Mar. 24, 2010) (internal quotation marks and citation omitted).  "An adverse inference may be given significant weight because silence when one would be expected to speak is a powerful persuader."  *LiButti v. United States*, 178 F.3d 114, 120 (2d Cir. 1999).

17

Indeed, prior to invoking his 5th Amendment rights, plaintiff was well are of the consequences of his actions.  Indeed, this very issue was raised in a telephone conference with Magistrate Judge Freeman in which she warned plaintiff's counsel of the consequences of "pleading the 5th" in a civil case such as this one.  *See, e.g.,* K. Creighton Dep. (Apr. 28, 2016) at 84:11-13, 95:4-96:1, 96:13-14, Thadani Decl. Ex. K.

Accordingly, the jury should be given an adverse inference instruction with respect to plaintiff's invocation of his 5th Amendment right against self-incrimination at his deposition (and at trial should he again invoke his right).

## POINT X

### PLAINTIFF SHOULD BE PRECLUDED FROM CALLING KEISHA ENGLAND AS A WITNESS AT TRIAL

As an initial matter, plaintiff should be precluded from calling Ms. England at trial because she was never fully identified during discovery such that she could be deposed. Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, plaintiff is required to identify "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."  Plaintiff, however, has never provided the address or telephone number for this individual despite the fact that plaintiff testified that Ms. England is his aunt and that he could find out her address and telephone number.  *See, e.g.,* K. Creighton Dep. (May 27, 2016) at 151:16-153:8, Thadani Decl. Ex. J.  Defendants submit that, because they have been unable to depose this individual, she should be precluded from testifying at trial.

Ms. England should also be precluded from testifying at trial because her testimony, which apparently relates to plaintiff's alleged alibi, bears no relevance to the issues to be decided

in this case, especially when there is no evidence in the record to establish that Ms. England actually spoke to anyone at the New York City Police Department about this case. Whether or not plaintiff can establish an alibi at trial has no relevance as to whether there was probable cause to arrest and/or prosecute plaintiff. Indeed, courts have consistently held that a defendant's failure to investigate a plaintiff's alibi does not negate probable cause. *See, e.g., Nelson v. Hernandez*, 524 F. Supp. 2d 212, 224 (E.D.N.Y. 2007) ("Even had defendants learned of [plaintiff's] alibi defense before or at the time of his arrest, however, they were under no obligation to investigate it; indeed, an failure to do so would not have vitiated the existence of probable cause." (citing *Riciutti v. New York City Trans. Auth.*, 124 F.3d 123, 128 (2d Cir. 1997). Put simply, this trial is not about whether plaintiff can establish an alibi or not or even whether plaintiff actually committed the charges crimes are not, but rather whether there was probable cause to arrest and/or prosecute plaintiff.

## POINT XI

## PLAINTIFF SHOULD BE PRECLUDED FROM CALLING KRISTIN MALDONADO AS A WITNESS AT TRIAL

Plaintiff should also be precluded from calling Ms. Maldonado at trial because he never properly specified the subject of her information as required by Fed. R. Civ. P. 26(a)(1)(A)(i). Rather, plaintiff merely stated that "Kristin Maldonado has information regarding the events relating to the incidents alleged in the Complaint and may testify concerning damages." *See* Plaintiff's Initial Disclosures at ¶ 9, Thadani Decl. Ex. L. Despite the fact that during discovery, defendants asked for clarification with respect to what specific discoverable information Ms. Maldonado had, plaintiff failed to clarify. Plaintiff's vague allusions to the incidents alleged in his complaint and to damages are not sufficient for the purposes of Rule 26. Indeed, in light of the discovery conducted in this case, it is extremely unlikely that Ms. Maldonado has anything

relevant to say with respect to the issues to be decided.  Accordingly, Ms. Maldonado should be precluded from testifying at trial.

### POINT XII

**DEFENDANTS HEREBY GIVE NOTICE THAT THEY INTEND TO INTRODUCE EVIDENCE REGARDING PLAINTIFF'S PRIOR FELONY CONVICTION FOR WHICH MORE THAN TEN YEARS HAVE PASSED**

Plaintiff was previously convicted of Attempted Robbery in the Second Degree on October 6, 2005.  *See* Rap Sheet, Thadani Decl. Ex. M.  Plaintiff was thereafter sentenced, on November 21, 2005, to a period of five years probation.  *See id.*  Pursuant to Federal Rule of Evidence 609, defendants intend to introduce evidence of this conviction at trial to impeach plaintiff's credibility.

Although defendants hereby give notice of their intention to introduce evidence regarding this conviction, defendants note that, pursuant to Fed. R. Evid. 609(b), notice is required only where "more than 10 years have passed since the witness's conviction ***or*** release from confinement for it, ***whichever is later***."  (emphasis added.)  Here, plaintiff was not released from confinement in connection with this conviction until January 19, 2012 when he pled guilty to violating his probation and was sentenced to time served.  *See, e.g.,* Jan. 19, 2012 Criminal Court Transcript at 6:21-7:10, Thadani Decl. Ex. H.  Therefore, plaintiff's release from confinement was less than ten years ago and his robbery conviction is admissible under Fed. R. Evid. 609 to impeach plaintiff's credibility.

## POINT XIII

### DEFENDANTS RESERVE THEIR RIGHT TO FILE SUPPLEMENTAL MOTIONS *IN LIMINE*

Defendants respectfully reserve their right to object to any *in limine* motions submitted by plaintiff and to file supplemental motions *in limine*.

### CONCLUSION

For the reasons set forth above, defendants respectfully submit that their motions *in limine* should be granted in their entirety, and that the Court grant such other and further relief as it deems just and proper.

Dated:      New York, New York
            August 1, 2016

                                  ZACHARY W. CARTER
                                  Corporation Counsel of the City of New York
                                  *Attorney for Defendants*
                                  100 Church Street
                                  New York, New York  10007
                                  (212) 356-2351


                          By:    /s/ Kavin Thadani
                                 Kavin Thadani


TO:   **VIA ECF**
      Richard Gross, Esq.
      Michael Jaffe, Esq.
      *Attorneys for Plaintiff*