UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

KENNETH CREIGHTON,

                                Plaintiff,

                -against-

THE CITY OF NEW YORK, DETECTIVE DEAN
ROBERTS (Shield No. 05861), DETECTIVE GLENN
GODINO (Shield No. 2756), POLICE OFFICERS
JOHN DOES 1-10 (names being fictitious and presently
unknown and intended to be employees of the NYPD
who were involved in Plaintiff's arrest, detention,
imprisonment, and/or prosecution), DISTRICT
ATTORNEY ROBERT T. JOHNSON, ASSISTANT
DISTRICT ATTORNEY BRUCE BIRNS, ASSISTANT
DISTRICT ATTORNEY ED TALTY a/k/a ED TULTY
and ASSISTANT DISTRICT ATTORNEY MICHAEL
COOPER,

                              Defendants.

------------------------------------------------------------------- X

**JOINT PRE-TRIAL
ORDER**

12 CV 7454 (PGG)(DCF)

GARDEPHE, District Judge

       Counsel having conferred pursuant to Fed. R. Civ. P. 16 and the Court's Individual

Practices; the parties submit the following statements as their Joint Pretrial Order:

**1.**     <u>**Full Caption of the Action:**</u>

       Defendants propose the following caption:[1]

---

[1]      Defendants respectfully request that the caption be amended to reflect only Dean Roberts, Glenn Godino, Bruce Birns and Ed Talty as defendants.  Plaintiff contends that the City of New York remains a defendant.  Defendants contend that because plaintiff has agreed to withdraw his municipal liability claims against the City of New York, the City of New York is no longer a proper party to this action because there are no claims made against it. Plaintiff notes that, although he withdrew his *Monell* claims (Eleventh Claim for Relief), he did not withdraw his New York State common law claims against the City of New York for false arrest, malicious prosecution or abuse of process.  Defendants contend that plaintiff never pled any state law claims against the City of New York, whether under a theory of *respondeat* superior or otherwise.  Plaintiff contends that the allegations contained in his First, Second and Third Claims are alleged against all defendants, including the City of New York. Plaintiff has agreed to withdraw his claims against

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------x

KENNETH CREIGHTON,

                                                        Plaintiff,

                            -against-

DETECTIVE DEAN ROBERTS, DETECTIVE GLENN GODINO,
ASSISTANT DISTRICT ATTORNEY BRUCE BIRNS a/k/a BURNS,
and ASSISTANT DISTRICT ATTORNEY ED TALTY a/k/a ED
TULTY,[2]

                                                        Defendants.

------------------------------------------------------------------------------------x


2.      **Trial Counsel:**

        **For Plaintiff:**

        PAZER, EPSTEIN & JAFFE, P.C.              RUBERT & GROSS, P.C.[3]
        By Michael Jaffe                          By Richard Gross
        20 Vesey Street, Suite 700                150 Broadway, Suite 712
        New York, New York 10007                  New York, New York 10007
        Phone (212) 227-1212                      Phone (212) 608-3103
        Fax (212) 374-1778                        Fax (212) 608-1316
        Email mjaffe@pazerandepstein.com          Email
                                                  richardgross.court@gmail.com

---

District Attorney Robert Johnson and he is no longer a proper party to this action.  Assistant
District Attorney Michael Cooper is deceased and was not properly served and, therefore, he is not
a proper party to this action.

[2] Plaintiff agrees to delete Police Officers John Does, District Attorney Robert T. Johnso and ADA
Michael Copper as defendants.  Plaintiff does not agree to the deletion of the City of New York as
a defendant.

[3]      Additional trial counsel may be added as trial date gets closer.

**For Defendants Dean Roberts, Glenn Godino, Bruce Birns and Ed Talty:**

ZACHARY W. CARTER
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007
(212) 356-2351
(212) 356-3509 (fax)
By: Kavin Thadani[4]

## 3. Basis of Subject Matter Jurisdiction:

This action arises under the United States Constitution and 42 U.S.C. §1983 and under New York State common law. This Court has subject matter jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §1331 and §1343(3). This Court has jurisdiction to hear plaintiff's state common law claims pursuant to 28 U.S.C. § 1367. Defendants do not contest jurisdiction but reserve the right to do so pending the Court's decision on defendants' motion for summary judgment.

## 4. Statement of Legal Claims and Defenses Remaining to Be Tried:

### A. Plaintiff's Summary of Claims and Defenses

Kenneth Creighton asserts that he was deprived of his rights secured by the Constitution of the United States in violation of 42 U.S.C. §1983 and that his New York State common law rights were violated. The Amended Complaint asserts seventeen (17) claims for relief.

Remaining to be tried are claims for:

1. Unlawful arrest and imprisonment under New York common law (First Claim for Relief, Amended Complaint ¶¶42-55)

---

[4]     Additional trial counsel will be added as we get closer to trial.

2. Malicious prosecution under New York common law and the United States Constitution (Second and Fourth Claims for Relief, Amended Complaint ¶¶56-76, 83-94)

3. Abuse of process under New York common law and the United States Constitution (Third and Fourth Claims for Relief, Amended Complaint ¶¶477-82, 83-94)

4. Conspiracy to violate Mr. Creighton's constitutional rights (Fifth Claim for Relief, Amended Complaint ¶¶95-100)

5. Violation of Mr. Creighton's procedural due process rights (Sixth Claim for Relief, Amended Complaint ¶¶101-106)

6. Claim for prolonged detention (Eighth Claim for Relief, Amended Complaint ¶¶150-163)

7. Failure to intervene to prevent or end the unlawful conduct to which plaintiff was subjected (Eleventh Claim for Relief, Amended Complaint ¶¶179-185)

Plaintiff advised the Court on May 26, 2016 (DE141) that he withdrew:

● *Monell* claim against the City (Fourteenth Claim for Relief, Amended Complaint ¶¶200-236)

● Claim for unreasonable continued prosecution (Ninth Claim for Relief, Amended Complaint ¶¶164-170) only to the extent that it is duplicative of claims for deprivation of plaintiff's due process rights and his malicious prosecution claims

● Claim for intentional infliction of emotional distress (Seventeenth Claim for Relief, Amended Complaint ¶¶261-269)

● Claim for liability for *Brady* violations (Thirteenth Claim for Relief, Amended Complaint ¶¶194-199)

● Negligence claim (Sixteenth Claim for Relief, Amended Complaint ¶¶253-260)

● The failure to investigate claim (Twelfth Claim for Relief, Amended Complaint ¶¶186-193) to the extent that it is subsumed in plaintiff's claims for malicious prosecution and violation of due process;

● Claim for unduly suggestive identification (Tenth Claim for Relief, Amended Complaint ¶¶171-178)

● All claims against District Attorney Robert Johnson.

Plaintiff also withdraws:

● *Monell* claim against the District Attorney defendants (Seventh and Fifteenth Claims for Relief, Amended Complaint ¶¶107-149, 237-252)

● All claims against District Attorney Michael Cooper.

**B. Defendants' Summary of Claims and Defenses[5]**

   **1. <u>Plaintiff's Claims</u>**

Plaintiff's Amended Complaint asserts the following federal claims: (1) False Arrest; (2) Malicious Prosecution; (3) Malicious Abuse of Process; (4) Conspiracy; (5) Denial of Procedural and Substantive Due Process; (6) "Investigatory Functions"; (7) Intentional Prolonged Detention; (8) Unreasonably Continued Prosecution; (9) Unduly Suggestive Identification; (10) Failure to Intervene; (11) Failure to Investigate; (12) *Brady* Violations; and (13) *Monell*. The Amended Complaint also asserts the following pendent state law claims: (1) False Arrest; (2) Malicious Prosecution; (3) Malicious Abuse of Process; (4) Negligence; and (5) Intentional Infliction of Emotional Distress.

On December 23, 2015, plaintiff voluntarily withdrew with prejudice the following federal claims: (1) *Monell*; (2) Unreasonably Continued Prosecution; and (3) False Arrest and the following pendent state law claims: (1) Negligence and (2) Intentional Infliction of Emotional Distress. On May 26, 2016, plaintiff voluntarily withdrew the following federal claims: (1) Unduly Suggestive Identification; (2) Failure to Investigate; and (3) *Brady* Violations.

The following constitute the claims remaining to be tried, subject to the parties' pending summary judgment motions:

   1. A claim under New York state law for false arrest against defendants Roberts, Godino, Birns and Talty;[6]

---

[5]     By identifying a defense in this Pre-Trial Order, defendants do not concede that the contention listed is an affirmative defense or that they have the burden of proof as to the contention.

[6]     Plaintiff maintains that his New York State law claim for false arrest against the City of New York remains to be tried inasmuch as he only withdrew his *Monell* claim against the City but not his state-law claims for false arrest, malicious prosecution or abuse of process. Defendants contend that plaintiff never pled any state law claims against the City of New York, whether under a theory of *respondeat* superior or otherwise.

2. Claims under New York state law and Section 1983 for malicious prosecution against defendants Roberts and Godino;[7]

3. Claims against the City of New York, Godino and Roberts for malicious abuse of process under New York State Law.

4. A claim under Section 1983 for the denial of procedural and substantive due process against defendant Godino;

5. A claim under Section 1983 for intentional prolonged detention against defendant Godino;

6. A claim under Section 1983 for malicious abuse of process against defendants Roberts and Godino;

7. A claim under Section 1983 for conspiracy against defendant Godino; and

8. A claim under Section 1983 for failure to intervene.

## 2. **Defendants' Defenses**[8]

Plaintiff cannot prevail on his false arrest claim because there was probable cause to arrest plaintiff based on information provided by an eyewitness that (1) he saw plaintiff hand a firearm to plaintiff's brother, Dior Creighton, inside of a bodega on December 26, 2006 and (2) he saw Dior Creighton use that firearm in connection with a shooting, resulting the death of one individual and serious injury to another. ████████████████████████ Surveillance footage, as well as physical evidence, corroborated the information provided by this eyewitness.[9] The eyewitness had also previously provided reliable and credible information in the capacity of a confidential informant to the New York City Police Department, including to the lead detective in this case regarding a non-fatal shooting which resulted in a guilty plea.[10] In addition, another witness, Fawaz Terab, identified

---

[7]    Plaintiff has not withdrawn his state-law claim against the City of New York for malicious prosecution. Defendants contend that plaintiff never pled a state law claim for malicious prosecution against the City of New York, whether under a theory of *respondeat* superior or otherwise.

[8]    Defendants' motion for summary judgment contains detailed discussions with respect to defendants' defenses.

[9]    Plaintiff objects to defendants' statement that: "surveillance footage, as well as physical evidence, corroborated the information provided by an eyewitness (the CI). To the contrary, the surveillance video showed that plaintiff was not the person passing the gun.

[10]    Plaintiff objects to defendants' conclusory statement that the confidential informant had provided reliable and credible information in his capacity as a confidential informant to New York

plaintiff as the person who handed the firearm to Dior Creighton on the surveillance footage, after recanting his initial identification of Kijafa Spruell. Mr. Terab explained that his initial identification was based upon assumption and that his view was obstructed. Detective Dean Roberts also was able to identify plaintiff as the person who handed the firearm to Dior Creighton on the surveillance footage.[11]

Plaintiff cannot prevail on his malicious prosecution claim because, for the reasons explained above, there was probable cause to prosecute plaintiff. In addition, plaintiff is unable to rebut the presumption of probable cause created by the indictment against him (nor has he pled sufficient facts in his Amended Complaint that he is able to do so), and he is also collaterally estopped from challenging the sufficiency of the grand jury proceeding. Plaintiff is also unable to prove initiation as against defendants Roberts and Godino. Finally, plaintiff is unable to prove an improper post-arraignment deprivation of liberty because he was held in custody pursuant to a probation hold.[12]

---

City Police Department. The evidence shows only that on one occasion, with respect to a shooting, the confidential informant had advised Godino "who he thought the perp was."

[11] Plaintiff objects to defendants' statement that: 1) Fawaz Terab identified plaintiff as the person who handed the firearm to Dior Creighton on the surveillance footage, after recanting his initial identification of Kijafa Spruell; 2) Mr. Terab explained that his initial identification was based upon assumption and that his view was obstructed. 3) Detective Dean Roberts also was able to identify plaintiff as the person who handed the firearm to Dior Creighton on the surveillance footage. There is no evidence that Terab every recanted his identification of Spruell as the perpetrator. To the contrary, to this day Terab's denies any such recantation. Detective Det. Roberts did not identify plaintiff from the surveillance footage as the person who passed the gun. Detective Roberts testified that when he viewed the surveillance video, "I believe it was Kenneth Creighton" who passed the gun. Roberts, conceding that he could not see the face of the person passing the gun, testified that his belief that the person passing the gun was Kenneth Creighton was "based more on my experience of Kenneth Creighton and the general makeup of him, the physical appearance".

[12] Plaintiff objects to this statement. As developed in plaintiff's opposition to defendants' motion for summary judgment and in his own motion for summary judgment, there was no probable cause to prosecute plaintiff Moreover, the presumption afforded the grand jury indictment is overcome in this case by evidence thata establishes fraud, perjury or suppression of evidence by the police; evidence that the police did not make a complete and full statement of facts to the District Attorney; evidence that the police failed to make further inquiry when a reasonable person would have done so and conduct by the police that deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures and plaintiff's rights. Moreover, plaintiff is not collaterally estopped from challenging the sufficiency of the grand jury proceeding. First, any collateral estoppel defense that may have been available to defendants was waived by not raising it in their answer. Second, because in New York the doctrine of collateral estoppel is not applied absent the opportunity for appellate review, it cannot apply here since once the criminal charges against Mr. Creighton was dismissed, there was no reason to seek appellate review of earlier rulings.

Plaintiff's purported claims under the Due Process clause are redundant to the Fourth Amendment claims and are not properly tried as a separate claim.[13]

Plaintiff cannot prevail on his intentional prolonged detention claim because he cannot demonstrate the existence of exculpatory evidence which conclusively established plaintiff's innocence. Indeed, plaintiff cannot demonstrate the existence of any exculpatory evidence at all because Mr. Terab recanted his initial identification of Kijafa Spruell prior to plaintiff's arrest. In addition, as explained above, plaintiff's prolonged detention was a result of a probation hold.[14]

Plaintiff cannot prevail on his malicious abuse of process claim because he has failed to plead sufficient facts with respect to this claim and, in any event, as explained above, there was probable cause to arrest plaintiff. Plaintiff's malicious abuse of process claim is also barred by the applicable statute of limitations.[15] Moreover, plaintiff's malicious abuse of process claim is duplicative of his other claims and should not be tried as a separate claim.

Plaintiff cannot prevail on his conspiracy claim because he has failed to plead sufficient facts with respect to this claim and, in any event, he is unable to show any deprivation of a federal constitutional right because there was probable cause for his arrest and prosecution. Plaintiff's conspiracy claim may also be barred by the applicable statute of limitations.[16] Moreover, plaintiff's conspiracy claim is duplicative of his other claims and should not be tried as a separate claim.

Plaintiff cannot prevail on his failure to intervene claim because he has failed to plead sufficient facts with respect to this claim and, in any event, he is unable to show any underlying constitutional violation upon which to intervene because there was probable cause for his arrest

---

[13]    Plaintiff objects to this statement. As explained in plaintiff's opposition to defendants' motion for summary judgment, plaintiff due process claim is not duplicative of his Fourth Amendment claims.

[14]    Plaintiff objects to this statement. As explained in plaintiff's opposition to defendants' motion for summary judgment, there is no credible evidence to support defendants' contention that Terab recanted his identification of Spruell as the person who passed the gun. Nor is there any evidence that plaintiff would have served five years in jail due to a probation hold. Defendants state that plaintiff did serve five years in jail due to a probation hold.

[15]    Plaintiff objects to this statement as his complaint sufficiently pleads a New York State law abuse of process claim and such claim was commenced within the statutory period following his release from custody.

[16]    Plaintiff objects to this statement as his complaint sufficiently pleads a conspiracy claim; there was no probable cause to arrest and/or prosecute plaintiff and the claim was timely interposed.

and prosecution. Plaintiff's failure to intervene claim is also barred, in whole or in part, by the applicable statute of limitations.[17]

Even assuming, *arguendo*, that probable cause did not exist, defendants are entitled to qualified immunity because there was "arguable probable cause" to arrest and prosecute plaintiff.[18]

Defendants Birns and Talty are protected by absolute immunity.[19]

5. <u>**Damages by Element or Category**</u>:

Plaintiff claims violation of his constitutional rights, including loss of liberty, physical pain and suffering, and emotional injuries caused by the arrest, imprisonment, and prosecution, and the indignities, debasement, and physical suffering of his incarceration. Plaintiff does not claim financial injuries. The jury will determine compensatory and punitive damages for the intangible/ unliquidated damages caused by the constitutional violations, loss of liberty, emotional upset and physical injury in the manner it deems appropriate.

6. <u>**Jury**</u>:

This case is to be with a jury and is expected to last 6-10 days.

7. <u>**Magistrate Judge**</u>:

The parties have not consented to trial by a Magistrate Judge.

8. <u>**Stipulated and Agreed upon Statements of Law or Fact**</u>:

1. On December 26, 2006, a shooting took place in the vicinity of 810 East 168th Street and Union Avenue, Bronx, New York.

---

[17]     Plaintiff objects to this statement as his complaint sufficiently pleads a failure to intervene claim; there was no probable cause to arrest and/or prosecute plaintiff and the claim was timely interposed.

[18]     Plaintiff objects to this statement as the evidence in this case establishes that defendants are not entitled to qualified immunity.

[19]     Plaintiff contends that, while defendants, Birns and Talty are entitled to absolute immunity for their prosecutorial conduct, they are not entitled to absolute immunity for their involvement in plaintiff's false arrest.

2. During the shooting, one person was killed and another person was injured.

3. On January 23, 2007, Kenneth Creighton was indicted by a Grand Jury for two counts of Criminal Possession of a Weapon in the Second Degree and one count of Criminal Facilitation in the Second Degree.

4. On January 3, 2012, Dior Creighton, plaintiff's brother, pled guilty to Attempted Murder in the Second Degree.

5. Kenneth Creighton was released from custody on January 19, 2012.

## 9. Witnesses:

### Plaintiff's Witnesses

1. CI (actual name under seal)[20]

2. Kenneth Creighton

3. Glenn Godino

4. Dean Roberts

5. Bruce Birns

6. Terry Gottlieb

7. Paul LaDuca

8. Michael Raskin

9. Kijafa Spruell[21]

10. Edward Talty

11. ADA Burim Namani

12. Fawaz Terab

13. Kiesha England[21]

---

[20]   Defendants object to reference of this witness as "CI."

[21]   Defendants will be moving to preclude these witnesses.

14. Kristin Maldonado[21]

Plaintiff reserves the right to call in his case in chief the witnesses on defendants' list.

## Defendants' Witnesses[22]

|     | Witnesses to be offered in Defendants' Case in Chief | Testimony in Person or by Deposition |
| --- | --- | --- |
| 1.  | Gustavo Benitez[23] | In person |
| 2.  | Bruce Birns | In person |
| 3.  | Johnny Elliott | In person |
| 4.  | "Eyewitness"[24] | In person |
| 5.  | Glenn Godino | In person |
| 6.  | Theresa Gottlieb | In person |
| 7.  | Franco Johnson[25] | In person |
| 8.  | Michael Raskin | In person |
| 9.  | Dean Roberts | In person |
| 10. | Ed Talty | In person |
| 11. | Fawaz Terab | In person |

All parties reserve their rights to seek to exclude, or limit witness testimony.

---

[22]    Pursuant to the Court's individual rules of practice, this list includes only witnesses that may be called in the defendants' case-in-chief. Defendants reserve the right to call at trial any witness listed by plaintiff. This witness list is contingent on the Court's rulings before and after trial and the development of the evidence at trial. The listing of a witness is not a concession that the witness may be properly called by another party in all parts of the trial or for all purposes. Defendants reserve the right to not call listed witnesses or to supplement this witness list in the future. Defendants reserve the right to designate the deposition testimony of any witness who is unavailable for trial. Defendants reserve the right to offer deposition testimony in lieu of in person testimony insofar as permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence, and reserve the right to use deposition testimony on cross-examination.

[23]    Plaintiff objects to this witness and will move to preclude or limit his testimony.

[24]    To the extent that "Eyewitness" is called to testify at trial, defendants respectfully submit that certain protections will need to be put in place to avoid his identity being revealed.

As defendants claim that the person who allegedly identified Kenneth Creighton a the person who passed the gun was not acting as a CI when he did so but was merely a witness plaintiff objects to any measures being taken in front of the jury to treat this witness any differently from any other witness.

[25]    Plaintiff objects to this witness. and will seek to preclude his testfimony. Upon information and belief this witness has not been previously identified during discovery and plaintiff does not know what it is that defendants intend to elicit from this witness.

**10.  Designation of Deposition Testimony:**

The plaintiff selects no such deposition testimony at this time and expect all witnesses to be available for in-court testimony.  Plaintiff respectfully reserves the right to use deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure should it become necessary, including, but not limited to impeachment.

**Defendants' Designations**

Kenneth Creighton Deposition (May 27, 2016) at 9:5-23:4, 36:18-39:1

*See also* footnote 21.

**11.    Exhibits:**

**Plaintiff's Exhibits**[26]

| Exh. | Description of Exhibit | Objections |
|------|------------------------|------------|
| 1. | Certificate of Disposition of the criminal charges against plaintiff   P00020 | Rule 403 |
| 2. | Sworn statement of Fawaz Terab dated February 21, 2013   P00096 | Rule 403, Rule 802 |
| 3. | Photo Array | Plaintiff has failed to properly identify this document.  In any event, defendants object on hearsay grounds. |
| 4. | Complaint-Follow-Up P00046 | Rule 402, Rule 403, Rule 802 |

---

[26]    Pursuant to the Court's individual rules of practice, this list includes only exhibits that plaintiff anticipates offering into evidence in his case-in-chief.  Plaintiff reserves the right to offer and/or use at trial any exhibit listed by defendants.  The listing of an exhibit is not an admission that an exhibit is admissible if offered by defendant, or that it is relevant and admissible for all parts of the trial or for all phases or purposes at trial.  Plaintiff reserves the right to not use listed exhibits or to supplement this exhibit list in the future.  This exhibit list is contingent in part on the Court's rulings on the parties' summary judgment motions and other rulings before and after trial and the development of the evidence at trial.

| | | |
|---|---|---|
| 5. | Spiral notebook maintained by defendant Glenn Godino ("Godino") referable to the subject investigation | Rule 402, Rule 403, Rule 802 |
| 6. | Defendants' Responses to First Set of Interrogatories | Rule 402, Rule 403 |
| 7. | CI's Criminal History records (Redacted) | Plaintiff has never produced these documents nor are they properly identified. In any event, defendants object on the grounds of authentication, hearsay and Rule 403. |
| 8. | Video of CI's May 2016 Deposition Testimony | Rule 402, Rule 403, Rule 802. Defendants also object to the extent that no specific portions of the deposition have been designated. Defendants reserve the right to further object if plaintiff makes any specific designations. The video is also subject to a protective order. |
| 9. | Criminal complaint sworn by defendant Roberts | Rule 402 |
| 10. | Crime Scene Unit Report P00066-68 | Rule 402, Rule 403, Rule 802, Rule 901 |
| 11. | Unusual Occurrence Report P00157 | Rule 402, Rule 802, Rule 901 |
| 12. | Omniform System Complaints P00056-P00058 | Rule 402, Rule 802, Rule 901 |
| 13. | Photographic Array    NYC004747 | Rule 403, Rule 802 |
| 14. | Photographic Array    NYC004590 | Rule 402, Rule 403, Rule 802 |

| 15. | Booking Arraignment Disposition Inquiry System (Spruell Records) NYC004761 - NYC004763 | Rule of Completeness |
|---|---|---|
| 16. | DVD provided during discovery depicting surveillance footage of the bodega on December 26, 2007 | Rule 402, Rule 403, Rule 901 |
| 17. | DD5 P00185 | Rule 402, Rule 403, Rule 802, Rule 901 |
| 18. | CRIMS Appearance History – CREIGHTON,KENNETH   NYC005509 | Rule 402, Rule 802, Rule 901 |
| 19. | DD5 or Complaint-Follow-Up Informational P00024 | Rule 402, Rule 403 |
| 20. | Signed statement of Fawaz Terab | Plaintiff has failed to properly identify this document.  In any event, defendants object on hearsay grounds. |
| 21. | Grand Jury Minutes NYC000399 -NYC 000429 | Rule 402, Rule 403, Rule 802. Defendants object to the extent that no specific portions have been designated. |
| 22. | Indictment   P00098 | Rule of Completeness |
| 23. | DD5   P00161 | Rule 402, Rule 403, Rule 802, Rule 901 |
| 24. | DD5   NYC004458 | Rule 402, Rule 403, Rule 802, Rule 901 |
| 25. | Dior Creighton's Indictment | This document is not properly identified. |

| | | |
|---|---|---|
| 26. | Sprint record P00373 | Rule 802, Rule 901 |
| 27. | Property clerk invoice P00362- P00372 | Rule 402, Rule 403, Rule 802, Rule 901 |
| 28. | MapQuest- map of area around incident P00325 | Rule 802, Rule 901 |
| 29. | Prior incident Spruell- NYPD computer inquiry NYC005402 | Rule 802 |
| 30. | Criminal History Record Search (CHRS) for CI | Plaintiff has never produced these documents nor are they properly identified.  In any event, defendants object on the grounds of authentication, hearsay and Rule 403. |
| 31. | Firearms Analysis Records P00291 - P00300 | Rule 402 |
| 32. | Criminal Court File Jacket P00063 - P00065 | Rule 802, Rule 901 |
| 33. | Alibi Notice Demand-DA P00012 | Rule 402, Rule 403 |
| 34. | §212-68 Confidential informant – NYPD Patrol Guide 2005 | This document is not properly identified.  In any event, defendants object on Rule 402 and Rule 403 grounds. |
| 35. | Complaint follow-up - Canvas-Ramos P00039 | Rule 402, Rule 403, Rule 802, Rule 901 |
| 36. | Complaint follow-up P00192 | Rule 402, Rule 403, Rule 802, Rule 901 |

| | | |
|---|---|---|
| 37. | Complaint follow-up Canvass 1200 Union December 26, 2006, Ramos P00031 | Rule 402, Rule 403, Rule 802, Rule 901 |
| 38. | NYPD CSU diagram P00356 - P00357 | Rule 402, Rule 403, Rule 901 |
| 39. | NYPD Interview Super P00105 | Rule 402, Rule 403, Rule 802, Rule 901 |
| 40. | Canvas for cameras P00035 | Rule 402, Rule 403, Rule 802, Rule 901 |
| 41. | Interview of Ayala-victim P00046 | Rule 402, Rule 403, Rule 802 |
| 42. | Follow-up 911's-no info P00029 | Rule 402, Rule 403, Rule 802 |
| 43. | Crime scene photos P00234 - P00271 | Rule 402, Rule 403, Rule 901 |
| 44. | Canvas 911-Ramos P00191 | Rule 402, Rule 403, Rule 802, Rule 901 |
| 45. | Canvas 816 1668th Street P00040 | Rule 402, Rule 403, Rule 802, Rule 901 |
| 46. | Interview Caldwell's wife-Rosado P00050 | Rule 402, Rule 403, Rule 802, Rule 901 |
| 47. | Canvas for witnesses P00038 | Rule 402, Rule 403, Rule 802, Rule 901 |
| 48. | NYPD CSU Diagram P00358- P00359 | Rule 402, Rule 403, Rule 901 |
| 49. | Complaint Follow Up, Clarke Canvass December 26, 2006 P00041 | Rule 402, Rule 403, Rule 802, Rule 901 |

| | | |
|---|---|---|
| 50. | Interview Shannon P00104 | Rule 402, Rule 403, Rule 802, Rule 901 |
| 51. | Omniform Complaint-Lopez P00056 - P00058 | Rule 402, Rule 403, Rule 802, Rule 901 |
| 52. | Crime Scene Unit diagram P00355 | Rule 402, Rule 403, Rule 901 |
| 53. | Crime Scene Report P00066 - P00069 | Rule 402, Rule 403, Rule 802, Rule 901 |
| 54. | Complaint follow-up-canvas for witness P00194 | Rule 402, Rule 403, Rule 802, Rule 901 |
| 55. | Sprint Report P00377 -P00380 | Rule 402, Rule 403, Rule 802, Rule 901 |
| 56. | Complaint follow up – Ayala P00193 | Rule 402, Rule 403, Rule 802 |
| 57. | Terab signed statement to Godino NYC004657 | Rule 402, Rule 403, Rule 802 |
| 58. | Photo Array-Dior P00360 | Rule 402, Rule 403, Rule 802 |
| 59. | Spruell mugshot used in photo array - retrieved December 31, 2006 P00107 | Rule 402, Rule 403 |
| 60. | Photo Array Terab ID of Dior Creighton NYC004590 | Rule 402, Rule 403, Rule 802 |
| 61. | Complaint follow up -Debrief Narcotics Arrestees P00189 | Rule 402, Rule 403, Rule 802 |
| 62. | Complaint follow up Canvass for Dior Creighton P00185 | Rule 402, Rule 403, Rule 802, Rule 901 |

| | | |
|---|---|---|
| 63. | Ayala witness statement P00018 | Rule 402, Rule 403, Rule 802 |
| 64. | Dior Creighton mug shot retrieved January 2, 2007 P00095 | Rule 402, Rule 403 |
| 65. | Line up report January 3, 2007 P00323 - P00234 | Rule 402, Rule 403 |
| 66. | Lineup report P00110 | Rule 402, Rule 403 |
| 67. | Complaint follow up Canvass for Dior Creighton - by Godino January 4, 2007 P00186 | Rule 402, Rule 403 |
| 68. | Various Location Complaint follow up Canvass for Dior Creighton P00188 | Rule 402, Rule 403 |
| 69. | Complaint follow up Call to Probation P00024 | Rule 402, Rule 403 |
| 70. | Fax from District Attorney's Office to Godino NYC004926 | Rule 901, Rule of Completeness |
| 71. | Roberts Sworn Complaint - Kenneth Creighton NYC005207 | Rule 402, Rule 901 |
| 72. | Omniform Arrest Kenneth Creighton - Talty authorized P00014 - P00015 | Rule 402, Rule 402.  Defendants also object to the description of the exhibit as it mischaracterizes the document. |
| 73. | May 27, 2016 email from Assistant District Attorney Burim Namani | Rule 802, Rule 901 |

Defendants reserve the right to supplement and/or amend their objections if and when they receive pre-marked exhibits.

**Defendant's Exhibits**[27]

| Ex. No. | Description | Bates Number(s) or Other Information | Objection(s) |
|---|---|---|---|
| A | Conditions of Probation | NYC005798 | Rule 401 Rule 402 Rule 403 Rule 802 |
| B | Department of Probation Case Chrono Report | NYC000221-237 | Rule 401 Rule 402 Rule 403 Rule 802 |
| C | Surveillance Footage (Original Videotape) | N/A | Plaintiff reserves his objections to this exhibit pending review of same for incomplete, missing or altered |
| D | Surveillance Footage (Duplicate Videotape)[28] | N/A | Plaintiff reserves his objections to this exhibit pending review of same for incomplete, missing or altered |
| E | Surveillance Footage (DVD) | N/A | Plaintiff reserves his objections to this exhibit pending review of same for incomplete, missing or altered |
| F | Still Photographs of Surveillance Footage (originals and copies) | NYC006048-6056 | Rule 401 Rule 402 Rule 403 |
| G | Spiral Notebook (original and copy) | NYC003502-3530 | Rule 801 Rule 802 Rule 803 |

---

[27]     Pursuant to the Court's individual rules of practice, this list includes only exhibits that defendants anticipate offering into evidence in its case-in-chief.  Defendants reserve the right to offer and/or use at trial any exhibit listed by plaintiff.  The listing of an exhibit is not an admission that an exhibit is admissible if offered by plaintiff, or that it is relevant and admissible for all parts of the trial or for all phases or purposes at trial.  Defendants reserve the right to not use listed exhibits or to supplement this exhibit list in the future.  This exhibit list is contingent in part on the Court's rulings before and after trial and the development of the evidence at trial.  Defendants reserve the right to offer certain exhibits in redacted form.

[28]     This piece of evidence is in plaintiff's possession and defendants demand that plaintiff produce it for use at trial.

| | | | |
|---|---|---|---|
| H | Criminal Justice Agency Interview Report | NYC000134 | Rule 401 Rule 402 Rule 403 Rule 801 Rule 802 Rule 803 |
| I | Grand Jury Minutes | NYC004693-4723 | Rule 801 Rule 802 Rule 803 |
| J | Indictment No. 0639-07 | NYC000318-321 | Rule 401 Rule 402 Rule 403 |
| K | Specification(s) of Alleged Violation of Probation | NYC006024 | Rule 402 Rule 403 Rule 802 Rule 803 |
| L | Fawaz Terab Grand Jury Subpoena | NYC004881[29] | Rule 401 Rule 402 Rule 403 |
| M | May 1, 2007 Criminal Court Transcript | NYC006035-6037 | Rule 401 Rule 402 Rule 403 Rule 801 Rule 802 Rule 803 |
| N | Decision and Order (Oct. 3, 2007) | NYC000356 | Rule 401 Rule 402 Rule 403 Relevance |
| O | Dec. 13, 2007 Criminal Court Transcript | NYC006152-6158 | Rule 402 Rule 403 |
| P | Aug. 19, 2011 Letter from T. Gottlieb to M. Raskin | P00090 | Rule 402  Rule 403 |
| Q | Jan. 19, 2012 Criminal Court Transcript | NYC003375-3381 | Rule 402 Rule 402  Rule 403 |
| R | Arrest Report No. B16613770 | NYC005794-5796 | Rule 401Rule 402 Rule 403 |
| S | Criminal Complaint (Mar. 7, 2016) | NYC006148-6151 | Rule 402 Rule 403 |
| T | March 8, 2016 Criminal Court Transcript | NYC006137-6147 | Rule 402 Rule 403 |

---

[29]    Defendants will be designating a clearer copy of the original document for trial.

Plaintiff reserves the right to supplement and/or amend his objections if and when they receive pre-marked exhibits.

The parties reserve their right to supplement or amend the Exhibit Lists in light of rulings on *in limine* motions.

Dated: New York, New York
August 1, 2016

SO ORDERED:

_____
Paul G. Gardephe
United States District Judge