UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

KENNETH CREIGHTON,

Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE DEAN
ROBERTS (Shield No. 05861), DETECTIVE GLENN
GODINO (Shield No. 2756), POLICE OFFICERS
JOHN DOES 1-10 (names being fictitious and presently
unknown and intended to be employees of the NYPD
who were involved in Plaintiff's arrest, detention,
imprisonment, and/or prosecution), DISTRICT
ATTORNEY ROBERT T. JOHNSON, ASSISTANT
DISTRICT ATTORNEY BRUCE BIRNS, ASSISTANT
DISTRICT ATTORNEY ED TALTY a/k/a ED TULTY
and ASSISTANT DISTRICT ATTORNEY MICHAEL
COOPER,

Defendants.[1]

**JOINT PROPOSED
JURY CHARGES**

12 CV 7454 (PGG)(DCF)

------------------------------------------------------------------- X

The parties, by their attorneys, respectfully request, pursuant to Rule 51 of the Federal Rules of

Civil Procedure, that the Court give the following instructions to the jury:[2,3]

---

[1]    Defendants respectfully request that the caption be amended to reflect only Dean Roberts, Glenn Godino, Bruce Birns and Ed Talty as defendants.  Plaintiff contends that the City of New York remains a defendant.  Defendants contend that, because plaintiff has agreed to withdraw his municipal liability claims against the City of New York, the City of New York is no longer a proper party to this action because there are no claims made against it. Plaintiff notes that, although he withdrew his *Monell* claims (Eleventh Claim for Relief), he did not withdraw his New York State common law claims against the City of New York for false arrest, malicious prosecution or abuse of process. Defendants contend that plaintiff never pled any state law claims against the City of New York, whether under a theory of *respondeat superior*, or otherwise.  Plaintiff has agreed to withdraw his claims against District Attorney Robert Johnson and he is no longer a proper party to this action.  Assistant District Attorney Michael Cooper is deceased and was not properly served and, therefore, he is not a proper party to this action.

[2]    Defendants intend to rely on the defense of qualified immunity.  As the Court in *Zellner v. Summerlin*, 494 F.3d 344 (2d Cir. 2007), and *Stephenson v. John Doe*, 332 F.3d 68 (2d Cir.

**Defendants' Request:**

## <u>GENERAL INSTRUCTIONS</u>[4]

   Members of the jury, you have heard the evidence in this case.  I will now instruct you as to the law that you must apply.  It is your duty to follow the law as I give it to you and apply the law to the facts as you determine them.  You should not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

   First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

   The fact that a person has brought a lawsuit and is in court seeking damages creates no inference or presumption that such person is entitled to a judgment for any amount at

---

2003) has held, the issue of qualified immunity is one for the Court to determine as a matter of law.  All parties agree that, to the extent qualified immunity is permitted as a defense, the jury should not be charged on qualified immunity.  Defendants also respectfully submit that special jury interrogatories may be used to permit the jury to resolve the disputed facts upon which the Court can then determine, as a matter of law, the ultimate question of qualified immunity.  Defendants, therefore, respectfully request the opportunity to submit proposed special interrogatories and/or comment on any such special jury interrogatories.

[3] Defendants Birns and Talty also intend to rely on the defense of absolute immunity and all parties respectfully submit that the jury should not be charged on absolute immunity as well because it is an issue for the Court.

[4] The parties respectfully note that in addition to substantive instruction charges for the jury, they have also, in abundance of caution, submitted general instruction charges while being mindful that the Court may have its own preliminary and general instructions for use at trial.

all.  Anyone may make a claim, and the fact of making the claim by itself in no way tends to establish it.

**Plaintiff objects to defendants above-proposed request and requests the following charge instead:**

### General Introduction – Province of the Court and Jury

Now that you have heard the evidence and the arguments, it is my duty to instruct you regarding the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Before I instruct you on the specific law relating to plaintiff' claims in this lawsuit, I wish to advise you regarding the general rules you must follow in making your determination.

Authority: 3 O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 103.01 (5th ed. 2000) (hereinafter <u>Federal Jury Practice</u>); 5 Sand, Siffert Loughlin, Reiss, Allen & Rakoff, <u>Modern Federal Jury Instructions</u>, Instruction 71-2 (2010) (hereinafter <u>Modern Federal Jury Instructions</u>).

**Defendants' Request:**

### <u>Role of the Jury</u>

As I have said, the members of the jury are the sole and exclusive judges of the facts.  In determining the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is not evidence.  Nor is anything I may have said during the trial or may say during these instructions about a fact issue to be taken instead of your own independent recollection.  What I say is not evidence.  It is your own independent recollection of the evidence that controls.  Similarly, remember that a question put to a witness is never evidence.  Only the answer is evidence.  However, you may not consider any answer that I directed you to disregard.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not indicative of my views of what your decision should be as to whether the plaintiff or the defendants have presented the more convincing evidence.

I also ask you to draw no inference from the fact that upon occasion I may have asked questions of certain witnesses.  These questions were intended only for clarification or to move things along.  They were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible or less credible than any of the other witnesses.  It is important that you understand that I wish to convey no

4

opinion as to the verdict you should render in this case, and that if I did convey such an opinion, you would not be obliged in any way to follow it.

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.

**Plaintiff proposes this additional instruction:**

### Lawyer's Objections and Rulings

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsels also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by the court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

Authority:  <u>Modern Federal Jury Instructions</u> 71-6; Ninth Circuit Model Civil Jury Instruction 1.7

**Defendants' Request**:

### <u>Burden of Proof:  Preponderance of the Evidence</u>

As this is a civil case, the plaintiff has the burden of proving his claim by a preponderance of the evidence.  This means that the plaintiff must prove by a preponderance of the evidence each and every disputed element of his claims (unless instructed otherwise) with respect to the defendants and the damages resulting therefrom.  If you find that the plaintiff has

failed to establish a claim by a preponderance of the evidence, you must decide against him on that claim.

Establishing a fact by a preponderance of the evidence means proving that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by either side. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If, after considering all the testimony, you are satisfied that the side bearing the burden of proof has carried the burden on each essential point as to which it has the burden of proof, then you must find in that side's favor on that issue. If after such consideration you find that the credible evidence on a given issue is evenly divided between the parties—that it is as equally probable that one side is right as it is that the other side is right—or that the evidence produced by the plaintiff is outweighed by evidence against his claim, then you must decide that issue against the plaintiff. That is because the side bearing the burden of proof must prove more than simple equality of evidence; that side must prove each element of the claim by a preponderance of the evidence.

Some of you have heard of proof "beyond a reasonable doubt," which is the proper standard of proof for a *criminal* trial. However, a plaintiff in a *civil* case does not have to satisfy that requirement, and therefore you should put it out of your mind.

6

Finally, with respect to any element as to which a defendant bears the burden of proof, such as an affirmative defense, that defendant must establish that element by a preponderance of the evidence, as I have defined the phrase above.

**Plaintiff objects to defendants' above-proposed request and requests that the following charge be given instead:**

<u>**Burden Of Proof**</u>

This is a civil case and as such the plaintiff has the burden of proving the material allegations of his complaint by a preponderance of the evidence.

If, after considering all of the testimony, you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff.

If, after such consideration, you find that the plaintiff has not sustained the burden cast upon him with respect to a particular claim, then you must find for defendant on that claim.

Authority:  <u>Modern Federal Jury Instructions</u> 73-1.

<u>**Standard of Proof – Preponderance of the Evidence**</u>

I will now explain to you certain rules that apply in civil case generally. In a civil action such as this, the plaintiff must prove the facts on which he relies by a "preponderance of the evidence".

This rule does not require proof to an absolute certainty.  Proof to an absolute certainty is seldom possible in any case.  This rule does not even require proof "beyond a reasonable doubt", the rule in criminal case.  In a civil case, such

as this one, you must weigh the evidence in support of a particular claim against the evidence opposed to it and consider which evidence is more convincing.  To prove a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.

What does "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of the evidence – he or she must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element

will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the standard in a criminal trial.  That requirement does not apply to a civil case such as this and you should put it out of your mind.

Authority:  Modern Federal Jury Instructions 73-2, 87-67; Gomez v. Toledo, 446 U.S. 635 (1980); Fischl v. Armitage, 128 F.3d 50 (2d Cir. 1997); Larson v. JoAnn Cab Corp., 209 F.2d 929 (2d Cir. 1954)

**Defendants' Request:**

## Direct and Circumstantial Evidence

There are two kinds of evidence:  direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his own senses — something seen, felt, touched, heard, or tasted.  Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.  Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.

To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but that the courtroom blinds were drawn and you could not look outside.  Then later, as you were sitting here, people began walking in with wet umbrellas and, soon after, others walked in with wet raincoats.

Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the

combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer from established facts the existence or the nonexistence of some other act.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence and you can consider either or both, and can give them such weight as you conclude is warranted.

### Inferences

During the trial you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other facts.

An inference is not a suspicion or a guess.  It is a logical conclusion that a disputed fact exists that we reach in light of another fact that has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted to draw — but not required to draw — from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Keep in mind that the mere existence of an inference against the defendant does not relieve the plaintiff of the burden of establishing his case by a preponderance of the evidence. In order for the plaintiff to obtain a verdict in his favor, you must still believe from the credible evidence that the plaintiff has sustained the burden cast upon him.

**Plaintiff objects to the above-proposed requests and requests that the Court charge instead as follows:**

## Consideration of Evidence

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all applicable presumptions stated in these instructions.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in light of your

11

experience.

During the trial, you may have heard the attorneys use the term "inference," and in their argument, they have asked you to infer, on the basis of your own experience and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion or a guess. It is a reasonable, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists. There are times when different inferences may be drawn from facts whether by direct or circumstantial evidence. It is for you and you alone to decide what reasonable inferences you will draw. All evidence is important. And you will, of course, consider all the evidence in making your decision.

Authority: <u>Modern Federal Jury Instructions</u>, Instruction 75-1; <u>Federal Jury Practice</u>, § 103.30; <u>Wilkins v. American Export Isbrandtsen Lines, Inc.</u>, 446 F.2d 480 (2d Cir. 1971)

### Three Forms of Evidence

Next, I want to explain to you generally what we mean by evidence and how you should consider it.

The evidence from which you are to decide what the facts are comes in one of the three forms:

First, there is the sworn testimony of witnesses, on both direct and cross-examination;

Second, there are the exhibits that have been received into the record; and,

Third, there are facts to which the lawyers have agreed or stipulated. Regarding stipulations, I remind you that a "stipulation" is an agreement between the parties that a certain fact is true.

Authority: <u>Modern Federal Jury Instructions</u> 75-1; <u>Federal Jury Practice</u> § 103.30.'

### <u>What Is Not Evidence</u>

Certain things are not evidence and are to be disregarded in deciding what the facts are:

1.      Arguments or statements by lawyers are not evidence.

2.      The questions to the witnesses are not evidence.  I instructed you earlier that my questions and comments are not evidence.  Questions are not evidence, answers are.

3.      Objections to questions and arguments are not evidence.  Attorneys have a duty to their client to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling in it.  If an objection was sustained, ignore the question; if it was overruled, treat the answer like any other answer.

4.      Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence, and must be disregarded.  In addition, some testimony was received only for a limited purpose.  Any limiting instruction I have given you about evidence must be followed.

5.      Anything you may have seen or heard outside the courtroom is not evidence.

During the course of this trial, or at other time you may have read or heard reports about other trials, in this District of elsewhere.  You must completely disregard any such report.  It would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

Authority:  <u>Modern Federal Jury Instructions</u> 74-1; <u>United States v. Aluminum Co. of America</u>, 1 F.R.D. 62 (S.D.N.Y. 1939)


## **Direct and Circumstantial Evidence**

I have told you about the three forms in which evidence comes: testimony, exhibits and stipulations.  There are two kinds of evidence: direct evidence and circumstantial evidence.

Direct evidence is direct proof of a fact, such as testimony of any witnesses.

Circumstantial evidence is proof of a chain of circumstances from which can infer or conclude that a fact exists, even though it has not been proved directly.

You are entitled to consider both kinds of evidence.

The word "infer" – or the expression "to draw an inference" – means to find that a fact exists based on proof of another fact.  For example, if you see water on the street outside your window, you can infer that it has rained.  The fact of rain is an inference that could be drawn from circumstantial evidence, the

presence of water on the street.  Direct evidence of rain, on the other hand, would be an actual observation or raindrops coming down from the sky.

As I previously explained, an inference may be drawn only if it is reasonable and logical not if it is speculative.  Therefore, in deciding whether to draw an inference, you must look at and consider all the facts in light of reason, common sense and experience.  After you have done that, the questions whether to draw a particular inference is for you, the jury, to decide.

The law makes no distinction between the weights to be given to direct of circumstantial evidence.  Neither is necessary superior to the other.

Authority:  Michalic v. Clevelant Tankers, Inc., 364 U.S. 325, 330 (1960); Wilkins v. American Export Isbrandtsen Lines, Inc., 446 F.2d 480 (2d Cir. 1971); 5th Circuit Pattern Civil Jury Instructions 2.18; 7th Circuit Pattern Civil Jury Instruction 1.12; Ellis Fischel State Cancer Hosp. v. Marshall, 629 F.2d 563 (8th Cir. 1980)

## Judicial Notice

I have taken judicial notice of certain facts which are not subject to reasonable dispute.  I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true.  You are required to accept these facts as true in reaching your verdict.

Authority:  Modern Federal Jury Instructions 74-3; Third Circuit Model Civil Jury Instruction 2.2; 5th Circuit Pattern Civil Jury Instructions 2.4; 7th Cir. Pattern Civil Jury Instruction 2.06;Eighth Circuit Civil Jury Instruction 2.04; Ninth Circuit Model Civil Jury Instruction 2.5; Ellis Fischel State Cancer Hosp. v. Marshall, 629 F.2d 563 (8th Cir. 1980)

## Stipulation of Facts

15

A stipulation of facts is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.

Authority:  <u>Modern Federal Jury Instructions</u> 74-4; Third Circuit Model Civil Jury Instruction 2.4; 5th Circuit Pattern Civil Jury Instructions 2.3; 7th Cir. Pattern Civil Jury Instruction 2.05; Eighth Circuit Civil Jury Instruction 2.03; Ninth Circuit Model Civil Jury Instruction 2.4.

**Plaintiff's request:**

## Party's Failure to Produce Evidence[5]

You have heard testimony about evidence which has not been produced. Counsel for plaintiff has argued that this evidence was in defendant's control and would have proven facts material to the matter in controversy.

If you find that the defendant could have produced the evidence, and that the evidence was within his control, and that this evidence would have been material in deciding among the facts in dispute in this case, then you are permitted, but not required, to infer that the evidence would have been unfavorable to the defendant.

In deciding whether to draw this inference, you should consider whether the evidence not produced would merely have duplicated other evidence already before you.  You may also consider whether the defendant had a reason for not producing this evidence, which was explained to your satisfaction.  Again, any

---

[5]   Defendants object to the inclusion of this instruction as inappropriate and improper in this case.  Defendants respectfully refer the Court to their opposition to plaintiff's motion for sanctions / spoliation for a full discussion. Plaintiff has not received any opposition to his motion for sanctions/spoliation, which was served on June 27, 2016; nor has any opposition been filed.

inference you decide to draw should be based on all of the facts and circumstances in this case.

Authority:  Modern Federal Jury Instructions 75-16; Zimmermann v. Associates First Capital Corp., 251 F.3d 376 (2d Cir. 2001)

**Defendants' Request:**

## **Witness Credibility**

You have listened to the testimony of a number of witnesses.  You are the sole judge of the credibility or "believability" of each witness and the weight to be given to his testimony.

In considering the weight and value of the testimony of any witness, you may take into consideration the appearance, attitude and behavior of the witness; the interest of the witness in the outcome of the case, if any; the relation of the witness to any party in the suit; the inclination of the witness to speak truthfully or not; the probability or improbability of the witness's statements; and all other facts and circumstances in evidence.  Thus, you may give the testimony of any witness just such weight and value as you believe the testimony of the witness is entitled to receive.

In deciding whether to believe a witness, keep in mind that people sometimes forget things.  You need to consider, therefore, whether the witness's testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

Also, in deciding what **testimony** to believe, consider any **motives** they may have for testifying a certain way, their manner while testifying, whether a witness said something

different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter), the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  You are not required, however, to consider such a witness as totally unworthy of belief.  You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.  As the sole judges of the facts, you must decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

**Plaintiff objects to the above-proposed requests and requests the following eight instructions instead:**

<u>**Deciding What Testimony to Believe**</u>

In deciding what the facts are, you must consider all the evidence that has been offered.  In doing this, you must decide which testimony to believe and which testimony not to believe.  In making that decision, there are a number of factors you may take into account, including the following:

1. The witness's opportunity to observe the events he described.

2. The witness's intelligence and memory.

3. The witness's manner while testifying.

4. Whether the witness has any interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case.

18

5.     The reasonableness of the witness's testimony considered in light of all the evidence in the case.

If you find that a witness's testimony is contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, you may believe or disbelieve all or any part of the witness's testimony.  But in deciding whether or not to believe such a witness, keep these things (among others) in mind:

1.     People sometimes forget things.  A contradiction may be an innocent lapse of memory or it may be an intentional falsehood.  Consider, therefore, whether it has to do with an important fact or only a small detail.

2.     Different people observing an event may remember it differently and therefore testify about it differently.

You may consider the factors I have discussed in deciding how much weight to give to testimony.  Remember that the weight of evidence does not necessarily turn on the number of witnesses testifying on one side or the other.  You must consider all the evidence in the case, and you may find the testimony of a smaller number of witnesses on one side more credible than that of a larger number on the other.

All these are matters for you to consider in finding the facts.

Authority: Modern Federal Jury Instructions 76-3; Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620 (1944); Dyer v. MacDougall, 201 F.2d 265 (2d Cir. 1952); Arnstein v. Porter, 154 F.2d 464 (2d Cir. 1946)

## <u>Witness Credibility</u>

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor - that is, witness's carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should

consider the opportunity the witness had to see, hear and know the things about which he testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of his or her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

Authority: Modern Federal Jury Instructions, Instruction 76-1; Davis v. Alaska, 415 U.S. 308 (1974); Dyer v. MacDougal, 201 F.2d 265 (2d Cir. 1952); Arstein v. Porter, 154 F.2d 464 (2d Cir. 1946).

## Single Witness[6]

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The testimony of a single witness which produces in your minds a belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the

---

[6]   Defendants object to this instruction as unnecessary.

case, you hold greater belief in the accuracy and reliability of the one witness.

Authority: Federal Jury Practice § 103.01.


## **Witness-Interest in Outcome**

In evaluating the credibility of the witnesses, you should take into account any evidence that the witness who testified may derive benefit or loss in some way from the outcome of this case.  Such an interest may sway the witness to testify in a way that advances his or her own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

Authority:  Modern Federal Jury Instructions 76-3; Davis v. Alaska, 415 U.S. 308 (1974); Duke Laboratories, Inc. v. United States, 222 F.Supp. 400 (D.Conn. 1963)


## **Falsus in Uno**

If you find that any party or witness has willfully testified falsely as to any material fact, the law permits you to disregard completely the entire testimony of that party or witness upon the principle that one who testifies falsely about one material fact is quite likely to testify falsely about other matters of importance. You are not required, however, to consider such a party or witness as totally

unworthy of belief.  You may accept so much of his or her testimony as you deem true and disregard what you feel is false.  By the process which I have described, you, as the sole judges of the facts, determine which witnesses you will believe, what portion of their testimony you accept and what weight you will give it.

Authority:  Niang v. Mukasey, 511 F.3d 138 (2d Cir. 2007); Lin v. Gonzales, 445 F.3d 127 (2d Cir. 2006)

## Discrepancies in Testimony

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel has argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony.  On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things, and even a truthful witness may be nervous and contradict himself or herself.  It is also a fact that two people witnessing an event will see or hear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony.  You should, as always, use common sense and your own good judgment.

Authority: Modern Federal Jury Instructions 76-4; Quock Ting v. United States, 140 U.S. 417 (1891)

## Police Officer[7]

The testimony of a police officer is entitled to no special or exclusive sanctity. An officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does. In the case of police officers, you should not believe them merely because they are so employed. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.  People employed by the government, including police officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater rights.

Police officers are presumed to know about the basic, unquestioned constitutional rights and other basic rights of criminal defendants. Thus, plaintiff need not prove defendant acted with the specific knowledge of plaintiff's particular constitutional or common law rights that she violated.

---

[7]     Defendants object to this charge as unnecessary (*see* instructions on Witness Credibility) and further object to the instruction regarding what plaintiff must prove as inappropriate, particularly at this point in the overall jury charge and under this particular charge.

Adapted from Police Officer Charge: <u>Federal Jury Practice</u>, § 165.23; Avery, Rudovsky & Blum, <u>Police Misconduct: Law and Litigation</u>, Jury Instruction § 12:8 (3d ed. 2008) (hereinafter <u>Police Misconduct</u>); <u>Golliher v. United States</u>, 362 F.2d 594, 604 (8th Cir. 1966).

## <u>Depositions[8]</u>

Some of the testimony before you was presented in the form of depositions which have been received into evidence. A deposition is simply a procedure whereby a lawyer for a party questions a witness under oath before a court stenographer prior to trial. The testimony is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness at a deposition according to the same standards you would use to evaluate the testimony of a witness at trial.

Authority:  <u>Modern Federal Jury Instructions</u> 74-14; Third Circuit Model Civil Jury Instruction 2.5; Fifth Circuit Model Civil Jury Instruction 2.23; Seventh Circuit Pattern Civil Jury Instruction 2.08; Ninth Circuit Model Civil Jury Instruction 2.6, <u>Minshall v. McGraw Hill Broad. Co</u>., 323 F.3d 1273 (10th Cir. 2003)

**Defendants' Request:**

## <u>Impeachment by Prior Inconsistent Statements</u>

If you find that a witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe. In making this determination, you may consider whether there was, in fact, any inconsistency; whether the witness purposely made a false statement or whether it was an

---

[8]   Defendants object to this charge as unnecessary unless and until deposition testimony is actually received into evidence.

innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appeals to your common sense.  It is your duty, based upon all the evidence and your own good judgment, to decide how much weight to give to the inconsistency.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Plaintiff objects to the above-proposed request and proposes the requests the following two alternative instructions:**

### Impeachment

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony. A witness may also be discredited or impeached by evidence that the character of the witness for truthfulness is bad. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and

26

you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

Authority: <u>Federal Jury Practice</u> § 105.04-06.

### Impeachment by Prior Inconsistent Statement

The testimony of a witness may be discredited or impeached by showing that the witness previously made statements that are inconsistent with his or her testimony in court.

The earlier statements are admissible only to impeach the credibility of the witness, and not to establish the truth of what was asserted in the statements.  As to such statements, your duty is solely to determine whether they do or do not impeach the witness.

It is also up to you to determine what credibility, if any, you will give the testimony of a witness who has been impeached by an earlier inconsistent statement.  If a witness is shown to have knowingly testified falsely concerning any matter of importance to this case, you have a right to distrust any other portions of the witness's testimony, though you need not to do so.  You may reject any or all of the testimony of that witness or give it such credibility or weight as you think it deserves.

Authority:  Modern Federal Jury Instructions 76-5; <u>Saladino v. Winkler</u>, 609 F.2d 1211 (7th Cir. 1979)


**Defendants' Request:**
### Multiple Claims and Multiple Defendants

The plaintiff alleges that he has a right of recovery against several defendants. Now, before I instruct you on the legal elements of each of the plaintiff's claims, I wish to instruct you that you must consider separately each defendant's involvement, if any, in each of the plaintiff's alleged claims.   You must return a separate verdict for the plaintiff on each defendant for each claim that the plaintiff has against that defendant.  In reaching your verdict, bear in mind that liability is individual.  Your verdict must be based solely upon the evidence, or lack of evidence, about the plaintiff and each defendant. The case against one defendant stands or falls upon the proof, or lack of proof, against that defendant alone.

In other words, each defendant is entitled to a fair consideration of his own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against any other defendant.

### Adverse Inference[9]

You have heard the plaintiff refuse to answer certain questions by invoking the Fifth Amendment Privilege Against Self Incrimination.  You may, but are not required to, draw an inference from the plaintiff's invocation of his Fifth Amendment privilege that truthful answers to the questions asked would have incriminated him and that the withheld information would have been unfavorable to the plaintiff.[10]

**Plaintiff objects to the above-proposed request and proposes the following charges instead:**

### SUBSTANTIVE LAW

---

[9]   *See* MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction §§ 2.04.4 (2016 Supplement); 4-75 Modern Federal Jury Instructions-Civil P 75.01 (Instruction 75-5);

[10] Plaintiff objects to this charge and refers the Court to his in limine motion on this subject.

28

I will now instruct you on the substantive law to be applied to this case.

## Summary of the Plaintiff's Legal Claim

**The Parties**

This is a civil case.  The Plaintiff, Kenneth Creighton, is the party who brought this lawsuit.

There is more than one Defendant.  The City of New York (which I may also call the City), Glenn Godino, Dean Roberts, Edward Talty, and Bruce Birns are the Defendants.  The Defendants are the parties against whom the lawsuit was brought.

In these instructions, I will use the term "the individual Defendants" to refer collectively to the Defendants who are human beings.  One of the Defendants, the City of New York, is a municipal corporation, not a human being.  When I use the term "the individual Defendants" I am not referring to the City of New York.

Kenneth Creighton sues based on his January 2007 arrest and subsequent prosecution on charges of weapons possession and criminal facilitation.  Plaintiff's claims are brought under the United States Constitution and New York State law.

Under our Constitution, Mr. Creighton may bring a lawsuit based on allegations that Defendants violated Plaintiff's rights under the Constitution to be free from, among other things, unlawful arrest and prosecution.  The law that relates to the Plaintiff's claims against the individual Defendants, which is based on federal and state law, is somewhat different from the law that relates to the Plaintiff's claims against the City of New York, which is solely under state law.

29

Plaintiff is bringing an unlawful arrest and imprisonment claim against the City and the individual Defendants under New York law (First Claim for Relief, Amended Complaint ¶¶42-55).

Plaintiff is bringing a malicious prosecution claim against the City and Defendants Godino and Roberts under New York law and against Defendants Godino and Roberts under the United States Constitution (Second and Fourth Claims for Relief, Amended Complaint ¶¶56-76, 83-94)

Plaintiff is bringing an abuse of process claim against the City and Defendants Godino and Roberts under New York law and against Defendants Godino and Roberts under the United States Constitution (Third and Fourth Claims for Relief, Amended Complaint ¶¶477-82, 83-94)

Plaintiff is bringing a claim against Defendant Godino of conspiracy to violate Mr. Creighton's constitutional rights under the United States Constitution (Fifth Claim for Relief, Amended Complaint ¶¶95-100)

Plaintiff is bringing a claim of violation of his procedural due process rights under the United States Constitution against Defendant Godino (Sixth Claim for Relief, Amended Complaint ¶¶101-106)

He is bringing a claim for prolonged detention under the United States Constitution against Defendant Godino (Eighth Claim for Relief, Amended Complaint ¶¶150-163)

Finally, he is bringing a claim under the United States Constitution of failure to intervene to prevent or end the alleged unlawful conduct to which Plaintiff was subjected (Eleventh Claim for Relief, Amended Complaint ¶¶179-185)

Plaintiff has brought claims against more than one Defendant.  You should consider each claim against each Defendant separately.  Similarly, you should consider each Defendants' defenses separately.  Your verdict must be based solely upon the evidence about the Plaintiff and each Defendant separately.

If you find that the Plaintiff has proven his claims against one Defendant, it does not necessarily mean that you must reach the same verdict for every Defendant.  You might find that the Plaintiff has proven his claims against some Defendants, but not against others.  You might find that some Defendants have proven their defenses, but that others have not.

Therefore, your final verdict could be that all of the Defendants are liable to the Plaintiff, or that none of them are liable to the Plaintiff, or that some of them are liable to the Plaintiff but others are not.

I will now instruct you on the elements of Plaintiff's claim.

**Defendants object to this proposed charge as follows:**

**(1) Defendants object to the extent that the City of New York is referred to as a defendant.  Rather, plaintiff has agreed to withdraw his municipal liability claims against the City and, therefore, the City is no longer a proper party to this action because there are no claims made against it.  To the extent that plaintiff asserts that he has a *respondeat superior* claim, he did not allege such a claim in his complaint and therefore, it is has been waived.  However, even assuming *arguendo* that the City is a defendant under a theory of *respondeat superior*, the jury need not be informed that the City is a defendant as there would be nothing for the jury to decide.  *See, e.g., Blake v. City of New York*, No.**

**05 Cv. 6652 (BSJ), 2007 U.S. Dist. LEXIS 95913, \*5-6 (S.D.N.Y. July 13, 2007) (holding that because the individual officer-defendants were acting within the scope of their employment when the events at issue took place, "should the individual Officer-Defendants be found liable, no further determination need be made by the jury to establish Plaintiffs' respondeat superior claim against the City.  Under these circumstances, referring to the City as a named defendant is unnecessary and could confuse the Jury").**

(2) **Plaintiff's purported claims under the Due Process clause are redundant to the Fourth Amendment claims and are not properly tried as a separate claim and, therefore, defendants respectfully submit that the jury should not be separately charged on such claims.[11]  However, should the Court disagree, defendants reserve the right to submit a proposed instruction.**

(3) **Defendants respectfully submit that the jury should not be separately charged on plaintiff's malicious abuse of process claim because he has not properly pled this claim, it is barred by the applicable status of limitations, and, in any event, it is duplicative of his other claims.  However, should the Court disagree, defendants reserve the right to submit a proposed instruction**

(4) **Defendants respectfully submit that the jury should not be separately charged on plaintiff's conspiracy claim because plaintiff has conceded that defendants Birns and Talty are entitled to absolute immunity, and, therefore, plaintiff's**

---

[11]  Plaintiff disagrees, *see* **Docket 000** (Plaintiff's Memorandum of Law in Opposition to Defendants' Summary Judgment Motion) at pp. 19-21, and has submitted a proposed instruction.

conspiracy claim, which is now apparently only made against defendant Godino, cannot survive because there are no state actors with whom Det. Godino could have conspired with.  *See, e.g., Delarosa v. Serita*, No. 14-CV-737 (MKB), 2014 U.S. Dist. LEXIS 58733, at *11 (E.D.N.Y. Apr. 28, 2014).  In addition, plaintiff's conspiracy claim is duplicative of his other claims.[12]  However, should the Court disagree, defendants reserve the right to submit a proposed instruction.

(5) **Because plaintiff has failed to identify which defendants allegedly failed to intervene to prevent the alleged illegal acts, his failure to intervene claim is without merit and the jury should not be separately charged on such a claim.  As plaintiff alleges that all of the individually named defendants directly participated in the underlying arrest and/or prosecution, the failure to intervene claim must be dismissed against all individual defendants.  *See, e.g., Jackson v. City of New York*, 939 F. Supp. 2d 219, 232 (E.D.N.Y. 2013) ("The Court has already concluded [that the two officers] both may be held liable under a theory of direct participation, therefore neither would be held liable for failure to intervene.").[13]**

---

[12]  Plaintiff contends that he has only conceded that absolute immunity applies to prosecutorial functions but not to pre-arrest, investigative and advisory functions.  Plaintiff's complaint sufficiently pleads a conspiracy claim; there was no probable cause to arrest and/or prosecute plaintiff; the claim was timely interposed and it is not duplicative.


[13]  Plaintiff contends that the individual defendants' ability to intervene to prevent or end the unlawful conduct to which Kenneth Creighton was subjected is a jury question.

**Defendants' position is that the above charge is unnecessary and they propose simply instructing the jury as follows:**

## SUBSTANTIVE LAW

I will now instruct you on the substantive law to be applied to this case.

In this case, the plaintiff, Kenneth Creighton, has brought the following claims against defendants:  False Arrest; Malicious Prosecution; and Intentional Prolonged Detention.[14]

## The Statute, Its Function, and Elements of Claim for Relief

The plaintiff asserts his false arrest claim pursuant to New York state law.  The plaintiff asserts his remaining claims pursuant to 42 U.S.C. § 1983, except the plaintiff also has a claim for malicious prosecution pursuant to New York state law.  In order to prevail in this case pursuant to 42 U.S.C. § 1983 and New York state law, the plaintiff must prove by a preponderance of the evidence that:[15]

1)   The defendants' conduct deprived the plaintiff of a right protected by the Constitution of the United States; and

2)   The defendants' conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain these elements to you.

---

[14]   Defendants respectfully submit that all of plaintiff's claims should be dismissed as explained in their motion for summary judgment.  Plaintiff contends otherwise, and made a motion for partial summary judgment.

[15]   Defendants concede that they were acting under color of state law, the third element of a § 1983 claim.

1.      **First Element:  Deprivation of Constitutional Right**

First, the plaintiff must show that he was intentionally or recklessly deprived of a constitutional right by the defendants.  Specifically, the plaintiff must show, by a preponderance of the evidence, that (a) the defendants committed the act as alleged by the plaintiff; (b) the alleged act caused the plaintiff to suffer the loss of a constitutional right; and (c) in performing the act as alleged, the defendants acted intentionally or recklessly.

a.      *Commission of Alleged Acts*

The first thing for you to determine is whether the defendants committed the acts as alleged by the plaintiff.  If you find that the plaintiff has failed to prove by a preponderance of the evidence that the defendants committed the acts as alleged by the plaintiff, you must find in favor of the defendants.

b.      *Loss of a Constitutional Right*

If you determine that the defendants committed the act as alleged by the plaintiff, you must next determine whether that act caused the plaintiff to suffer the loss of a constitutional right.

Plaintiff is suing for claims of False Arrest, Malicious Prosecution, and Intentional Prolonged Detention.

I will now turn to each of these claims.

**Plaintiff objects to the above-proposed and requests the following as alternative charge:**

**Elements of a Federal Civil Rights Claim
Under Section 1983**

Under our system of government, people have a right to sue the government and individuals who work for the government for violations of the Constitution of the United States.  This right is set out in a federal statute — it's official name is Title 42 of the United States Code § 1983.  "§ 1983" or just "1983" for short.  This statute says:

> Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

This law does not create the rights themselves, it simply provides a way for people to enforce their rights.  I will explain to you in a few minutes what those federal constitutional rights are, and what Mr. Creighton must prove to you to show that his constitutional rights were violated by Defendants and what Defendants must prove to show prove their defenses.

To prevail on a §1983 claim, Mr. Creighton has to show by, a preponderance of the credible evidence, three things which we call "elements":

Element One: Plaintiff must prove the Defendants acted under color of state law;

Element Two: Plaintiff must prove the Defendants violated a constitutional right; and

Element Three: you must find the Defendants' acts or failure to act was the proximate cause of injuries the Plaintiff suffered.

I shall now explain these elements in greater detail.

36

Authority: Adapted from 4 L. Sand, Modern Federal Jury Instructions (Civil) 1 87.03 at 87-149 (1995 ed.); Devitt and Blackmar, § 92.02

## Color of State Law[16]

As to the first requirement under the Constitution, I instruct you that, as a matter of law, Defendants Godino, Roberts, Birns, and Talty were acting under color of New York State law.  That means that both sides agree the Defendants were acting in the role of a police officer or prosecutor during the incidents in question.

Because both sides agree on this first element, I instruct you that it has been established as a matter of law and you need not give it any consideration.

## Deprivation of a Constitutional Right

The second element Plaintiff must show is that a particular constitutional right was violated by the acts or the omissions of the Defendants.

Mr. Creighton alleges that the Defendants violated his rights to be free from unlawful arrest and prosecution and due process violations, and the Defendants maintain that their actions were lawful.

### No Specific Intent

Let me point out that Mr. Creighton, to prove his claims, does not have to show that a Defendant acted with the specific intent to violate the Plaintiff's constitutional rights.  Plaintiff does not need to prove to you that a Defendant set

---

[16]   Defendants concede that they were acting under color of state law and, therefore, respectfully submit that the jury need not be separately charged with respect to this element.

out on a mission to violate his rights.  Rather, he must show a Defendant acted in an intentional or reckless manner.

A Defendant's actions were intentional if they were undertaken knowingly and done voluntarily and not because of some accident, mistake, or other careless or innocent reason.  An act is reckless if it is done in conscious disregard for the probable or likely consequences.

Authority:  Modern Federal Jury Instructions, Judge Sand, Inst. 87-68 to 87-78; Martin A. Schwartz & Judge George C. Pratt, Section 1983 Litigation Jury Instructions, Chapter 3.

**Defendants propose the following charge regarding intent:**

     c.     *Intent*[17]

As I previously explained to find a deprivation of a constitutional right, the plaintiff must establish not only 1) that the defendants committed the act or acts as alleged and 2) that those acts caused the plaintiff to suffer loss of a constitutional right, but also 3) that in performing the alleged acts, the defendants acted intentionally or recklessly.

An act is intentional if it is done knowingly.  That is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or any other innocent reason.  An act is reckless if it is done with a conscious disregard of its known probable consequences.

In determining whether a defendant acted with the requisite knowledge or recklessness, you should remember while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's

---

[17]  Defendants propose that the instruction on Intent be given after discussion of plaintiff's claims.

mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**Plaintiff objects to the above-proposed charge.**

**Plaintiff's Request:Proximate Cause**

The third element which the Plaintiff must establish is that Defendants' actions or omissions were the proximate cause of the physical or emotional injuries he sustained.

In § 1983 actions, a Defendant is held responsible for the natural consequences of his or her actions.  An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury.  You must determine whether injuries or damages suffered by Mr. Creighton were a reasonably foreseeable consequence of a Defendant's conduct.  An injury which directly results from or is a reasonably probable consequence of a Defendant's conduct is proximately caused by that conduct.

Plaintiff must show personal involvement by a Defendant.  The ultimate question is whether a reasonable person would say a Defendant's actions were the cause of the Plaintiff's injuries.  If you find that a reasonable person would say the cause of the Plaintiff's injuries were the acts done by the Defendant, then those acts are the "proximate cause" of the Plaintiff's injuries.

Authority: Adapted from 4 L. Sand, Modern Federal Jury-Instructions (Civil) 1 87.03 at 87-190 (1995 ed.); Martin A. Schwartz & Judge George C. Pratt, Section 1983 Litigation Jury Instructions, Instruction 7.02.2; see Provost v. City of Newburgh, 262 F. 3d 146, 154 (2d Cir. 2001); Anderson v. Branen, 17 F3d 552, 557 (2d Cir. 1994); O'Neill v. Krzeminski, 839 F2d 9, 11 (2d Cir. 1988); Gagnon

39

v. Ball, 696 F.2d 17, 21 (2d Cir. 1982) Skorupski v. Suffolk County, 652 F.Supp. 690. 694 (E.D.N.Y. 1987).

**Defendants propose the following charge as an alternative and further propose that this instruction should be given after discussion of plaintiff's claims:**

**Second Element:  Proximate Cause**

The second element that the plaintiff must prove is that the defendants' acts were a proximate cause of the injuries the plaintiff sustained.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff.  If you find that any of the defendant's acts or omissions were a substantial factor in bringing about or actually causing the plaintiff's injury, that is, if the injury was a *reasonably foreseeable* consequence of any of the defendants' acts or omissions, then the defendants' acts or omissions were a proximate cause of the plaintiff's injuries.  If an injury was a direct result or a reasonably probable consequence of the defendants' acts or omissions, it was proximately caused by such acts or omissions.  Stated another way, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show, by a preponderance of evidence that his injury would not have occurred without the acts or omissions of one or more of the defendants.  If you find that the defendants has proven, by a preponderance of the evidence, that the plaintiff complains about an injury that would have occurred even in the absence of the defendants' acts or omissions, you must find that the defendants did not proximately cause plaintiff's injury.

40

A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury. Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury. A defendant is not liable if he did not cause the plaintiff's injuries or if the plaintiff's injuries were caused by a new or independent source that intervened between the defendant's acts or omissions and plaintiff's injuries and produced a result that was not immediately foreseeable by the defendant.

**Defendants Request:**

<u>**False Arrest**</u>

The plaintiff alleges that he was falsely arrested. The defendants deny this claim and assert that there was probable cause to arrest the plaintiff.

New York state law provides that no person may be arrested without probable cause.[18] Let me explain what "probable cause" means. Probable cause exists when, based on the totality of circumstances, an officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested.[19] The defendants have the burden of proving the existence of probable cause. Whether probable cause existed depends upon the reasonable conclusions to be drawn from the facts known to the defendants at the time of the arrest of the plaintiff.[20] You are not to view the question of

---

[18]  *Cook v. Sheldon*, 41 F.3d 73, 78 (2d Cir. 1994).

[19]  *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004).

[20]  *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006).

probable cause from a position of calm, reflective hindsight, but from the position of how the circumstances appeared to the officers at the time.[21]

Probable cause requires only the probability of criminal activity; it does not require an actual showing of criminal activity.[22]  In other words, the arrestee's actual guilt or innocence is irrelevant to the determination of probable cause.[23]  An arrest made with probable cause is lawful even if the plaintiff actually did not commit the crime.[24]  An officer need not have been convinced beyond a reasonable doubt that a criminal offense was being, had been or is about to be committed.  Thus, the ultimate disposition of the criminal charge against the plaintiff, whatever it may have been, is irrelevant to this question.[25]

Because the existence of probable cause is analyzed from the perspective of a reasonable person standing in the officer's shoes, the actual subjective beliefs of the officer are irrelevant to the determination of probable cause.[26] Once a police officer has a reasonable basis to believe there is probable cause to arrest, the officer is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest.[27]

---

[21]  *Ali v. City of New York*, No. 11 Civ. 5469 (LAK), 2012 U.S. Dist. LEXIS 126233, at *14 (S.D.N.Y. Sept. 5, 2012).

[22]  *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997).

[23]  *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979); *Pierson v. Ray*, 386 U.S. 547, 555 (1967).

[24]  *Id.*

[25]  *Pierson*, 386 U.S. at 555; *Weyant v. Okst*, 101 F.3d 845, 852 (2d. Cir. 1996).

[26]  *Whren v. United States*, 517 U.S. 806, 812-813 (1996).

[27]  *Baker v. McCollan*, 443 U.S. 137, 145-46 (1979); *Panetta*, 460 F.3d at 395.

Once officers possess facts sufficient to establish probable cause, they are neither required, nor allowed to sit as prosecutor, judge or jury.[28]   It does not matter than an investigation might have cast doubt upon the basis for the arrest.   Once a police officer has a reasonable basis to believe there is probable cause to arrest, he is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest.[29]   The police are not obligated to pursue every lead that may yield evidence beneficial to the accused, even though they had knowledge of the lead and the capacity to investigate it.[30]   Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through the weighing of the evidence.[31]   Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information.[32]

Moreover, it is not necessary that the officer had probable cause to arrest the plaintiff for the offense with which he eventually charged the plaintiff, so long as the officer had probable cause to arrest the plaintiff for any criminal offense.   An arrest made with probable cause for any offense – whether charged or not – is lawful.[33]

---

[28]   *Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir. 1989).

[29]   *Panetta*, 460 F.3d at 396.

[30]   *Gisondi v. Harrison*, 528 N.E.2d 157, 160 (N.Y. 1988).

[31]   *Krause*, 887 F.2d at 372.

[32]   *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994).

[33]   *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).

Information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest.[34]  Because an unequivocal identification of a suspect received by police from an eyewitness can provide probable cause then, even if the information relied upon was wrong, probable cause exists even where it is based upon mistaken information, so long as the arresting officer was reasonable in relying on that information.[35]

Conflicting accounts of a crime do not eliminate or defeat the probable cause established by an eyewitness identification.[36]  When an arresting officer is faced with competing accounts from different eyewitnesses, an officer is entitled to make an arrest based on believing the testimony of one side or the other.[37]  Although conflicting evidence may be relevant to the issue of whether guilt beyond a reasonable doubt could have been proved at a criminal trial, it has no bearing on whether there was sufficient evidence to show probable cause to believe that plaintiff committed the charged crimes.[38]

I instruct you further that the law recognizes what is called the fellow officer rule. Under the fellow officer rule, an arrest by an officer who himself lacks probable cause to make the arrest is lawful as long as other officers involved in the investigation have sufficient

---

[34]  *Kramer v. New York*, 569 N.Y.S.2d 67, 68 (N.Y. App. Div. 1991); *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000); *Wahhab v. City of New York*, 386 F. Supp. 2d 277, 287 (S.D.N.Y. 2005).

[35]  *Bernard*, 25 F.3d at 103.

[36]  *Crews v. County of Nassau*, 996 F. Supp. 2d 186, 205 (E.D.N.Y. 2014).

[37]  *Pawlicki v. City of Ithaca*, 993 F. Supp. 140, 145 (N.D.N.Y. 1998).

[38]  *Gisondi*, 528 N.E.2d at 160.

information to form the basis for probable cause.  This is so because modern police work can be complex.  Officers often do not work all alone.  Not every officer always can be aware of every aspect of an investigation.  Hence, in determining whether there is a legal basis for an arrest – in other words, probable cause – the law looks to the information known to all law enforcement authorities who are cooperating in an investigation.  The knowledge of each of the officers is presumed known to all.[39]

The defendants assert that probable cause existed to arrest the plaintiff for Criminal Facilitation in the Second Degree, Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Weapon in the Third Degree, and Criminal Possession of a Weapon in the Fourth Degree.

**Criminal Facilitation in the Second Degree**

A person is guilty of criminal facilitation in the second degree when, believing it probable that he is rendering aid to a person who intends to commit a class A felony (such as murder), he engages in conduct which provides such person with means or opportunity for the commission thereof and which in fact aids such person to commit such class A felony.[40]

**Criminal Possession of a Weapon in the Second Degree**

---

[39]  This paragraph has been adopted from the instructions given by the Hon. Lewis A. Kaplan in the case *Manigault v. Brown*, No. 11 CV 4307 (LAK) (S.D.N.Y. 2012).

[40]  N.Y. Penal Law § 115.05 (2007).

A person is guilty of criminal possession of a weapon in the second degree when . . . such person possesses any loaded firearm and such possession does not take place in such person's home or place of business.[41]

**Criminal Possession of a Weapon in the Third Degree**

A person is guilty of criminal possession of a weapon in the third degree when such person commits the crime of criminal possession of a weapon in fourth degree . . . and has been previously convicted of any crime.[42]

**Criminal Possession of a Weapon in the Fourth Degree**

A person is guilty of criminal possession of a weapon in the fourth degree when . . . he possesses any firearm.[43]

**Violation of Probation[44]**

A person is guilty of violating the terms of his probation when, during the period of probation, he fails to comply with any of the conditions of his probation.  In addition, a person is guilty of violating the terms of his probation when, during the period of probation, he is convicted of a crime.  A person is also guilty of violating the terms of his probation when, during the period of probation, he commits an additional offense, other than a traffic infraction.[45]

---

[41]   N.Y. Penal Law § 265.03(3) (2007).

[42]   N.Y. Penal Law § 265.02(1) (2007).

[43]   N.Y. Penal Law § 265.01(1) (2007).

[44] Plaintiff objects to this charge and respectfully refers the Court to his Memorandum of Law in opposition to plaintiff's motion for summary judgment wherein he addresses the issue of probation.

[45]   N.Y. Penal Law § 410.10(2) (2007).

If you find that probable cause existed for any one of the offenses as I just described, then you must find in favor of the defendants with respect to the plaintiff's false arrest claim. Keep in mind, you do not need to be unanimous as to which offense you find probable cause, only that you are unanimous that probable cause existed for any offense.

**Plaintiff objects to defendants' above-proposed charge and requests the following charge be given instead:**

### False Arrest and Imprisonment

Mr. Creighton is bringing a New York State claim for false arrest and imprisonment against the City of New York and the four individual Defendants, Godino, Roberts, Birns and Talty. The Plaintiff asserts that he was arrested without a lawful reason, violating his rights under state law.

In order to reach a verdict on this claim, you will first have to consider whether Mr. Creighton has met his burden of proof on the elements of his claim. I will explain what these elements are in a moment. If the Plaintiff does not prove the elements of his claim against at least one Defendant, then you do not need to consider this claim any further.

If you find that he has met his burden against at least one Defendant, then you must then consider whether that Defendant(s) has met their burden of proof for the elements of their defense of probable cause. I will explain what the

elements of this defense later on.  If you find that the Defendants have met their burden of proof on this defense, then your verdict must be for that Defendants on this claim.  If you find that the Defendants did not meet their burden, then your verdict must be for the Plaintiff on this claim.

### The Elements of the Claim of False Arrest

There are four elements to the Plaintiff's claim of false arrest: (1) the Defendants intentionally confined the Plaintiff, (2) the Plaintiff was conscious of his confinement, (3) the Plaintiff did not consent to the confinement and (4) the Plaintiff's arrest was not privileged by a warrant for his arrest.  The Plaintiff must prove each of these elements by a preponderance of the evidence.

If the Plaintiff proves these elements, then the Plaintiff is entitled to a verdict in his favor, unless the defendants proves their defense of probable cause to arrest plaintiff.

Authority: *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996).  *See also Broughton v. State*, 37 N.Y.2d 451, 456 (1975). *Jenkins v. City of New York*, 478 F.3d 76, 88 (2d Cir. 2007); *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003).

With respect to the fist element, there is no dispute that Mr. Creighton was confined when he was arrested.  Therefore, there is no dispute that plaintiff has proven the first element. The only question you have to determine is which defendant, was personally involved in Plaintiff's arrest.  A police officer can be personally involved in an arrest even if that officer is not the arresting officer. For example, a police officer can be personally involved in an arrest by ordering the arrest, or helping another officer perform the arrest.  A person who is not a

police officer can be personally involved in an arrest if that person instigated or

caused the arrest.   (Here it is not disputed that Godino ordered the arrest and that

Roberts was the arresting officer)

Authority: *Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001);
*Warren v. Pataki*, 2016 U.S. App. LEXIS 8975, * 19-20 (2d Cir. May 17, 2016);
*Mack v. Town of Wallkill*, 253 F. Supp. 2d 552, 558 (S.D.N.Y. 2003); *Weintraub
v. Bd. of Educ. of N.Y.*, 423 F. Supp. 2d 38, 56 (E.D.N.Y. 2006);

    A particular Defendants acted intentionally if the Defendants' actions were

done knowingly — that is, the Defendants' actions were done voluntarily and

deliberately, and not by accident.  It is not necessary to find that a Defendants

specifically intended to deprive the Plaintiff of her rights, or to cause her harm, in

order to find in favor of the Plaintiff.  Although the Plaintiff must show that the

Defendants acted intentionally, the Defendants' actual motivation is irrelevant.

That means that if the Defendants falsely arrested the Plaintiff, it does not matter

whether Defendants had good motivations.  At the same time, if the Plaintiff's

arrest was lawful, then a Defendants' bad motivations are also irrelevant.

### **Respondeat Superior**[46]

---

[46]   Defendants object to this charge on several grounds.  First, to the extent that plaintiff asserts
that he has a *respondeat superior* claim, he did not allege such a claim in his complaint and
therefore, it is has been waived.  However, even assuming *arguendo* that the City is a defendant
under a theory of *respondeat superior*, the jury need not be instructed with respect to this claim
as there would be nothing for the jury to decide.  *See, e.g., Blake v. City of New York*, No. 05 Cv.
6652 (BSJ), 2007 U.S. Dist. LEXIS 95913, *5-6 (S.D.N.Y. July 13, 2007) (holding that because
the individual officer-defendants were acting within the scope of their employment when the
events at issue took place, "should the individual Officer-Defendants be found liable, no further
determination need be made by the jury to establish Plaintiffs' respondeat superior claim against

An employer is responsible for the acts of its employees if such acts are committed in furtherance of the employer's business and within the scope of the employee's authority. I instruct you, that as a matter of law, that Detective Glenn Godino and Dean Roberts, were acting within the scope of their employment with the City of New York.  Thus, if you find that Detective Godino and/or Police Officer Dean Roberts falsely arrested or maliciously prosecuted plaintiff, defendant, CITY OF NEW YORK, is liable for their actions.

Authority: *Holland v. City of Poughkeepsie*, 90 A.D.3d 841 (2nd Dept. 2011).


Next, Plaintiff must prove by a preponderance of the evidence that he was conscious of the confinement.  The parties agree that the Plaintiff was conscious of his confinement.

I instruct you that you must find for the Plaintiff on this element of his claim.

The Plaintiff must next prove by a preponderance of the evidence that he did not consent to the confinement.  The parties agree that the Plaintiff did not consent to his confinement.

Therefore, I instruct you that you must find for the Plaintiff on this element of his claim.

---

the City.  Under these circumstances, referring to the City as a named defendant is unnecessary and could confuse the Jury").

To prove his claim for false arrest, the fourth element of the claim is that the arrest was not privileged.  Where an arrest is effectuated without a warrant, it is presumed that it is not privileged; that it was unlawful. The parties are in agreement that at the time of the arrest, there was no warrant for the Plaintiff's arrest.

Therefore, I instruct you that plaintiff's arrest is presumed to be unlawful and the defendants have the burden of proving otherwise.

The burden is on the municipality and its police officers to establish that the arrest was privileged, that there was probable cause.

Authority: *Wu v. City Q/New York*, 934 F.Supp. 581 (S.D.N.Y. 1996); *Smith v. Nassau County*, 34 NY2d 18 (1974); *Burgio v. Ince*, 79 A.D.3d 1733 (4th Dept., 2010).

### **The Defense of Probable Cause**

I will now explain the defense of probable cause.

The Defendants raise as their defense that the Plaintiff's arrest was justified by probable cause.

It is each of the Defendants, not the Plaintiff, that bears the burden to prove by a preponderance of the evidence that the Plaintiff's arrest was justified by probable cause.  If a Defendant meets the burden to prove this defense, then your verdict should be for that Defendant, even if the Plaintiff met his burden to prove all elements of his false arrest claim.  However, if the Plaintiff has proven this claim, and Defendants fails to meet their burden to prove that that probable

51

cause justified Plaintiff's arrest, then your verdict on that claim must be in favor

of the Plaintiff.

Authority: *Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010); *Broughton v. State*, 37 N.Y.2d 451, 458 (1975).  *Ackerson v. City of White Plains,* 702 F.3d 15, 19 (2d Cir. N.Y. 2012)

   Probable cause to arrest exists when an officer has knowledge of, or

reasonably trustworthy information about facts and circumstances which are

enough to cause a reasonable person to believe that the person to be arrested is

committing, or has committed, a crime.  Although probable cause requires more

than mere suspicion, it does not require that the officer have evidence sufficient to

prove criminal conviction, guilt beyond a reasonable doubt.

Authority: *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006).

   In determining whether Mr. Creighton's arrest was supported by probable

cause, you must consider the "totality of the circumstances" in light of the facts

known to the arresting officer at the time of the arrest.  Police officers may rely on

a victim or an eyewitness's allegations that a particular person has committed a

crime provided that the circumstances do not raise doubt as to the victim or

witness's veracity.

   Nor is a police officer allowed to deliberately disregard facts known to

him establishing a lack of probable cause for the arrest.

Authority: *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995); *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003); *Kerman v. City of New York*, 261 F.3d 229, 241 (2d Cir. 2001); *Selvaggio v. Patterson*, 93 F. Supp. 3d 54, 70-71 (E.D.N.Y. 2015); *DeMichelle v. City of New York*, 2012 WL 4354763 (S.D.N.Y.

2012) (Gardephe, D.J.); <u>Bullard v. City of New York</u>, No. 01 Civ. 11613, 2003 WL 168444 (S.D.N.Y. Jan. 20, 2003)

Where materially impeaching circumstances or grounds for questioning the credibility or reliability of a witness exist, a Defendant's failure to take further investigative steps is unreasonable and evidences lack of probable cause.

Authority: *Sital v. City of New York*, 60 A.D.3d 465 (1st Dept. 2009), *dismissed* 13 N.Y.3d 903 (2009); *Fortunato v. City of New York*, 63 A.D.3d 880 (2nd Dept. 2009); *Carlton v. Nassau County Police Dept.*, 306 A.D.2d 365 (2nd Dept. 2003); *Jovanovic v. City of New York*, 2006 WL 241 1541 (S.D.N.Y. 2006)

You must base your decision on the facts and circumstances actually known to the Defendants at the time of their arrest of Mr. Creighton. This is true whether facts developed after Mr. Creighton's January 10, 2007 arrest might tend to favor the Plaintiff or favor the Defendant police or prosecutors.

Authority: *Jenkins v. City of New York*, 478 F.3d 76, 90 (2nd Cir. 2007); *Torres v. Jones*, 26 N.Y.3d 742 (2016); *Walsh v. City of New York*, 2016 WL 3648370 (S.D.N.Y. 2016).

In this case, the Defendants say that there was probable cause to arrest the Plaintiff for weapons possession and criminal facilitation. The Defendants can prove their affirmative defense of probable cause by proving, with a preponderance of the evidence, that probable cause existed to arrest the plaintiff for Criminal Facilitation in the Second Degree, Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Weapon in the Third Degree, and Criminal Possession of a Weapon in the Fourth Degree.

**Criminal Facilitation in the Second Degree**

53

A person is guilty of criminal facilitation in the second degree when, believing it probable that he is rendering aid to a person who intends to commit a class A felony (such as murder), he engages in conduct which provides such person with means or opportunity for the commission thereof and which in fact aids such person to commit such class A felony.[47]

**Criminal Possession of a Weapon in the Second Degree**

A person is guilty of criminal possession of a weapon in the second degree when . . . such person possesses any loaded firearm and such possession does not take place in such person's home or place of business.[48]

**Criminal Possession of a Weapon in the Third Degree**

A person is guilty of criminal possession of a weapon in the third degree when such person commits the crime of criminal possession of a weapon in fourth degree . . . and has been previously convicted of any crime.[49]

**Criminal Possession of a Weapon in the Fourth Degree**

A person is guilty of criminal possession of a weapon in the fourth degree when . . . he possesses any firearm.[50]

---

[47]   N.Y. Penal Law § 115.05.

[48]   N.Y. Penal Law § 265.03(3).

[49]   N.Y. Penal Law § 265.02(1).

[50]   N.Y. Penal Law § 265.01(1).

Defendants object to plaintiff's proposed false arrest charges to the extent that the City of New York is referred to as a defendant.

Although there is no dispute that the plaintiff was confined, there is a dispute as to whether that confinement was a result of his January 2007 arrest or, alternatively, his probation hold.

Defendants object to the sentence "A person who is not a police officer can be personally involved in an arrest if that person instigated or caused the arrest" as incorrect and misleading.

Defendants object to the sentence "That means that if the Defendants falsely arrested the Plaintiff, it does not matter whether Defendants had good motivations" as misleading and vague.

Defendants object to the sentence "Where an arrest or imprisonment is made without a warrant, it is presumptively invalid and the burden is on the municipality and its police officers to establish that the arrest was privileged, that there was probable cause" because the phrase "presumptively invalid" is misleading, vague and prejudicial and to the extent that it refers to "the municipality."

Defendants object to the phrase "justified by probable cause" as misleading, vague and prejudicial.

Defendants object to the sentence "Police officers may rely on a victim or an eyewitness's allegations that a particular person has committed a crime, unless the circumstances raise doubt as to the person's veracity" as incomplete and insufficient.

Defendants object to the sentence "Where materially impeaching circumstances or grounds for questioning the credibility or reliability of a witness exist, a Defendant's failure to take further investigative steps is unreasonable and evidences lack of probable cause" as misleading, vague and prejudicial.

Defendants object to the phrase "affirmative defense of probable cause."

Defendants object to plaintiff's limitation that there are only four crimes for which there was probable cause to arrest plaintiff.

Defendants object generally to the extent that plaintiff's proposed charge is incomplete / insufficient and have proposed an alternative (see above).

Deendants' Request:

## Malicious Prosecution

The plaintiff also claims that the defendants Roberts and Godino maliciously commenced a criminal proceeding against him. In order to establish a claim of malicious prosecution, the plaintiff must prove, by a preponderance of the evidence, the following elements: (1) the defendants initiated a criminal proceeding against plaintiff, (2), the criminal proceeding terminated in plaintiff's favor, (3) there was no probable cause for the commencement of the criminal proceeding, (4) the proceeding was motivated by actual malice and, (5) a post-arraignment liberty restraint.[51]  I will now describe these elements in more detail.

A defendant may be said to have initiated a criminal prosecution if (a) the defendant directed or required a prosecutor to prosecute, (b) gave the prosecutor, directly or

---

[51]  *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997).

indirectly, such as through the filing of a felony or misdemeanor complaint, information which the defendant knew to be false, or (c) withheld information that a reasonable person would realize might affect the prosecutor's determination whether to prosecute.  A defendant cannot be said to have commenced a criminal proceeding simply because he fairly and truthfully disclosed to the prosecutor all matters within his knowledge that a reasonable person would believe would be important to the question of the plaintiff's guilt or innocence.  If, however, you find that the defendants gave the prosecutor information that the defendant knew to be false, the defendant is responsible for initiating the prosecution.[52]

I instruct you that the Assistant District Attorneys are not defendants with respect to this claim and defendants Roberts and Godino may not be held responsible for the actions of the Assistant District Attorneys.  If you find that an ADA - and not defendant Roberts or Godino - caused the initiation of the prosecution of the plaintiff, you must find for the defendants.

The next element is whether the plaintiff has proved, by a preponderance of the evidence, that the criminal proceeding terminated in his favor.

The next element is whether the plaintiff has proven, by a preponderance of the evidence, that defendants lacked probable cause to believe that plaintiff was guilty of a crime. Previously, I explained the concept of probable cause and the charges made against the plaintiff. If you determine that there was probable cause to arrest the plaintiff, then you must conclude that there was probable cause for the criminal prosecution and your verdict must be for the

---

[52]   *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 217 (2d Cir. 2000); *DeFilippo v. County of Nassau*, 183 A.D.2d 695, 696 (NY App. Div. 2d Dep't 1992).

defendants.[53]   Alternatively, if you determine that there was no probable cause for plaintiff's arrest, then you must conclude that there was no probable cause for the criminal prosecution and you must find that this second element has been satisfied.

You must also consider the fact that the plaintiff was indicted by a grand jury. The indictment created a presumption of probable cause that may only be rebutted, or overcome, by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.[54]   The plaintiff bears the burden of proof in rebutting the presumption of probable cause that arises from an indictment.[55]   The simple act of not disclosing to the grand jury all evidence that could potentially benefit the accused at a grand jury proceeding does not necessarily rise to the level of bad faith.[56]   Prosecutors are not required to present exculpatory evidence, evidence that exonerates or tends to exonerate a person of guilty, to a grand jury.[57]

The next element plaintiff must prove by a preponderance of the evidence is that the defendants acted with malice.   A prosecution is initiated maliciously if it is done for a purpose other than bringing an offender to justice, or out of ill will or in reckless disregard of the

---

[53]   Because there was no intervening fact that came to light after the initial probable cause analysis, probable cause to prosecute exists if there was probable cause to make the arrest and vice versa.  *See Kilburn v. Vill. of Saranac Lake*, 413 Fed. App'x. 362, 364 (2d Cir. 2011); *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996).

[54]   *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003).

[55]   *Id.* at 73.

[56]   *Parisi v. Suffolk County*, No. 04-CV-2187 (ENV) (ETB), 2009 U.S. Dist. LEXIS 112388, at *10 (E.D.N.Y. Nov. 30, 2009).

[57]   *United States v. Williams*, 504 U.S. 36, 52 (1992).

rights of the person accused.[58]   Malice may be inferred from a lack of probable cause.[59] However, malice is not shown by the mere fact that probable cause for the prosecution may have been lacking, unless probable cause was "so totally lacking" that no reasonable officer could have thought it existed.[60]

The last element the plaintiff must prove by a preponderance of the credible evidence is that he incurred a post-arraignment deprivation of liberty as a result of actions taken by the defendants.  The defendants contend that the plaintiff was incarcerated as a result of a probation hold and that, but for this probation hold, the plaintiff would have been released on bail.  If you determine that the plaintiff was held in custody as a result of a probation hold, then you must find in favor of the defendants with respect to plaintiff's malicious prosecution claim.

**Plaintiff objects to the above-proposed request and requests the following  charge instead:**

<u>**Malicious Prosecution**</u>

Plaintiffs makes state and federal claims for malicious prosecution against Defendants City, Godino, and Roberts.  The elements to under New York State law are:  l) the commencement or continuation of a criminal proceeding by the Defendants against the Plaintiff; (2) the termination of the proceeding in favor of the accused; (3) the absence of probable cause for the criminal proceeding and (4) actual malice.   To make out a federal claim, one additional element - post-arraignment deprivation of liberty - must be proven.

---

[58]   *Lowth*, 82 F.3d at 573.

[59]   *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010).

[60]   *Sankar v. City of New York*, 867 F. Supp. 2d 297, 312 (E.D.N.Y. 2012).

Authority: *Cantalino v. Danner*, 96 NY2d 391, 394, 729 NYS2d 405 (2001); *Smith-Hunter v. Harvey*, 95 NY2d 191 (2000); *Broughton v. State*, 37 N.Y.2d 451, 335 N.E.2d 310 (1975); *Nnodimele v. Derienzo*, 2016 WL 337751 (E.D.N.Y., 2016).

With respect to the first element, as a matter of law, the filing by Defendants Roberts and Godino of the Criminal Court Complaint "initiated" the prosecution against Creighton.

Authority: *Cameron v. City of New York*, 598 F.3d 50, 63 (2nd Cir. 2010); *Ricciuti v. NYCTA*, 124 F.3d at 130 (2nd Cir. 1997); *Ramos v. City of New York*, 285 A.D.2d 284, 298-299, 729 N.Y.S.2d 678 (1st Dept.2001).

As to the second element, the criminal proceedings terminated in Plaintiff's favor on January 19, 2012, when the charges were dismissed and sealed at the request of the Bronx County District Attorney's Office.

As to probable cause to commence or continue the prosecution, unlike in Plaintiff's false arrest claims, where Defendants have the burden of demonstrating the arrest was supported by probable cause, in Plaintiff's federal and state malicious prosecution claims, it is Plaintiff's burden to demonstrate that there was a lack of probable cause to commence or continue the prosecution.

Probable cause for malicious prosecution purposes means " the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting" a criminal Defendant.

Authority: *Rounseville v. Zahl*, 13 F.3d 625, 629-30 (2d Cir. 1994)

Just as in the false arrest context, probable cause to believe a prosecution will result in a conviction is determined by reference to the totality of the

circumstances, and plainly exculpatory evidence must not be ignored.  Plaintiff

may establish lack of probable cause to commence or continue a criminal

proceeding by proving that there was no probable cause to arrest in the first place.

Authority: *United States v. Gagnon*, 373 F.3d 230, 236 (2d Cir. 2004); *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006); *Kerman v. City of New York*, 374 F.3d 93, 99 (2d Cir. 2004); *Cardoza v. City of New York*, 139 A.D.3d 151 (1st Dept. 2016).


      While an indictment by a Grand Jury creates a presumption of probable

cause, that presumption may be overcome by presenting evidence of fraud,

perjury or suppression of evidence by the police; evidence that police witnesses

have not made a complete and full statement of facts either to the Grand Jury or to

the District Attorney, evidence that the police failed to make further inquiry when

a reasonable person would have done so, or where it can be shown that the

conduct of the police deviated so egregiously from acceptable police activity as to

demonstrate an intentional or reckless disregard for proper procedures and

Plaintiff's rights.

Authority:  *Colon v. City of New York*, 60 NY2d 78 (1983); *Ramos v. City of New York*, 285 AD2d 284 (1st Dept. 2001); *Chetrick v Cohen*, 52 AD3d 449, 859 N.Y.S.2d 705 (2nd Dept. 2008); *Haynes v City of New York*, 29 AD3d 521, 815 N.Y.S.2d 143 (2nd Dept. 2006); *Lee v. City of Mount Vernon*, 429 N.Y.S.2d 557, 429 N.Y.S.2d 557 (1980); *Hernandez v. State*, 644 NYS2d 380, 382, 228 AD2d 902, (3rd Dept. 1996).


      This same evidence of a claimed lack of probable cause can support your

finding as to the fourth element, malice.

Finally, as to deprivation of liberty, the parties agree that Mr. Creighton's imprisonment from January 2007 to January 2012 satisfies this element of Plaintiff's federal malicious prosecution claim.

**Defendants object to the instruction that the filing of the criminal court complaint "initiated" the prosecution.  Although police officers *can* initiate a prosecution by filing charges or other accusatory instruments, "an officer who does no more than disclose to a prosecutor all material information within his knowledge is not deemed to be the initiator of the proceeding."  *Jones v. City of New York*, No. 13-CV-929 (ALC), 2016 U.S. Dist. LEXIS 44609, at \*17-18 (S.D.N.Y. Mar. 31, 2016) (internal quotation marks and citation omitted).  In addition, "[i]t is well settled that the chain of causation between a police officer's unlawful arrest and a subsequent conviction and incarceration is broken by the intervening exercise of independent judgment."  *Townes v. City of New York*, 176 F.3d 138, 147 (2d Cir. 1999).**

**Defendants object to the instruction that the criminal proceedings terminated in plaintiff's favor.**

**Defendants object to the instruction regarding what probable cause for malicious prosecution means and proposes that the jury is instructed that the analysis is essentially the same as proposed above.**

**Defendants object to the phrase "plainly exculpatory evidence" as misleading, vague and prejudicial.**

Defendants object to the instruction regarding the presumption of probable cause as incomplete (i.e., no discussion of the burden of proof), inaccurate, vague, misleading and prejudicial (i.e., "presumption may be overcome by presenting … evidence that the police failed to make further inquiry when a reasonable person would have done so, or where it can be shown that the conduct of the police deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures and Plaintiff's rights").

Defendants object to the sentence "This same evidence of a claimed lack of probable cause can support your finding as to the fourth element, malice" as inaccurate. Rather, malice is not shown by the mere fact that probable cause for the prosecution may have been lacking, unless probable cause was "so totally lacking" that no reasonable officer could have thought it existed. *See Sankar v. City of New York*, 867 F. Supp. 2d 297, 312 (E.D.N.Y. 2012).

Defendants object to the extent that plaintiff's instruction suggests that the deprivation of liberty element is not disputed or that it is satisfied by plaintiff's imprisonment.

Defendants object generally to the extent that plaintiff's proposed charge is incomplete / insufficient and have proposed an alternative (see above).

Plaintiff's Request:

## Malicious Abuse of Process[61]

---

[61]   Defendants respectfully submit that the jury should not be separately charged on plaintiff's malicious abuse of process claim because he has not properly pled this claim, it is barred by the

63

The Plaintiff has also brought a claim against the Defendants City, Godino, and Roberts alleging malicious abuse of process.

A claim for abuse of process has three essential elements: (1) regularly issued legal process compelling performance or forbearance of some act, (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process.

Authority: *Ettienne v. Hochman*, 83 A.D.3d 888 (2nd Dept., 2011). *Lee v. Cornell*, No. 1:13-cv-8359, 2016 U.S. Dist. LEXIS 44660, at *12-13 (S.D.N.Y. Mar. 31, 2016).

Plaintiff has the burden of demonstrating each element by the preponderance of credible evidence.

If you determine that there was probable cause to arrest the plaintiff, then your verdict with respect to this claim must be for the defendants because probable cause is a complete defense to a malicious abuse of process claim.[62]

In other words, the plaintiff must prove that the defendants arrested the plaintiff in order to achieve a collateral, or another, purpose beyond or in addition to his criminal prosecution.

**Plaintiff's Request:**

## <u>Due Process/ Fair Trial Claims[63]</u>

---

applicable status of limitations, and, in any event, it is duplicative of his other claims. However, should the Court disagree, defendants reserve the right to submit a proposed instruction. Defendants also object to the reference to the City of New York as a defendant with respect to this claim.

[62]   *Sforza v. City of New York*, No. 07 Civ. 6122 (DLC), 2009 U.S. Dist. LEXIS 27358, at *17 (S.D.N.Y. Mar. 31, 2009); *Villa v. City of New York*, No. 11 Civ. 1669 (RJS), 2013 U.S. Dist. LEXIS 49830, at *15 (S.D.N.Y. Mar. 14, 2013).

Plaintiffs such as Mr. Creighton may bring §1983 claims based on alleged falsification and withholding of evidence in police reports and investigative activities.

Authority: *Soomru v. City of New York*, 13 CV 0187 (LTS), --- F.Supp.3d ----, 2016 WL 1266069 at 6 (March 30, 2016 SDNY) *Coggins v. Buonora*, 776 F.3d 108, 109 (2d Cir.2015)

A law enforcement officer is constitutionally required to promptly furnish exculpatory information in his or her possession to the prosecutor's office.  If you find that the defendant knowingly ignored exculpatory evidence and failed to promptly furnish it to the prosecutor in the criminal case against plaintiff, then you should find that he violated plaintiff's constitutional rights.

Exculpatory evidence is evidence which is favorable to a person suspected of or charged with a crime.  It includes evidence which tends to prove that the plaintiff in this case (who was the defendant in the criminal case) did not commit the crime, evidence which suggests that the crime might have been committed by someone else, and evidence which might be used to impeach the credibility of witnesses who would testify against the person accused.

Plaintiff claims that defendant Godino, by failing to disclose information favorable to Mr. Creighton violated plaintiff's Fourteenth Amendment rights.

In order to establish a procedural due process violation under the Fourteenth Amendment based on the failure of a police officer to furnish exculpatory evidence to the prosecutor, four

---

[63] Defendants object because plaintiff has never alleged a "fair trial" claim and, therefore, the jury should not be instructed on such a claim.  In addition, plaintiff's purported claims under the Due Process clause are redundant to the Fourth Amendment claims and are not properly tried as a separate claim and, therefore, defendants respectfully submit that the jury should not be separately charged on such claims.  However, should the Court disagree, defendants reserve the right to submit a proposed instruction.

elements must be proven:

1.    That defendant Godino intentionally or recklessly suppressed evidence;

2.    That the suppressed evidence was exculpatory;

3.    That the suppressed evidence was material to plaintiff's guilt or punishment; and

4.    That as a result of the non-disclosure, prejudice ensued.

Plaintiff must prove the first three elements by a preponderance of the evidence.  Should you determine that defendant Godino suppressed material exculpatory evidence, is it presumed that plaintiff suffered prejudice as a result.  This is a rebuttable presumption.  That means that it is an assumption that is made in the law that will be taken to be true unless the defendant has proved otherwise.

Authority: Yagman & Lewis, Police Misconduct, Federal Jury Practice & Instruction (2002) (hereinafter Yagman Police Misconduct) 3-1.67, 3-1.70-1.72.1; Police Misconduct 12:29, 12:30; Banks v. Dretke, 540 U.S. 668, 691 (2004); Strickler v. Greene, 527 U.S. 263, 281-82 (1999); Brady v. Maryland, 373 U.S. 83, 87 (1963); Kyles v. Whitley, 514 U.S. 419, 437–38 (1995); U.S. v. Coppa, 267 F.3d 132 (2d Cir. 2001); Leka v. Portuondo, 257 F.3d 89 (2d Cir. 2001); Boyette v. Lefevre, 246 F.3d 76 (2d Cir. 2001); Walker v. City of New York, 974 F.2d 293, 299 (2d Cir.1992);  Newsome v. McCabe, 256 F.3d 747, 752 (7th Cir.2001); Jones v. City of Chicago, 856 F.2d 985, 993 (7th Cir. 1988); Jean v. Collins, 221 F.3d 656 (4th Cir. 2000)(en banc); McMillian v. Johnson, 101 F.3d 1363 (11th Cir. 1996); Sanders v. English, 950 F.2d 1152 (5th Cir. 1992); Brady v. Dill, 187 F.3d 104, 114 (1st Cir. 1999).


Plaintiff's constitutional due process claims/ fair trial claims are distinct from his Fourth Amendment claims based on the arrest and prosecution.  Unlike unlawful arrest and malicious prosecution claims, these claims cannot be defeated by a Defendants' demonstration of probable cause.

Authority: *Ricciuti v. N.Y.C. Transit Auth.,* 124 F.3d 123, 129-130 (2d Cir.1997); *Jocks v. Tavernier,* 316 F.3d 128, 138 (2d Cir.2003),

66

Even if you were to find probable cause for the arrest or prosecution, the absence of probable cause is not an element of these claims.  Plaintiff has a constitutional right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigatory capacity.

Authority: *Zahrey v. Coffey*, 221 F.3d 342, 344, 349 (2d Cir. 2000); *Poventud v. City of New York,* 750 F.3d 121, 134 (2d Cir.2014)

**"Materiality"**

One of the elements that plaintiff must prove to establish a procedural due process violation under the Fourteenth Amendment based on the failure of defendant to furnish exculpatory evidence to the prosecutor is that the suppressed evidence was "material" to plaintiff's guilt or punishment.   Evidence is material to guilt or punishment if:

1.      It is likely to influence the decision whether to prosecute plaintiff and whether, that decision having been made, to continue prosecuting him right up to and into the trial; or

2.      If the information has any potential to alter the jury's assessment of the credibility of a significant prosecution witness; or

3.      If there is a reasonable probability that, had the evidence been disclosed, the result of the proceedings would have been different.

Authority: Banks v. Dretke, 540 U.S. 668, 691 (2004); Strickler v. Greene, 527 U.S. 263, 281-82 (1999); Kyles v. Whitley, 514 U.S. 419, 437-38 (1995); U.S. v. Bagley, 473 U.S. 667 (1985); Giglio v. United States, 405 U.S. 150, 154-55 (1972); Brady v. Maryland, 373 U.S. 83, 87 (1963); Napue v. Illinois, 360 U.S. 264, 269(1959); U.S. v. Coppa, 267 F.3d 132 (2d Cir. 2001); Leka v. Portuondo, 257 F.3d 89 (2d Cir. 2001); Boyette v. Lefevre, 246 F.3d 76 (2d Cir. 2001); U.S. v. Avellino, 136 F.3d 249 (2d Cir. 1998); Jones v. City of Chicago, 856 F.2d 985, 993 (7th Cir. 1988).

**Shocks the Conscience**

In order to show that defendant's conduct shocks the conscience, plaintiff must establish that defendant Godino's conduct was, at a minimum, "deliberately indifferent" to plaintiff's rights.

A defendant acts with deliberate indifference to a plaintiff's rights if he or she consciously disregards a known risk that his or her actions would deprive the plaintiff of the plaintiff's rights – in other words, if he or she acts recklessly.

Thus, if you find that, as a result of Terab's identification of Spruell as the person who passed the gun, defendant consciously disregarded a known risk that plaintiff had been mis-identified as the person who passed the gun, defendant's failure to disclose Terab's exculpatory evidence to the prosecutors shock the conscience.[64]

Authority:  County of Sacramento v. Lewis, 523 U.S. 833 (1998); Farmer v. Brennan, 511 U.S. 825, 837 (1994); Russo v. City of Bridgeport, 479 F.3d 196, 210 (2d Cir. 2007); Sperle v. Michigan Dept. of Corrections, 297 F.3d 483, 493 (6th Cir. 2002); Neal v. St. Louis County Board of Police Commissioners, 217 F.3d 955, 958 (8th Cir. 2000); Wilson v. Lawrence County, 260 F.3d 946, 956 (8th Cir. 2001).

**Plaintiff's Request:**

**Unreasonably Prolonged Detention Claim**

Plaintiff remained incarcerated for over five years, from January 10, 2007 until January 19, 2012.  On January 19, 2012 all charges against him were dismissed.

To prevail on a claim of prolonged or excessive detention, a Plaintiff must demonstrate: (1) that he has a right to be free from continued detention stemming from law

---

[64]  Although defendants object to the entirety of plaintiff's proposed instructions with respect to his purported "fair trial" / "due process" claim, defendants also specifically object to this particular instruction as palpably improper.

enforcement officials' mishandling or suppression of exculpatory evidence, (2) that the actions of the officers violated that right, and (3) that the officers' conduct shocks the conscience.

The plaintiff must prove each of these elements by a preponderance of the evidence.

A criminal defendant has a constitutional right to be free from continued detention after it was or should have been known that he or she was entitled to release.

A detainee is entitled to release if it is objectively unreasonable to continue detaining him or her. Conversely, a detainee is not entitled to be released if it is objectively reasonable to continue detaining him. In deciding whether it was objectively reasonable to continue detaining plaintiff, you should consider all the relevant circumstances. Relevant circumstances can include, for example, the evidence that was known to the police and prosecutors at the time about the crime, the importance of the witness' testimony in the prosecution's case, whether that witness's testimony would have been cumulative or critical, the presence or absence of evidence corroborating or contradicting the testimony, and the overall strength of the prosecution's case.

As I mentioned earlier, should you determine that defendant Godino suppressed exculpatory evidence, it is presumed that plaintiff would have been entitled to be released had that evidence been disclosed.

In order for the defendant to overcome this presumption, she must prove by a preponderance of the evidence that even if he had disclosed Mr. Terab's exculpatory evidence, it would have been objectively reasonable to continue to detain plaintiff for passing a gun to Dior Creighton.

Authority: <u>Graham v. Connor</u>, 490 U.S. 386, 109 (1989); <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 684 (1986); <u>Russo v. City of Bridgeport</u>, 479 F.3d 196, 207 (2d Cir. 2007); <u>Latine v. Mann</u>, 25 F.3d 1162, 1167 (2d Cir. 1994); <u>Miner v. City of Glens Falls</u>, 999 F.2d 655 (2d Cir. 1993); <u>Patterson v. Coughlin</u>, 905 F.2d 564 (2d Cir. 1990); <u>Cannon v. Macon County</u>, 1 F.3d 1558, 1563 (11th Cir. 1993); <u>Sivard v. Pulaski County</u>, 959 F.2d 662 (7th Cir. 1992); <u>Sanders v. English</u>, 950 F.2d 1152 (5th Cir. 1992); <u>Fontana v. Haskin</u>, 262 F.3d 871, 881 (9th Cir.2001); <u>Burka v. New York City Transit Authority</u>, 747 F.Supp. 214 (S.D.N.Y. 1990).

**Defendants object to the description of this claim as "unreasonably" prolonged detention.**

**Defendants object to the instruction that "all charges" against plaintiff were dismissed. Rather, the evidence supports that plaintiff pled guilty to violating his probation and was sentenced to time served.**

**Defendants object to the instruction that "should you determine that defendant Godino suppressed exculpatory evidence, it is presumed that plaintiff would have been entitled to be released had that evidence been disclosed" as improper and a misstatement of the law.**

**Defendants object to the instruction that "In order for the defendant to overcome this presumption, she must prove by a preponderance of the evidence that even if he had disclosed Mr. Terab's exculpatory evidence, it would have been objectively reasonable to continue to detain plaintiff for passing a gun to Dior Creighton" as improper and a misstatement of the law.**

**Defendants object generally to the extent that plaintiff's proposed charge is incomplete / insufficient and propose the following charge:**

**Plaintiff's Request:**

**Intentionally Prolonged Detention**

The plaintiff has also brought a claim against Det. Godino alleging an intentional prolonged detention.   In order to establish this claim, the plaintiff must establish by a preponderance of the evidence the following elements: (1) that he has a right to be free from continued detention stemming from law enforcement officials' intentional mishandling or suppression of exculpatory evidence, (2) that the actions of the officers violated that right, and (3) that the officers' conduct "shocks the conscience."[65]

The exculpatory evidence must have conclusively or affirmatively established the plaintiff's innocence.[66]   If the evidence allegedly ignored is only arguably exculpatory, the conduct does not "shock the conscience."[67]

You should also consider whether the plaintiff's alleged intentional prolonged detention was intentionally caused by the defendants.   Again, the defendants contend that plaintiff's detention was a result of a probation hold and that, but for this probation hold, the plaintiff would have been released on bail.   Moreover, the defendants contend that they did not intentionally act in any way to prolong the plaintiff's detention.

**Plaintiff's Request**

**Conspiracy[68]**

---

[65]   *Russo v. City of Bridgeport*, 479 F.3d 196, 205 (2d Cir. 2007)

[66]   *King v. City of New York*, Nos. 12-CV-02344 (NGG) (RER), 13-CV-00037 (NGG) (RER), 2014 U.S. Dist. LEXIS 141441, at *42 (E.D.N.Y. July 31, 2014)

[67]   *Nzegwu v. Friedman*, No. 10-CV-02994 (CBA) (RML), 2014 U.S. Dist. LEXIS 44019, at *45 (E.D.N.Y. Mar. 31, 2014).

The elements of a §1983 conspiracy claim for deprivation of civil rights are: 1) an agreement between two or more state actors; (2) to act in concert to inflict constitutional injury; and (3) an overt act done in furtherance of the goal of causing damages.

Authority: *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir.1999); *McCray v. City of New York*, No. 03 CIV 10080 (DAB), 2007 WL 4352748, at 23 (S.D.N.Y. Dec. 11, 2007).

Plaintiff's burden is to demonstrate that Godino, Roberts, Birns and/or Talty conspired to accuse Plaintiff of the crimes for which he was charged, knowing that Plaintiff was not the culprit.

**Defendants object to the extent that instruction suggests that defendant Godino could be liable for allegedly conspiring with a fellow officer, such as defendant Roberts.**

**Plaintiff's Request:**

**<u>Failure to Intervene</u>[69]**

---

[68]  Defendants respectfully submit that the jury should not be charged with respect to this claim because plaintiff has conceded that defendants Birns and Talty are entitled to absolute immunity and, therefore, plaintiff's conspiracy claim, which is now apparently only made against defendant Godino, cannot survive because there are no state actors with whom Det. Godino could have conspired with.  *See, e.g., Delarosa v. Serita*, No. 14-CV-737 (MKB), 2014 U.S. Dist. LEXIS 58733, at *11 (E.D.N.Y. Apr. 28, 2014).  In addition, plaintiff's conspiracy claim is duplicative of his other claims.  However, should the Court disagree, defendants reserve the right to submit a proposed instruction.

[69] Because plaintiff has failed to identify which defendants allegedly failed to intervene to prevent the alleged illegal acts, his failure to intervene claim is without merit and the jury should not be separately charged on such a claim.  As plaintiff alleges that all of the individually named defendants directly participated in the underlying arrest and/or prosecution, the failure to intervene claim must be dismissed against all individual defendants.  *See, e.g., Jackson v. City of New York*, 939 F. Supp. 2d 219, 232 (E.D.N.Y. 2013) ("The Court has already concluded [that the two officers] both may be held liable under a theory of direct participation, therefore neither

Law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence. The plaintiff contends that the individual Defendants violated the Plaintiff's constitutional rights by arresting, imprisoning, and prosecuting him, and that individual Defendants should be liable for those violations where he had a duty to take action to stop the violation, but failed to do so.

There are four elements of a claim of failure to intervene: 1) the plaintiff's constitutional rights were violated; 2) a reasonable person in the defendants' position would know that the plaintiff's constitutional rights were being violated; 3) the defendants had a realistic opportunity to intervene and prevent the harm; and 4) the defendants did not take reasonable steps to intervene.

Authority: *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir.1994); *Garnett v. City of New York*, 2014 U.S. Dist. LEXIS 112440 (S.D.N.Y. Aug. 13, 2014); *Mathews v. City of New York*, 889 F.Supp.2d 418 (E.D.N.Y. 2012); *Travis v. Village of Dobbs Ferry*, 355 F. Supp. 2d 740, 752-53 (S.D.N.Y. 2005).

The plaintiff must prove each of these elements by a preponderance of the evidence.

**Plaintiff's Request:**

<u>**Conclusion on Liability**</u>[70]

If you find that the Plaintiff has met his burden of proof on the elements of any one of his claims against a Defendant, and you also find that a Defendant has not met his burden of proof

---

would be held liable for failure to intervene."). However, should the Court disagree, defendants reserve the right to submit a proposed instruction.

[70]   Defendants object to this charge as unnecessary.

on the elements of the defense, then you must bring a verdict for the Plaintiff on the issue of liability for that claim against that Defendant.  For each claim where you find that the Plaintiff has won on liability, you must then consider the issues of causation and damages.

On the other hand, if you find that the Plaintiff did not meet his burden of proof on the elements of his claims against a Defendant, or you find that the Defendant did meet his burden of proof on the elements of the defense, then you must bring a verdict for the Defendant on the issue of liability for that claim.  For each claim where claim where you find that the Defendant has won on liability, your consideration of that claim is complete.

**Plaintiff's Request:**

## Introduction to Damages

If you find that Plaintiff has proved, by a preponderance of the evidence, the elements of one or more of his § 1983 claims, you must then decide if he suffered any injuries as a result of the violation of his federally protected rights.

The fact that I am instructing you on how to award damages does not mean that I have any opinion on whether the Defendants should be held liable.  I am instructing you on damages only so that you will have guidance should you decide that the Plaintiff is entitled to recovery.

Should you decide that Plaintiff has proved his claim by a preponderance of the evidence, you must consider awarding two types of damages: compensatory damages and punitive damages.  I will explain the law concerning each of these two types of damages to you.

**A.      Damages Generally**

If you find that Mr. Creighton has proven one or more of his claims by a preponderance of the evidence with regard to a Defendant, you must then determine the damages to which

74

Plaintiff is entitled.  Please note that just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the Defendants should be held liable. That is for you to decide on the evidence presented and the rules of law I have given you.  If you decide during your deliberations that Plaintiff is not entitled to recover from all of the Defendants, you will need go no further.  I am instructing you on damages only so that you will have guidance should you decide that the Plaintiff is entitled to recovery.

**Defendants object to the instruction that the jury "must consider" awarding two types of damages.**

**Defendants propose the following charge as an alternative:**

## DAMAGES

I have a few cautionary instructions to give you before I discuss damages. First, even though I am going to instruct you on damages, it does not mean I have any opinion on whether or not the defendants should be held liable.  Second, with respect to the plaintiff's claims, you may only award him damages if he has proven liability according to the standards I have just set forth.

Damages must be based on evidence, not on speculation or sympathy, and you may only award damages for those injuries that the plaintiff actually suffered as a result of the defendants' conduct. You cannot award the plaintiff damages for injuries he may have suffered at the hands of others.  The damages that you award must be fair compensation, no more and no less.  It is the plaintiff who bears the burden of proving his damages by a preponderance of the credible evidence.

**Plaintiff's Request:Compensatory Damages**

If you find that a Defendant is liable to Mr. Creighton, then you must determine an amount that is fair compensation for Plaintiff's damages.  These damages are called compensatory damages.  The purpose of compensatory damages is to make the Plaintiff whole -- that is, to compensate the Plaintiff for the damage suffered.  Compensatory damages are not limited to financial expenses.  If a Plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock, and discomfort that he suffered due to the Defendants' conduct.

You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by the Defendants' wrongful conduct.  The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a Defendant.  You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered, or that the Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

76

**A. Pain, Suffering, and Emotional Distress**

In assessing compensatory damages, you may include an amount for pain, suffering, and emotional distress -- past, present and future -- that you determine to be reasonable compensation in the light of all the evidence in this case.  We all know that the nature and degree of pain and mental distress may differ widely from person to person.  Consequently, the law does not try to fix, nor does the law permit, a precise formula by which pain or emotional distress as an element of compensatory damages may be measured and reduced to dollars and cents.  Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense and good judgment of you, the jurors.  You should arrive at a monetary amount, in the light of your common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate.  In other words, without favor, without sympathy, and without any precise formula, you as jurors must arrive at a sum of money that will justly, fairly, and adequately compensate a prevailing Plaintiff for the actual pain, suffering, and emotional distress you find that he has endured and will endure in the future.  The amount of damages should be neither excessive nor inadequate.  It should be fair, just, and reasonable.

Authority: Modern Federal Jury Instructions, Judge Sand, Inst., 77-3, 77-4, 87-87; Memphis Community Sch. Dist. v. Stachura, 477 U.S. 299, 306 (1986); Mileski v. Long Island Rail Road Co., 499 F.2d 1169, 1172 (2d Cir. 1974); Mathie v. Fries, 121 F.3d 808, 814 (2d Cir. 1997); Miner v. City of Glens Falls, 999 F.2d 655, 662 (2d Cir. 1993); Walz v. Town of Smithtown, 46 F.3d 162, 170 (2d Cir. 1995); Bick v. City of New York, 1998 WL 190283, at *25 (S.D.N.Y. 1998); Epstein v. Kalvin-Miller Int'l, Inc., 139 F. Supp. 2d 469, 479-81 (S.D.N.Y. 2001); Mathie v. Fries, 935 F. Supp. 1284, 1304 (E.D.N.Y. 1996): Martin A. Schwartz & Judge George C. Pratt, Section 1983 Litigation Jury Instructions, Chapter 18.

**B. Loss of Enjoyment of Life**

In determining the amount, if any, to be awarded Mr. Creighton for pain and suffering, you may take into consideration the effect the injuries have had on his ability to enjoy life. Loss of enjoyment of life involves the loss of the ability to perform daily tasks, to participate in the activities which were a part of the person's life before the incidents, and to experience the pleasures of life.

If you find that Mr. Creighton, as a result of his injuries, suffered some loss of the ability to enjoy life and that Plaintiff was aware of a loss, you may take that loss into consideration in determining the amount to be awarded to Plaintiff for pain and suffering to date.

Authority: NYPJI 2:280.1


**Defendants object to the instructions pertaining to "Pain, Suffering, and Emotional Distress" and "Loss of Enjoyment" as unnecessary.**

**Defendants propose the following charge as an alternative:**

**<u>Compensatory Damages</u>**

You may award compensatory damages only for injuries that the plaintiff proves by a preponderance of the credible evidence were caused by the defendants' allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he is reasonably likely to suffer in the future.

If you find in favor of the plaintiff, then you must award the plaintiff such sum of money as you believe will fairly and justly compensate him for any injury you

believe he has proven he actually sustained as a direct consequence of the conduct of a defendant.

You shall award actual damages only for those injuries which you find that a plaintiff has proven by a preponderance of the evidence.  Moreover, you may not simply award actual damages for any injury suffered by the plaintiff — you must award actual damages for those injuries that are a direct result of actions by the defendants if you have found them liable to the plaintiff.  You must distinguish between the existence of a violation of a plaintiff's right and the existence of injuries naturally and proximately resulting from that violation.  Thus, even if you find that a defendant deprived the plaintiff of a right, you must ask whether the plaintiff has proven by a preponderance of the evidence that the deprivation actually and proximately caused each of the damages that he is claiming to have suffered.

If you return a verdict for the plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of a defendant.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guesswork.  On the other hand, the law does not require that the plaintiff prove the amount of his "damages/losses" with mathematical precision, but only with as much

definiteness and accuracy as circumstances permit.  Your award must be fair and just.  It

should neither be excessive nor inadequate, but should be reasonable.

### Damages:  Multiple Claims

The plaintiff is entitled to only one recovery, if at all, sufficient to reasonably compensate

him for his injuries.  I therefore instruct you that if you find that the plaintiff has prevailed on

more than one claim, you may not award additional compensatory damages for the same injury.

You should award an amount of compensatory damages equal to the total damages you believe

will fairly and justly compensate the plaintiff for the separate injuries he suffered.  But you

should not compensate the plaintiff for the same injury twice simply because you find a

defendant liable for multiple claims.

### Nominal Damages[71]

If you return a verdict for the plaintiff on any of his claims, but then find that he

failed to prove by a preponderance of the credible evidence that he suffered any actual damages,

then you may return an award of damages in some nominal or token amount not to exceed the

sum of one dollar.  This is called nominal damages.

---

[71] Plaintiff objects to the jury being charged on nominal damages or the matter appearing on the verdict sheet.  Where the plaintiff was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation was found to be unlawful, the Second Circuit has held that the plaintiff is entitled to compensatory, not merely nominal, damages.  *Kerman v. City of New York*, 374 F.3d 93 (2nd Cir. 2004); *Raysor v. Port Authority of New York and New Jersey*, 768 F.2d 34 (2nd Cir. 1985).   Defendants respectfully submit that the plaintiff was not "indisputably deprived of his liberty."  In addition, the Second Circuit has held that absent a showing of causation of plaintiff's injuries by defendants' unconstitutional acts and actual injury, a plaintiff is entitled only to nominal damages.  *See, e.g., Warren v. Pataki*, 823 F.3d 125 (2d Cir. 2016).  The Second Circuit has also held that a finding that a plaintiff has been deprived of a constitutional right does not automatically entitle him to a substantial award of damages.  *See, e.g., Rentas v. Ruffin*, 816 F.3d 214, 223 (2d Cir. 2016).  For example, when a defendant has deprived the plaintiff of liberty, but the adverse action would have been taken even in the absence of the wrongful conduct, the plaintiff is entitled only to nominal damages.  *See, e.g., id.*

Nominal damages are awarded when a plaintiff has been deprived of a constitutional right by a defendant, but has proved no compensatory damages as a natural consequence of that deprivation.  The mere fact that a constitutional deprivation occurred is an injury to the person entitled to be free from such action, even when no actual damages flow from the deprivation.  Therefore, if you find that the plaintiff did not prove injuries as a result of a defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

**Plaintiff's Request:**

## <u>Punitive Damages</u>

Punitive damages are damages to punish an individual Defendant and to create an example that will deter a Defendant or others from repeating such conduct.  You may make an award of punitive damages even though you find that Plaintiff has not established actual damages.

You may award Plaintiff punitive damages if you find by a preponderance of the evidence that a Defendant's acts or omissions were done maliciously or wantonly.

An act or failure to act is maliciously done if it is prompted by ill will or spite.  An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of Plaintiff.

An intent to injure exists when a Defendant has a conscious desire to injure Plaintiff in a manner he knows to be unlawful or when a Defendant has a conscious desire to violate rights of which he is aware.

Punitive damages are to be awarded only if you believe that an individual Defendant acted so outrageously and evidenced such malice or wantonness that he deserves to be punished to assure that he and others will be less likely to engage in such conduct again.

It is entirely up to you to decide whether or not punitive damages should be awarded.  In this respect, you have considerable discretion.  You may decide that even though compensatory damages have been awarded, you believe no punitive damages are necessary.  On the other hand, even if you award modest compensatory damages, you may feel that punitive damages are in order, so as to punish an individual Defendant and deter similar behavior in the future.

Authority: Modern Federal Jury Instructions, Judge Sand, Inst. 87-92; Smith v. Wade, 461 U.S. 30, 56 (1982); Ismail v. Cohen, 899 F.2d 183, 185, 187 (2d Cir. 1990); Weissman v. Dawn Joy Fashions, Inc., 214 F.3d 224, 235 (2d Cir. 2000) (per curium) ("federal and state standards for a finding of punitive damages are 'virtually identical.'"); King v. Macri, 993 F.2d 294, 297-98 (2nd Cir. 1993) (punitive damages may be awarded under § 1983 in the absence of a compensatory award).

**Defendants object to the instruction that "You may make an award of punitive damages even though you find that Plaintiff has not established actual damages."  Indeed, in the case cited by plaintiff in support of this proposition, the court stated that "there is some merit to the argument" that punitive damages in the absence of compensatory damages is inappropriate "for claims of excessive force that are too insubstantial to support any compensatory awards."  *King v. Macri*, 993 F.2d 294, 298 (2d Cir. 1993).  But, because the jury was told, without objection, that it could make a punitive damage award without any compensatory award, the court's hands were tied.  *See id.* ("But to whatever extent that position has merit, it cannot be imposed to alter the award of a jury that was explicitly told, without objection, that it could make a punitive award without any compensatory award.").  In addition, this proposition does not apply to state law claims.  *See, e.g., Excelsior Capital, LLC v. Allen*, 536 F. App'x 58, 61 n.2 (2d Cir. 2013) ("Insofar as**

we have held that 'punitive awards were not vitiated by the absence of compensatory or nominal damages awards,' we have done so in cases involving federal rather than New York law.").

Defendants object to this charge because it is misleading and not sufficiently explanatory.

Defendants propose the following charge as an alternative out of an abundance of caution as defendants object to a punitive damages charge as unwarranted based upon the expected evidence at trial and because, at a minimum, the evidence will show that defendants are entitled to qualified immunity:

## Punitive Damages

The plaintiff also seeks punitive damages against the defendants.  You may award punitive damages if the plaintiff has proven, by a preponderance of the evidence, that a defendant's conduct was malicious and reckless, not merely unreasonable.  An act is malicious and reckless if it is done in such a matter, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety or rights of others.  The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him and others from committing similar acts in the future.

Punitive damages may only be awarded if the plaintiff has proven by a preponderance of the evidence that any defendant you have found liable committed an act of misconduct that was especially shocking and offensive.  You do not have to award punitive damages if you find in favor of the plaintiff on any of his claims.  If you decide

to award punitive damages, you must use sound reason in setting the amount - it must not reflect bias, prejudice, or sympathy toward any party.

**Defendants' Request:**

## Attorneys' Fees

Federal law provides for an award of attorneys' fees to a plaintiff when he prevails in a civil rights action.[72]   The award of attorneys' fees is a matter to be determined by the Court.[73]   Accordingly, if you award any damages to the plaintiff, including nominal damages, you should not take into consideration the fees that the plaintiff may have to pay his attorneys.

**Plaintiff objects to any instruction regarding attorney fees.**

**Defendants' Request**:

## Federal Income Tax

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.

**Plaintiff objects to any instruction advising that the jury's award in not taxable.**

**Defendant requests**

## Damages:  Final Word

Again, let me repeat that the fact that I have instructed you as to the proper measure of damages should not be considered as intimating that I have any view as to which party is entitled to your verdict in this case.   Instructions as to the measure of damages are required to be given for your guidance in the event you should find that any actual damages were

---

[72]   42 U.S.C. § 1988(b).

[73]   *Id.*

proved by a preponderance of the evidence by the plaintiff in this case according to the instructions I have given to you.

## CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved by a preponderance of the evidence.  In a few minutes you will retire to the jury room for your deliberations.  I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

By way of reminder, I instruct you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you.  Remember also that your verdict must be based solely on the evidence in the case and the law.

### a. Foreperson

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson.  The custom in this courthouse is for Juror No. 1 to act as the foreperson.  However, if, when you begin your deliberations, you decide that you want to elect another foreperson, you are entitled to do so.  The foreperson will be responsible for signing all communications to the court and for handing them to the marshal during your deliberations, but, of course, his or her vote is entitled to no greater weight than that of any other juror.

### b. Communication with the Court

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with me, you may

send a note, through the marshal, signed by your foreperson.  No member of the jury should attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or orally here in open court.

### c.  Juror's Recollection Governs

Your recollection governs – no one else's.  If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself in doubt concerning my instructions to you on the law, you may return to the courtroom for the purpose of having such testimony or instructions read back to you.  Again, you may make such a request by a note to a marshal.  I suggest, however, that you be specific to avoid hearing testimony you do not desire to assist in your deliberations.  Tell me as best you can precisely what you want to hear and be patient because it sometimes takes a while to find the testimony in the record.

During the trial certain items were received into evidence as exhibits.  If, after you have begun your discussions on the case, you think it would be helpful to have any of the exhibits with you in the jury room, you may make the request by a note to the marshal and I will send the exhibits in to you.

### d.  Deliberations and Unanimous Verdict

Your duty is to reach a fair conclusion from the law and the evidence.  It is an important one.  When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves.  It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violation your individual judgment and conscience.  While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and

while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong. However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

The decision you reach must be unanimous; you must all agree on every entry on the verdict sheet.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate what the verdict is. In *no* communication with the court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the dispute between parties is, for them, no passing matter. They and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By doing so, you carry out to the fullest your oaths as jurors to well and truly try the issues of this case and a true verdict render.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further on which you need to be instructed.


Dated: New York, New York
        August 1, 2016

PAZER, EPSTEIN & JAFFE, P.C.
  Attorney for Plaintiff
20 Vesey Street, Suite 700
New York, New York 10007
Phone (212) 227-1212
Fax (212) 374-1778
Email mjaffe@pazerandepstein.com


_____s/_____
By: Michael Jaffe

RUBERT & GROSS, P.C.
  Attorney for Plaintiff
150 Broadway, Suite 712
New York, New York 10007
Phone (212) 608-3103
Fax (212) 608-1316
Email richardgross.court@gmail.com


_____s/_____
By: Richard Gross


ZACHARY W. CARTER
Corporation Counsel of the City of New
York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2351


_____s/_____
By:    Kavin Thadani
       Senior Counsel
       Special Federal Litigation

88