# RUBERT & GROSS, PC
**ATTORNEYS AT LAW**
150 Broadway, Suite 712
New York, New York 10038

Richardgross.court@gmail.com
(212) 608-3103 · Fax: (212) 608-1316

RICHARD A. GROSS
SOLEDAD RUBERT

<u>By ECF</u>

August 1, 2016

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

 Re: <u>Creighton v. City of New York, et al.</u>
   12 CV 7454 (PGG)

Your Honor:

 Our firm, along with Pazer, Epstein & Jaffe, represents the plaintiff in this civil rights action under 42 USC §1983.

 This letter submits the parties' joint proposed verdict sheet. We were unable to find a suitable ECF event designation, so the proposed verdict sheet is submitted herewith.

              Respectfully submitted,

               s/
               Richard Gross

Enc.

cc: Kavin Thadani
   Attorney for Defendants
   *By ECF*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KENNETH CREIGHTON,

                                                     Plaintiff,

           -against-

THE CITY OF NEW YORK, DETECTIVE DEAN
ROBERTS (Shield No. 05861), DETECTIVE GLENN
GODINO (Shield No. 2756), POLICE OFFICERS JOHN
DOES 1-10 (names being fictitious and presently unknown
and intended to be employees of the NYPD who were
involved in Plaintiff's arrest, detention, imprisonment,
and/or prosecution), DISTRICT ATTORNEY ROBERT T.
JOHNSON, ASSISTANT DISTRICT ATTORNEY
BRUCE BIRNS A/K/A/ BURNS, ASSISTANT DISTRICT
ATTORNEY ED TALTY a/k/a ED TULTY and
ASSISTANT DISTRICT ATTORNEY MICHAEL
COOPER,

                                                    Defendants.[2]

------------------------------------------------------------------------ x

**JOINT PROPOSED
VERDICT SHEET**[1]

12 CV 7454 (PGG)(DCF)

---

[1]   The parties respectfully request the opportunity to propose revisions to the Proposed Verdict Sheet based upon the testimony and any rulings of the Court prior to and during trial.

[2]   Defendants respectfully request that the caption be amended to reflect only Dean Roberts, Glenn Godino, Bruce Birns and Ed Talty as defendants. Plaintiff contends that the City of New York remains a defendant. Plaintiff has agreed to withdraw his claims against District Attorney Robert Johnson and he is no longer a proper party to this action. Assistant District Attorney Michael Cooper is deceased and was not properly served and, therefore, he is not a proper party to this action. Defendants respectfully submit that the City of New York should be removed from the caption because plaintiff has agreed to withdraw his municipal liability claims against the City of New York and, therefore, the City of New York is no longer a proper party to this action because there are no claims made against it. Plaintiff disagrees. Plaintiff withdrew his *Monell* claims against the City of New York (Eleventh Cause of Action). He did not, however, withdraw his New York State claims against the City of New York for false arrest, malicious prosecution or abuse of process as contained in his First, Second or Third Claims for Relief. Defendants contend that plaintiff never pled any state law claims against the City of New York, whether under a theory of *respondeat superior*, or otherwise.

I. **False Arrest**[3]

Question 1:

Has the plaintiff proven by a preponderance of the credible evidence that he was falsely arrested by any of these defendants on January 10, 2007?

| | | |
|---|---|---|
| City of New York[4] | YES _____ | NO _____ |
| Glenn Godino | YES _____ | NO _____ |
| Dean Roberts | YES _____ | NO _____ |
| Bruce Birns | YES _____ | NO _____ |
| Ed Talty | YES _____ | NO _____ |

**If you answered "No" as to all defendants, please proceed to Question 3.**

**If you answered "Yes" as to any defendant, please proceed to Question 2(a).**

---

[3] Defendants respectfully submit that all of plaintiff's claims should be dismissed as explained in their motion for summary judgment.

[4] Defendants object to the inclusion of the City of New York as a defendant on the verdict sheet. Plaintiff has agreed to withdraw his municipal liability claims against the City of New York and, therefore, defendants contend that the City of New York is no longer a proper party to this action because there are no claims made against it. Plaintiff respectfully submits that under New York State law, the City of New York is vicariously liable for its employees' conduct. While plaintiff withdrew his *Monell* claims against the City of New York (Eleventh Cause of Action), he did not withdraw his state common law claims against the City. Defendants contend that plaintiff never pled any state law claims against the City of New York, whether under a theory of vicarious liability, *respondeat superior*, or otherwise. In addition, defendants respectfully submit that, even assuming, *arguendo*, that the City is a defendant under a theory of vicarious liability or *respondeat superior*, the City should still not be listed on the verdict sheet. *See, e.g., Blake v. City of New York*, No. 05 Cv. 6652 (BSJ), 2007 U.S. Dist. LEXIS 95913, *5-6 (S.D.N.Y. July 13, 2007) (holding that because the individual officer-defendants were acting within the scope of their employment when the events at issue took place, "should the individual Officer-Defendants be found liable, no further determination need be made by the jury to establish Plaintiffs' respondeat superior claim against the City. Under these circumstances, referring to the City as a named defendant is unnecessary and could confuse the Jury").

Question 2(a):

Has the plaintiff proven by a preponderance of the credible evidence that he suffered compensatory damages as a result of being falsely arrested?

Yes_____                              No_____

**If you answered "No" please proceed to Question 2(b).**

**If you answered "Yes" please proceed to Question 2(c).**

Question 2(b):[5]

What amount of nominal damages, not to exceed one dollar, do you award the plaintiff on his false arrest claim?

$_____

**Proceed to Question 3.**

Question 2(c):

State the total dollar amount of any actual compensatory damages that the plaintiff is entitled to on his false arrest claim:

$_____

**Proceed to Question 3.**

---

[5]   Plaintiff objects to the jury being charged on nominal damages or the matter appearing on the verdict sheet. Where the plaintiff was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation was found to be unlawful, the Second Circuit has held that the plaintiff is entitled to compensatory, not merely nominal, damages. *Kerman v. City of New York*, 374 F.3d 93 (2nd Cir. 2004); *Raysor v. Port Authority of New York and New Jersey*, 768 F.2d 34 (2nd Cir. 1985). Defendants respectfully submit that the plaintiff was not "indisputably deprived of his liberty." In addition, the Second Circuit has held that absent a showing of causation of plaintiff's injuries by defendants' unconstitutional acts and actual injury, a plaintiff is entitled only to nominal damages. *See, e.g., Warren v. Pataki*, 823 F.3d 125 (2d Cir. 2016). The Second Circuit has also held that a finding that a plaintiff has been deprived of a constitutional right does not automatically entitle him to a substantial award of damages. *See, e.g., Rentas v. Ruffin*, 816 F.3d 214, 223 (2d Cir. 2016). For example, when a defendant has deprived the plaintiff of liberty, but the adverse action would have been taken even in the absence of the wrongful conduct, the plaintiff is entitled only to nominal damages. *See, e.g., id.*

3

## II. Malicious Prosecution

Question 3:

Has the plaintiff proven by a preponderance of the credible evidence that he was maliciously prosecuted by any of these defendants?

    City of New York[6]    YES _____    NO _____

    Glenn Godino    YES _____    NO _____

    Dean Roberts    YES _____    NO _____

**If you answered "No" as to all defendants, please proceed to Question 5.**

**If you answered "Yes" as to any defendant, please proceed to Question 4(a).**

Question 4(a):

Has the plaintiff proven by a preponderance of the credible evidence that he suffered compensatory damages as a result of being maliciously prosecuted?

Yes_____                         No_____

**If you answered "No" please proceed to Question 4(b).**

**If you answered "Yes" please proceed to Question 4(c).**

Question 4(b):[7]

What amount of nominal damages, not to exceed one dollar, do you award the plaintiff on his malicious prosecution claim?

    $_____

**Proceed to Question 5.**

---

[6] Defendants object to the inclusion of the City of New York as a defendant on the verdict sheet.

[7] Plaintiff objects to the jury being charged on nominal damages or the matter appearing on the verdict sheet.

4

Question 4(c):

State the total dollar amount of any actual compensatory damages that the plaintiff is entitled to on his malicious prosecution claim:

$_____

**Proceed to Question 5.**

### III. Malicious Abuse of Process[8]

Question 5:

Has the plaintiff proven by a preponderance of the credible evidence his claim for malicious abuse of process claim against any of the defendants?

| | | |
|---|---|---|
| City of New York[9] | YES _____ | NO _____ |
| Glenn Godino | YES _____ | NO _____ |
| Dean Roberts | YES _____ | NO _____ |

**If you answered "No" as to all defendants, please proceed to Question 7.**

**If you answered "Yes" as to any of the defendants, please proceed to Question 6(a).**

Question 6(a):

Has the plaintiff proven by a preponderance of the credible evidence that he suffered compensatory damages as a result of the malicious abuse of process?

Yes_____            No_____

**If you answered "No" please proceed to Question 6(b).**

---

[8]  Defendants respectfully submit that the jury should not be separately charged on plaintiff's malicious abuse of process claim because he has not properly pled this claim, it is barred by the applicable status of limitations, and, in any event, it is duplicative of his other claims. Plaintiff refers the Court to his Amended Complaint, DE10, at ¶¶77-82, 83-94 where he pleads as his Third and Fourth Claims for Relief abuse of process under New York common law and the United States Constitution.

[9]  Defendants object to the inclusion of the City of New York as a defendant on the verdict sheet.

5

**If you answered "Yes" please proceed to Question 6(c).**

Question 6(b):[10]

What amount of nominal damages, not to exceed one dollar, do you award the plaintiff on his malicious abuse of process claim?

$_____

**Proceed to Question 7.**

Question 6(c):

State the total dollar amount of any actual compensatory damages that the plaintiff is entitled to on his malicious abuse of process claim:

$_____

**Proceed to Question 7.**

IV. <u>**Due Process/Fair Trial**</u>[11]

Question 7:

Has the plaintiff proven by a preponderance of the credible evidence that his right to a fair trial was violated by any of these defendants?

       Glenn Godino      YES _____    NO _____

       Dean Roberts      YES _____    NO _____

**If you answered "No" as to all defendants, please proceed to Question 9.**

**If you answered "Yes" as to any defendant, please proceed to Question 8(a).**

Question 8(a):

Has the plaintiff proven by a preponderance of the credible evidence that he suffered compensatory damages as a result of violation of his rights to a fair trial?

---

[10]  Plaintiff objects to the jury being charged on nominal damages or the matter appearing on the verdict sheet.

[11]  Defendants object to the inclusion of this claim on the verdict sheet. Plaintiff has never pled a "fair trial" claim. In addition, plaintiff's "due process" claim is redundant to the Fourth Amendment claims and are not properly tried as a separate claim.

Yes_____                                  No_____

**If you answered "No" please proceed to Question 8(b).**

**If you answered "Yes" please proceed to Question 8(c).**

Question 8(b):[12]

What amount of nominal damages, not to exceed one dollar, do you award the plaintiff on his malicious abuse of process claim?

$_____

**Proceed to Question 9.**

Question 8(c):

State the total dollar amount of any actual compensatory damages that the plaintiff is entitled to on his fair trial claim:

$_____

**Proceed to Question 9.**

V.  **Intentional Prolonged Detention**

Question 9:

Has the plaintiff proven by a preponderance of the credible evidence that any of the following defendants intentionally caused his alleged prolonged detention?

    Glenn Godino    YES _____ NO _____

    Dean Roberts    YES _____ NO _____

    Bruce Birns    YES _____ NO _____

**If you answered "No" as to all defendants, please proceed to Question 11.**

**If you answered "Yes" as to any of the defendants, please proceed to Question 10(a).**

---

[12] Plaintiff objects to the jury being charged on nominal damages or the matter appearing on the verdict sheet.

Question 10(a):

Has the plaintiff proven by a preponderance of the credible evidence that he suffered compensatory damages as a result of his prolonged detention?

Yes_____          No_____

**If you answered "No" please proceed to Question 10(b).**

**If you answered "Yes" please proceed to Question 10(c).**

Question 10(b):[13]

What amount of nominal damages, not to exceed one dollar, do you award the plaintiff on his prolonged detention claim?

$_____

**Proceed to Question 11.**

Question 10(c):

State the total dollar amount of any actual compensatory damages that the plaintiff is entitled to on his prolonged detention claim:

$_____

**Proceed to Question 11.**

---

[13]   Plaintiff objects to the jury being charged on nominal damages or the matter appearing on the verdict sheet.

## VI.  Conspiracy[14]

Question 11:

Has the plaintiff proven by a preponderance of the credible evidence his claim for conspiracy claim against defendant Godino?

   Glenn Godino  YES _____ NO _____

**If you answered "No" please proceed to Question 13.**

**If you answered "Yes" please proceed to Question 12(a).**

Question 12(a):

Has the plaintiff proven by a preponderance of the credible evidence that he suffered compensatory damages as a result of the conspiracy?

Yes_____         No_____

**If you answered "No" please proceed to Question 12(b).**

**If you answered "Yes" please proceed to Question 12(c).**

Question 12(b):[15]

What amount of nominal damages, not to exceed one dollar, do you award the plaintiff on his conspiracy claim?

  $_____

**Proceed to Question 13.**

---

[14]  Defendants respectfully submit that the jury should not be separately charged on plaintiff's conspiracy claim because plaintiff has conceded that defendants Birns and Talty are entitled to absolute immunity and, therefore, plaintiff's conspiracy claim, which is now apparently only made against defendant Godino, cannot survive because there are no state actors with whom Det. Godino could have conspired with. *See, e.g., Delarosa v. Serita*, No. 14-CV-737 (MKB), 2014 U.S. Dist. LEXIS 58733, at *11 (E.D.N.Y. Apr. 28, 2014). In addition, plaintiff's conspiracy claim is duplicative of his other claims. As explained by plaintiff in his opposition to defendants' motion for summary judgment, he contends otherwise. *See, e.g., Dennis v. Sparks*, 449 U.S. 24 (1980).

[15]  Plaintiff objects to the jury being charged on nominal damages or the matter appearing on the verdict sheet.

9

Question 12(c):

State the total dollar amount of any actual compensatory damages that the plaintiff is entitled to on his conspiracy claim:

$ _____

**Proceed to Question 13.**

## VII. Failure to Intervene[16]

Question 13:

Has the plaintiff proven by a preponderance of the credible evidence that any of these defendants failed to intervene to prevent or end the violation of plaintiff's constitutional rights?

| Dean Roberts | YES _____ | NO _____ |
|---|---|---|
| Bruce Birns | YES _____ | NO _____ |
| Ed Talty | YES _____ | NO _____ |

**If you answered "No" as to all defendants, please proceed to Question 15(a).**

**If you answered "Yes" as to any defendant, please proceed to Question 14(a).**

Question 14(a):

Has the plaintiff proven by a preponderance of the credible evidence that he suffered compensatory damages as a result of failed to intervene to prevent or end the violation of plaintiff's constitutional rights?

---

[16] Defendants contend that plaintiff has failed to identify in his pleadings which defendants allegedly failed to intervene to prevent the alleged illegal acts, his failure to intervene claim is without merit and the jury should be separately charged on such a claim. As plaintiff alleges that all of the individually named defendants directly participated in the underlying arrest and/or prosecution, the failure to intervene claim must be dismissed against all individual defendants. *See, e.g., Jackson v. City of New York*, 939 F. Supp. 2d 219, 232 (E.D.N.Y. 2013) ("The Court has already concluded [that the two officers] both may be held liable under a theory of direct participation, therefore neither would be held liable for failure to intervene."). Plaintiff contends that liability of defendants Roberts, Talty, and Birns is a jury question.

Yes_____                                              No_____

**If you answered "No" please proceed to Question 14(b).**

**If you answered "Yes" please proceed to Question 14(c).**

Question 14(b):[17]

What amount of nominal damages, not to exceed one dollar, do you award the plaintiff on his claim for failure to intervene to prevent or end the violation of plaintiff's constitutional rights?

$_____

**Proceed to Question 15(a).**

Question 14(c):

State the total dollar amount of any actual compensatory damages that the plaintiff is entitled to on his claim for failure to intervene to prevent or end the violation of plaintiff's constitutional rights:

$_____

**Proceed to Question 15(a).**

---

[17] Plaintiff objects to the jury being charged on nominal damages or the matter appearing on the verdict sheet.

11

## VIII. Punitive Damages[18]

Question 15(a).    Do you find that GLENN GODINO should be liable to KENNETH CREIGHTON for punitive damages?

Yes_____    No_____

**If you answered "No" please proceed to Question 16(a).**

**If you answered "Yes" please proceed to Question 15(b).**

Question 15(b):

State the total dollar amount of punitive damages that the plaintiff is entitled to from defendant GLENN GODINO:

$_____

Question 16(a).    Do you find that BRUCE BIRNS should be liable to KENNETH CREIGHTON for punitive damages?

Yes_____    No_____

**If you answered "No," your deliberations are finished.**

**If you answered "Yes," please proceed to Question 16(b).**

Question 16(b):

State the total dollar amount of punitive damages that the plaintiff is entitled to from defendant BRUCE BIRNS:

$_____

**Your deliberations are finished.**

---

[18] Defendants object to the inclusion of punitive damages on the verdict sheet as unwarranted based upon the expected evidence at trial and because, at a minimum, the evidence will show that defendants are entitled to qualified immunity.

12

You have reached a verdict. The foreperson should sign the verdict sheet, place it in a sealed envelope marked "verdict" and hand it to the marshall.

**Your foreperson must now sign and date the verdict sheet.**

_____
Signature of Foreperson

Dated: New York, New York
August 1, 2016

PAZER, EPSTEIN & JAFFE, P.C.
 Attorney for Plaintiff
20 Vesey Street, Suite 700
New York, New York 10007
Phone (212) 227-1212
Fax (212) 374-1778
Email mjaffe@pazerandepstein.com

_____S/_____
By: Michael Jaffe

RUBERT & GROSS, P.C.
 Attorney for Plaintiff
150 Broadway, Suite 712
New York, New York 10007
Phone (212) 608-3103
Fax (212) 608-1316
Email richardgross.court@gmail.com

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2351

_____S/_____
By:   Kavin Thadani
      Senior Counsel
      Special Federal Litigation

_____S/_____
By: Richard Gross