**RUBERT & GROSS, P.C.**
ATTORNEYS AT LAW
150 BROADWAY, SUITE 712
NEW YORK, NEW YORK 10038
(212) 608-3103

RICHARD A. GROSS
SOLEDAD RUBERT
———
MATTHEW FLAMM

By ECF

January 13, 2017

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
New York, New York 10007

Re:   Creighton v. City of New York, et al.
      12 CV 7454 (PGG)

Honorable Judge Gardephe:

  This firm, along with Pazer, Epstein & Jaffe, P.C., represents the Plaintiff in this civil rights action and writes, as directed by Your Honor at our January 9, 2017 conference, to provide authority for substituting as defendant Christine Talty on behalf of Edward Talty, her deceased husband.

  Defendants filed a Suggestion of Death Upon the Record in September 2016. *DE 220 and 221*. The Suggestion of Death, however, did not identify a representative or successor who may be substituted and is, therefore, invalid. *Gronowicz v. Leonard*, 109 F.R.D. 624, 627 (S.D.N.Y. 1986) (citations omitted); *Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F.Supp. 713, 716 (S.D.N.Y. 1993); *see generally* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1955.

  Defense counsel has advised he believes no one has been appointed administrator and that there is no executor or personal representative assigned to Mr. Talty's estate. *See Exh. 1: November 11-14, 2016 email correspondence; Exh. 2: October 14-November 2, 2016 email correspondence; DE 226-1: November 21, 2016 Declaration Supporting Substitution at ¶3*. Because it appears that "no one formally represents the Estate, to date any suggestion of death is invalid. Nonetheless, a motion to substitute can be made before a valid suggestion of death has been made." *Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F.Supp. at 716 (citation omitted) (substituting decedent's wife despite no formal appointment as estate representative).

  This Court, in considering a party substitution under Rule 25(a)(1), must decide whether: (1) the motion was timely; (2) the claims survive the decedent's death; and (3) the party sought to be substituted for the decedent is a proper party. *English v. Murphy-Lattanzi*, 12–CV–4179, 2015 WL 630248 at *2 (E.D.N.Y Feb. 12, 2015); *Badalamenti v. Country Imported Car Corp.*,

The Honorable Paul G. Gardephe
January 13, 2017
Page 2

10–CV–4993, 2012 WL 6061639, at *9 (E.D.N.Y. Dec. 5, 2012). Here, there is no question that Plaintiff's November 21, 2016 application to substitute Mr. Talty's widow was made within ninety days of the filing of the invalid Suggestion of Death. Nor is there is a dispute that plaintiff's claims against decedent survive Mr. Talty's death.

Based on defense counsel's representations, Christine Talty appears to be a proper party. A proper party for substitution party is

> either (1) a successor of the deceased party, such as a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party, such as a person lawfully designated by state authority to represent the deceased party's estate.

*English v. Murphy-Lattanzi*, 2015 WL 630248 at *3. Plaintiff had pressed defense counsel for information thought to be needed for proper substitution, *Exh. 1 and 2,* and was informed that defense has "determined that Ms. Talty is a proper party to be substituted and she has consented for this office to accept service of all papers on her behalf." *Exh.1 at p.1: November 14, 2016 Email.* Although defense has not conclusively told us whether or not Mr. Talty died with a Will or whether there are Surrogate proceedings, *Id.*, Defendants' representations that they have "determined that Ms. Talty is a proper party to be substituted" indicate that they have information that Ms. Talty is either "a successor of the deceased party, such as a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made" or that she is "a representative of the deceased party, such as a person lawfully designated by state authority to represent the deceased party's estate."

During the discussions with defense leading to the November 21, 2016 submission, we advised that Plaintiff thought an administrator was needed, but defense disagreed. *Exh. 2 at p.3:* October 20, 2016 emails. On November 2, 2016, we again advised defense that we believed that appointment of an executor or administrator was required, but defense advised without explanation or authority that they did "not believe that is correct." *Id. at p.1-2*: November 2, 2016 email correspondence. In Plaintiff's November 21, 2016 submission regarding substitution, *DE 226, 226-1*, we advised the Court that we have "been advised by Defense counsel that no executor or administrator has been appointed for the Estate of Ed Talty but that Mr. Talty's wife, Christine Talty is prepared to be substituted in his place." *DE 226-1 at ¶3.*

If Your Honor is satisfied by defense representations that Ms. Talty is a proper party under governing law, then Plaintiff requests that the caption be amended as requested in the November 21, 2016 application. If Your Honor instead concludes that an estate must be set up for Mr. Talty so that an executor or administrator can be named in Mr. Talty's stead, we ask the Court to compel defense counsel to proceed with such proceedings or to provide Plaintiff's counsel with all necessary information pertaining to Mr. Talty and his family so we can proceed on his behalf. Plaintiff also suggests that the Court, in the interim, may consider appointing a

The Honorable Paul G. Gardephe
January 13, 2017
Page 3 _____

temporary administrator and substituting that person pending outcome of Surrogate proceedings. Plaintiff suggests either Christine Talty or defense counsel. *See Lambert v. Estren*, 126 A.D.3d 942, 943 (2nd Dep't 2015), *Harding v. Lenox Hill Hospital*, 155 A.D.2d 265, 266 (1st Dep't 1989)

                                              Respectfully submitted,

                                              s/
                                              Richard Gross

cc:       Kavin Thadani
           By ECF

# EXHIBIT 1

# RE: letter to j gardephe re Talty estate amend caption

Thadani, Kavin (Law) <kthadani@law.nyc.gov>

Mon 11/14/2016 10:04 PM

To: 'Matthew Flamm' <matthewflamm@msn.com>;

Matt,

What exactly is the issue here? We have determined that Ms. Talty is a proper party to be substituted and she has consented for this office to accept service of all papers on her behalf. The only issue I had was with your representation to the Court as to defendants proposing how the caption should be amended.

**KAVIN THADANI**
Senior Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street, Rm 3-195
New York, NY 10007
(212) 356-2351 (tel)
(212) 356-3509 (fax)
kthadani@law.nyc.gov

---

**From:** Matthew Flamm [mailto:matthewflamm@msn.com]
**Sent:** Sunday, November 13, 2016 10:40 AM
**To:** Thadani, Kavin (Law)
**Subject:** Re: letter to j gardephe re Talty estate amend caption

### Kavin - all we have been advised is that

> "No, I don't believe anyone has been appointed as an administrator."

> "It is my understanding that there is no executor or personal representative assigned to Mr. Talty's estate so I believe you would need to substitute Ed Talty with his widow, Christine Talty. We will accept service of any papers on her behalf."

### May we please have unambiguous answers to the following:

1. He resided in Queens County
2. Whether or not he died with a will
3. There are no Surrogate Court proceedings pending
4. There is no executor or personal representative assigned to any estate

Very Truly Yours,

Matthew Flamm

**CONFIDENTIALITY NOTICE:** This email message is intended only for the person or entity to which it is addressed and may contain **CONFIDENTIAL** or **PRIVILEGED** material or information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies. If you are the intended recipient and do not wish to receive email communication from the sender, please advise the sender immediately.

**From:** Thadani, Kavin (Law) <kthadani@law.nyc.gov>
**Sent:** Friday, November 11, 2016 2:27 PM
**To:** Matthew Flamm
**Cc:** Richard Gross; Soledad Rubert (solerub@gmail.com); Michael Jaffe
**Subject:** Re: letter to j gardephe re Talty estate amend caption

Matt,

I have already answered all these questions. Please refer to prior correspondence. I believe you were copied on all the e-mails but, if not, please communicate with Michael and/or Richard accordingly.

But, to re-iterate, Ms. Talty is the proper party for substitution and has consented for this office to accept service of all papers on her behalf.

Best,
Kavin

On Nov 11, 2016, at 2:16 PM, Matthew Flamm <matthewflamm@msn.com> wrote:

> In light of your exchange with Mike Jaffe, and preliminary to plaintiff's application to the Court regarding substituting Ms. Talty, please confirm the following:
>
> 1. Ed Talty has no estate set up, there is no executor or personal representative assigned to any estate, and there are no Surrogate Court proceedings pending
> 2. Ms. Talty is prepared to be named in the caption in his place
> 3. Ms. Talty is authorized to so act
>
> I don't want to assume anything, but did he die without a will?
>
> Thanks in advance for the information.
>
> Very Truly Yours,
>
> Matthew Flamm
>
> **CONFIDENTIALITY NOTICE:** This email message is intended only for the person or entity to which it is addressed and may contain **CONFIDENTIAL** or **PRIVILEGED** material or information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies. If you are the intended recipient and do not wish to receive email communication from the sender, please advise the sender immediately.

**From:** Thadani, Kavin (Law) <kthadani@law.nyc.gov>
**Sent:** Thursday, November 10, 2016 5:59 PM
**To:** 'Michael Jaffe'
**Cc:** Richard Gross; 'Soledad Rubert (solerub@gmail.com)'; Matthew Flamm
**Subject:** RE: letter to j gardephe re Talty estate amend caption

Michael,

No, the letter is not on consent.

Defendants also object to your statement in the letter that defendants or defense counsel "proposed" anything about the caption. Defendants explicitly took no position with respect to how the caption should be amended and I simply offered a friendly suggestion as to how to go about it since you guys were too lazy to do your research on this but that was in no way a formal "proposal." If that language is contained in your filed letter, I will be writing to the Court in opposition.

KAVIN THADANI
Senior Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street, Rm 3-195
New York, NY 10007
(212) 356-2351 (tel)
(212) 356-3509 (fax)
kthadani@law.nyc.gov

**From:** Michael Jaffe [mailto:mjaffe@pazerandepstein.com]
**Sent:** Thursday, November 10, 2016 5:21 PM
**To:** Thadani, Kavin (Law)
**Cc:** Richard Gross; 'Soledad Rubert (solerub@gmail.com)'; Matthew Flamm
**Subject:** letter to j gardephe re Talty estate amend caption

Kavin,

Please see the attached letter and let us know if I am filing this on consent. Thanks.

Michael Jaffe

# EXHIBIT 2

↶ Reply | ∨   🗑 Delete   Junk | ∨   •••                                                                                                                                                     ✕

# RE: Creighton

↶ Reply | ∨



**From:** Thadani, Kavin (Law) [mailto:kthadani@law.nyc.gov]
**Sent:** Wednesday, November 2, 2016 3:37 PM
**To:** Michael Jaffe <mjaffe@pazerandepstein.com>
**Cc:** Richard Gross <richardgross.court@gmail.com>; Soledad Rubert (solerub@gmail.com) <solerub@gmail.com>; Matthew Flamm <matthewflamm@msn.com>
**Subject:** RE: Creighton

I do not believe that is correct and defendants do not take any position on this but, why not just "Christine Talty, Substituted in the Place of Ed Talty (deceased)" or "Christine Talty o/b/o [on behalf of] Ed Talty (deceased)" or something like that?

KAVIN THADANI
Senior Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street, Rm 3-195
New York, NY 10007
(212) 356-2351 (tel)
(212) 356-3509 (fax)
kthadani@law.nyc.gov

↶ Reply | ⌄    🗑 Delete    Junk | ⌄    •••    ✕

**Sent:** Wednesday, November 02, 2016 2:53 PM
**To:** Thadani, Kavin (Law)
**Cc:** Richard Gross; Soledad Rubert (solerub@gmail.com); Matthew Flamm
**Subject:** RE: Creighton

Kavin,

Under FRCP 17(b)(3) NY State law would apply to how Talty is to be substituted. In State Court the procedure is to have an Executor / Administrator or Proposed Executor / Administrator appointed. You've indicated Ms. Talty is prepared to be substituted in her own name – what capacity would you suggest we indicate for her being in the caption? (Christine Talty as___ of the Estate of Edward Talty). We can do a letter to the Court but need to know how you are proposing she should be named.

Michael Jaffe
Pazer Epstein Jaffe & Fein, PC
212-227-1212

Past President,
New York State Trial Lawyers Association

Co-Chair, Labor Law Committee,
New York State Trial Lawyers Association

http://www.pazerandepstein.com

**From:** Thadani, Kavin (Law) [mailto:kthadani@law.nyc.gov]
**Sent:** Thursday, October 20, 2016 3:42 PM
**To:** Michael Jaffe <mjaffe@pazerandepstein.com>
**Cc:** Richard Gross <richardgross.court@gmail.com>; Soledad Rubert (solerub@gmail.com) <solerub@gmail.com>; Matthew Flamm <matthewflamm@msn.com>
**Subject:** RE: Creighton

I believe you have to make a motion to substitute but Mrs. Talty has consented to us accepting service of any papers.

KAVIN THADANI
Senior Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street, Rm 3-195
New York, NY 10007
(212) 356-2351 (tel)
(212) 356-3509 (fax)
kthadani@law.nyc.gov

**From:** Michael Jaffe [mailto:mjaffe@pazerandepstein.com]
**Sent:** Thursday, October 20, 2016 1:41 PM
**To:** Thadani, Kavin (Law)
**Cc:** Richard Gross; Soledad Rubert (solerub@gmail.com); Matthew Flamm
**Subject:** Re: Creighton



↶ Reply | ⌄   🗑 Delete   Junk | ⌄   ⋯                                                             ✕

Michael Jaffe
Pazer, Epstein, Jaffe & Fein, PC
212-227-1212


On Oct 20, 2016, at 1:06 PM, Thadani, Kavin (Law) <kthadani@law.nyc.gov> wrote:

What legal authority are you relying upon for that proposition?

**KAVIN THADANI**
Senior Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street, Rm 3-195
New York, NY  10007
(212) 356-2351 (tel)
(212) 356-3509 (fax)
kthadani@law.nyc.gov

---

**From:** Michael Jaffe [mailto:mjaffe@pazerandepstein.com]
**Sent:** Thursday, October 20, 2016 12:34 PM
**To:** Thadani, Kavin (Law)
**Cc:** Richard Gross; Soledad Rubert (solerub@gmail.com); Matthew Flamm
**Subject:** Re: Creighton

I think that has to happen before a court can just substitute his wife. He didn't have a will?

Michael Jaffe
Pazer, Epstein, Jaffe & Fein, PC
212-227-1212


On Oct 20, 2016, at 11:35 AM, Thadani, Kavin (Law) <kthadani@law.nyc.gov> wrote:

No, I don't believe anyone has been appointed as an administrator.

**KAVIN THADANI**
Senior Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street, Rm 3-195
New York, NY  10007
(212) 356-2351 (tel)
(212) 356-3509 (fax)
kthadani@law.nyc.gov

---

**From:** Michael Jaffe [mailto:mjaffe@pazerandepstein.com]
**Sent:** Thursday, October 20, 2016 11:30 AM
**To:** Thadani, Kavin (Law)
**Cc:** Richard Gross; Soledad Rubert (solerub@gmail.com); Matthew Flamm
**Subject:** Re: Creighton



↺ Reply | ⌄     🗑 Delete    Junk | ⌄    •••                                              ✕

Michael Jaffe
Pazer, Epstein, Jaffe & Fein, PC
212-227-1212


On Oct 20, 2016, at 10:48 AM, Thadani, Kavin (Law) <kthadani@law.nyc.gov> wrote:

Michael,

It is my understanding that there is no executor or personal representative assigned to Mr. Talty's estate so I believe you would need to substitute Ed Talty with his widow, Christine Talty. We will accept service of any papers on her behalf.

Sincerely,

KAVIN THADANI
Senior Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street, Rm 3-195
New York, NY 10007
(212) 356-2351 (tel)
(212) 356-3509 (fax)
kthadani@law.nyc.gov

---

**From:** Thadani, Kavin (Law)
**Sent:** Friday, October 14, 2016 12:45 PM
**To:** 'Michael Jaffe'; Richard Gross; 'Soledad Rubert (solerub@gmail.com)'; Matthew Flamm
**Subject:** RE: Creighton

Michael,

I am still working on obtaining an answer. I hope to get back to you soon.

Thanks.

KAVIN THADANI
Senior Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street, Rm 3-195
New York, NY 10007
(212) 356-2351 (tel)
(212) 356-3509 (fax)
kthadani@law.nyc.gov

---

**From:** Michael Jaffe [mailto:mjaffe@pazerandepstein.com]
**Sent:** Friday, October 14, 2016 10:42 AM
**To:** Thadani, Kavin (Law); Richard Gross; 'Soledad Rubert (solerub@gmail.com)'; Matthew Flamm
**Subject:** Creighton

↩ Reply | ⌄    🗑 Delete    Junk | ⌄    ⋯    

We need an answer as to the estate of Ed Talty so we can advise the Court as to how we intend to proceed.  Please respond to this email as we did not hear back from you after the last one we sent.  Thank you.

Michael Jaffe
Pazer Epstein Jaffe & Fein, PC
212-227-1212

Past President,
New York State Trial Lawyers Association

Co-Chair, Labor Law Committee,
New York State Trial Lawyers Association

http://www.pazerandepstein.com