

THE CITY OF NEW YORK

**LAW DEPARTMENT**

ZACHARY W. CARTER
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

KAVIN THADANI
*Senior Counsel*
Phone: (212) 356-2351
Fax: (212) 356-3509
kthadani@law.nyc.gov

January 18, 2017

**BY ECF**
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, NY  10007

   Re: <u>Kenneth Creighton v. City of New York, et al.</u>, 1:12-cv-07454-PGG-DCF

Your Honor:

  I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney representing defendants City of New York, Glenn Godino, Dean Roberts and Bruce Birns in the above-referenced matter.  Defendants write to alert the Court that plaintiff's counsel has improperly refused to deliver to defendants a copy of plaintiff's January 17, 2017 letter to the Court, which he has requested to be filed under seal.  Plaintiff's letter is in response to defendants' January 12, 2017 letter concerning the pending criminal cases against plaintiff and Fawaz Tareb (Terab) and requesting an order to compel production of certain discovery (Docket No. 237).  Plaintiff has hand delivered his letter to the Court *ex parte*, thereby limiting defendants' ability to respond to that letter and/or properly oppose plaintiff's motion to seal.

  Pursuant to Your Honor's Individual Rules of Practice, "[c]opies of letters to the Court shall be simultaneously delivered to all counsel."  Individual Rules of Practice of Judge Paul G. Gardephe at ¶ 1.A.  Nevertheless, plaintiff merely faxed to defendants a copy of his January 17, 2017 letter requesting that his response letter be filed under seal, without the enclosures.  After defendants alerted plaintiff's counsel that they are required to provide defendants with copies of the enclosures as well, plaintiff's counsel sent a copy of the Declaration of Michael Jaffe, but refused to send the response letter, which plaintiff's counsel claims "contains privileged information."

Defendants oppose plaintiff's request to file his response letter under seal and further respectfully request that the Court order plaintiff to immediately provide defendants with a copy of his response letter, which has been improperly sent to the Court *ex parte*.

Pursuant to Your Honor's Individual Rules of Practice, "[r]equests for sealing . . . must be supported by applicable case law," Individual Rules of Practice of Judge Paul G. Gardephe at ¶ 2, however, in neither his letter request or accompanying declaration does plaintiff cite any case law in support of his request whatsoever.[1] Rather, plaintiff has merely stated that public disclosure of his response letter "intrudes on Plaintiff's Fifth Amendment rights as well as attorney-client privilege and will compromise his criminal defense," without any further explanation or justification.[2] Plaintiff has simply not articulated a sufficient basis for his sealing request.[3]

Accordingly, defendants respectfully request that the Court order plaintiff to provide defendants with a copy of his response letter, which has been delivered to the Court *ex parte*, and that plaintiff's request to file his response letter under seal be denied.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/ Kavin Thadani_____

Kavin Thadani
Senior Counsel
Special Federal Litigation Division

cc: **BY ECF**
Michael Jaffe, Esq.
Richard Gross, Esq.
*Attorneys for Plaintiff*

---

[1] The Court has previously denied plaintiff's prior request to seal for these very same reasons. *See, e.g.,* Docket No 165.

[2] To the extent that plaintiff argues that his response letter should be filed under seal because it contains privileged communications, his argument is without merit because plaintiff has waived any applicable privileges by delivering the letter to the Court.

[3] Because defendants have not received plaintiff's response letter, they are unable to make more particularized arguments with respect to why plaintiff's motion to seal should be denied.