# Pazer, Epstein, Jaffe & Fein, P.C.

**ATTORNEYS AT LAW**
20 VESEY STREET
NEW YORK, NEW YORK 10007
(212) 227-1212

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/2017

MARK J. EPSTEIN
MICHAEL JAFFE
MATTHEW J. FEIN
EUGENE GOZENPUT

PERRY PAZER
OF COUNSEL

January 17, 2017

FACSIMILE (212) 374-1778
SUFFOLK OFFICE
1776 E. JERICHO TURNPIKE
HUNTINGTON, N.Y. 11743
(631) 864-2429

**MEMO ENDORSED**

*The application is denied. The Court has never directed Counsel to disclose attorney-client communications. In particular, the Court has never asked Plaintiff's Counsel to disclose communications between Plaintiff's Counsel and Plaintiff's criminal defense lawyer. To the extent Counsel has made any such disclosure, that was Plaintiff's Counsels' decision and was not directed by the Court in any fashion. In any event, Plaintiff's counsel made crystal clear in open court during the Jan 9, 2017 conference that Plaintiff never advised Plaintiff's counsel of any arrangement by which he would loan money to Faway Rerab. (See Jan. 9, 2017 Conf. Tr. (Dkt. No. 239) at 21-23).*

BY HAND
The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
New York, New York 10007

Re:   Creighton v. City of New York, et al.
      12 CV 7454 (PGG)

Honorable Judge Gardephe:

This firm, along with Rubert & Gross, P.C., represents the Plaintiff in this civil rights action and writes asking that our January 17, 2016 letter responding to Defendant's January 12, 2017 letter, DE 237, be filed under seal. That responsive letter is attached hereto along with the Declaration of Michael Jaffe. Defendants do not consent to the request.

As noted in the Declaration, public disclosure of Plaintiff's January 17, 2017 letter intrudes on Plaintiff's Fifth Amendment rights as well as attorney-client privilege and will compromise his criminal defense.

As discussed in the Declaration, it is respectfully requested that Plaintiff's letter dated January 17, 2016 and all material which the Court may require thereafter to be submitted, be submitted under seal.

Respectfully submitted,

Michael Jaffe

cc:   Kavin Thadani
      By Email (without encl.)

**SO ORDERED:**

*Paul G. Gardephe*
Paul G. Gardephe, U.S.D.J.
Jan. 23, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

KENNETH CREIGHTON,

                            Plaintiff,         DECLARATION REGARDING
                                          PLAINTIFF'S REQUEST TO FILE
               -against-                   UNDER SEAL HIS JANUARY 17,
                                          2017 LETTER

THE CITY OF NEW YORK, DETECTIVE DEAN       12 CV 7454 (PGG)
ROBERTS (Shield No. 05861), DETECTIVE GLENN
GODINO (Shield No. 2756), POLICE OFFICERS
JOHN DOES 1-10 (names being fictitious and
presently unknown and intended to be employees of
the NYPD who were involved in Plaintiff's arrest,
detention, imprisonment, and/or prosecution),
DISTRICT ATTORNEY ROBERT T. JOHNSON,
ASSISTANT DISTRICT ATTORNEY BRUCE
BIRNS A/K/A BURNS, ASSISTANT DISTRICT
ATTORNEY ED TALTY a/k/a ED TULTY and
ASSISTANT DISTRICT ATTORNEY MICHAEL
COOPER,

                            Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK    )
                              : SS. :
COUNTY OF NEW YORK  )

        MICHAEL JAFFE, declares the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

        1.     I am an attorney duly admitted to practice law in the State of New York and am a member of the law firm Pazer, Epstein & Jaffe, P.C., which, together with of Rubert & Gross, P.C, represents Plaintiff, Kenneth Creighton.

        2.     This Declaration supports Plaintiff's request that his January 17, 2017 letter responding to Defendants' January 12, 2017 letter be filed under seal.

3.      The content of the letter contains information pertaining to conversations between and among counsel and client which were required to be disclosed to the Court in order to respond to Defendant's January 12, 2017 letter. Such conversations are privileged communications which are being disclosed to the Court per the Court's directive that Plaintiff file a response to Defendant's letter. However, in view of the fact that there are pending charges against Plaintiff which are being defended and that the statements contained in Plaintiff's letter submission could impact on Plaintiff's defense, it is respectfully requested that the Court allow the letter to remain under seal and for the Court's eyes only.

Dated:  New York, New York
        January 17, 2017

_____
Michael Jaffe